Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Camelot Event Driven Fund, A Series of Frank Funds Trust*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE KANGAS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON, <br><br> Defendants. | Case No. 3:23-cv-02082-LL-MMP <br><br> **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** |
| ANAND ROY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON, <br><br> Defendants. | Case No. 3:23-cv-02327-BEN-BGS |

[Caption continues on next page]

| | |
|---|---|
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, on behalf of itself and all others similarly situated, | Case No. 3:23-cv-02328-LL-MMP |
| Plaintiff, | |
| v. | |
| ILLUMINA, INC., FRANCIS A. DESOUZA, JOHN THOMPSON, SAM A. SAMAD, and JOYDEEP GOSWAMI, | |
| Defendants. | |

Case No. 3:23-cv-02328-LL-MMP

Camelot Event Driven Fund, A Series of Frank Funds Trust ("Camelot") respectfully submits this memorandum of law in support of its motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78-u, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Camelot as Lead Plaintiff under 15 U.S.C. § 78-u(a)(3)(B); (3) approving Camelot's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78-u(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.   PRELIMINARY STATEMENT

This is a class action on behalf of all purchasers of Illumina, Inc. ("Illumina" or the "Company") securities between September 21, 2020 and November 9, 2023, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Camelot is the "most adequate plaintiff" as defined by the PSLRA.

In addition, for purposes of this motion, Camelot satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other class members' claims, and it is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Camelot respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class. Additionally, Camelot's selection of GPM as Lead Counsel for the class should be approved

because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Illumina is a genetic and genomic analysis company with a portfolio of integrated sequencing and microarray systems, consumables, and analysis tools designed to accelerate and simplify genetic analysis. In 2015, Illumina formed GRAIL, Inc. ("GRAIL") as a corporate subsidiary to develop a blood-based cancer detection test. After several capital financing rounds, Illumina spun off GRAIL in February 2017 and retained a stake of approximately 20%.

After GRAIL raised $1.9 billion through venture capital and strategic partners, Illumina announced plans to reacquire GRAIL in September 2020. The acquisition was completed on August 18, 2022 over the objection of the European Union's European Commission.

The complaint filed in this lawsuit alleges that the Defendants made false and misleading statements throughout the Class Period and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that certain of the Company's insiders had personal financial motives for acquiring GRAIL; (2) that, contrary to Illumina's attempts to discount Icahn's criticism, Icahn had accurately concluded that insiders' interests did not align with the Company's best interests; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On August 10, 2023, after the market closed, Illumina revealed that the SEC was investigating the Company's statements regarding its recent acquisition of

---

[1] This section is adapted from the complaints in the above-captioned actions.

GRAIL, Inc. ("GRAIL"), including "conduct and compensation of certain members of Illumina and GRAIL management."

On this news, the Company's stock price fell $4.64, or 2.5%, to close at $180.48 per share on August 11, 2023.

Then, on October 17, 2023, Carl Icahn ("Icahn") filed a complaint against current and former directors of Illumina, alleging direct and derivative claims of breaches of fiduciary duty. The complaint was filed under seal, but according to Reuters, Icahn "told the 13D Monitor Active-Passive Investor Summit in New York on Tuesday that the lawsuit pertained to Illumina completing its acquisition of cancer diagnostic test maker Grail."

On this news, the Company's stock price fell $7.42, or 5.6%, to close at $124.45 per share on October 18, 2023.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## III.    PROCEDURAL HISTORY

On November 10, 2023, Plaintiff Leslie Kangas commenced the first class action lawsuit against Illumina and certain of its officers captioned *Kangas v. Illumina, Inc.*, Case No. 3:23-cv-02082-LL-MMP (the "*Kangas* Action"). It alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") during a class period spanning May 1, 2023 and October 16, 2023.

On December 21, 2023, Plaintiff Anand Roy commenced a substantially similar class action against Illumina, captioned *Roy v. Illumina, Inc.*, Case No. 3:23-cv-02327-BEN-BGS (the "*Roy* Action"). The *Roy* Action is brought against the same Defendants as the *Kangas* Action, alleges violations of the Exchange Act, and alleges an expanded class period of August 18, 2021 and October 16, 2023.

On December 22, 2023, Plaintiff Louisiana Sheriffs' Pension & Relief Fund commenced a substantially similar class action against Illumina, captioned *Louisiana Sheriffs' Pension & Relief Fund v. Illumina, Inc.,* Case No. 3:23-cv-02328-LL-MMP (the "*Louisiana Sheriffs' Pension & Relief Fund* Action," and together with the *Kangas* Action and the *Roy* Action, the "Related Actions"). The *Louisiana Sheriffs' Pension & Relief Fund* Action is brought against the same Defendants, alleges violations of the Exchange Act, and alleges an expanded class period of September 21, 2020 and November 9, 2023.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Soe v. Progenity, Inc.*, No. 20-Ccv-01683, 2020 WL 7129365, at *2 (S.D. Cal. Dec. 3, 2020) ("Because both cases involve similar factual and legal issues surrounding the same alleged misconduct by Defendants, consolidation of the two cases would promote judicial economy.").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B. Camelot Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most

capable of adequately representing the interests of the class – is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice...;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78-u(a)(3)(B)(iii)(I). The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or

> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78-u(a)(3)(B)(iii)(II). As set forth below, Camelot has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Camelot, to the best of its knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the class. Accordingly, Camelot respectfully submits that it should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, it becomes the presumptively most adequate plaintiff").

### 1.   Camelot's Motion is Timely

On November 10, 2023, pursuant to Section 27(a)(3)(A)(i) of the PSLRA, notice was published in connection with this action. *See* Declaration of Robert V. Prongay ("Prongay Decl."), Ex. A. Therefore, Camelot had sixty days (*i.e.*, until January 9, 2024) to file a motion to be appointed as Lead Plaintiff. As a purchaser of

Illumina securities during the Class Period, Camelot is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA.   15 U.S.C. § 78-u(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in its PSLRA certification, Camelot attests that it has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. Prongay Decl., Ex. B. Accordingly, Camelot satisfies the first requirement to serve as Lead Plaintiffs for the class.

### 2. Camelot Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78-u(a)(3)(B)(iii). At the time of this filing, Camelot believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud described above, Camelot suffered a significant financial loss of approximately $260,647.62. *See* Prongay Decl., Ex. C. To the best of its knowledge, Camelot is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Camelot believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Camelot Satisfies the Requirement of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See*

*Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, typicality and adequacy are the two relevant requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730; *Richardson v. TVIA*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730).

**a)    Camelot's Claims are Typical**

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Soe*, 2020 WL 7129365, at *4; *Osher*, 2001 WL 861694, at *4.    Under Rule 23 a lead plaintiff's, "claims are typical 'if it is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Camelot's claims are typical of the claims asserted by the proposed class.  Like all members of the class, Camelot purchased Illumina securities during the Class Period and suffered losses as a result of its transactions. Like all members of the Class, Camelot alleges that Defendants violated the federal securities laws by

7

disseminating materially misleading statements concerning Illumina's operations and financial prospects. Camelot's losses, like the losses suffered by all other members of the class, arises from the artificial inflation of Illumina securities caused by Defendants' alleged misrepresentations and omissions. Accordingly, Camelot's interests and claims are typical of the interests and claims of the class.

<b>b) Camelot Is an Adequate Representative</b>

Rule 23(a)(4) "requires that the named plaintiff suing on behalf of a class fairly and adequately protect the interests of that class. The test for adequacy asks whether the lead plaintiff and its counsel have any conflicts of interest with other class members and whether they will prosecute the action vigorously on behalf of the class." *Soe*, 2020 WL 7129365, at *6 (internal quotation marks omitted).

Here, Camelot satisfies the adequacy requirements. Camelot's financial interest demonstrates that it has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Camelot is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Camelot is well-qualified to represent the class. Moreover, Camelot has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Prongay Decl., Ex. D (the firm's résumé). In addition, Camelot is not aware of any conflict between its claims and those asserted on behalf of the class.

Accordingly, Camelot should be appointed as lead plaintiff.

**C. The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78-u(a)(3)(B)(v). Here, Camelot has retained GPM to pursue this litigation on its behalf and will retain the firm as plaintiff's Lead Counsel in the event Camelot is appoited as lead plaintiff. As reflected by the firm's résumé, attached to the Prongay Declaration as Exhibit D,

the Court may be assured that, by granting Camelot's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Camelot's selection of counsel.

## V. CONCLUSION

For the foregoing reasons, Camelot respectfully asks the Court to grant its Motion and enter an Order: (i) consolidating the Related Actions; (ii) appointing Camelot as Lead Plaintiff; (iii) approving Camelot's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  January 9, 2024                     Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Robert V. Prongay*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  rprongay@glancylaw.com

*Counsel for Lead Plaintiff Movant Camelot Event Driven Fund, A Series of Frank Funds Trust*