**SAXENA WHITE P.A.**
DAVID R. KAPLAN (Bar No. 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel: (858) 997-0860

*Local Counsel for Proposed Lead Plaintiff*

**MOTLEY RICE LLC**
GREGG S. LEVIN (*pro hac vice* forthcoming)
CHRISTOPHER F. MORIARTY (*pro hac vice* forthcoming)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE KANGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON,<br><br>                    Defendants. | Case No. 3:23-cv-02082-LL-MMP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF KBC ASSET MANAGEMENT NV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>Date: February 13, 2024<br>Courtroom: 5D<br>Judge: Hon. Linda Lopez |

ANAND ROY, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON,

Defendants.

Case No. 3:23-cv-02327-BEN-BGS

LOUISIANA SHERIFFS' PENSION & RELIEF FUND, on behalf of itself and all others similarly situated,

Plaintiff,

v.

ILLUMINA, INC., FRANCIS A. DESOUZA, JOHN THOMPSON, SAM A. SAMAD, and JOYDEEP GOSWAMI,

Defendants.

Case No. 3:23-cv-02328-LL-MMP

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ....................................................................................2

III.  ARGUMENT ...............................................................................4

     A.    The Related Actions Should Be Consolidated ................................................................................4

     B.    KBC Should Be Appointed Lead Plaintiff ...........................................5

          1.    KBC Has Timely Moved For Appointment As Lead Plaintiff .....................................................6

          2.    KBC Has The Largest Financial Interest In The Relief Sought By The Class .....................................................................6

          3.    KBC Satisfies The Requirements Of Rule 23 ...............................................................7

     C.    KBC's Selection Of Counsel Should Be Approved ................................................................................10

IV.  CONCLUSION .........................................................................11

MEM. OF POINTS AND AUTHORITIES ISO OF
MOT. FOR APPOINTMENT AS LEAD PL.
CASE NO. 3:23-CV-02082-LL-MMP

# TABLE OF AUTHORITIES

**CASES**

*Blake v. Canoo Inc.*,
2022 WL 599504 (C.D. Cal. Feb. 18, 2022) ....................................................10

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*,
2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) ...................................................10

*Hardy v. MabVax Therapeutics Holdings*,
2018 WL 4252345 (S.D. Cal. Sept. 6, 2018)......................................................6

*Holwill v. AbbVie Inc.*,
2021 WL 7366274 (N.D. Ill. Sept. 23, 2021) ..................................................11

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002)..........................................................................6

*In re Twitter, Inc. Sec. Litig.*,
2020 WL 4187915 (N.D. Cal. Apr. 17, 2020) ...................................................9

*In re Under Armour Sec. Litig.*,
631 F. Supp. 3d 285, 308 (D. Md. 2022).........................................................9

*In re Versata, Inc., Sec. Litig.*,
2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ................................................8

*KBC Asset Mgmt. NV v. 3D Sys. Corp.*,
2017 WL 4297450 (D.S.C. Sept. 28, 2017).......................................................9

*Leventhal v. Chegg, Inc.*,
2022 WL 4099454 (N.D. Cal. Sept. 7, 2022) ............................................ 9, 11

*Mandalevy v. BofI Holding, Inc.*,
2017 U.S. Dist. LEXIS 184504 (S.D. Cal. Nov. 7, 2017)..............................7

*Mohanty v. BigBand Networks, Inc.*,
2008 WL 426250 (N.D. Cal. Feb. 14, 2008)....................................................4

*Osher v. Guess?, Inc.*,
2001 WL 861694 (C.D. Cal. Apr. 26, 2001).....................................................5

*Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Labs.*,
No. 22 Civ. 04661 26 (N.D. Ill. Mar. 7, 2023) ...............................................10

*Takeda v. Turbodyne Techs., Inc.*,
67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999)....................................................4

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
549 F.3d 100, 109 (2d Cir. 2008) ...................................................................10

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,
    2021 WL 533518 (S.D. Cal. Feb. 12, 2021)....................................................................4

*Water Island Event-Driven Fund v. MaxLinear, Inc.*,
    2023 WL 8812875 (S.D. Cal. Aug. 31, 2023)................................................................6

**STATUTES**

15 U.S.C. § 78j(b) ............................................................................................................1

15 U.S.C. § 78t(a) ............................................................................................................1

15 U.S.C. § 78u-4(a)(3)(A)..............................................................................................6

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................................... passim

**OTHER AUTHORITIES**

17 C.F.R. § 240.10b-5 ......................................................................................................1

1995 U.S.C.C.A.N. 730 ...................................................................................................8

1995 U.S.C.C.A.N. 733 ...................................................................................................8

**RULES**

Fed. R. Civ. P. 23(a) ........................................................................................................8

Fed. R. Civ. P. 42(a).........................................................................................................5

KBC Asset Management NV ("KBC") respectfully submits this memorandum of points and authorities in support of its motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for the entry of an order: (i) consolidating the above-captioned related actions; (ii) appointing KBC as Lead Plaintiff for a proposed class consisting of all investors who purchased the securities of Illumina, Inc. ("Illumina" or the "Company") from September 21, 2020 through November 9, 2023 (the "Class Period"); (iii) approving KBC's selection of Motley Rice LLC ("Motley Rice") as Lead Counsel on behalf of the proposed class; and (iv) granting any such further relief as the Court may deem just and proper.

## I.    **INTRODUCTION**

Pending before the Court are three related securities class action lawsuits (the "Related Actions") filed against Illumina, Inc. ("Illumina" or the "Company") and certain of its officers or directors (collectively, "Defendants"). The complaints in the Related Actions allege that, during the Class Period, Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5. Illumina investors—including KBC's fund—incurred significant losses following disclosures that Company insiders had enriched themselves at the expense of Illumina and its shareholders.

Consolidation of the Related Actions is appropriate because the actions assert claims under the same provisions of the securities laws against the same Defendants related to substantially the same alleged misconduct. Pursuant to the PSLRA, after ruling on a motion to consolidate, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class that also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), referred to as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a presumption that the most adequate plaintiff is the movant that

MEM. OF POINTS AND AUTHORITIES ISO OF
MOT. FOR APPOINTMENT AS LEAD PL.
CASE NO. 3:23-CV-02082-LL-MMP

timely demonstrates it has "the largest financial interest in the relief sought by the class" and "otherwise satisf[ies] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, KBC is the "most adequate plaintiff" by virtue of, among other things, the $16,736,945 in losses KBC's fund incurred on its purchases of 257,028 shares of Illumina common stock during the Class Period.

In addition to asserting the largest financial interest in this litigation, KBC readily meets the applicable requirements of Rule 23 because its claims are typical of absent class members' claims and because it will fairly and adequately represent the interests of the class. As a large institutional investor with a substantial interest in the litigation, KBC has the requisite experience and motivation to oversee this litigation and to represent the interests of the proposed class fairly and adequately.

Accordingly, KBC respectfully requests that the Court consolidate the Related Actions and appoint KBC as Lead Plaintiff in the consolidated action. The Court also should approve KBC's selection of Motley Rice as Lead Counsel on behalf of the proposed class. The claims of the class will be well protected by Motley Rice, whose attorneys have a track record of successfully prosecuting securities fraud cases, and the expertise and resources to handle litigation of this scale.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Illumina, Inc. is a genetic and genomic analysis company with a portfolio of integrated sequencing and microarray systems, consumables, and analysis tools designed to accelerate and simplify genetic analysis. In 2015, Illumina formed GRAIL, Inc. ("GRAIL") as a corporate subsidiary to develop a blood-based cancer detection test. Illumina spun off GRAIL in February 2017 and retained a stake of approximately 20%. After GRAIL raised $1.9 billion through venture capital and strategic partners, Illumina announced plans to reacquire GRAIL in September 2020. The acquisition was completed on August 18, 2022 over the objection of the

European Union's European Commission.

The complaints in the Related Actions allege that Defendants failed to disclose to investors that certain of the Company's insiders had personal financial motives for acquiring GRAIL; that, contrary to Illumina's assertions, insiders' interests did not align with the Company's best interests; and that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. As a result of Defendants' allegedly false and/or misleading statements and omissions, the Company's securities traded at inflated prices during the Class Period. According to the complaints, the truth was revealed to the market through a series of disclosures, which caused the prices of Illumina's securities to decline precipitously, damaging the proposed class.

On November 10, 2023, Plaintiff Leslie Kangas filed the first of the Related Actions, *Kangas*, asserting a class period of May 1, 2023 through October 16, 2023. Also on November 10, counsel for Ms. Kangas published a notice on *Business Wire*, alerting investors to the pendency of the action and setting the deadline to seek Lead Plaintiff status by January 9, 2024. *See* Kaplan Decl., Ex. A.[1]

On December 21, 2023, Plaintiff Anand Roy filed the second of the Related Actions, *Roy*, asserting a class period of August 18, 2021 through October 16, 2023. That same day, counsel for Mr. Roy published a notice on *Newsfile*, alerting investors to the expanded Class Period and reiterating the January 9, 2024 deadline to seek appointment as Lead Plaintiff. *See* Kaplan Decl., Ex. B.

Also on December 21, 2023, Plaintiff Louisiana Sheriffs' Pension & Relief Fund filed the third of the Related Actions, *Louisiana*, asserting a class period of September 21, 2020 through November 9, 2023. That same day, counsel for

---

[1] References to "Kaplan Declaration" and "Kaplan Decl." are to the accompanying Declaration of David R. Kaplan.

MEM. OF POINTS AND AUTHORITIES ISO OF
MOT. FOR APPOINTMENT AS LEAD PL.
CASE NO. 3:23-CV-02082-LL-MMP

Louisiana published a notice on *Business Wire*, alerting investors to the expanded class period and reiterating the January 9, 2024 deadline to seek appointment as Lead Plaintiff. *See* Kaplan Decl., Ex. C.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "if multiple actions involving 'substantially the same claim or claims' are filed with a court, the court tasked with selecting the Lead Plaintiff should postpone that selection 'until after the decision on the motion to consolidate is rendered.'" *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *1 (S.D. Cal. Feb. 12, 2021) (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Pursuant to Federal Rule of Civil Procedure 42(a), consolidation is appropriate where actions involve common questions of law or fact. Likewise, Section 21D(a)(3)(B) of the Exchange Act contemplates the consolidation of multiple actions "asserting substantially the same claim or claims." 15 U.S.C. § 78u-4(a)(3)(B). Courts have recognized that "shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned." *Mohanty v. BigBand Networks, Inc.*, 2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008). Significantly, "[n]either Rule 42 nor the PSLRA demands that the actions be identical before they may be consolidated." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions with substantial overlap in defendants and different class periods).

As shown in the table below, three related securities class actions have been filed in this District on behalf of investors who purchased Illumina securities:

MEM. OF POINTS AND AUTHORITIES ISO OF
MOT. FOR APPOINTMENT AS LEAD PL.
CASE NO. 3:23-CV-02082-LL-MMP

| Case | Case No. | Class Period | Defendants |
|------|----------|-------------|------------|
| *Kangas* | 23-cv-2082 | 5/1/2023 – 10/16/2023 | Illumina, Inc.<br>Francis A. Desouza<br>John Thompson |
| *Roy* | 23-cv-2327 | 8/18/2021 – 10/16/2023 | Illumina, Inc.<br>Francis A. Desouza<br>John Thompson |
| *Louisiana* | 23-cv-2328 | 9/21/2020 – 11/9/2023 | Illumina, Inc.<br>Francis A. Desouza<br>John Thompson<br>Sam A. Samad<br>Joydeep Goswami |

The Related Actions should be consolidated because they present virtually identical factual and legal issues arising out of the same alleged course of misconduct – namely, Defendants' actions to enrich themselves through the GRAIL acquisition at the expense of the Company and its shareholders. The Related Actions also bring claims under the same two provisions of the Exchange Act, Sections 10(b) and 20(a), name the same three Defendants, involve overlapping class periods, and are each brought on behalf of purchasers of Illumina securities. While the class periods alleged in the complaints begin at different times between September 2020 and May 2023—potentially reflecting investors' evolving understanding of Defendants' alleged misrepresentations—the class periods all end in October or November 2023. The *Louisiana* action names two additional individual defendants, but that difference is minor in light of the substantial similarities between the actions. *See Osher v. Guess?, Inc.*, 2001 WL 861694 at *2 (C.D. Cal. Apr. 26, 2001) (granting consolidation notwithstanding "minor variations" among the complaints). Accordingly, consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure.

### B.    KBC Should Be Appointed Lead Plaintiff

KBC respectfully submits that it should be appointed Lead Plaintiff in the

consolidated actions because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant or group of movants that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 1.  KBC Has Timely Moved For Appointment As Lead Plaintiff

Under the PSLRA, any member of the putative class may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). Here, notice of the first action was published on November 10, 2023, establishing a lead plaintiff motion deadline of January 9, 2024. Accordingly, KBC has timely moved for appointment as Lead Plaintiff through the filing of this motion.

### 2.  KBC Has The Largest Financial Interest In The Relief Sought By The Class

"The PSLRA does not specify how the court should calculate 'largest financial interest,' but most courts look to the largest loss from class period investments when sales are matched to purchases on a Last-In-First-Out ('LIFO') basis." *Water Island Event-Driven Fund v. MaxLinear, Inc.*, 2023 WL 8812875, at *3 (S.D. Cal. Aug. 31, 2023) (citations omitted). KBC's fund has a LIFO loss of $16,736,945 on its purchases of 257,028 Illumina common stock during the Class Period at a cost of more than $63 million.[2] *See Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *4 (S.D. Cal. Sept. 6, 2018) ("As a general matter, courts usually . . .

---

[2]    KBC's PSLRA-required Certification is attached as Exhibit D to the Kaplan Declaration. A chart setting forth calculations of KBC's fund's losses is attached as Exhibit E to the Kaplan Declaration.

MEM. OF POINTS AND AUTHORITIES ISO OF
MOT. FOR APPOINTMENT AS LEAD PL.
Case No. 3:23-cv-02082-LL-MMP

use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period." (internal quotations omitted)). As shown in the table in Section II.A above, the most inclusive class period among the Related Actions is September 21, 2020 through November 9, 2023. To the best of KBC's knowledge, there is no other investor seeking appointment as Lead Plaintiff that has a larger financial interest in the outcome of the litigation.

### 3. KBC Satisfies The Requirements Of Rule 23

On a motion to serve as Lead Plaintiff, the movant with the largest financial interest need only make a prima facie showing that it satisfies Rule 23's typicality and adequacy requirements to benefit from the presumption that it is the most adequate lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Mandalevy v. BofI Holding, Inc.*, 2017 U.S. Dist. LEXIS 184504, at *3 (S.D. Cal. Nov. 7, 2017). Here, KBC satisfies both requirements.

First, KBC's claims are typical of the claims of other members of the class. Typicality can be established by showing that the proposed class representative's individual circumstances and legal theories upon which the claims are based are not markedly different from those of other class members. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 2012 WL 78780, at *5 (N.D. Cal. Jan. 9, 2012) ("The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." (internal quotation marks and citation omitted)). Here, KBC's circumstances and the legal theories upon which its claims are based are substantively identical to those of other class members. Like all other class members, KBC's fund: (i) purchased Illumina securities during the Class Period; (ii) at prices artificially inflated by Defendants' alleged materially false and misleading statements and/or omissions related to the GRAIL acquisition; and (iii) was damaged thereby. *See id.*

MEM. OF POINTS AND AUTHORITIES ISO OF MOT. FOR APPOINTMENT AS LEAD PL. CASE NO. 3:23-CV-02082-LL-MMP

Accordingly, KBC satisfies the typicality requirement.

KBC likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests" of all class members. Fed. R. Civ. P. 23(a)(4). "The test for adequacy is whether the class representative and [its] counsel have any conflicts of interest with other class members and whether the class representative and [its] counsel will 'prosecute the action vigorously on behalf of the class.'" *Juniper Networks*, 2012 WL 78780, at *5 (citation omitted). KBC satisfies these elements because its substantial financial stake in the litigation provides the ability and incentive to vigorously represent the class's claims. Indeed, KBC's interests are perfectly aligned with those of the other class members and are no facts to suggest any actual or potential conflict of interest or other antagonism between KBC and other class members.

Moreover, KBC—a large, sophisticated institutional investors collectively responsible for overseeing assets worth approximately €236 billion as of the end of 2021—is exactly the type of Lead Plaintiff that Congress intended, through the enactment of the PSLRA, to lead securities class actions. *See In re Versata, Inc., Sec. Litig.*, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) ("Congress intended that the lead plaintiff procedures under the PSLRA 'would encourage institutional investors to take a more active role in securities class action lawsuits'"); *see also* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

KBC also has demonstrated that it possesses standing to assert these claims on behalf of its fund, KBC Equity Fund NV. During the Class Period, the fund purchased, and held legal title to, the Illumina securities on which it incurred

MEM. OF POINTS AND AUTHORITIES ISO OF
MOT. FOR APPOINTMENT AS LEAD PL.
CASE NO. 3:23-CV-02082-LL-MMP

substantial losses. Prior to filing this Motion, KBC obtained a valid assignment of claim from this fund. *See* Kaplan Decl., Ex. F; *see also Leventhal v. Chegg, Inc.*, 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022) (appointing KBC lead plaintiff and holding KBC "Funds' assignment of its claims to KBC in this matter is facially valid" and competing movant "failed to provide evidence contesting the validity of the assignment; its speculation about the validity is insufficient to rebut the lead plaintiff presumption").[3]

Furthermore, KBC serves as the management company for KBC Equity Fund NV and has the sole authority to represent its fund in class actions under the terms of the fund's management agreement with KBC. The management agreement between KBC and KBC Equity Fund NV provides (at Clause 2.2.2) that the fund (referred to as the "BEVEK") authorizes the "Management Company" (i.e., KBC) to "participat[e] in class actions or the commencement of an individual action" on its behalf. Kaplan Decl., Ex. G at ¶ 2.2.2. Courts throughout the country have appointed KBC as lead plaintiff or class representative and held that it has standing to assert the claims at issue on behalf of its funds on the same basis as here. *See In re Under Armour Sec. Litig.*, 631 F. Supp. 3d 285, 308 (D. Md. 2022) (appointing KBC as class representative and holding that KBC's "legal and factual positions are in alignment with the class, indicating [it is] well-positioned to litigate on behalf of the class members"); *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) (appointing KBC as class representative on same standing basis as here); *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, 2017 WL 4297450, at *6 (D.S.C. Sept. 28, 2017) (appointing KBC as sole class representative on same standing basis

---

[3]    The assignments in *Chegg*, including from the same fund (KBC Equity Fund NV) to KBC—as well as in numerous other cases in which KBC has been appointed as lead plaintiff and later as class representative—are identical to the assignment obtained here.

as here and noting that "KBC has shown substantial commitment and involvement in this litigation and has demonstrated it is adequate in this regard"). *See also City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, 2012 WL 1339678, at *9 (N.D. Ill. Apr. 18, 2012) (appointing group including KBC as lead plaintiff in contested motion and holding KBC "meets the adequacy requirement in Rule 23(a)"); *Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Labs.*, No. 22 Civ. 04661 26 (N.D. Ill. Mar. 7, 2023), ECF No. 26 (appointing KBC lead plaintiff on identical standing basis).[4]

Finally, KBC also has demonstrated its adequacy by selecting a highly qualified firm with significant experience and success prosecuting federal securities class actions to serve as Lead Counsel for the class. *See infra* Section C; *see also* Kaplan Decl., Ex. H (Motley Rice Shareholder & Securities Fraud Resume).

### C.    KBC's Selection Of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Blake v. Canoo Inc.*, 2022 WL 599504, at *8 (C.D. Cal. Feb. 18, 2022) ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and [courts] will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs." (alteration in original)).

---

[4]    KBC also has standing to represent its fund under the so-called prudential exception. That doctrine allows third-party standing "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008). KBC has a close relationship to its fund, as evidenced by the fact it serves as its management company, and there is a barrier to the fund asserting the claims here given it has contracted with KBC to do precisely that.

KBC has selected Motley Rice to serve as lead counsel for the proposed class. Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions. *See* Kaplan Decl., Ex. H; *see also Chegg*, 2022 WL 4099454, at *4 (finding that Motley Rice is "highly qualified and experienced in securities class litigation"); *Holwill v. AbbVie Inc.*, 2021 WL 7366274, at *3 (N.D. Ill. Sept. 23, 2021) (appointing Motley Rice as sole class counsel and holding that "Motley Rice is a well-respected firm capable of providing competent counsel in complex securities fraud class actions."). The firm's experience in the prosecution of securities class actions is derived from, among other things, its service as sole lead counsel and co-class counsel in *In re Twitter, Inc. Securities Litigation*, No. 16-cv-05314 (N.D. Cal.), in which the firm reached an $809.5 million settlement agreement in favor of an investor class in 2021 on the eve of trial; as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.), in which it secured a recovery of $131 million for the investor class; as sole class counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP (S.D.N.Y.), in which it achieved a recovery of $140 million for the investor class; and, most recently, as co-class counsel in *Boston Retirement System v. Alexion Pharmaceuticals Inc.*, No. 3:16-cv-02127-AWT (D. Conn.), in which it achieved a recovery of $125 million for the investor class in 2023.

Accordingly, the Court should approve KBC's selection of Motley Rice as Lead Counsel for the putative class.

## IV.    CONCLUSION

For the reasons stated herein, KBC respectfully requests that the Court consolidate the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, appoint KBC as Lead Plaintiff, approve its selection of Motley Rice as

MEM. OF POINTS AND AUTHORITIES ISO OF
MOT. FOR APPOINTMENT AS LEAD PL.
CASE NO. 3:23-CV-02082-LL-MMP

Lead Counsel for the class, and grant such other relief as the Court may deem just and proper.

Dated: January 9, 2024                    Respectfully submitted,

                                          **SAXENA WHITE P.A.**

                                          By: */s/ David R. Kaplan*
                                          David R. Kaplan (Bar No. 230144)
                                          dkaplan@saxenawhite.com
                                          505 Lomas Santa Fe Drive, Suite 180
                                          Solana Beach, CA 92075
                                          Tel:   (858) 997-0860
                                          Fax:   (858) 369-0096

                                          *Local Counsel for Proposed Lead Plaintiff*

                                          **MOTLEY RICE LLC**
                                          GREGG S. LEVIN (*pro hac vice* forthcoming)
                                          glevin@motleyrice.com
                                          CHRISTOPHER F. MORIARTY (*pro hac vice* forthcoming)
                                          cmoriarty@motleyrice.com
                                          ANDREW P. ARNOLD (*pro hac vice* forthcoming)
                                          aarnold@motleyrice.com
                                          28 Bridgeside Blvd.
                                          Mount Pleasant, SC 29464
                                          Tel:  (843) 216-9000
                                          Fax: (843) 216-9450

                                          *Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

MEM. OF POINTS AND AUTHORITIES ISO OF
MOT. FOR APPOINTMENT AS LEAD PL.
CASE NO. 3:23-CV-02082-LL-MMP