ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
JASON A. FORGE (181542)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jforge@rgrdlaw.com
dmyers@rgrdlaw.com

Proposed Lead Counsel for
Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE KANGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON,<br><br>                              Defendants. | Case No. 3:23-cv-02082-LL-MMP<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, THE MACOMB COUNTY RETIREMENT SYSTEMS, AND JACKSON COUNTY EMPLOYEES' RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL<br><br>DATE:      February 13, 2024<br>JUDGE:    Hon. Linda Lopez<br>COURTROOM:    5D (Schwartz)<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ....................................................................... 2

II.    STATEMENT OF FACTS ............................................................................... 4

III.   ARGUMENT ................................................................................................... 5

    A.    The Related Actions Should Be Consolidated for All Purposes .......... 5

    B.    The Retirement Systems Should Be Appointed Lead Plaintiff ............ 6

        1.    The Retirement Systems Are Willing to Serve as Class
            Representatives ................................................................. 7

        2.    The Retirement Systems Have the "Largest Financial
            Interest" .......................................................................... 7

        3.    The Retirement Systems Otherwise Satisfy Rule 23's
            Requirements ................................................................... 9

        4.    The Retirement Systems Will Fairly and Adequately
            Represent the Interests of the Class and Are Not Subject
            to Unique Defenses ........................................................ 13

    C.    Lead Plaintiff's Selection of Counsel Should Be Approved .............. 14

IV.    CONCLUSION ............................................................................................. 16

4879-0856-4379.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ..................................................................... 10

*Backe v. Novatel Wireless, Inc.*,
   No. 08-CV-01689-H (RBB), 2008 U.S. Dist. LEXIS 100622
   (S.D. Cal. Dec. 10, 2008) ............................................................... 3, 11

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) ................................................................ 10

*China Agritech, Inc. v. Resh*,
   _ U.S. _, 138 S. Ct. 1800 (2018) ........................................................ 11

*Chun v. Fluor Corp.*,
   No. 3:18-cv-01338-X (N.D. Tex. Nov. 8, 2022) .................................... 15

*Feyko v. Yuhe Int'l Inc.*,
   No. CF 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040
   (C.D. Cal. Mar. 2, 2012) ............................................................... 3, 11

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir.1992) ................................................................ 10

*Howard v. Arconic Inc.*,
   No. 2:17-cv-01057-MRH (W.D. Pa. Aug. 9, 2023) ............................... 15

*Hustig v. Obalon Therapeutics, Inc.*,
   No. 3:18-cv-00352-AJB-WVG (S.D. Cal. July 24, 2018) ..................... 15

*In re Am. Realty Cap. Props., Inc. Litig.*,
   No. 1:15-mc-00040-AKH (S.D.N.Y.) .................................................. 15

*In re AudioEye, Inc.*,
   No. CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 19334
   (D. Ariz. July 31, 2015) ................................................................ 3, 11

*In re Comverse Technology, Inc. Securities Litigation*,
   No. 1:06-cv-01825 (E.D.N.Y.) ............................................................ 14

3:23-cv-02082-LL-MMP

**Page**

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998)............................................................................9

*In re Petrobras Securities Litigation*,
   No. 1:14-cv-09662 (S.D.N.Y.) ...................................................................1, 14

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
   No. 07-02830, 2010 U.S. Dist. LEXIS 132902
   (W.D. Tenn. Dec. 15, 2010) .......................................................................3, 11

*In re Twitter Inc. Sec. Litig.*,
   No. 4:16-cv-05314-JST (N.D. Cal.) ..................................................................15

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
   No. 3:15-cv-07658-MAS-LHG (D.N.J.) ...........................................................15

*Kangas v. Illumina, Inc.*,
   No. 3:23-cv-02082 (S.D. Cal.) (filed Nov. 10, 2023) ...............................1, 7, 8

*Klein v. Altria Grp., Inc.*,
   No. 3:20-cv-00075 (E.D. Va. Mar. 31, 2022) ....................................................15

*La. Sheriffs' Pension & Relief Fund v. Illumina, Inc.*,
   No. 3:23-cv-02328 (S.D. Cal. Dec. 21, 2023)................................................1, 8

*Lax v. First Merch. Acceptance Corp.*,
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
   (N.D. Ill. Aug. 6, 1997) ...................................................................................8

*Mandalevy v. BofI Holding, Inc.*,
   No. 3:17-cv-0667-GPC-KSC, 2017 U.S. Dist. LEXIS 184504
   (S.D. Cal. Nov. 7, 2017) ...................................................................................9

*McCracken v. Edwards Lifesciences Corp.*,
   No. 8:13-CV-1463-JLS, 2014 U.S. Dist. LEXIS 2147
   (C.D. Cal. Jan. 8, 2014) ..................................................................................12

*Mersho v. United States Dist. Court*,
   6 F.4th 891 (9th Cir. 2021)..............................................................................12

4879-0856-4379.v1

**Page**

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
   No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141
   (N.D. Cal. June 10, 2014).........................................................................12

*Osher v. Guess?, Inc.*,
   No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057
   (C.D. Cal. Apr. 26, 2001)........................................................................14

*Richardson v. TVIA, Inc.*,
   No. C-06-06304 RMW, C-06-07307 RMW,
   2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) ...................................5

*Rihn v. Acadia Pharm. Inc.*,
   No. 15CV575 BTM DHB, 2015 WL 5227923
   (S.D. Cal. Sept. 8, 2015)..........................................................................8

*Roy v. Illumina, Inc.*,
   No. 3:23-cv-02327 (S.D. Cal.) (filed Dec. 21, 2023)......................................1, 8

*Smajlaj v. Brocade Commc'ns Sys.*,
   No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618
   (N.D. Cal. Jan. 12, 2006).........................................................................9

*Smilovits v. First Solar, Inc.*,
   No. 2:12-cv-00555-DGC (D. Ariz.) ............................................................15

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ...................................................................10

*Xu v. FibroGen, Inc.*,
   No. 21-cv-02623-EMC, 2021 U.S. Dist. LEXIS 164034
   (N.D. Cal. Aug. 30, 2021) .......................................................................12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §78j(b) ....................................................................................... 6
  §78t(a) ....................................................................................... 6
  §78u-4 ................................................................................. *passim*
  §78u-4(a)(3)(A)(i) ........................................................................ 6
  §78u-4(a)(3)(B) ........................................................................... 6
  §78u-4(a)(3)(B)(i) ........................................................................ 6
  §78u-4(a)(3)(B)(ii) ....................................................................... 6
  §78u-4(a)(3)(B)(iii) ...................................................................... 7
  §78u-4(a)(3)(B)(iii)(I) ............................................................... 2, 7
  §78u-4(a)(3)(B)(iii)(I)(bb) ............................................................... 9
  §78u-4(a)(3)(B)(iii)(I)(cc) ............................................................... 9
  §78u-4(a)(3)(B)(iii)(II) ................................................................. 13
  §78u-4(a)(3)(B)(iii)(II)(aa) ............................................................. 14
  §78u-4(a)(3)(B)(v) ....................................................................... 14

Federal Rules of Civil Procedure
  Rule 23 ............................................................................. 2, 6, 7, 9
  Rule 23(a) ................................................................................ 9
  Rule 23(a)(3) ............................................................................ 10
  Rule 23(a)(4) ............................................................................ 10
  Rule 42 ................................................................................... 1
  Rule 42(a) ......................................................................... 2, 5, 6

17 C.F.R.
  §240.10b-5 ............................................................................... 6

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-369, at 34 (1995),
  *reprinted in* U.S.C.C.A.N. 730, 733 ............................................... 2, 11

4879-0856-4379.v1

Movants Wayne County Employees' Retirement System ("Wayne County ERS"), Macomb County Employees' Retirement System ("Macomb County ERS"), Macomb County Retiree Health Care Fund ("Macomb County Health"), Macomb County Intermediate Retirees Medical Benefits Trust ("Macomb County Trust") (collectively, the "Macomb County Retirement Systems"), and Jackson County Employees' Retirement System ("Jackson County ERS") (collectively, the "Retirement Systems") respectfully submit this Memorandum of Points and Authorities in support of their motion, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the Related Actions; (2) appointing the Retirement Systems as Lead Plaintiff; and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the class.[1]

---

[1]   The Related Actions are: *Kangas v. Illumina, Inc.*, No. 3:23-cv-02082 (S.D. Cal.) (filed Nov. 10, 2023) (the "*Kangas* Action:"); *Roy v. Illumina, Inc.*, No. 3:23-cv-02327 (S.D. Cal.) (filed Dec. 21, 2023) (the "*Roy* Action"); and *La. Sheriffs' Pension & Relief Fund v. Illumina, Inc.*, No. 3:23-cv-02328 (S.D. Cal. Dec. 21, 2023) (the *"La. Sheriffs'* Action:). On November 10, 2023, the first-filed *Kangas* Action was filed on behalf of a class consisting of persons and entities that purchased or otherwise acquired Illumina, Inc. ("Illumina" or the "Company") ***securities*** between ***May 1, 2023 and October 16, 2023***, inclusive. *See* ECF 1, ¶1 (emphasis added). Then, on December 21, 2023, the second-filed *Roy* Action alleging substantially the same wrongdoing as the *Kangas* Action against the same defendants was filed in this Court on behalf of a class consisting of persons and entities that purchased or otherwise acquired Illumina ***securities*** between ***August 18, 2021 and October 16, 2023***, inclusive. *See Roy* Action, ECF 1, ¶1 (emphasis added). Finally, also on December 21, 2023, the third-filed *La. Sheriffs'* Action alleging substantially the same wrongdoing as the *Kangas* and *Roy* Actions against overlapping defendants was filed in this Court on behalf of a class consisting of persons and entities that purchased or otherwise acquired Illumina ***common stock*** between ***September 21, 2020 and November 9, 2023***, inclusive. *See La. Sheriffs'* Action, ECF 1, ¶1 (emphasis added). The Retirement Systems have a significant financial interest in all three periods. *See* §III.B.2, *infra.*

## I.   PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Illumina investors, including the Retirement Systems, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused Illumina's share price to fall sharply, damaging the Retirement Systems and other Illumina investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are putative class actions alleging violations of the Exchange Act by overlapping Defendants arising from substantially the same alleged fraud.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  *See* §III.B.2, *infra*; Declaration of Darren J. Robbins in Support of Motion ("Robbins Decl."), Exhibit ("Ex.") A. Accordingly, the Retirement Systems believe that they have the largest financial interest in the relief sought in the Related Actions.

Beyond their considerable financial interest, the Retirement Systems also meet the applicable requirements of Rule 23 because their claims are typical of absent class members and because they will fairly and adequately represent the interests of the class.   As sophisticated institutional investors, the Retirement Systems are a paradigmatic lead plaintiff under the PSLRA, and their appointment would advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions."  H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733.

4879-0856-4379.v1

For this reason, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions.  *See, e.g.*, *Backe v. Novatel Wireless, Inc.*, No. 08-CV-01689-H (RBB), 2008 U.S. Dist. LEXIS 100622, at *12 (S.D. Cal. Dec. 10, 2008) (noting that movant was "the sort of lead plaintiff envisioned by Congress in the enactment of the PSLRA--a sophisticated institutional investor with a real financial interest in the litigation"); *Feyko v. Yuhe Int'l Inc.*, No. CF 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *8 (C.D. Cal. Mar. 2, 2012) (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms'") (quoting *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 U.S. Dist. LEXIS 132902, at *8 (W.D. Tenn. Dec. 15, 2010)); *In re AudioEye, Inc.*, No. CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 193348, at *13 (D. Ariz. July 31, 2015) (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

To fulfill their obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the class, the Retirement Systems have selected Pomerantz and Robbins Geller as Lead Counsel for the class.  Pomerantz and Robbins Geller are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, the Retirement Systems respectfully request that the Court enter an Order consolidating the Related Actions, appointing the Retirement Systems as Lead Plaintiff for the class, and approving their selection of Pomerantz and Robbins Geller as Lead Counsel for the class.

## II.     STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, Illumina is a genetic and genomic analysis company with a portfolio of integrated sequencing and microarray systems, consumables, and analysis tools designed to accelerate and simplify genetic analysis.  In 2015, Illumina formed GRAIL, Inc. ("GRAIL") as a corporate subsidiary to develop a blood-based cancer detection test.  After several capital financing rounds, Illumina spun off GRAIL in February 2017 and retained a stake of approximately 20%.

After GRAIL raised $1.9 billion through venture capital and strategic partners, Illumina announced plans to reacquire GRAIL in September 2020 and completed the acquisition on August 18, 2021 before European antitrust regulators could complete their antitrust review.   On September 6, 2022, the European Union's European Commission issued a decision prohibiting the acquisition.

On August 10, 2023, after the market closed, Illumina revealed that the United States Securities and Exchange Commission was investigating the Company's statements regarding GRAIL, including "conduct and compensation of certain members of Illumina and GRAIL management."

On this news, the Company's stock price fell $4.64, or 2.5%, to close at $180.48 per share on August 11, 2023.

On October 17, 2023, activist investor Carl Icahn ("Icahn") filed a complaint against current and former directors of Illumina, alleging direct and derivative claims of breaches of fiduciary duty.  The complaint was filed under seal but, according to *Reuters*, Icahn "told the 13D Monitor Active-Passive Investor Summit in New York on Tuesday that the lawsuit pertained to Illumina completing its acquisition of cancer diagnostic test maker Grail."

On this news, the Company's stock price fell $7.42, or 5.6%, to close at $124.45 per share on October 18, 2023.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that certain of the Company's insiders had personal financial motives for acquiring GRAIL; (2) that, contrary to Illumina's attempts to discount Icahn's criticism, Icahn had accurately concluded that insiders' interests did not align with the Company's best interests; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated for All Purposes

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also, e.g.*, *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, C-06-07307 RMW, 2007 U.S. Dist. LEXIS 28406, at *6 (N.D. Cal. Apr. 16, 2007) (consolidating two securities class actions governed by the PSLRA that "present common questions of law and fact").

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter

4879-0856-4379.v1

has been filed." 15 U.S.C. §78u-4(a)(3)(B)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District, alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, against overlapping Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

**B.      The Retirement Systems Should Be Appointed Lead Plaintiff**

The Retirement Systems should be appointed Lead Plaintiff because they have timely filed a motion for appointment as Lead Plaintiff, have the largest financial interest in the Related Actions to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See* §78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. §78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

4879-0856-4379.v1

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§78u-4(a)(3)(B)(iii)(I).

As set forth below, the Retirement Systems satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the class and, therefore, should be appointed Lead Plaintiff for the class.

### 1. The Retirement Systems Are Willing to Serve as Class Representatives

On November 10, 2023, counsel for plaintiff in the *Kangas* Action caused the statutorily required Notice of that action to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Illumina and other defendants, and which advised investors in Illumina securities that they had 60 days from the date of the Notice's publication – *i.e.*, until January 9, 2024 – to file a motion to be appointed as Lead Plaintiff. *See* Robbins Decl., Ex. B.

The Retirement Systems have filed the instant motion pursuant to the Notice, and they have submitted Certifications, respectively signed by representatives duly authorized to bind Wayne County ERS, the Macomb County Retirement Systems, and Jackson County ERS and enter into litigation on their behalf, attesting that they are willing to serve as representatives for the class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, the Retirement Systems satisfy the first requirement to serve as Lead Plaintiff of the class.

### 2. The Retirement Systems Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).

4879-0856-4379.v1

To the best of their knowledge, the Retirement Systems have the largest financial interest of any Illumina investor or investor group seeking to serve as Lead Plaintiff. *See Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-18 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered); *Rihn v. Acadia Pharm. Inc.*, No. 15CV575 BTM DHB, 2015 WL 5227923, at *3 (S.D. Cal. Sept. 8, 2015) (equating financial interest with potential recovery using the "retained share" or "net shares purchased" metrics).

During each of the class periods, the Retirement Systems' financial interest is as follows:

| Class Period | Shares Purchased (stock only)[2] | Net Shares Purchased (stock only) | Net Funds Expended | Approximate Loss |
|---|---|---|---|---|
| *Kangas* (5/1/23-10/16/23) | 20,452 | 20,452 | $3,215,613 | $846,063 FIFO $827,286 LIFO |
| *Roy* (8/18/21-10/16/23) | 35,839 | 19,505 | $4,943,310 | $5,138,229 FIFO $2,991,006 LIFO |
| *La. Sheriffs'* (9/21/20-11/9/23) | 47,180 | 20,363 | $3,325,468 | $6,919,203 FIFO $4,922,451 LIFO |

*See* Robbins Decl., Ex. A.  Moreover, the Retirement Systems retained a significant amount of shares through each share price decline alleged in the Related Actions:

| Decline Date | Shares Held |
|---|---|
| 3/30/2021 | 37,041 |
| 7/31/2021 | 36,512 |
| 8/18/2021 | 36,512 |
| 1/16/2022 | 46,994 |
| 4/28/2023 | 35,565 |

---

[2]   In addition to their purchases of Illumina common stock, the Retirement Systems purchased bonds with a PAR value of $150,000 during the *Roy* class period and $1,890,000 during the *La. Sheriffs'* class period.  *See* Robbins Decl., Ex. A.

4879-0856-4379.v1

| 5/24/2023 | 35,755 |
|-----------|--------|
| 6/26/2023 | 43,379 |
| 8/10/2023 | 43,379 |
| 10/17/2023 | 56,017 |
| 11/9/2023 | 56,017 |

To the extent that the Retirement Systems possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The Retirement Systems Otherwise Satisfy Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC, 2017 U.S. Dist. LEXIS 184504, at *3 (S.D. Cal. Nov. 7, 2017). Moreover, "[t]he only Rule 23 factors that are relevant are typicality and adequacy of representation." *Smajlaj v. Brocade Commc'ns Sys.*, No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618, at *9 (N.D. Cal. Jan. 12, 2006) (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)).

3:23-cv-02082-LL-MMP

4879-0856-4379.v1

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992) (citation omitted).  In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The Retirement Systems' claims are typical of those of the class.  The Retirement Systems allege, like other class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Illumina, or by omitting to state material facts necessary to make the statements they did make not misleading.  The Retirement Systems, like other class members, purchased Illumina securities during each of the class periods at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Illumina's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy requirement of Rule 23(a)(4) is met, courts in this Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

4879-0856-4379.v1

The Retirement Systems are adequate representatives for the class. Here, the Retirement Systems have each submitted signed Certifications declaring their commitment to protect the interests of the class. *See* Robbins Decl., Ex. C. There is no evidence of antagonism or conflict between the Retirement Systems' interests and those of the Class, and the Retirement Systems' significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation that gives them an incentive to vigorously prosecute fraud claims on behalf of the class.

As noted above, the Retirement Systems are sophisticated institutional investors. As such, their appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions. *See, e.g.*, *Novatel Wireless*, 2008 U.S. Dist. LEXIS 100622, at *12 (noting that movant was "the sort of lead plaintiff envisioned by Congress in the enactment of the PSLRA--a sophisticated institutional investor with a real financial interest in the litigation"); *Yuhe Int'l*, 2012 U.S. Dist. LEXIS 28040, at *8 (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms'") (quoting *Regions Morgan Keegan*, 2010 U.S. Dist. LEXIS 132902, at *8); *AudioEye*, 2015 U.S. Dist. LEXIS 193348, at *13 (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

Consisting of likeminded institutional investors, the Retirement Systems constitute an appropriate group of the type expressly permitted by the PSLRA and routinely appointed to serve as lead plaintiff in PSLRA actions. In *China Agritech,*

*Inc. v. Resh*, _ U.S. _, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups." More recently, in *Mersho v. United States Dist. Court*, 6 F.4th 891, 899 (9th Cir. 2021), the Ninth Circuit Court of Appeals likewise held that "the [PSLRA] expressly allows a 'group of persons' to move for appointment" as lead plaintiff. *See also Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141, at *20 (N.D. Cal. June 10, 2014) ("Small, cohesive groups . . . are routinely appointed as lead plaintiff in securities actions when they have shown their ability to manage the litigation effective in the interests of the class without undue influence of counsel.").

Here, demonstrating their fitness to serve jointly as Lead Plaintiff as well as their adequacy more generally, the Retirement Systems have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their experience serving as Lead Plaintiff in prior PSLRA actions, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Lead Plaintiff, and the steps that they are prepared to take to cooperatively prosecute this litigation on behalf of the class. *See generally* Robbins Decl., Ex. D. Courts routinely appoint investor groups as lead plaintiff under such circumstances. *See, e.g.*, *Xu v. FibroGen, Inc.*, No. 21-cv-02623-EMC, 2021 U.S. Dist. LEXIS 164034, at *23-24 (N.D. Cal. Aug. 30, 2021) (appointing group of sophisticated institutional investors as lead plaintiff, considering *inter alia* group's submission of detailed Joint Declaration in assessing adequacy); *McCracken v. Edwards Lifesciences Corp.*, No. 8:13-CV-1463-JLS (RNBx) , 2014 U.S. Dist. LEXIS 2147, at *12-13 (C.D. Cal. Jan. 8, 2014) (same). Here, moreover, as reflected in the Joint Declaration, Wayne County ERS, Macomb County Retirement Systems, and Jackson County ERS each are Michigan-based county retirement systems in very close proximity to one another, whose representatives regularly interact with one another on matters related to Michigan pension funds (including through their membership, along with other Michigan

pension funds, in the Michigan Association of Public Employee Retirement Systems, or MAPERS), and share many advisors (including outside counsel and investment managers). The Retirement Systems' representatives also have pre-existing relationships with each other as a result of their roles at their respective funds, and all three have experience overseeing securities litigation.

As part of the Retirement Systems' efforts to formalize the leadership of this action and to demonstrate their commitment to jointly prosecute the action, their representatives participated in a conference call to discuss, among other things: the strength of the claims against Defendants; a strategy for prosecuting these actions; the benefits that the class would receive from the leadership of a coordinated group of institutional investors with prior experience serving as Lead Plaintiff under the PSLRA; the shared desire of the Retirement Systems to achieve the best possible result for the class; the interests in prosecuting the case in a collaborative, likeminded manner; and the actions that Wayne County ERS, the Macomb County Retirement Systems, and Jackson County ERS will each take to continue to ensure that the class's claims will be zealously and efficiently litigated. *See generally* Robbins Decl., Ex. D.

### 4. The Retirement Systems Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the Retirement Systems as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

The Retirement Systems' ability and desire to fairly and adequately represent the class has been discussed above. The Retirement Systems are not aware of any unique defenses Defendants could raise that would render them inadequate to

1   represent the class.  Accordingly, the Retirement Systems should be appointed Lead
2   Plaintiff for the class.

3       **C.**    **Lead Plaintiff's Selection of Counsel Should Be Approved**

4       The PSLRA vests authority in the Lead Plaintiff to select and retain lead
5   counsel, subject to the approval of the Court.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v);
6   *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057,
7   at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's
8   selection only when necessary to "protect the interests of the class."  15 U.S.C. §78u-
9   4(a)(3)(B)(iii)(II)(aa).

10      Here, the Retirement Systems have selected Pomerantz and Robbins Geller as
11  Lead Counsel for the class.  Pomerantz is highly experienced in the areas of securities
12  litigation and class actions and has successfully prosecuted numerous securities
13  litigations and securities fraud class actions on behalf of investors, as detailed in its
14  firm resume submitted herewith.  *See* Robbins Decl., Ex. E.  In overview, Pomerantz
15  is a premier firm in the area of securities litigation based in New York, with offices in
16  Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel.  *See id.*
17  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As
18  lead counsel in *In re Petrobras Securities Litigation*, No. 1:14-cv-09662 (S.D.N.Y.),
19  Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of
20  Petrobras, the largest settlement ever in a class action involving a foreign issuer and
21  the fifth largest class action settlement ever achieved in the United States.  *See id.*
22  Petrobras is part of a long line of record-setting recoveries led by Pomerantz,
23  including the $225 million settlement in *In re Comverse Technology, Inc. Securities*
24  *Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010.

25      Robbins Geller, a 200-attorney nationwide law firm with its headquarters in San
26  Diego, regularly practices complex securities litigation.  *See* Robbins Decl., Ex. F.
27  The Firm's securities department includes numerous trial attorneys and many former
28  federal and state prosecutors, and utilizes an extensive group of in-house experts to aid

in the prosecution of complex securities issues.  Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Hustig v. Obalon Therapeutics, Inc.*, No. 3:18-cv-00352-AJB-WVG, ECF 10 (S.D. Cal. July 24, 2018) (appointing Robbins Geller as lead counsel).  Notably, in the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.

Pomerantz and Robbins Geller have a track record of successfully litigating securities fraud class actions together and have protocols in place to ensure an efficient and cost-effective representation of the class.  *See Klein v. Altria Grp., Inc.*, No. 3:20-cv-00075, Dkt. No.  320 (E.D. Va. Mar. 31, 2022) (final approval of $90 million settlement in securities class action litigated jointly by Pomerantz and Robbins Geller, among others); *Howard v. Arconic Inc.*, No. 2:17-cv-01057-MRH, Dkt. No. 252 (W.D. Pa. Aug. 9, 2023) (final approval of $77 million settlement in securities class action litigated jointly by Pomerantz and Robbins Geller as lead counsel); *Chun v. Fluor Corp.*, No. 3:18-cv-01338-X, Dkt. No. 171 (N.D. Tex. Nov. 8, 2022) (final approval of $33 million settlement in securities class action litigated jointly by Pomerantz and Robbins Geller as lead counsel).

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Related Actions, the Retirement Systems' counsel, Pomerantz and Robbins Geller, have the skill, knowledge, expertise, and experience

1  that will enable the firms to cooperatively prosecute these Related Actions effectively

2  and expeditiously.  Thus, the Court may be assured that by approving the Retirement

3  Systems' selection of Pomerantz and Robbins Geller as Lead Counsel for the class,

4  the members of the class will receive the best legal representation available.

5  **IV.    CONCLUSION**

6          For the foregoing reasons, the Retirement Systems respectfully request that the

7  Court issue an Order: (1) consolidating the Related Actions; (2) appointing the

8  Retirement Systems as Lead Plaintiff for the class; and (3) approving Pomerantz and

9  Robbins Geller as Lead Counsel for the class.

10  DATED:  January 9, 2024                    Respectfully submitted,

11                                             ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
12                                             DARREN J. ROBBINS
                                               JASON A. FORGE
13                                             DANIELLE S. MYERS

14
                                                       s/ Darren J. Robbins
15                                             DARREN J. ROBBINS

16                                             655 West Broadway, Suite 1900
                                               San Diego, CA  92101
17                                             Telephone:  619/231-1058
                                               619/231-7423 (fax)
18                                             darrenr@rgrdlaw.com
                                               jforge@rgrdlaw.com
19                                             dmyers@rgrdlaw.com

20                                             POMERANTZ LLP
                                               JENNIFER PAFITI (SBN 282790)
21                                             1100 Glendon Avenue, 15th Floor
                                               Los Angeles, California 90024
22                                             Telephone:  310/405-7190
                                               jpafiti@pomlaw.com

23

24

25

26

27

28

4879-0856-4379.v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

POMERANTZ LLP
JEREMY A. LIEBERMAN
EMMA GILMORE
J. ALEXANDER HOOD II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 212/661-1100
917/463-1044 (fax)
jalieberman@pomlaw.com
egilmore@pomlaw.com
ahood@pomlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

VANOVERBEKE, MICHAUD &
TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel