# EXHIBIT D

**JOINT DECLARATION IN SUPPORT OF LEAD PLAINTIFF MOTION**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of Wayne County Employees' Retirement System ("Wayne County ERS"), Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, Macomb County Intermediate Retirees Medical Benefits Trust (collectively, the "Macomb County Retirement Systems"), and Jackson County Employees' Retirement System ("Jackson County ERS") (collectively, the "Retirement Systems"), pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for appointment as Lead Plaintiff in the pending securities class action on behalf of investors in the securities of Illumina, Inc. and approval of the Retirement Systems' selection of Pomerantz LLP and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

2.      Based on prior service in securities class action cases, we are informed of and understand the requirements and duties imposed by the PSLRA.  We each have personal knowledge about the information in this Joint Declaration relating to our own actions and the movant with which we are individually associated.

3.      As attested to in the accompanying Certifications, the Retirement Systems each purchased a significant number of Illumina securities during the alleged class period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this litigation.

4.      In light of their significant financial interests in the relief sought by the class, the Retirement Systems believe that the securities class action claims against Illumina should be led by dedicated and sophisticated institutional investors that are committed to maximizing the recovery for all harmed investors.  The Retirement Systems are experienced institutional investors with pre-existing relationships and affiliations that suffered substantial losses in their investments

1

Exhibit D

in Illumina securities and thus have a common interest in seeking to recover their losses and those of the other class members through this litigation.

5.      The Retirement Systems' decision to seek appointment as lead plaintiff together was informed by a variety of factors, including the fact that they are Michigan-based county retirement systems in very close proximity to one another, our representatives regularly interact with one another on matters related to Michigan pension funds (including through our membership, along with other Michigan pension funds, in the Michigan Association of Public Employee Retirement Systems, or MAPERS), and our many shared advisors (including our outside counsel and investment managers).  We, the undersigned, also have pre-existing relationships with one another as a result of our roles at our respective funds, and all three of us have experience overseeing securities litigation.

6.      Before filing our Motion, we participated in a joint conference call wherein we discussed the merits of this action, the status of the proceedings, the responsibilities of a lead plaintiff appointed pursuant to the PSLRA, the Retirement Systems' ability to work together and to jointly fill the lead plaintiff role, and efforts to facilitate future communication and collaboration.

7.      During our conference call, we discussed our ability to effectively collaborate with one another and our intent to efficiently and diligently oversee this litigation for the benefit of the class of Illumina investors.  Based on our pre-existing relationships and prior experience serving in securities cases, we do not anticipate that any disagreements between us will arise. Nonetheless, we agreed to make good faith efforts to reach consensus with respect to all litigation decisions and, in the highly unlikely event that a disagreement arises, we agree to resolve such disagreement by a simple majority vote, in which Wayne County ERS, Jackson County ERS, and the Macomb County Retirement Systems each possesses one vote (for a total of three votes).

2

8.      The Retirement Systems understand and appreciate the Lead Plaintiff's obligation under the PSLRA to select qualified and experienced Lead Counsel and to monitor this action to ensure it is prosecuted efficiently.  Here, the Retirement Systems have fulfilled this responsibility by selecting Lead Counsel with a proven history of handling this type of complex litigation.  In this case, the Retirement Systems selected Pomerantz and Robbins Geller to serve as Lead Counsel.  Based on the Retirement Systems' work with Pomerantz and Robbins Geller in prior litigation, as well as the firms' experience in achieving substantial recoveries in securities cases, the Retirement Systems believe that Pomerantz and Robbins Geller are well-qualified to jointly represent them as lead plaintiff as  well as the class.  As just one example, Wayne County ERS (as lead plaintiff) together with Robbins Geller and Pomerantz (as lead counsel) recently recovered $33 million in  *Chun v. Fluor Corporation*, No. 3:18-cv-01338-X (N.D. Tex.).  The Retirement Systems understand that their selection of counsel will provide for added efficiencies for the class by virtue of the fact that Robbins Geller's primary office is in downtown San Diego, just steps from the courthouse where this case is being prosecuted.

9.      Pomerantz and Robbins Geller have been directed to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the investor class.  The Retirement Systems will continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the class of investors by, among other things, having personnel of Wayne County ERS, the Macomb County Retirement Systems, and Jackson County ERS review pleadings, monitor the litigation and significant developments, instruct counsel, attend hearings as warranted, and oversee any future resolution-oriented discussions or negotiations.  As our Certifications attest, we will participate in discovery and trial as necessary.

10.      Based on the prior collaborative efforts of our respective funds, we believe our service as lead plaintiff, if approved by the Court, and oversight of Pomerantz and Robbins Geller

3

will result in an optimal recovery for the putative class.  And, as we have already done, we will continue to communicate with each other and provide guidance, insight, and direction to Pomerantz and Robbins Geller on major litigation events.

4

I, Gerard Grysko, declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of _____January_____, 2024.

_____
(signature)

Gerard Grysko
Deputy Director
Wayne County Employees' Retirement System

5

Exhibit D

I, Mark Deldin, declare under penalty of perjury that the foregoing is true and correct.  Executed this ___5th___ day of _____January_____, 2024.


DocuSigned by:

Mark Deldin

C195BAA01B494FB...
_____
            (signature)

Mark Deldin
Chairman, Macomb County Employees' Retirement System
Trustee, Macomb County Retiree Health Care Fund
Trustee, Macomb County Intermediate Retirees Medical Benefits Trust

6

                                                          Exhibit D

DocuSign Envelope ID: 75551238-2A1F-4C72-91EE-B3F2C0805FBC

I, James E. Shotwell, Jr., declare under penalty of perjury that the foregoing is true and correct.

Executed this _08_ day of _____2024_____, 2024.

DocuSigned by:

*James E. Shotwell*

005FF7C0E1D04BA...

(signature)

James E. Shotwell, Jr.
Chairperson
Jackson County Employees' Retirement System

7

039                                              Exhibit D