**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Counsel for Proposed Lead Plaintiff
Universal and ACATIS, and
Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE KANGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>    v.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON,<br><br>             Defendants. | Case No. 3:23-cv-02082-LL-MMP<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF UNIVERSAL AND ACATIS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**<br><br>Date:  February 13, 2024<br>Dept.: Courtroom 5D, 5th Floor<br>Judge: Hon. Linda Lopez<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

*Caption continued on next page*

| | |
|---|---|
| ANAND ROY, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:23-cv-02327-BEN-BGS |
| Plaintiff, | CLASS ACTION |
| v. | |
| ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON, | |
| Defendants. | |
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, on behalf of itself and all others similarly situated, | Case No. 3:23-cv-02328-LL-MMP |
| Plaintiff, | CLASS ACTION |
| v. | |
| ILLUMINA, INC., FRANCIS A. DESOUZA, JOHN THOMPSON, SAM A. SAMAD, and JOYDEEP GOSWAMI, | |
| Defendants. | |

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................. ii

I.  INTRODUCTION ..................................................................................... 1

II.  STATEMENT OF FACTS ......................................................................... 4

III.  ARGUMENT ............................................................................................ 6

    A.  Universal And ACATIS Are The Most Adequate Plaintiff And Should Be Appointed As Lead Plaintiff ...................... 6

        1.  Universal's And ACATIS's Motion Is Timely ........................ 6

        2.  Universal And ACATIS Have The Largest Financial Interest In The Relief Sought By The Class ................................................................................... 7

        3.  Universal And ACATIS Satisfy Rule 23's Requirements ................................................................ 7

        4.  Universal And ACATIS Are Precisely The Type Of Lead Plaintiff Envisioned By The PSLRA ...................... 9

    B.  The Court Should Approve Universal's And ACATIS's Selection Of Lead Counsel ............................................................ 13

    C.  The Related Actions Should Be Consolidated ................................ 15

IV.  CONCLUSION ....................................................................................... 16

# TABLE OF AUTHORITIES

CASES                                                                                PAGE(S)

*In re Aqua Metals Sec. Litig.*,
  2018 WL 4860188 (N.D. Cal. May 23, 2018)......................................................13

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
  258 F.R.D. 260 (S.D.N.Y. 2009) ...................................................................13

*Basile v. Valeant Pharm., Int'l, Inc.*,
  2015 WL 13652714 (C.D. Cal. May 5, 2015)...................................................13

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*,
  2017 WL 5759361 (N.D. Ohio Nov. 28, 2017).................................................9

*Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund
  v. New Oriental Educ. & Tech. Grp. Inc.*,
  2022 WL 1515451 (S.D.N.Y. May 13, 2022) ...................................................9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .............................................................6, 7, 10

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align
  Tech., Inc.*,
  2013 WL 2368059 (N.D. Cal. May 29, 2013)...................................................8

*City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*,
  2005 WL 318813 (N.D. Cal. Feb. 7, 2005) .....................................................16

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) .........................................................................13

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ...........................................................................8

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018)..........................................................16

*Huang v. Depomed, Inc.*,
  289 F. Supp. 3d 1050 (N.D. Cal. 2017)..........................................................10

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021) .....................................................................*passim*

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
    2014 WL 2604991 (N.D. Cal. June 10, 2014)................................................................2

*Pampena v. Musk*,
    2023 WL 3082341 (N.D. Cal. Apr. 2024)......................................................................11

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
    2021 WL 1540996 (N.D. Cal. Apr. 20, 2021)................................................................15

*Shenwick v. Twitter, Inc.*,
    2016 WL 10672428 (N.D. Cal. Dec. 22, 2016)........................................................10, 16

*Sneed v. AcelRx Pharms., Inc.*,
    2021 WL 5964596 (N.D. Cal. Dec. 16, 2021)................................................................10

*In re Versata, Inc. Sec. Litig.*,
    2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ...................................................9, 10, 12

*Weston v. DocuSign, Inc.*,
    2022 WL 1301770 (N.D. Cal. Apr. 18, 2022)..................................................................8

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* ...............................................................................*passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 42(a)....................................................................................................1, 16

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995
    U.S.C.C.A.N. 730 (1995)..........................................................................................3, 10

Movants Universal-Investment-Gesellschaft mbH ("Universal Gesellschaft") and UI BVK Kapitalverwaltungsgesellschaft mbH ("UI BVK" and, together with Universal Gesellschaft, "Universal") and ACATIS Investment Kapitalverwaltungsgesellschaft mbH ("ACATIS") respectfully submit this memorandum of points and authorities in support of their motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order: (i) appointing Universal and ACATIS as Lead Plaintiff; (ii) approving Universal's and ACATIS's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the proposed Class; (iii) consolidating the above-captioned Related Actions;[1] and (iv) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

On December 21, 2023, Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs"), through its counsel Bernstein Litowitz, filed a class action alleging that Illumina, Inc. and certain of its senior executives (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Specifically, Louisiana Sheriffs' action alleges that between September 21, 2020 and November 9, 2023, inclusive (the "Class Period"), Defendants made material misrepresentations to investors concerning the re-acquisition of Illumina's former subsidiary, GRAIL. Illumina investors, including Universal and ACATIS, incurred significant losses after

---

[1] Three related securities class actions are pending in this District. *See Kangas v. Illumina, Inc.*, No. 3:23-cv-02082-LL-MMP (S.D. Cal.) ("*Kangas*"); *Roy v. Illumina, Inc.*, No. 3:23-cv-02327-BEN-BGS (S.D. Cal.) ("*Roy*"); *Louisiana Sheriffs' Pension & Relief Fund v. Illumina, Inc.*, No. 3:23-cv-02328-LL-MMP (S.D. Cal.) ("*Louisiana Sheriffs*") (collectively, the "Related Actions"). As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"). All emphasis is added and all internal citations are omitted unless noted.

Illumina closed the transaction in the face of significant regulatory scrutiny, and it was later revealed that certain Illumina insiders had undisclosed, personal financial motives for reacquiring GRAIL.[2]

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the "most adequate plaintiff" is the "person or group of persons" that has the "largest financial interest" in the relief sought by the Class in this litigation and that makes a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Universal and ACATIS respectfully submit that they are the "most adequate plaintiff" by virtue of, among other things, the approximately $35 million in losses, as calculated on a last-in, first-out ("LIFO") basis, that they incurred on their purchases of over 290,000 shares of Illumina common stock during the Class Period.[3]

In addition to asserting the largest financial interest, Universal and ACATIS satisfy the relevant requirements of Rule 23 because their claims are typical of those of all members of the Class, and they will fairly and adequately represent the interests of the Class. As set forth in greater detail in their Joint Declaration submitted herewith, Universal and ACATIS have a 27-year-long business

---

[2] The allegations in the Related Actions are substantially similar, but the *Louisiana Sheriffs* action includes the longest-pleaded Class Period: from September 21, 2020 through November 9, 2023, inclusive. When appointing a Lead Plaintiff, courts generally apply the longest, most inclusive class period, unless the allegations supporting it are frivolous or implausible. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs."). Accordingly, for purposes of their motion, Universal and ACATIS rely upon the longest-pleaded Class Period and refer to the broadest set of claims asserted and defendants named in the Related Actions.

[3] Universal's and ACATIS's PSLRA-required Certifications are provided as Exhibit A to the Declaration of Jonathan D. Uslaner ("Uslaner Decl."), submitted herewith. In addition, charts setting forth calculations of Universal's and ACATIS's losses are provided as Exhibit B to the Uslaner Decl.

MEMORANDUM OF POINTS AND AUTHORITIES                    2
CASE NO. 3:23-CV-02082-LL-MMP

relationship, and are aware of each other's experience overseeing securities class action litigation. *See* Uslaner Decl., Ex. C ¶¶ 6, 8, 10.[4]  After learning of the claims against Illumina, representatives of Universal and ACATIS began discussions with each other regarding the claims and their options to recover their significant losses, and decided on their own to partner in seeking appointment as Lead Plaintiff in this action. *See id.* ¶ 8.

Further, Universal and ACATIS fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action as a cohesive partnership.  As highly sophisticated institutional investors with approximately 568 billion euros in combined assets under management, Universal and ACATIS are the prototypical investors envisioned by Congress to serve as lead plaintiff under the PSLRA, and their appointment would therefore fulfill this critical legislative purpose. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").  Universal and ACATIS possess the capability, resources, and experience to oversee this complex litigation and guarantee the vigorous prosecution of the claims against Defendants.

Universal's and ACATIS's adequacy is further demonstrated through their selection of Bernstein Litowitz to serve as Lead Counsel for the Class.  Bernstein Litowitz is a nationally recognized securities litigation firm that has recovered more than $40 billion for defrauded investors and is eminently qualified to prosecute this case.  In fact, Bernstein Litowitz's investigation into the claims against Defendants resulted in Bernstein Litowitz filing a complaint on behalf of Louisiana Sheriffs,

---

[4] *See* Joint Declaration of Titus Noltenius, Stefan Rockel, and Thomas Bosch in Support of the Motion of Universal and ACATIS for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of Related Actions ("Joint Declaration"), Uslaner Decl., Ex. C.

which benefitted the Class by expanding the Class Period and broadening the scope of the allegations against Defendants.

Based on Universal's and ACATIS's significant financial interest in the outcome of this action, and their commitment and ability to jointly oversee the action in a cohesive and coordinated fashion, Universal and ACATIS respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

## II.    STATEMENT OF FACTS[5]

Based in San Diego, California, Illumina develops, manufactures, and markets integrated systems for large scale analysis of genetic variation and biological functions.  In 2015, Illumina created a subsidiary called GRAIL, which had been focused on developing a non-invasive blood test that could screen asymptomatic patients for several types of cancer.  In 2017, Illumina spun GRAIL off as a standalone, privately held company.

The Class Period begins on September 21, 2020, when Illumina announced its plan to re-acquire GRAIL for $8 billion.  Throughout the Class Period, Defendants repeatedly justified the GRAIL acquisition to investors, including by stating the acquisition "will result in the savings of tens of thousands of lives . . . simply because we can accelerate the business" and that the acquisition was "creating long-term shareholder value."

The truth began to emerge on March 30, 2021, when the U.S. Federal Trade Commission (the "FTC") sued in U.S. Federal Court to block Illumina's acquisition of GRAIL.  In response, Illumina issued a press release stating it "disagrees with, and will oppose, the [FTC]'s challenge to its previously announced acquisition of GRAIL."  Then, right before the market closed on July 13, 2021, *Reuters* published an article reporting that European Union regulators were demanding concessions

---

[5] The facts are recited from the complaint filed in the *Louisiana Sheriffs* action.  *See Louisiana Sheriffs*, ECF No. 1.

from GRAIL as part of its review of the acquisition. After the market closed on August 18, 2021, Illumina announced that it had closed its acquisition of GRAIL.

On Sunday, January 16, 2022, the *Financial Times* published an article reporting that Illumina's CEO was "confident Illumina would prevail in the case launched against [European Union regulators] which [the Company] argues has no jurisdiction to investigate the GRAIL deal."

Then, before the market opened on May 1, 2023, Carl Icahn published an open letter to Illumina shareholders, questioning the GRAIL acquisition and requesting that Illumina's Board of Directors "bring in an outside – and demonstrably independent – law firm and forensic accounting team to investigate and address these questions publicly." Illumina responded just before the market closed on May 1, 2023, by filing a Proxy Statement with the SEC on Schedule 14A, stating "none of Illumina's directors . . . has ever held any equity interests in GRAIL" and "[a]t the time of Illumina's various investment rounds in GRAIL, no individuals at Illumina were investors in GRAIL. . . . and did not otherwise receive any GRAIL equity." On May 25, 2023, Illumina held its shareholder vote, culminating with Carl Icahn winning one seat on the Company's Board.

A month later, after the market closed on June 26, 2023, Illumina filed a Current Report with the SEC on Form 8-K. In that report, Illumina announced a "multiyear plan to realign its operating expenses" and plans to reduce its annualized run rate by at least $100 million. On August 10, 2023, after the market closed, Illumina disclosed that it was the target of an SEC investigation. Then, after the market closed on October 17, 2023, Carl Icahn filed a derivative and class action lawsuit in Delaware Court of Chancery against current and former members of Illumina's board of directors. Finally, after the market closed on November 9, 2023, Illumina announced it would be taking an $821 million write down related to GRAIL.

## III.   ARGUMENT

### A.   Universal And ACATIS Are The Most Adequate Plaintiff And Should Be Appointed As Lead Plaintiff

The PSLRA sets forth the procedure that governs the appointment of a lead plaintiff in class actions arising under the federal securities laws and establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing the process for selecting a lead plaintiff under the PSLRA); *In re Mersho*, 6 F.4th 891, 896 (9th Cir. 2021) (same).  As set forth below, Universal and ACATIS believe they are the "most adequate plaintiff" and are entitled to be appointed as Lead Plaintiff.

### 1.   Universal's And ACATIS's Motion Is Timely

The PSLRA allows any class member or group of class members to move for appointment as lead plaintiff within 60 days of the publication of notice that the first action has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  On November 10, 2023, in connection with the filing of the *Kangas* action, notice was published in *Business Wire* alerting investors to the pendency of the action and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is January 9, 2024.  *See* Uslaner Decl., Ex. D (notice of pendency of *Kangas* action).  Then, on December 21, 2023, Louisiana Sheriffs, through its counsel, Bernstein Litowitz, filed the *Louisiana Sheriffs* action expanding the Class Period and broadening the scope of the allegations against Defendants.  The filing of the *Louisiana Sheriffs* action did not disturb the previously noticed deadline to seek appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims . . . is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published.").  Accordingly, the same day Louisiana Sheriffs filed its complaint, Bernstein Litowitz

published notice in *Business Wire* alerting investors to the pendency of the *Louisiana Sheriffs* action and the expanded Class Period, and reiterating the January 9, 2024 deadline to seek appointment as Lead Plaintiff. *See* Uslaner Decl., Ex. E (notice of pendency of *Louisiana Sheriffs* action). Thus, Universal's and ACATIS's motion is timely.

### 2. Universal And ACATIS Have The Largest Financial Interest In The Relief Sought By The Class

Universal and ACATIS should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Here, Universal and ACATIS incurred losses of approximately $35 million, as calculated on a LIFO basis, on their Class Period purchases of over 290,000 shares of Illumina common stock. *See* Uslaner Decl., Exs. A & B. To the best of Universal's and ACATIS's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Universal and ACATIS have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Universal And ACATIS Satisfy Rule 23's Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23" to trigger the presumption of adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage, a presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy" under Rule 23. *Cavanaugh*, 306 F.3d at 731. At this stage, "the process is not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations." *Mersho*, 6 F.4th at 899. As detailed below, Universal and ACATIS satisfy these requirements.

Universal's and ACATIS's claims are typical of the claims of other Class members because their claims "are reasonably coextensive with those of absent class

members." *Weston v. DocuSign, Inc.*, 2022 WL 1301770, at *3 (N.D. Cal. Apr. 18, 2022).  Here, just like all other proposed Class members, Universal and ACATIS seek recovery for the losses on their investments in Illumina common stock that they incurred as a result of Defendants' misrepresentations and omissions.  *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed lead plaintiff "purchased [defendant corporation] common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged[ly] suffered damages as a result").  Thus, Universal and ACATIS satisfy the typicality requirement of Rule 23.

Universal and ACATIS likewise satisfy the adequacy requirement of Rule 23.  The adequacy element of Rule 23 is met where the movant and its counsel do not "have any conflicts of interest with other class members" and will "prosecute the action vigorously on behalf of the class." *Mersho*, 6 F.4th at 899-900 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)).  Universal's and ACATIS's substantial financial stake in the litigation provides them with the incentive to vigorously represent the Class's claims.  Universal's and ACATIS's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Universal, ACATIS, and other Class members.

Moreover, Universal and ACATIS—sophisticated institutional investors with combined assets under management of approximately 568 billion euros—have demonstrated that they are fully committed to vigorously pursuing the claims on behalf of the Class.[6]  *See generally* Uslaner Decl., Ex. C.  Indeed, many courts have

---

[6] Universal Gesellschaft, UI BVK, and ACATIS are each organized as a Kapitalverwaltungsgesellschaft ("KVG") under German law and the funds listed in their certifications are either UCITS or Alternative Investment funds established under the laws of Germany or Luxembourg.  *See* Uslaner Decl., Ex. C ¶ 5.  While

recognized a strong preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g.*, *In re Versata, Inc. Sec. Litig.*, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff").

Finally, Universal and ACATIS have also demonstrated their adequacy through their selection of Bernstein Litowitz to represent the Class in this action. As discussed below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively. Accordingly, Universal and ACATIS satisfy Rule 23's adequacy requirement.

Rebutting the PSLRA's presumption in favor of the movant "requires proof that the presumptive lead plaintiff is not adequate." *Mersho*, 6 F.4th at 899. Because Universal and ACATIS have made such a showing of typicality and adequacy, and no proof exists that Universal and ACATIS are not adequate, they satisfy the Rule 23 requirements.

**4.      Universal And ACATIS Are Precisely The Type Of Lead Plaintiff Envisioned By The PSLRA**

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, Universal and ACATIS are the paradigmatic Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—sophisticated institutional

---

those investment funds are considered separate estates, they are not independent legal entities and do not have legal capacity to sue in, or be brought before, courts of law. *See id.* Instead, Universal Gesellschaft, UI BVK, and ACATIS have the exclusive authority to sue in their own names for damages suffered by the funds that they manage. *See id.* As such, Universal Gesellschaft, UI BVK, and ACATIS have standing to assert these claims on behalf of their funds. *See Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund v. New Oriental Educ. & Tech. Grp. Inc.*, 2022 WL 1515451, at *4 (S.D.N.Y. May 13, 2022) (finding that ACATIS qualifies for the "prudential exception" and has standing to assert claims on behalf of its fund); *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2017 WL 5759361, at *4 (N.D. Ohio Nov. 28, 2017) (holding that a German asset manager "falls within the prudential exception to constitutional standing and may bring these claims on behalf of its funds").

investors with a substantial financial interest in the litigation. *See Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) ("Congress intended that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits."); *see also* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors . . . will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because such investors are more apt to effectively manage complex securities litigation.  *See* H.R. Conf. Rep. No. 104-369, at *34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

The plain text of the PSLRA expressly permits the appointment of a group of class members to serve as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Accordingly, courts throughout the Ninth Circuit routinely appoint groups of class members as lead plaintiff.  *See, e.g.*, *Sneed v. AcelRx Pharms., Inc.*, 2021 WL 5964596, at *5 (N.D. Cal. Dec. 16, 2021) (appointing group of investors as lead plaintiff); *Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1056 (N.D. Cal. 2017) (same); *see also Mersho*, 6 F.4th at 903 n.4 ("[It] is clear from the statutory language" that "groups can serve as lead plaintiff."); *Cavanaugh*, 306 F.3d at 731 n.8 ("[A] 'group of persons' can collectively serve as a lead plaintiff[.]").  Here, Universal and ACATIS are a cohesive pair of institutions that determined on their own that their joint appointment as Lead Plaintiff would advance the Class's best interests.  *See* Uslaner Decl., Ex. C ¶¶ 6-9; *see also Versata*, 2001 WL 34012374, at *6-7 (appointing group of investors as lead plaintiff because they "possess[ed] both sophistication and business knowledge, as well as substantial individual losses which adds meaningful incentive for a vigorous prosecution of the action").

Importantly, Universal and ACATIS have a longstanding relationship. Universal Gesellschaft and UI BVK are part of Universal Investment Group, one of Germany's largest financial services companies. The Universal Investment Group, including Universal Gesellschaft, has a 27-year-long business relationship with ACATIS, through which Universal Investment Group and ACATIS provide each other with, among other things, certain fund administration and portfolio management services, including that Universal Gesellschaft provides fund administration services for certain of the ACATIS funds that incurred losses on investments in Illumina common stock. *See* Uslaner Decl., Ex. C ¶ 6. Given their longstanding relationship, Universal and ACATIS are aware of each other's experience overseeing securities class action litigation in the United States. *See id.* ¶ 8. After learning of the claims against Illumina, representatives of Universal and ACATIS began discussions with each other, and ultimately informed their counsel, Bernstein Litowitz, of their decision to seek appointment as Lead Plaintiff together. *See id*.

Universal and ACATIS understand the duties and responsibilities with which a Lead Plaintiff is charged under the PSLRA, including to oversee and supervise the litigation separate and apart from counsel, and Universal and ACATIS have submitted a Joint Declaration attesting to their willingness and ability to fulfill those duties and responsibilities in this case. *See* Uslaner Decl., Ex. C ¶¶ 2-4, 6-7, 11, 14; *see Pampena v. Musk*, 2023 WL 3082341, at *4 (N.D. Cal. Apr. 2024) (appointing group of investors that submitted joint declaration demonstrating ability to "work together effectively"). The Joint Declaration also establishes that Universal and ACATIS fully understand the Lead Plaintiff's responsibilities and obligations to the Class under the PSLRA, which include acting as a fiduciary for all Class members, staying informed about the litigation, participating in depositions and settlement mediations, as needed, and reviewing and authorizing the filing of important litigation documents. *See* Uslaner Decl., Ex. C ¶¶ 2-4, 11, 14. Universal and

ACATIS are willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *See id*. Moreover, Universal and ACATIS are committed to ensuring that this litigation is prosecuted in an efficient and effective manner. *See id.* ¶ 11.

Universal and ACATIS are strongly motivated to recover the losses they incurred as a result of Defendants' alleged violations of the United States securities laws. *See id.* ¶ 7. Indeed, Universal's and ACATIS's decision to join together to prosecute this action followed from Universal's and ACATIS's roles as fiduciaries, their shared concerns regarding the integrity of the public markets, the governance of large public companies, self-dealing by corporate fiduciaries, and the interests of the institutional investor community more broadly. *See id*. The decision to partner in seeking appointment as Lead Plaintiff was further informed by Universal's and ACATIS's experience serving as a lead plaintiff in other securities class actions, including cases in which they worked together with other institutional investors and supervised the work of lead counsel. *See id.* ¶¶ 2-4, 8. For example, Universal Gesellschaft served as lead plaintiff, together with four other institutional investors, in *In re Conn's, Inc. Securities Litigation*, No. 14-cv-548 (S.D. Tex.) (recovering $22.5 million for investors). Universal Gesellschaft and UI BVK are currently serving as lead plaintiff, together with three other institutional investors, in *In re Seagate Technology Holdings plc Securities Litigation*, No. 23-cv-3431 (N.D. Cal.), with Bernstein Litowitz as co-lead counsel. In addition, ACATIS is currently serving as lead plaintiff in *In re New Oriental Education & Technology Group Inc. Securities Litigation*, No. 22-cv-1014 (S.D.N.Y.), with Bernstein Litowitz as lead counsel.

In sum, Universal and ACATIS have demonstrated their willingness, resources, experience, and commitment to working closely with one another to oversee the prosecution of this action, supervise their proposed Lead Counsel, and obtain the best possible recovery for the Class. *See, e.g.*, *Versata*, 2001 WL

34012374, at *6-7 (finding a group composed of sophisticated investors that submitted declarations "providing background information and articulating why [each] member is seeking lead plaintiff status as part of the asserted group" to be "sufficiently cohesive and structured to maximize its individual strengths and sophisticated business knowledge" and to have "exhibited a cooperative spirit"); *Basile v. Valeant Pharm., Int'l, Inc.*, 2015 WL 13652714, at *2 (C.D. Cal. May 5, 2015) (appointing two institutional investors as lead plaintiff); *In re Aqua Metals Sec. Litig.*, 2018 WL 4860188, at *4-5 (N.D. Cal. May 23, 2018) (appointing group of investors that demonstrated they are "fully capable of representing the class's interests effectively"); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of institutions as lead plaintiff that submitted declaration detailing discussions regarding "plans for joint oversight over the litigation and joint supervision of counsel").

### B.    The Court Should Approve Universal's And ACATIS's Selection Of Lead Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The lead plaintiff's choice of counsel should be approved, and the court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711-12 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").  Here, Universal and ACATIS have selected Bernstein Litowitz to serve as Lead Counsel for the Class.  As detailed in its firm résumé, Bernstein Litowitz has extensive experience serving as lead counsel in securities class actions.  *Se*e Uslaner Decl., Ex. F (Bernstein Litowitz Firm Résumé).

Bernstein Litowitz is among the preeminent securities class action law firms in the country.  Bernstein Litowitz has served as Lead Counsel in *In re WorldCom,*

*Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—the second largest recovery in securities class action history—were obtained for the class. Bernstein Litowitz also secured a resolution of $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), a $1 billion recovery for the class in *In re Wells Fargo & Company Securities Litigation*, No. 20-cv-4494 (S.D.N.Y), and a $730 million settlement on behalf of the class in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.).

Significant examples in which courts in the Ninth Circuit, including this District, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest recovery ever in a securities class action in the Ninth Circuit); *Hefler v. Wells Fargo & Co.*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million for investors); *In re 3Com Corp. Securities Litigation*, No. 97-cv-21083 (N.D. Cal.) (recovering $259 million for investors); *In re Maxim Integrated Products, Inc. Securities Litigation*, No. 08-cv-832 (N.D. Cal.) (recovering $173 million for investors); *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376 (N.D. Cal.) (recovering $125 million for investors); *In re Clarent Corp. Securities Litigation*, No. 01-cv-3361 (N.D. Cal.) (conducting a four-week trial and obtaining a favorable jury verdict finding the CEO and former auditor of the defendant company liable, leading to a recovery of millions of dollars for investors); *In re Qualcomm Inc. Securities Litigation*, No. 17-cv-121 (S.D. Cal.) (currently serving as co-lead counsel); and *In re Silvergate Capital Corporation Securities Litigation*, No. 22-cv-1936 (S.D. Cal.) (same).

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.[7]  Accordingly, the Court should approve Universal's and ACATIS's selection of Bernstein Litowitz as Lead Counsel for the Class.

### C.   The Related Actions Should Be Consolidated

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] is filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  There are three Related Actions asserting claims under the federal securities laws on behalf of Illumina investors pending in this District:

| Case Caption | Date Filed | Class Period | Defendants |
|---|---|---|---|
| *Kangas v. Illumina, Inc.* | November 10, 2023 | May 1, 2023, through October 16, 2023 | Illumina, Inc., Francis A. deSouza, and John Thompson |
| *Roy v. Illumina, Inc.* | December 21, 2023 | August 18, 2021, through October 16, 2023 | Illumina, Inc., Francis A. deSouza, and John Thompson |
| *Louisiana Sheriffs' Pension & Relief Fund v. Illumina, Inc.* | December 21, 2023 | September 21, 2020, through November 9, 2023 | Illumina, Inc., Francis A. deSouza, John Thompson, Sam A. Samad, and Joydeep Goswami |

---

[7] Bernstein Litowitz brings to the Court's attention an order issued by a court in the United States District Court for the Northern District of California, in an unrelated action against Symantec Corporation, in which Bernstein Litowitz served as lead counsel.  *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Uslaner Decl., Ex. G).  In *Symantec*, counsel for an unsuccessful lead plaintiff movant raised questions about Bernstein Litowitz's hiring of a former employee of the lead plaintiff.  Following discovery and extensive briefing, the *Symantec* court allowed Bernstein Litowitz to continue as class counsel, but directed Bernstein Litowitz to bring the order to the attention of any court when seeking appointment as class counsel.  *See id*. at *1-2.  Universal and ACATIS are aware of the order, and affirm their selection of Bernstein Litowitz as proposed Lead Counsel.  Importantly, the *Symantec* court granted final approval of a $70 million settlement achieved by Bernstein Litowitz.  In addition, courts throughout the country have repeatedly appointed Bernstein Litowitz as lead or class counsel in securities class actions after being apprised of the *Symantec* order.  *See* Uslaner Decl., Ex. H (collecting cases).

The Related Actions should be consolidated pursuant to Rule 42(a).  Rule 42(a) permits consolidation where "actions before the court involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Twitter*, 2016 WL 10672428, at *1.  "Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018).

Consolidation of the Related Actions is appropriate.  Each of the plaintiffs in the Related Actions is an investor in Illumina and asserts claims concerning substantially similar parties, transactions, and events.  The Related Actions present virtually identical legal and factual issues because they each assert claims under Sections 10(b) and 20(a) of the Exchange Act against overlapping Defendants, and are premised upon substantially similar alleged misrepresentations and omissions regarding Illumina's motives for reacquiring GRAIL.  In addition, the interests of judicial economy and efficient prosecution of the litigation weigh heavily in favor of consolidating the Related Actions given the substantial overlap of common questions of law and fact between them. *See City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources").  Accordingly, the Court should consolidate the Related Actions.

## IV.   CONCLUSION

For the foregoing reasons, Universal and ACATIS respectfully request that the Court enter an order: (i) appointing them as Lead Plaintiff; (ii) approving their selection of Bernstein Litowitz to serve as Lead Counsel for the Class; (iii)

consolidating the Related Actions; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated:  January 9, 2024                    Respectfully submitted,

                                           **BERNSTEIN LITOWITZ BERGER
                                              & GROSSMANN LLP**

                                           */s/ Jonathan D. Uslaner*
                                           Jonathan D. Uslaner (Bar No. 256898)
                                           (jonathanu@blbglaw.com)
                                           2121 Avenue of the Stars, Suite 2575
                                           Los Angeles, CA 90067
                                           Tel: (310) 819-3470

                                           -and-

                                           Gerald H. Silk (*pro hac vice forthcoming*)
                                           (jerry@blbglaw.com)
                                           Avi Josefson (*pro hac vice forthcoming*)
                                           (avi@blbglaw.com)
                                           Scott R. Foglietta (*pro hac vice forthcoming*)
                                           (scott.foglietta@blbglaw.com)
                                           1251 Avenue of the Americas
                                           New York, NY 10020
                                           Tel: (212) 554-1400
                                           Fax: (212) 554-1444