# EXHIBIT H

**CASES IN WHICH COURTS HAVE APPOINTED BERNSTEIN LITOWITZ AS LEAD OR CLASS COUNSEL AFTER BEING APPRISED OF THE *SYMANTEC* ORDER**

- Decision + Order on Motion, *Camelot Event Driven Fund, A Series Of Frank Funds Trust v. Morgan Stanley & Co. LLC*, No. 654959-2021, NYSCEF Doc. No. 378 at 9 (Sup. Ct., N.Y. Cnty. Jan. 4, 2024) (finding that Bernstein Litowitz is a "well qualified firm[] with extensive experience litigating complex securities class actions" and appointing them as class counsel) (appended hereto as Exhibit 1);

- *Kusen v. Herbert*, 2023 WL 8171736, at *10 (N.D. Cal. Nov. 24, 2023) (finding that "Bernstein Litowitz [has] extensive experience litigating PSLRA matters, and courts . . . have routinely appointed them to act as lead counsel in such cases" and appointing them as lead counsel);

- Stipulation and Order Consolidating Related Actions, Appointing Lead Plaintiff, and Approving Selection of Lead Counsel, *UA Loc. 38 Defined Contribution Pension Plan v. Seagate Tech. Holdings plc*, No. 3:23-cv-03431-VC, ECF No. 50 at 5 (N.D. Cal. Sept. 25, 2023) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 2);

- Order Appointing the Institutional Investors as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Related Actions, *Genesee Cnty. Emps.' Ret. Sys. v. Kornit Digit. Ltd.*, No. 2:23-cv-00888-MCA-AME, ECF No. 18 at 3 (D.N.J. Aug. 30, 2023) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 3);

- *Arbitrage Fund v. Toronto-Dominion Bank*, 2023 WL 5550198, at *6 (D.N.J. Aug. 29, 2023) (finding that "Bernstein Litowitz is a prominent securities class action firm and has extensive experience serving as lead counsel" and appointing them as lead counsel) (collecting cases from the U.S. District Court for the District of New Jersey);

- *Schaeffer v. DePaolo*, 2023 WL 5153481, at *8 (E.D.N.Y. Aug. 10, 2023) (noting Bernstein Litowitz's experience in securities class action litigation and appointing them to serve as lead counsel);

- *Retail Wholesale Dep't Store Union Loc. 338 Ret. Fund v. Stitch Fix, Inc.*, 2023 WL 3613313, at *5 (N.D. Cal. May 22, 2023) (citing Bernstein Litowitz's "extensive experience as counsel in securities class actions" and approving them to serve as lead counsel);

- Order Appointing the Michigan Funds as Lead Plaintiff and Approving Their Selection of Lead Counsel, *Oakland Cnty. Emps.' Ret. Sys. v. Sotera Health Co.*, No. 1:23-cv-00143-CEF, ECF No. 9 at 2 (N.D. Ohio Apr. 17, 2023) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 4);

- *In re Qualcomm Inc. Sec. Litig.*, 2023 WL 2583306, at *17 (S.D. Cal. Mar. 20, 2023) (appointing Bernstein Litowitz as class counsel);

- Notification of Docket Entry, *Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Laboratories*, No. 1:22-cv-04661, ECF No. 26 at 1 (N.D. Ill. Mar. 7, 2023) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 5);

**CASES IN WHICH COURTS HAVE APPOINTED BERNSTEIN LITOWITZ AS
LEAD OR CLASS COUNSEL AFTER BEING APPRISED OF THE *SYMANTEC* ORDER**

- Order Appointing the Institutional Investors as Lead Plaintiff and Approving Lead Counsel, *In re Silvergate Cap. Corp. Sec. Litig.*, No. 3:22-cv-01936-JES-MSB, ECF No. 21 at 4 (S.D. Cal. Feb. 28, 2023) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 6);

- *In re Synchrony Fin. Sec. Litig.*, 2023 WL 1503032, at *14 (D. Conn. Feb. 3, 2023) (appointing Bernstein Litowitz as class counsel and noting that Bernstein Litowitz has "ably conducted this litigation for several years . . . and [has] the necessary experience in complex litigation, class actions, and cases of this type");

- *Pub. Emps.' Ret. Sys. of Miss. v. Mohawk Indus., Inc.*, 2022 WL 17920570, at *12 (N.D. Ga. Nov. 28, 2022) (appointing Bernstein Litowitz as class counsel);

- *Hartel v. SelectQuote, Inc.*, 2022 WL 4057445, at *3 (S.D.N.Y. Sept. 2, 2022) (appointing Bernstein Litowitz as lead counsel);

- *Rasella v. Musk*, 342 F.R.D. 74, 84 (S.D.N.Y. 2022) (citing Bernstein Litowitz's "extensive experience serving as lead counsel in securities class actions" and approving them to serve as lead counsel);

- Case Management Order, *UA Loc. 13 Pension Fund v. Bumble Inc..*, No. 1:22-cv-00624-DLC, ECF No. 36 at 1 (S.D.N.Y. Aug. 25, 2022) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 7);

- *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 623 F. Supp. 3d 470, 512 (E.D. Pa. 2022) (appointing Bernstein Litowitz as class counsel);

- *In re EQT Corp. Sec. Litig.*, 2022 WL 3293518, at *29 (W.D. Pa. Aug. 11, 2022) (appointing Bernstein Litowitz as class counsel);

- *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *5 (N.D. Cal. July 26, 2022) (noting Bernstein Litowitz's "significant experience" and approving them as "reasonable" choice to serve as lead counsel);

- Order Appointing the Public Pension Funds as Lead Plaintiff and Approving Their Selection of Lead Counsel, *City of Riviera Beach Gen. Emps.' Ret. Sys. v. Vertiv Holdings Co.*, No. 1:22-cv-03572-GHW, ECF No. 16 at 2 (S.D.N.Y. June 22, 2022) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 8);

- *Bricklayers' & Allied Craftworkers Loc. #2 Albany v. New Oriental Educ. & Tech. Grp. Inc.*, 2022 WL 1515451, at *5 (S.D.N.Y. May 13, 2022) ("The Court is persuaded that Bernstein Litowitz can capably represent the class here, given the firm's experience in litigating class action lawsuits.");

2

**CASES IN WHICH COURTS HAVE APPOINTED BERNSTEIN LITOWITZ AS LEAD OR CLASS COUNSEL AFTER BEING APPRISED OF THE *SYMANTEC* ORDER**

- *City of Mia. Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, 2022 WL 1505907, at *2 (D. Mass. May 12, 2022) (appointing Bernstein Litowitz as lead counsel);

- *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2022 WL 1459567, at *11 (N.D. Cal. May 9, 2022) (appointing Bernstein Litowitz as class counsel);

- *Homyk v. ChemoCentryx, Inc.*, 2022 WL 20299962, at *4 (N.D. Cal. Jan. 28, 2022) ("The Court finds [lead plaintiff's] choice of lead counsel to be reasonable, and thus approves it.");

- Stipulation and Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRB, ECF No. 36 at 5 (N.D. Cal. Jan. 5, 2022) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 9);

- *In re Myriad Genetics, Inc. Sec. Litig.*, 2021 WL 5882259, at *13 (D. Utah Dec. 13, 2021) (appointing Bernstein Litowitz as class counsel);

- *In re Mattel, Inc. Sec. Litig.*, 2021 WL 4704578, at *7 (C.D. Cal. Oct. 6, 2021) (appointing Bernstein Litowitz as class counsel);

- Order, *Emps.' Ret. Fund of City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-00444-MHL, ECF No. 20 at 2 (E.D. Va. Sept. 22, 2021) (appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 10); and

- Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 at 3 (N.D. Tex. June 10, 2021) (finding that "the requirements of Rule 23" were "satisf[ied]" and appointing Bernstein Litowitz as lead counsel) (appended hereto as Exhibit 11).

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

---------------------------------------------------------------------------------X

CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST,

|  |  |
|---|---|
| **INDEX NO.** | 654959/2021 |

Plaintiff,

|  |  |
|---|---|
| **MOTION DATE** | N/A |

- v -

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 013 |

MORGAN STANLEY & CO. LLC,J.P. MORGAN SECURITIES, LLC,CITIGROUP GLOBAL MARKETS INC.,GOLDMAN SACHS & CO. LLC,MIZUHO SECURITIES USA LLC,SIEBERT WILLIAMS SHANK & CO., LLC,BNP PARIBAS SECURITIES CORP., RBC CAPITAL MARKETS, LLC,U.S. BANCORP INVESTMENTS, INC.,SMBC NIKKO SECURITIES AMERICA, INC.,TD SECURITIES (USA) LLC,SG AMERICAS SECURITIES, LLC,MUFG SECURITIES AMERICAS INC.,CASTLEOAK SECURITIES, L.P., SAMUEL A. RAMIREZ & COMPANY, INC.,ACADEMY SECURITIES, INC.,R. SEELAUS & CO. LLC,WELLS FARGO SECURITIES, LLC,BNY MELLON CAPITAL MARKETS, LLC,INTESA SANPAOLO S.P.A., ICBC STANDARD BANK PLC, VIACOMCBS, INC.,ROBERT M. BAKISH, KATHERINE GILL-CHAREST, SHARI E. REDSTONE, CANDACE K. BEINECKE, BARBARA M. BYRNE, LINDA M. GRIEGO, ROBERT N. KLIEGER, JUDITH A. MCHALE, RONALD L. NELSON, CHARLES E. PHILLIPS JR, SUSAN SCHUMAN, NICOLE SELIGMAN, FREDERICK O. TERRELL,

**DECISION + ORDER ON MOTION**

Defendant.

---------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 013) 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 321, 323, 328, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356

were read on this motion to/for                MISCELLANEOUS                .

The Plaintiffs motion (Mtn. Seq. No. 13) for class certification is granted.

Reference is made to a Decision and Order of this Court (the **Prior Decision**; NYSCEF Doc. No. 174), dated February 6, 2023.  The facts are discussed extensively in the Prior Decision.

654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.
MORGAN STANLEY & CO. LLC ET AL
Motion No.  013

Page 1 of 19

1 of 19

Familiarity is presumed.  Terms used but not otherwise defined shall have the meaning ascribed

thereto in the Prior Decision.

## The Facts Relevant to Class Certification

Briefly, according to the well pled amended complaint (the **AC;** NYSCEF Doc. No. 74), this

lawsuit alleges violations of Section 11 and 12(a) of the 1933 Act against the Underwriter

Defendants based on undisclosed conflicts of interest and the dissemination of the massive failed

stock speculation of Sung Kook Hwang and his family run office, Archegos, on the uninformed

and unsuspecting plaintiff investors who purchased common and preferred stock in the

approximately $2.65 billion Secondary Public Offerings (the **SPOs**) of Viacom.

As discussed in the Prior Decision, it is alleged that the Offering Documents were materially

misleading in violation of the 1933 Act because they failed to disclose the Conflicted

Defendants' conflict of interest and their planned $20 billion dump of Viacom stock (10x the

amount of the SPOs or approximately 34% of the equity in Viacom) on the market during the

SPOs (NYSCEF Doc. No. 174, at 5-6).  This omission was material and rendered the Offering

Documents defective because these massive block sales would necessarily rupture the market for

the SPOs (*id.*, at 56-57).  The Offering Documents are also alleged to have been materially

misleading because they also contained certain affirmative misstatements including, among other

things, that the Conflicted Defendants could engage in market stabilizing transactions.  This is

alleged to have been materially misleading because, far from engaging in market *stabilizing*

transactions, the Conflicted Defendants planned to engage in transactions relating to massive

**654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.**        **Page 2 of 19**
**MORGAN STANLEY & CO. LLC ET AL**
**Motion No.  013**

2 of 19

Case 3:23-cv-02082-LL-BJW    Document 12-10    Filed 01/09/24    PageID.589    Page 8 of 78

swap positions they held to minimize their own losses, but which necessarily would *destabilize* the market for the SPOs (*id.*, at 8).[1]

In other words, as set forth in the well pled AC and discussed in the Prior Decision, *the Plaintiffs* who purchased **both** common and preferred stock in the SPOs had *understood from the Offering Documents that the Underwriter Defendants (which included the Conflicted Defendants) might* engage in stabilizing transactions to *support the value* of the SPOs.  *Nothing* in the Offering Documents *revealed* that *the Conflicted Defendants would destabilize the market for the stock and put their own financial interests in avoiding losses ahead of the interests of the unsuspecting investors* by effectively undermining the market capitalization of Viacom (*id.*, at 57).

As discussed in the Prior Decision, each Underwriter Defendant had an obligation to conduct independent due diligence as to all material risks that affected the SPOs, including inquiring whether any of the Underwriter Defendants had material non-public information that would affect the SPOs, like precisely the information that gave rise to the conflicts of interest created by the massive swap positions and the anticipated massive dumping of Viacom stock held by the Conflicted Defendants (NYSCEF Doc. No. 174, at 64-65; *see In re WorldCom, Inc. Sec. Litig.*, 346 FSupp2d 628 [SD NY 2004]).  As recognized by the *In re WorldCom* court (Cote, J.), in performing due diligence, each Underwriter Defendant could not simply rely on the lead underwriter to perform adequate due diligence nor on the Conflicted Defendants to volunteer information about their conflicts of interest.

---

[1] As discussed in the Prior Decision, the Conflicted Defendants had entered into certain swap agreements with respect to a portfolio of securities which included Viacom stock with Archegos (*id,* at 15-16).

**654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.                 Page 3 of 19
MORGAN STANLEY & CO. LLC ET AL
Motion No.  013**

Thus, the Plaintiffs are suing (i) the Conflicted Defendants for failing to disclose material non-public information known to them and (ii) the other Underwriter Defendants for failing to perform the required due diligence on the SPOs (and for failing to make appropriate disclosures) and for certain affirmative misstatements, all of which allegedly necessarily rendered the Offering Documents materially misleading in violation of Sections 11 and 12(a) of the 1933 Act.

The SPOs became effective on March 22, 2021 and closed on March 26, 2021. The Plaintiffs allege that the Underwriter Defendants planned prior to and during the SPOs to sell their Viacom stock (and failed to disclose that in the Offering Documents), and then, when they learned that Archegos could not meet its margin call, actually sold $20 billion in Viacom stock between March 22, 2021 and March 29, 2021.

The Plaintiffs now seek to certify the following as the putative class:

> All persons and entities who purchased or otherwise acquired (i) ViacomCBS Inc. Class B Common Stock issued in Viacom's secondary public offering, which was announced on March 22, 2021, priced on March 23, 2021, and closed on March 26, 2021; and/or (ii) Viacom's 5.75% Series A Mandatory Convertible Preferred Stock issued in or traceable to Viacom's initial public offering of that Preferred Stock, which was announced on March 22, 2021, priced on March 23, 2021, and closed on March 26, 2021, and were damaged thereby.

As proposed, the Plaintiffs would exclude from the proposed class (i) Defendants, the officers, directors, and affiliates of Defendants at all relevant times, members of their immediate families, their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest; (ii) Viacom, now known as Paramount Global, its officers,

654959/2021 CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.
MORGAN STANLEY & CO. LLC ET AL
Motion No. 013

Page 4 of 19

4 of 19

directors, and affiliates at all relevant times, and members of their immediate families, their legal representatives, heirs, successors or assigns; and (iii) Archegos and the officers, directors, and affiliates of Archegos at all relevant times, including Mr. Hwang, members of their immediate families, their legal representatives, heirs, successors or assigns, and any entity in which Mr. Hwang has or had a controlling interest.

In their opposition papers, the Defendants argue that (i) named Plaintiff Camelot Event Driven Fund (**Camelot**) is an atypical and inadequate class representative and (ii) the proposed class is overbroad and should be narrowed to exclude (1) any purchasers who purchased common stock shares outside of the SPOs, (2) any purchasers who purchased preferred stock after March 26, and (3) any purchasers who did not purchase stock in either offering and thus lacks standing under Section 12(a)(2) of the 1933 Act.

The Court notes that the Underwriter Defendants do **not oppose class certification** based on CPLR 901 (a)(1), (2) or (5)'s numerosity, commonality or superiority requirements or CPLR 902's other considerations. Nonetheless, for completeness, as set forth below, these requirements are well satisfied.

## Discussion

CPLR 901(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all if:
> 1. the class is so numerous that joinder of all members is impracticable, whether otherwise required or permitted is impracticable;
> 2. (there are common questions of law or fact common to the class which predominate over any questions affecting only individual members;

**654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.**          **Page 5 of 19**
**MORGAN STANLEY & CO. LLC ET AL**
**Motion No.  013**

5 of 19

Case 3:23-cv-02082-LL-BJW   Document 12-10   Filed 01/09/24   PageID.592   Page 11 of 78

3. the claims or defenses of the representative parties are typical of the claims or defenses of the class;

4. the representative parties will fairly and adequately protect the interest of the class; and

5. a class action is the superior method to other available methods for the fair and efficient adjudication of the controversy.

Although the party seeking class certification bears the burden of establishing these criteria, the determination rests in the sound discretion of the trial court and, in exercising that discretion, the court is to liberally construe the statute (*Kudinov v Kel-Tech Const. Inc.*, 65 AD3d 481, 481 [1st Dept 2009]).  If the factors of CPLR 901 are met, the court should consider the additional factors set forth in CPLR 902, including (i) the interest of the members of the class in individually controlling the prosecution or defense of separate actions, (ii) the impracticability or inefficiency of prosecuting or defending separate actions, (iii) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class, (iv) the desirability or undesirability of concentrating litigation of the claim in the particular forum, and (v) the difficulties likely to be encountered in the management of a class action.

### 1.  The CPLR 901(a)(1) Numerosity Requirement is satisfied

The Underwriter Defendants do not challenge numerosity.  A proposed class meets the numerosity requirement if joinder of all of the class members is impracticable.  Although the Plaintiffs need not prove the precise class size, it is well settled that numerosity is presumed satisfied with a proposed class of forty or more plaintiffs (*In re Bank of Am. Corp. Sec., Derivative, and Employee Retirement Income Sec. Act (ERISA) Litig.*, 281 FRD 134, 138 [SD NY 2012]).  Under the circumstances of this alleged 1933 Act violation, CPLR 901(a)(1) is well

654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.
MORGAN STANLEY & CO. LLC ET AL
Motion No.  013

Page 6 of 19

FILED: NEW YORK COUNTY CLERK 01/05/2024 05:01 PM

NYSCEF DOC. NO. 378

INDEX NO. 654959/2021

RECEIVED NYSCEF: 01/04/2024

Case 3:23-cv-02082-LL-BJW   Document 12-10   Filed 01/09/24   PageID.593   Page
12 of 78

satisfied.

### 2. The CPLR 901(a)(2) Commonality Requirement is satisfied

The Underwriter Defendants <u>do not challenge</u> commonality.  The commonality requirement is satisfied where there are common questions of law or fact which would predominate any individual questions of law or fact.  In this case, there are common questions which predominate any other issues, including the defense that the Defendant Underwriter's intend to assert against Camelot.  These common questions include, among other things, whether the Offering Documents omitted or affirmatively misstated facts about the conflicts that the Conflicted Defendants had and whether the due diligence performed by the Underwriter Defendants as to all material information that could affect the SPOs (including unknown and undisclosed conflicts and planned block sales during the SPOs) was in fact performed and whether it was adequate.  As such, the CPLR 901(a)(2) commonality requirement is satisfied.

### 3. The CPLR 901(a)(3) Typicality Requirement is satisfied

Typicality is met where the plaintiffs' claims derive from the same practice or course of conduct and are based upon the same legal theory (*Pludeman v Northern Leasing Sys., Inc.*, 74 AD3d 420, 423 [1st Dept 2010]).  Here, the Plaintiffs' claims arise from purchasing common stock and preferred stock in the SPOs based on allegedly untrue and materially misleading statements and omissions in the Offering Documents upon which they were entitled to rely.  Camelot purchased **both** common and preferred stock in the SPOs during the specified class dates.  Camelot's claims are therefore typical of <u>all</u> class members.

654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.
MORGAN STANLEY & CO. LLC ET AL
Motion No.  013

Page 7 of 19

7 of 19

Case 3:23-cv-02082-LL-BJW    Document 12-10    Filed 01/09/24    PageID.594    Page 13 of 78

The Underwriter Defendants, however, argue that they have what they perceive at this stage (before merits discovery) to be a different loss causation based defense against Camelot than they have against other members of the putative class, such that Camelot is atypical and not an appropriate class representative for class certification purposes. This argument fails.

The Appellate Division has held (i) that loss causation is generally not an element of a Section 11 claim and the heavy burden of maintaining negative loss causation as an affirmative defense falls on the defendants and (ii) that whether a trader is an "in and out" trader (*i.e.*, a trader who buys and sells securities before or after any disclosure), and thus suffered damages from something other than the Underwriter Defendants' alleged misrepresentations and omissions, is by nature a highly fact specific showing that is quite premature on a motion for class certification (*Kohl v Loma Negra Compania Indus. Argentina S.A.*, 210 AD3d 533, 533-535 [1st Dept 2022]). Thus, CPLR 901(a)(3) is satisfied and Camelot is an appropriate class representative.

### 4. The CPLR 901(a)(4) Adequacy Requirement is satisfied

The three factors to consider in determining whether the adequacy requirement is met are (i) potential conflicts of interest between the representative and the class members, (ii) personal characteristics of the proposed class representative, including familiarity with the lawsuit and financial resources, and (iii) the quality of the class counsel (*Cooper v Sleepy's, LLC*, 120 AD3d 742, 743-744 [2d Dept 2014]).

On the record before the Court, CPLR 901(a)(4) is satisfied. First, there are no conflicts of interest between Camelot and any absent class members. Second, the record demonstrates that

**654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.
MORGAN STANLEY & CO. LLC ET AL
Motion No. 013**

**Page 8 of 19**

8 of 19

Camelot is sufficiently familiar with the lawsuit.  This was demonstrated by the testimony of Thomas Kirchner, a managing member of Camelot, who showed an understanding about what the action is about, including that it involves two offerings (tr at 43:18-44:13; 96:23-97:5; 104:20-106:23) (NYSCEF Doc. No. 339); Archegos (*id.*, at 90:20-91:16; 92:17-93:5); the case's status, including the name of the judge (*id.*, at 113:23-115:9); motions having been decided and discovery being ongoing (*id.*, at 106:24-108:18); Camelot's ongoing monitoring of the case (*id.*, at 109:6-110:20; 112:9-22); its co-plaintiff MPERS (*id.*, at 115:15-21); and its fiduciary responsibilities as a class representative (*id.*, at 97:8-98:12; 131:5-132:11), and who also showed that Camelot has adequate resources to prosecute this lawsuit.  Third, Glancy Prongay & Murray LLP and Bernstein Litowitz Berger & Grossman LLP are well qualified firms with extensive experience litigating complex securities class actions.  As such, Camelot is an appropriate class representative and CPLR 901(a)(4) is satisfied.

### 5.  The CPLR 901(a)(5) Superiority Requirement is satisfied

As discussed above, the Underwriter Defendants do not contest superiority.  Under the circumstances discussed above, this putative class action is superior to other available methods for the fair and efficient adjudication of the controversy because it overcomes the problem that small recoveries may not provide sufficient incentive for an individual to bring a solo action against these well-heeled major financial institution Underwriter Defendants (*Jenack v Goshen Operations, LLC*, 2023 WL 7172539, * 4 [2d Dept 2023]) and avoids multiple lawsuits and the risk of inconsistent verdicts (*New York City Coalition to End Lead Poisoning v Giuliani*, 245 AD2d 49, 52 [1st Dept 1997]).

654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.                  Page 9 of 19
MORGAN STANLEY & CO. LLC ET AL
Motion No.  013

9 of 19

FILED: NEW YORK COUNTY CLERK 01/05/2024 05:01 PM

NYSCEF DOC. NO. 378

INDEX NO. 654959/2021

RECEIVED NYSCEF: 01/04/2024

Case 3:23-cv-02082-LL-BJW   Document 12-10   Filed 01/09/24   PageID.596   Page
15 of 78

## 6.   CPLR 902 Also Bodes in Favor of Class Certification

As indicated above, the Underwriter Defendants <u>do not contest</u> that a class action is appropriate. It is well understood that putative class actions are common methods of prosecuting alleged violations of the 1933 Act.  Class actions pose little to no prejudice to potential putative class member because potential class members may opt-out and pursue their claims separately should they so choose.  However, given the hundreds and potentially thousands of potential class members (and the lack of prejudice caused by asserting these claims in a putative class action), the impracticability and inefficiency of prosecuting separate actions weighs heavily in favor of class certification.  The Plaintiffs indicate that that are no other actions alleging 1933 Act violations relating to the Viacom SPOs that would weigh against certifying the class.  Lastly, litigating these claims in New York where Viacom's common and preferred stock trade on the NASDAQ and in the Commercial Division in New York County where these claims are routinely handled also bodes in favor of class certification in New York.

## 7.   The Scope of the Class Should Not Be Limited At this Stage

The Underwriter Defendants also argue that the proposed class is overbroad and should be limited at this stage to exclude (i) purchasers who purchased their securities outside of the SPOs, (ii) purchasers of preferred stock who purchased their shares after March 26, 2021, and (iii) aftermarket or secondary market purchasers.  The Court will address each in turn.

### A.  Common Stock Shares Purchased "Outside" the SPOs

Relying on *Slack Techs., LLC v Pirani*, 598 US 759 (2023), *In re Century Aluminum Co. Sec. Litig*, 729 F3d 1104 (9th Cir 2013), and *In re Bank of America Corp. Sec., Derivative, and*

**654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.**          **Page 10 of 19**
**MORGAN STANLEY & CO. LLC ET AL**
**Motion No.  013**

10 of 19

FILED: NEW YORK COUNTY CLERK 01/05/2024 05:01 PM

NYSCEF DOC. NO. 378

INDEX NO. 654959/2021

RECEIVED NYSCEF: 01/04/2024

Case 3:23-cv-02082-LL-BJW    Document 12-10    Filed 01/09/24    PageID.597    Page
16 of 78

*Employee Retirement Income Sec. Act (ERISA) Litig.*, 281 FRD 134 (SD NY 2012), the Underwriter Defendants argue that any order granting class certification should exclude "aftermarket" transactions by limiting the class to a "discrete group of investors who purchased directly from an underwriter shares allocated for and issued in the common stock offering." More specifically, the Underwriter Defendants argue that there were 567 million shares of outstanding Viacom stock at the time of the SPO and that the 20 million shares in the SPO represented only approximately 3.5% of the total outstanding Viacom common stock such that anyone who purchased stock on the open market on March 24, 2021 or later should be excluded because it would be impossible to trace the shares of "aftermarket" purchasers back to the allegedly offending Offering Documents.  This argument fails because it is premature.

Simply put, tracing is a merits argument that is not a bar to defining the class at this stage of the litigation and the federal courts have made clear that a class certification motion can not "become a pretext for a partial trial on the merits" (*In re Smart Technologies, Inc. Shareholder Litig.*, 295 FRD 50, 54 [SD NY 2013], quoting *Teamsters Local 445 Freight Div. Pension Fund v Bombardier Inc.*, 546 F3d 196, 204 [2d Cir 2008] [quotation marks omitted]; *see also In re IPO Sec. Litig.,* 471 F3d 24, 41 [2d Cir 2006] ["[A] district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement"]).  As the United Stated District Court for the Southern District of New York (Torres, J.) recently succinctly explained, although standing to bring a Section 11 claim is limited to those that can trace their shares to the allegedly materially misleading offering documents, "tracing is a merits issue that the court need not consider at the class certification stage" (*Set Capital LLC v Credit Suisse Group AG,* 2023 WL 2535175 at *10

654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.
MORGAN STANLEY & CO. LLC ET AL
Motion No.  013

Page 11 of 19

11 of 19

[SD NY 2023], citing *Wallace v IntraLinks,* 302 FRD 310, 319 [SD NY 2014]; *see also In re IPO,* 471 F3d at 41).

*Slack* and *In re Century*, relied upon by the Underwriter Defendants, are thus inapposite.  They are standing cases, not cases about class certification.  *In re Bank of America* also does not compel the conclusion urged by the Underwriter Defendants because, in that case, the plaintiffs themselves sought to certify a class which was limited to purchasers of Bank of America stock issued under the offering documents (and did not seek to include a broader group of purchasers in the class who purchased stock "by means of a prospectus or oral communication" containing material misstatements or omissions) in the "aftermarket" or "secondary market."  Accordingly, Judge Castel noted that there was no tracing issue raised and that there did not appear to be the need for the types of individualized inquiries that could defeat the predominance requirement of Rule 23(b)(3).

Given its procedural posture, *In re Bank of America* does not however stand for the broader general proposition that this Court should limit the class at this stage of the litigation to exclude purchasers who purchased their securities "by means of a prospectus or oral communication" containing material misstatements and omissions in the "aftermarket" or "secondary market" and thus have standing to assert Section 12(a) based claims.  As discussed below, for example, under the circumstances of this case, the stock held by the Conflicted Defendants (pursuant to swap agreements) which they are alleged to have sold during the SPOs may well have been sold by "means of a prospectus or oral communication" containing material misstatements or omissions.  As such, excluding these purchasers from the class would be inappropriate.  For completeness

**654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.**                    **Page 12 of 19**
**MORGAN STANLEY & CO. LLC ET AL**
**Motion No.  013**

12 of 19

FILED: NEW YORK COUNTY CLERK 01/05/2024 05:01 PM
INDEX NO. 654959/2021

NYSCEF DOC. NO. 378
RECEIVED NYSCEF: 01/04/2024

Case 3:23-cv-02082-LL-BJW   Document 12-10   Filed 01/09/24   PageID.599   Page
18 of 78

and clarity, the Court notes, however, that it will be incumbent upon the Plaintiffs as the case proceeds to demonstrate a class-wide tracing methodology for the Court to review to ensure that only those who can trace their purchases to the allegedly materially misleading Offering Documents or who otherwise purchased their stock "by means of a prospectus or oral communication" containing material misstatements or omissions are included in the class and have standing to assert the Sections 11 and 12(a)(2) claims at issue in this case. Based on the Court's review of that proposed methodology, as in the federal courts, the Court then can narrow or modify the class at a later stage in this litigation, if appropriate.

### B. Preferred Stock Purchased After March 26, 2021

Relying on *In re SunEdison, Inc. Sec. Litig.*, 329 FRD 124 (SD NY 2019), *In re Initial Public Offerings Sec. Litig.*, 471 F3d 24 (2d Cir 2006), *New Jersey Carpenters Health Fund v Residential Capital, LLC*, 272 FRD 160 (SD NY 2011), *Shockley v Adams Golf, Inc.*, 2005 WL 3654346 (D Del 2005), and *Vignola v Fat Brands, Inc.*, 2020 WL 1934976 (Cent D Cal 2020), the Underwriter Defendants argue that the class relating to preferred stock should exclude those who purchased their shares after March 26, 2021 because by then "the truth" of what the Conflicted Defendants had done had been revealed to the public. This argument also fails.

The critical question at this stage is whether identical or substantially similar representations were made to the Plaintiffs and whether there are common questions of law or fact as to their veracity. Plaintiffs have shown that there are. Equally importantly, the Underwriter Defendants' argument presupposes the Court's acceptance of the Underwriter Defendants' *merits based defense* that whatever the various news articles revealed on March 26th, the publicly available

**654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.**                    **Page 13 of 19**
**MORGAN STANLEY & CO. LLC ET AL**
**Motion No.  013**

FILED: NEW YORK COUNTY CLERK 01/05/2024 05:01 PM
NYSCEF DOC. NO. 378

INDEX NO. 654959/2021
RECEIVED NYSCEF: 01/04/2024

Case 3:23-cv-02082-LL-BJW   Document 12-10   Filed 01/09/24   PageID.600   Page
19 of 78

information then disclosed all the material facts which had previously been omitted and

corrected all of the materially misstated or omitted information, thereby remedying the allegedly

defective Offering Documents.  This is a fact-based merits argument that may or may not even

be true, and in any event, may or may not ultimately succeed.  It is, therefore, simply

inappropriate at the class certification stage.

Moreover, critically distinguishing the cases cited by the Underwriter Defendants, is that in those

cases the plaintiff's *own allegations* established the date of revelation as to omitted and misstated

information.  That is not the case here.  In this case, the Plaintiffs' allegations *do not* establish

March 26, 2021 as the date when the market finally had full corrective disclosure.

Indeed, the record before the Court does not establish that full corrective disclosure was in fact

made, as the Underwriter Defendants assert *but cannot at this time establish as a matter of law

or by virtue of the Plaintiffs' own pleadings*.  To the contrary, the record before the Court only

appears to indicate that *certain* news reporting (which were updating as of March 30, 2021;

NYSCEF Doc. Nos. 341-343) appears to have indicated that large sales of the ***portfolio of stocks***

held by certain of the Conflicted Defendants (which included Viacom) were occurring and that

Archegos had missed its margin call.  But those news reports do not appear to have fully

revealed the extent of the Conflicted Defendants' conflicts or that ten times the value of the

SPOs of Viacom's stock were being dumped into the marketplace by the very people marketing

and underwriting the SPOs (while making underwriting fees), or the extent of the diligence

performed (or not) of the Underwriter Defendants (who are not Conflicted Defendants) on the

SPOs.  In fact, following this disaster, the Underwriter Defendants retained Paul Weiss to do a

654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.
MORGAN STANLEY & CO. LLC ET AL
Motion No.  013

Page 14 of 19

14 of 19

written report (**<u>highly unusual</u>**) to investigate what had in fact occurred.  This too suggests that it is not settled as a matter of law that as of March 26, 2021 full and complete corrective revelation had occurred.  Thus, at this stage of the proceedings, the date of revelation and the extent and effect of any information placed into the "total mix of information" available to the investing community are highly contested issues, critically distinguishing this case from the cases upon which the Underwriter Defendants rely.

### C.  Section 12(a)(2) Claims for Aftermarket or Secondary Market Purchasers

Relying primarily on *Public Employees' Retirement Sys. of Mississippi v Merrill Lynch & Co. Inc.*, 714 FSupp2d 475 (SD NY 2010) and *In re Smart Tech., Inc. Shareholder Litig.*, 295 FRD 50, (SD NY 2013), the Underwriter Defendants argue that the class relating to claims brought under Section 12(a)(2) of the 1933 Act should exclude "aftermarket" or "secondary market" purchasers.  This argument again must fail given the stage of the proceedings.

*Public Employees' Retirement Sys.* (like *Slack Tech* and *In re Century*) addresses standing, not class certification and is thus inapposite.[2]  *In re Smart Tech* also does not foreclose standing to bring Section 12(a)(2) in this case or require that the class be limited to exclude "aftermarket" or "secondary market" transactions in this case.

In *In re Smart Tech.*, in July 2010, SMART Technologies, Inc. sold 38.83 million shares of Class A Subordinate Voting stock in both the United States and Canada.  In the U.S., the shares were

---

[2]In *Public Employees' Retirement Sys.*, the court (Rakoff, J.) granted the defendants' motion to dismiss the Section 12(a)(2) claims without prejudice, holding that the "coy" allegation that "'the [p]laintiffs and other Class members purchased or otherwise acquired Certificates pursuant and/or traceable to the alleged defective Prospectus Supplements" (714 FSupp2d at 484) was insufficient to even satisfy FRCP Rule 8(a) to properly allege standing.

**654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.                    Page 15 of 19**
**MORGAN STANLEY & CO. LLC ET AL**
**Motion No.  013**

sold pursuant to offering documents (the **SMART Offering Documents**) filed with the Securities and Exchange Commission (the **SEC**). In Canada, the shares were sold pursuant to a separate prospectus that was required by the Ontario Securities Act (the **Canada Documents**) – *i.e.*, not the SMART Offering Documents. Both the Canada Documents and the SMART Offering Documents were filed with the SEC and all 38.83 million shares were registered with the SEC. After the initial public offering, SMART shares were listed on both the NASDAQ and the Toronto Stock Exchange (the **TMX**) and all of the shares could be sold on either the NASDAQ or the TMX.

In November 2010, SMART issued its second-quarter results which contained a corrective disclosure addressing certain alleged misstatements and omissions in the SMART Offering Documents. With respect to the claims brought under Section 12(a)(2), the defendants argued that the class should be limited to exclude extraterritorial purchases and should exclude "secondary market" or "after market" purchasers – *i.e.*, that only purchasers in the IPO and not "aftermarket" or "secondary market" purchasers had standing to maintain a Section 12(a)(2) claim. The court (Forrest, J.) limited the class to purchasers of SMART stock in the July 2010 IPO and excluded extraterritorial purchases either in the Canadian offering or on the TMX because no viable claim lied under the 1933 Act with respect to those claims. In addition, the court excluded "aftermarket" and "secondary market" purchasers noting Section 12(a)(2)'s requirement that standing requires purchase "by means of a prospectus or oral communication" (*In re Smart Tech.*, 295 FRD at 57, citing *In re IndyMac Mortgage-Backed Sec. Litig.*, 2012 WL 3553083, at * 4 [SD NY 2012], citing *Gustafson v Alloyd Co., Inc.*, 513 US 561, 578 [1995]) and otherwise noting that the "[p]laintiff did not address the defendants' assertion in this regard" (*In*

**654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.**
**MORGAN STANLEY & CO. LLC ET AL**                                    **Page 16 of 19**
**Motion No.  013**

16 of 19

FILED: NEW YORK COUNTY CLERK 01/05/2024 05:01 PM
INDEX NO. 654959/2021
NYSCEF DOC. NO. 378
RECEIVED NYSCEF: 01/04/2024

Case 3:23-cv-02082-LL-BJW   Document 12-10   Filed 01/09/24   PageID.603   Page
22 of 78

*re Smart Tech.*, 295 FRD at 57 n 12).  While that exclusion was appropriate in *In re Smart Tech.*, that case does not stand for the broad proposition that "aftermarket" or "secondary market" purchasers always or necessarily lack Section 12(a)(2) standing.  As the Second Circuit has held, the key question is whether the transaction at issue was "by means of a prospectus or oral communication" as required by Section 12(a)(2):

> In *Yung,* the Second Circuit interpreted *Gustafson* to establish the rule that "Section 12(a)(2) liability cannot attach unless there is an 'obligation to distribute a prospectus'...." *Id.* at 149 (quoting *Gustafson,* 513 U.S. at 571, 115 S.Ct. 1061). Because the private transaction at issue in *Yung* was not subject to the prospectus delivery requirements of the Securities Act, the court concluded that no Section 12(a)(2) liability could be found. *Id.* at 146. In so holding, the court established that the relevant inquiry in determining whether Section 12(a)(2) liability could attach was whether the sale of the security carried with it the legal obligation to provide a prospectus. *See id.* at 148–49. This is consistent with the language of Section 12(a)(2) itself, which "draws no express distinction between shares purchased in the initial distribution and shares purchased in the aftermarket," but instead requires that "a plaintiff have purchased a security, from a seller, pursuant to a misleading prospectus." *Feiner v. SS & C Techs., Inc.,* 47 F.Supp.2d 250, 252 (D.Conn.1999) (citing 15 U.S.C. § 77*l*)

(*In re Giant Interactive Group, Inc. Sec. Litig.*, 643 FSupp2d 562, 574 [SD NY 2009], citing

*Yung v Lee*, 432 F3d 142, 146-149 [2d Cir 2005]).

Here, based on this Second Circuit precedent and as discussed above, the nature of how the Underwriter Defendants distributed the shares, and the dispute over when corrective disclosures were made mandate that this argument fails at this stage.  To be sure, it is generally true that purchasers in the "aftermarket" have difficulty establishing that they purchased "by means of a prospectus or oral communication" containing material misstatements or omissions (*In re Smart Tech., Inc.*, 295 FRD at 57; *In re Giant Interactive Group, Inc. Sec. Litig.*, 643 FSupp2d 562, 574 [SD NY 2009]).  But, in this case the Conflicted Defendants allegedly retained shares under their swap agreements such that those shares were sold during and *after the SPOs closed* and those

654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.   Page 17 of 19
MORGAN STANLEY & CO. LLC ET AL
Motion No.  013

17 of 19

FILED: NEW YORK COUNTY CLERK 01/05/2024 05:01 PM
NYSCEF DOC. NO. 378

INDEX NO. 654959/2021
RECEIVED NYSCEF: 01/04/2024

Case 3:23-cv-02082-LL-BJW    Document 12-10    Filed 01/09/24    PageID.604    Page
23 of 78

Conflicted Defendants may well have sold those shares "be means of a prospectus or oral communication" containing material misstatements and omissions. That is a question of fact that cannot be determined at this stage. Accordingly, and as discussed above, it would be premature and inappropriate to exclude claims based on purchases in the "aftermarket" or "secondary market" at this stage. For the avoidance of doubt, based on Plaintiffs' allegations, those claims would have common questions of law and fact with the putative class. As discussed above, this is particularly true because it is unclear whether the alleged corrective press coverage that occurred on or about March 26, 2021 actually addressed and resolved all of the deficiencies in the Offering Documents. Lastly, pending review of the Plaintiffs' proposed tracing methodology, individual tracing as to these transactions would not dominate the litigation. Also, and for the avoidance of doubt, upon a proper factual showing, the Court may at a later date exclude from the class any "aftermarket" or "secondary market" purchaser where there was no obligation to deliver a prospectus. Again, that determination is not for this stage of the proceedings.

The Court has considered the parties' remaining arguments and finds them unavailing.

It is hereby ORDERED that the Plaintiffs' motion (Mtn. Seq. No. 013) to certify a class is granted.

20240104102430AB0RR0KE20EB235A49A41D289D17B9DA7895D92

**1/4/2024**
DATE

**ANDREW BORROK, J.S.C.**

CHECK ONE: ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☒ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☐ OTHER

654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.
MORGAN STANLEY & CO. LLC ET AL
Motion No.  013

Page 18 of 19

Case 3:23-cv-02082-LL-BJW    Document 12-10    Filed 01/09/24    PageID.605    Page
24 of 78

APPLICATION:          ☐  SETTLE ORDER                    ☐  SUBMIT ORDER

CHECK IF APPROPRIATE: ☐  INCLUDES TRANSFER/REASSIGN      ☐  FIDUCIARY APPOINTMENT      ☐  REFERENCE

**654959/2021   CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST vs.**          **Page 19 of 19**
**MORGAN STANLEY & CO. LLC ET AL**
**Motion No.  013**

# EXHIBIT 2

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

*Counsel for Public Employees' Retirement System of
Mississippi and Arkansas Public Employees' Retirement
System and Proposed Lead Counsel for the Class*

**MOTLEY RICE LLC**
GREGG S. LEVIN
(glevin@motleyrice.com)
CHRISTOPHER F. MORIARTY
(cmoriarty@motleyrice.com)
ANDREW P. ARNOLD
(aarnold@motleyrice.com)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel:    (843) 216-9000
Fax:    (843) 216-9450

*Counsel for Universal-Investment-Gesellschaft mbH,
Universal-Investment-Luxembourg S.A., and UI BVK
Kapitalverwaltungsgesellschaft mbH and
Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UA LOCAL 38 DEFINED CONTRIBUTION PENSION PLAN, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAGATE TECHNOLOGY HOLDINGS PLC, WILLIAM D. MOSLEY, and GIANLUCA ROMANO,<br><br>Defendants. | Case No. 3:23-cv-03431-VC<br><br>CLASS ACTION<br><br>**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL** |

*Caption continued on next page.*

PUBLIC EMPLOYEES' RETIREMENT
SYSTEM OF MISSISSIPPI, on behalf of
itself and all others similarly situated,

        Plaintiff,

    v.

SEAGATE TECHNOLOGY HOLDINGS
PLC, WILLIAM DAVID MOSLEY, and
GIANLUCA ROMANO,

        Defendants.

Case No. 3:23-cv-03711-VC

CLASS ACTION

1. WHEREAS, on July 10, 2023, plaintiff UA Local 38 Defined Contribution Pension Plan ("UA Local 38") filed the first securities class action against Seagate Technology Holdings plc ("Seagate" or the "Company") and certain of its senior executives (collectively, "Defendants"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, *UA Local 38 Defined Contribution Pension Plan v. Seagate Technology Holdings plc*, No. 3:23-cv-03431-VC (N.D. Cal.) (the "*UA Local 38* Action");

2. WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on July 10, 2023, counsel for plaintiff UA Local 38 published a notice on *Business Wire* which alerted investors to the pendency of the *UA Local 38* Action and informed them of the 60-day deadline to seek appointment as Lead Plaintiff, which was on September 8, 2023;

3. WHEREAS, on July 26, 2023, plaintiff Public Employees' Retirement System of Mississippi ("Mississippi") filed a securities class action against Defendants, expanding the scope of the allegations against Defendants and asserting the same claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, promulgated thereunder, *Public Employees' Retirement System of Mississippi v. Seagate Technology Holdings plc*, No. 3:23-cv-03711-VC (N.D. Cal.) (the "*Mississippi* Action" and, together with the *UA Local 38* Action, the "Related Actions");

4. WHEREAS, pursuant to the PSLRA, on July 26, 2023, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), counsel for plaintiff Mississippi, published a notice on *Business Wire*, alerting investors to the pendency of the *Mississippi* Action, and reiterating the September 8, 2023, deadline to seek appointment as Lead Plaintiff;

5. WHEREAS, on August 7, 2023, plaintiffs UA Local 38 and Mississippi entered a stipulation with Defendants in support of Defendants' Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3-12 and 7-11, *see* ECF No. 21, and on August 18,

2023, the Court granted the motion to relate the *UA Local 38* Action and *Mississippi* Action, *see* ECF No. 23;

6.    WHEREAS, on September 8, 2023, Universal-Investment-Gesellschaft mbH, Universal-Investment-Luxembourg S.A., and UI BVK Kapitalverwaltungsgesellschaft mbH (collectively, "Universal"), filed a motion for appointment as lead plaintiff, appointment of lead counsel, and consolidation of the Related Actions, ECF No. 24;

7.    WHEREAS, on September 8, 2023, Mississippi and Arkansas Public Employees' Retirement System ("Arkansas") filed a motion for appointment as lead plaintiff, appointment of lead counsel, and consolidation of the Related Actions, ECF No. 25;

8.    WHEREAS, the PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

9.    WHEREAS, courts have repeatedly recognized that the PSLRA expressly permits the appointment of a group of class members as lead plaintiff, *see, e.g.*, *In re Mersho*, 6 F.4th 891, 903 n.4 (9th Cir. 2021) ("[It] is clear from the statutory language" that "a group can serve as lead plaintiff."); *In re Cavanaugh*, 306 F.3d 726, 731 n.8 (9th Cir. 2002) ("[A] 'group of persons' can collectively serve as a lead plaintiff[.]");

10.    WHEREAS, Mississippi and Arkansas incurred losses that collectively are nearly identical to the losses incurred by Universal, and using the various measures of financial interest endorsed by courts in this District and throughout the country, each movant could claim to have the "largest financial interest";

11.    WHEREAS, Mississippi, Arkansas, and Universal are the only class members that sought appointment as Lead Plaintiff by the statutory deadline and, as a result, assert the two largest losses of the competing Lead Plaintiff movants, and therefore have the "largest financial interest" in the relief sought by the Class in the Related Actions, 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb);

12. WHEREAS, Mississippi, Arkansas, and Universal each satisfy the relevant requirements of Rule 23, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc);

13. WHEREAS, Mississippi, Arkansas, and Universal each concluded that a protracted dispute concerning Lead Plaintiff appointment in the Related Actions is not in the best interests of the Class, particularly in light of the fact that their respective financial interests are near equipoise and that jointly prosecuting the Related Actions would be appropriate and assist with the speedy and efficient litigation of the Related Actions, *see* Joint Declaration of Tricia L. Beale, Laura Gilson, Andreas Holzapfel, Peter Sasse, and Stefan Rockel in Support of the Joint Stipulation and [Proposed] Order Consolidating Related Actions, Appointing Lead Plaintiff, and Approving Selection of Lead Counsel ("Joint Decl."), ¶¶ 7, 10;

14. WHEREAS, Mississippi, Arkansas, and Universal agreed to resolve their competing motions and to seek, with the Court's approval, to serve jointly as Lead Plaintiff, *see* Joint Decl., ¶ 7;

15. WHEREAS, courts in this District and throughout the country routinely appoint co-lead plaintiffs when competing movants stipulated to work together after the statutory deadline for seeking appointment as lead plaintiff, and are not simply joining forces to supplant another competing movant with a potential larger financial interest, *see, e.g.*, *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD, ECF No. 56 (N.D. Cal. Aug. 3, 2018) (approving a stipulation appointing two competing institutional investor movants as co-lead plaintiff and their law firms as co-lead counsel); *Joyce v. Amazon.com, Inc.*, No. 2:22-cv-00617-JHC, ECF No. 55 (W.D. Wash. July 22, 2022) (same); *Kang v. PayPal Holdings, Inc.*, No. 3:21-cv-06468-CRB, ECF No. 29 (N.D. Cal. Nov. 2, 2021) (approving a stipulation appointing competing movants as co-lead plaintiffs and approving their selection of co-lead counsel); *accord Lavin v. Virgin Galactic Holdings, Inc.*, No. 1:21-cv-03070-ARR-TAM, ECF No. 22 (E.D.N.Y. Sept. 17, 2021) (same);

16. WHEREAS, as the only class members seeking appointment as Lead Plaintiff, Mississippi, Arkansas, and Universal are not seeking to collaborate for the purpose of aggregating their losses to supplant a competing movant;

17.     WHEREAS, Mississippi, Arkansas, and Universal have agreed to select the law firms of Bernstein Litowitz and Motley Rice LLC ("Motley Rice") to serve jointly as Lead Counsel for the Class;

18.     WHEREAS, Mississippi, Arkansas, and Universal are familiar with the experience, resources, and successes of Bernstein Litowitz and Motley Rice and are aware that they are both accomplished law firms with significant experience in securities class action litigation and a history of achieving significant recoveries for investors, *see* Joint Decl., ¶¶ 11, 13;

19.     WHEREAS, Mississippi, Arkansas, and Universal are satisfied that, under their supervision, Bernstein Litowitz and Motley Rice are capable of jointly prosecuting the Class's claims in a manner that will best serve the interests of the Class, particularly given their prior experience working together productively in other securities class action litigation, including in *In re Cobalt International Energy, Inc. Securities Litigation*, No. 4:14-cv-3428-NFA (S.D. Tex.), where Bernstein Litowitz served as co-lead counsel and Motley Rice served as additional counsel, with Universal-Investment-Gesellschaft mbH serving as certified class representative, and recovered $335.3 million for the investor class; similarly, in *Hill v. State Street Corp.*, No. 1:09-cv-12146-GAO (D. Mass.), with Mississippi serving as co-lead plaintiff, Bernstein Litowitz and Motley Rice served as co-lead counsel and recovered $60 million for investors, *see* Joint Decl., ¶¶ 11, 13;

20.     WHEREAS, Mississippi, Arkansas, and Universal believe it is in the best interests of the Class for them to work together to efficiently litigate the Related Actions as Lead Plaintiff, and for their choice of counsel, Bernstein Litowitz and Motley Rice, to serve as Lead Counsel on behalf of the Class, *see* Joint Decl., ¶¶ 7-15;

21.     WHEREAS, Mississippi, Arkansas, and Universal—sophisticated institutional investors collectively responsible for managing hundreds of billions of dollars in assets—are committed to supervising the conduct of this litigation by their counsel in an independent manner and to ensuring that counsel coordinate appropriately and avoid duplication of effort in the conduct of the litigation, *see* Joint Decl., ¶¶ 2-6; and

22. WHEREAS, Mississippi's, Arkansas', and Universal's respective motions seeking consolidation of the Related Actions are unopposed.

IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, as follows:

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Related Actions, as well as any pending, subsequently filed, removed, or transferred actions that are related to the claims asserted in the Related Actions are CONSOLIDATED for all purposes (together, the "Consolidated Action");

2. The Consolidated Action shall be captioned "*In re Seagate Technology Holdings plc Securities Litigation*" and shall be maintained under Master File No. 3:23-cv-03431-VC;

3. Pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(3)(B), Mississippi, Arkansas, and Universal are appointed as Lead Plaintiff in the Consolidated Action; and

4. Pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(v), Bernstein Litowitz and Motley Rice are appointed as Lead Counsel in the Consolidated Action.

IT IS SO STIPULATED.

Dated:  September 22, 2023

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

-and-

HANNAH ROSS
(hannah@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
SCOTT R. FOGLIETTA
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Proposed Lead Plaintiff Public Employees Retirement System of Mississippi and Arkansas Public Employees Retirement System, and Proposed Lead Counsel for the Class*

DATED:  September 22, 2023

**BLEICHMAR FONTI & AULD LLP**

*/s/ Lesley E. Weaver*
LESLEY E. WEAVER (Bar No. 191305)
(lweaver@bfalaw.com)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel:    (415) 445-4003
Fax:    (415) 445-4020

*Local Counsel for Proposed Lead Plaintiff Universal-Investment-Gesellschaft mbH, Universal-Investment-Luxembourg S.A., and UI BVK Kapitalverwaltungsgesellschaft mbH*

-and-

**MOTLEY RICE LLC**

GREGG S. LEVIN
(glevin@motleyrice.com)
CHRISTOPHER F. MORIARTY
(cmoriarty@motleyrice.com)
ANDREW P. ARNOLD
(aarnold@motleyrice.com
28 Bridgeside Blvd
Mt. Pleasant, SC 29464
Tel:    (843) 216-9000
Fax:    (843) 216-9450

*Counsel for Proposed Lead Plaintiff Universal-Investment-Gesellschaft mbH, Universal-Investment-Luxembourg S.A., and UI BVK Kapitalverwaltungsgesellschaft mbH and Proposed Lead Counsel for the Class*

\* \* \*

## [PROPOSED] ORDER GRANTING STIPULATION

Pursuant to stipulation and for good cause shown, IT IS SO ORDERED.

DATED:  September 25, 2023

_____
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

## CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Jonathan D. Uslaner, am the ECF User whose identification and password are being used to file this document. Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

DATED: September 22, 2023

*/s/Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> KORNIT DIGITAL LTD., RONEN SAMUEL, and ALON ROZNER, <br><br> Defendants. | Case No. 2:23-CV-888-MCA-AME <br><br> CLASS ACTION <br><br> **Motion Day: May 15, 2023** |

*Caption continued on next page.*

**[PROPOSED] ORDER APPOINTING THE INSTITUTIONAL INVESTORS AS LEAD PLAINTIFF, APPROVING THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATING RELATED ACTIONS**

| | |
|---|---|
| CLEVELAND BAKERS AND TEAMSTERS PENSION FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KORNIT DIGITAL LTD., RONEN SAMUEL, ALON ROZNER, YUVAL COHEN, GABI SELIGSOHN, OFER BEN-ZUR, LAURI HANOVER, STEPHEN NIGRO, ALON LUMBROSO, DOV OFER, YEHOSHUA NIR, CITIGROUP GLOBAL MARKETS INC., BARCLAYS CAPITAL INC., GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, AMAZON.COM NV INVESTMENT HOLDINGS LLC, and AMAZON.COM, INC.,<br><br>Defendants. | Case No. 2:23-CV-971-MCA-AME<br><br>CLASS ACTION |

Upon consideration of (1) the Motion of Genesee County Employees' Retirement System, Kranot Hishtalmut Le Morim Tichoniim Havera Menahelet LTD, Kranot Hishtalmut Le Morim Ve Gananot Havera Menahelet LTD, and Hachshara Insurance Company Ltd. (collectively, the "Institutional Investors") for appointment as Lead Plaintiff, approval of their selection of Lead Counsel, and consolidation of related actions; (2) the Memorandum of Law in support thereof; (3) the Declaration of James E. Cecchi; and (4) all other pleadings and argument submitted to this Court; and for good cause shown,

**IT IS HEREBY ORDERED THAT**:

1. The Institutional Investors' Motion is **GRANTED**.

2. The Institutional Investors are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned actions and all related actions consolidated pursuant to paragraphs 4 and 5 of this Order.

3. The Institutional Investors' selection of Lead Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP is **APPOINTED** as Lead Counsel for the Class.

4. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"), *Cleveland Bakers and Teamsters Pension Fund v. Kornit Digital Ltd.*, No. 2:23-cv-971-MCA-AME (D.N.J.) is **CONSOLIDATED** with *Genesee County Employees' Retirement System v. Kornit Digital Ltd.*, No. 2:23-cv-888-MCA-AME (D.N.J.) (the "Consolidated Action").

5. In accordance with Rule 42(a), any subsequently filed, removed, or transferred actions that are related to the claims asserted in the Consolidated Action are **CONSOLIDATED** for all purposes.

6.    The Consolidated Action shall be captioned "*In re Kornit Digital Ltd. Securities Litigation*" and the file shall be maintained under Master File No. 2:23-CV-888-MCA-AME.

**IT IS SO ORDERED.**

Dated: _____ Aug 7 9 , 2023

_____
HON. MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM, et al., | ) ) ) | CASE NO. 1:23-CV-00143 |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER APPOINTING THE** |
| | ) | **MICHIGAN FUNDS AS LEAD** |
| SOTERA HEALTH COMPANY, et al., | ) | **PLAINTIFF AND APPROVING** |
| | ) | **THEIR SELECTION OF LEAD** |
| Defendants. | ) | **COUNSEL** |

Before the Court is (1) the Motion for the Oakland County Employees' Retirement System, Oakland County Voluntary Employees' Beneficiary Association, and Wayne County Employees' Retirement System (collectively, the "Michigan Funds") for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (ECF No. 7); (2) the Memorandum of Law in support thereof (ECF No. 7-1); and (3) the Declaration of Scott. D. Simpkins (ECF No. 7-3). On April 10, 2023, the Michigan Funds filed a Notice indicating that their Motion for Appointment as Lead Plaintiff and Selection of Lead Counsel is unopposed (ECF No. 8).

For good cause shown, the Motion (ECF No. 7) is **GRANTED.** The Court **ORDERS, ADJUDGES,** and **DECREES** as follows:

1. The Michigan Funds are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-l(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C .§ 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned action and all related actions consolidated pursuant to paragraph 4 of this Order.

1

2.      The Michigan Funds' selection of Lead Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP and Motley Rice LLC are **APPOINTED** as Lead Counsel for the Class, contingent on the submission and approval of any motions for admission pro hac vice.

3.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any pending, previously or subsequently filed, removed or transferred actions that are related to the claims asserted in the above-captioned action are **CONSOLIDATED** for all purposes.

4.      This action shall be captioned, "*In re Sotera Health Company Securities Litigation*," and the file shall be maintained under Master File No. 1:23-cv-00143-CEF.

5.      Consistent with this Court's March 9, 2023 Order (ECF No. 6), the parties are directed to file a joint proposed schedule, together with a proposed Order.

**IT IS SO ORDERED.**

**Dated: April 17, 2023**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

2

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.6.3
## Eastern Division

Pembroke Pines Firefighters & Police Officers
Pension Fund

                                  Plaintiff,

v.                                       Case No.: 1:22−cv−04661

                                       Honorable Steven C.
                                       Seeger

Abbott Laboratories, et al.

                                  Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, March 7, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: The motion by KBC Asset Management NV and Quoniam Asset Management GmbH for entry of an order approving KBC and Quoniam as Lead Plaintiff (Dckt. No. [13]) is hereby granted. The Court hereby appoints KBC and Quoniam as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u−4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995. The Court appoints Motley Rice LLC and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the putative class. See 15 U.S.C. § 78u−4(a)(3)(B)(v). No one filed an opposition to either appointment, despite timely notice. (Dckt. No. [9]−1). Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# EXHIBIT 6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No.: 22-CV-1936-CAB-MSB<br><br>**ORDER APPOINTING THE INSTITUTIONAL INVESTORS AS LEAD PLAINTIFF AND APPROVING LEAD COUNSEL**<br><br>[Doc. Nos. 15, 16] |

This matter is before the Court on competing motions to appoint lead plaintiff and approve lead counsel in this consolidated securities fraud class action litigation. One of the movants, Goldberg-Flores, LLC, has noticed its non-opposition [Doc. No. 18] to the motion of International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust, Indiana Public Retirement System, Boston Retirement System, and Public School Teachers' Pension & Retirement Fund of Chicago (collectively, the "Institutional Investors") for appointment as lead plaintiff and approval of their selection of lead counsel. Defendants have also noticed their non-opposition to the Institutional Investors' motion. [Doc. No. 20.] As discussed below,

1

upon consideration of the merits of the Institutional Investors' motion, along with the lack of opposition thereto, the motion is granted.

## I.     The Institutional Investors Are the Most Adequate Plaintiff

Under the Private Securities Litigation Reform Act ("PSLRA"), the district court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interest of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group that: (1) either filed the complaint or brought the motion for appointment of lead plaintiff in response to the publication of notice, (2) has the "largest financial interest" in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc).   The presumption may be rebutted only upon proof by a purported class member that the presumptively most adequate plaintiff: (1) will not fairly and adequately protect the interests of the class or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a private securities class action litigation. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.*  At the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at 729–30 (internal citations omitted).  Finally, at the third step, the district court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730.   All of these requirements have been satisfied and support appointment of the Institutional Investors as lead plaintiff.

22-CV-1936-CAB-MSB

First, notice of the instant consolidated securities class action was published in *Business Wire*, a widely circulated national business-oriented wire service, on December 7, 2022 [Doc. No. 16-6], and again on January 10, 2023 [Doc. No. 16-7], and January 19, 2023 [Doc. No. 16-8]. Each notice advised of the pendency of this action and of the February 6, 2023 deadline (60 days from the first notice) for motions to be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). These notices satisfied the requirements for publication of the pendency of this action, and the Institutional Investors' motion to be appointed lead plaintiff is timely.

Second, the Institutional Investors allege that they lost approximately $18.2 million on their stock purchases during the class period and that their stock purchases give them standing to bring claims under both the Exchange Act and the Securities Act. Neither other putative class members nor Defendants dispute that the Institutional Investors' losses exceed those of the only other movant, Goldberg-Flores. Further, the Court finds that the Institutional Investors' have made a sufficient preliminary showing that they satisfy the requirements of Rule 23(a), and in particular the typicality and adequacy requirements. *See Cavanaugh*, 306 F.3d at 730. Accordingly, because the Institutional Investors have the largest financial interest of any qualified movant in the relief sought by the class and have made a sufficient preliminary showing that they satisfy the requirements of Rule 23, the Institutional Investors are entitled to the presumption under the PSLRA that they are the most adequate plaintiff.

Finally, no other plaintiff has attempted to rebut the presumption that the Institutional Investors are the most adequate plaintiff. Accordingly, the Court finds that the Institutional Investors should be lead plaintiff in this litigation.

## II. Approval of the Institutional Investors' Selection of Counsel

The PSLRA provides that the lead plaintiff shall select and retain counsel to represent the class, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). In this capacity, "the district court has no authority to select for the class what it considers to be the best possible lawyer. . ." *Cavanaugh*, 306 F.3d at 732. Indeed, the Court's "inquiry is

22-CV-1936-CAB-MSB

not into the adequacy or fitness of counsel but into the adequacy of plaintiff, and the choice of counsel is only an indicator—and a relatively weak one at that—of plaintiff's fitness." *Cavanaugh*, 306 F.3d at 733. In other words, "the district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 711 (9th Cir. 2009). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.*

Here, the Institutional Investors' have selected Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") to serve as Lead Counsel for the proposed class. These choices are reasonable. Both firms specialize in representing investors in nationwide class actions and have served as lead or co-lead counsel in numerous securities class actions that resulted in significant recoveries for class members. [Doc. Nos. 16-9, 16-10.] Because Bernstein Litowitz and Cohen Milstein appear competent to represent the class, the Court defers to the Institutional Investors' choices and hereby approves them as Lead Counsel for the proposed class.

### III. Disposition

In light of the foregoing, it is hereby **ORDERED** as follows:

1. The Institutional Investors' Motion [Doc. No. 16] is **GRANTED**;

2. Goldberg-Flores' Motion [Doc. No. 15] is **DENIED**;

3. The Institutional Investors are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, in the above-captioned consolidated securities class action and any subsequent actions that are consolidated with this lawsuit;

4. The Institutional Investors' selection of Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC as Lead Counsel for the Class is **APPROVED**; and,

5. On or before **March 17, 2023**, Lead Counsel and counsel for the defendants shall file a joint proposal and lodge a proposed order regarding (1) the time for the lead

4

22-CV-1936-CAB-MSB

plaintiff to file a consolidated amended complaint or provide notice of Lead Plaintiff's intent to rely on an original Complaint filed in one of the actions under *In re Silvergate Capital Corp. Securities Litigation* (the "operative complaint"); (2) the time for Defendants to respond to the operative complaint; and (3) the schedule for briefing any motion to dismiss that may be filed by a Defendant.

It is **SO ORDERED**.

Dated: February 28, 2023

_____

Hon. Cathy Ann Bencivengo
United States District Judge

22-CV-1936-CAB-MSB

# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
                                           :
UA LOCAL 13 PENSION FUND, individually     :
and on behalf of all others similarly      :
situated,                                  :          22cv624(DLC)
                                           :
                          Plaintiff,       :          CASE MANAGEMENT
                                           :              ORDER
             -v-                           :
                                           :
BUMBLE INC., et al.,                       :
                                           :
                          Defendants.      :
                                           :
-------------------------------------------X

DENISE COTE, District Judge:

     The Court having conducted a pretrial conference on August

25, 2022 to address the motion for appointment of lead plaintiff

and lead counsel in the class action brought against Bumble,

Inc. ("Bumble"), et al., it is hereby

     ORDERED as follows:

I. LEAD PLAINTIFF AND LEAD PLAINITFF'S COUNSEL

     1. Louisiana Sheriffs' Pension and Relief Fund is appointed
        Lead Plaintiff.

     2. Bernstein Litowitz Berger & Grossman LLP shall serve as
        Lead Counsel for the plaintiff in this action and the
        class.

II.  CAPTION

     Every pleading filed in this action, and in any separate

action subsequently included therein, shall bear the following

caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BUMBLE, INC. SECURITIES LITIGATION | 22cv624(DLC) |

## III. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a class action that relates to the same subject matter as this action is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with this action (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), and the Clerk of Court shall:

   a. File a copy of this Order in the separate file for such action.

   b. Mail a copy of the Order of assignment of counsel for plaintiffs and counsel for each defendant in the consolidated actions.

   c. Make an appropriate entry in the Docket.

   d. Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

   e. Upon the first appearance of any new defendant(s), mail to the attorneys for such defendant(s) in such newly filed or transferred case a copy of this Order.

2. The Clerk shall maintain a separate file for each of the consolidated actions and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by this Order.

3. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with this Action.

## IV.  APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1. This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in this action against Bumble and others.

2. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party.

3. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

4. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case.

5. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to any such complaint.

## V.  SCHEDULE

1. Lead Plaintiff shall file an amended complaint for this action and any actions subsequently consolidated with it on or before **October 7, 2022.**  Defendants shall file an answer to the amended complaint or a motion to dismiss the amended complaint by **November 18, 2022.**

2. Pending filing and service of the amended complaint, defendants shall have no obligation to move, answer, or otherwise respond to any complaints in any actions subsequently consolidated with this action.

3. If a motion to dismiss the amended complaint is filed, Lead Plaintiff shall file a letter by **December 2, 2022** indicating a desire to further amend its complaint in response to the motion.  It is unlikely that Lead

3

Plaintiff will be granted any further opportunities to amend. Any amended complaint must be filed by **December 16, 2022.** If Lead Plaintiff elects not to further amend, it shall file its opposition to the motion to dismiss on or before **December 16, 2022.** Defendants shall file their reply to the opposition(s) to the motion to dismiss on or before **January 13, 2023.**

4. Defendants shall supply the Court with two courtesy copies of the motion papers at the time the reply is served.

5. The parties shall engage in mediation no later than **November 2022.**

Dated:      New York, New York
            August 25, 2022

_____
DENISE COTE
United States District Judge

4

# EXHIBIT 8

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CITY OF RIVIERA BEACH GENERAL EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | Case No. 1:22-cv-3572-GHW |
| Plaintiff, | |
| v. | |
| VERTIV HOLDINGS CO, ROB JOHNSON, DAVID FALLON, JASON FORCIER, GARY NIEDERPRUEM, DAVID COTE, JOSEPH VAN DOKKUM, ROGER FRADIN, JACOB KOTZUBEI, MATTHEW LOUIE, EDWARD L. MONSER, STEVEN S. REINEMUND, ROBIN L. WASHINGTON, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, CITIGROUP GLOBAL MARKETS INC., VPE HOLDINGS, LLC, VERTIV JV HOLDINGS LLC, PE VERTIV HOLDINGS LLC, PLATINUM EQUITY, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS MANAGER, LLC, PLATINUM EQUITY INVESTCO, L.P., PLATINUM EQUITY INVESTMENT HOLDINGS IC (CAYMAN), LLC, PLATINUM INVESTCO (CAYMAN), LLC, PLATINUM EQUITY INVESTMENT HOLDINGS III, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS MANAGER III, LLC, and TOM GORES, | |
| Defendants. | |

**ORDER APPOINTING THE PUBLIC PENSION FUNDS AS**
**LEAD PLAINTIFF AND APPROVING THEIR SELECTION OF LEAD COUNSEL**

Upon consideration of: (1) the Motion of Louisiana Sheriffs' Pension & Relief Fund, Orlando Police Pension Fund, City of Plantation General Employees Retirement System, Riviera Beach Municipal Firefighters' Pension Trust Fund, and City of Riviera Beach General Employees' Retirement System (collectively, the "Public Pension Funds") for appointment as Lead Plaintiff and approval of their selection of Lead Counsel; (2) the Memorandum of Law in support thereof; (3) the Declaration of Hannah Ross in support thereof; and (4) all other pleadings and argument submitted to this Court; and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1.      The Public Pension Funds' Motion is **GRANTED**.

2.      The Public Pension Funds are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned securities class action and all related actions consolidated pursuant to paragraph 4 of this Order.

3.      The Public Pension Funds' selection of Lead Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A. are **APPOINTED** as Lead Counsel for the Class.

4.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any actions currently pending before the undersigned that are related to the claims asserted in the above-captioned action are **CONSOLIDATED** for all purposes.

5.      This action shall be captioned "*In re Vertiv Holdings Co Securities Litigation*" and the file shall be maintained under Master File No. 1:22-cv-3572-GHW.

2

6.       The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 6 and 9.


SO ORDERED.

Dated:  June 22, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3

# EXHIBIT 9

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

*Counsel for Proposed Lead Plaintiff IBEW Local
353 Pension Plan and Proposed Lead Counsel
for the Class*

**BLOCK & LEVITON LLP**
JACOB A. WALKER (Bar No. 271217)
(jake@blockleviton.com)
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel:     (617) 398-5600
Fax:     (617) 507-6020

*Counsel for Proposed Lead Plaintiff Xiaobin Cai
and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALDEN CHUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EARGO, INC., CHRISTIAN GORMSEN, and ADAM LAPONIS,<br><br>Defendants. | Case No. 3:21-cv-08597-CRB<br><br>CLASS ACTION<br><br>**STIPULATION AND [PROPOSED] ORDER APPOINTING IBEW LOCAL 353 PENSION PLAN AND XIAOBIN CAI AS LEAD PLAINTIFF, APPROVING THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATING ACTIONS**<br><br>Date: January 14, 2022<br>Time: 10:00 a.m.<br>Dept.: Courtroom 6, 17th Floor<br>Judge: Hon. Charles R. Breyer |

*Caption continued on next page.*

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB

| | |
|---|---|
| IBEW LOCAL 353 PENSION PLAN, on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>EARGO, INC., CHRISTIAN GORMSEN, ADAM LAPONIS, JOSH MAKOWER, JULIET BAKKER, PETER TUXEN BISGAARD, DOUG HUGHES, GEOFF PARDO, NINA RICHARDSON, A. BROOKE SEAWELL, DAVID WU, J.P. MORGAN SECURITIES LLC, BofA SECURITIES, INC., WELLS FARGO SECURITIES, LLC, and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>                Defendants. | Case No. 3:21-cv-08747-CRB<br><br>CLASS ACTION |

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB

1. WHEREAS, on October 6, 2021, plaintiff Joseph Fazio ("Fazio") filed the first securities class action against Eargo, Inc. ("Eargo") and certain of its senior executives (collectively, the "Eargo Defendants"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, *Fazio v. Eargo, Inc.*, No. 4:21-cv-07848-YGR (N.D. Cal.) (the "*Fazio* Action");

2. WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on October 6, 2021, counsel for plaintiff Fazio published a notice on *Business Wire* which alerted investors to the pendency of the *Fazio* Action and informed them of the 60-day deadline to seek appointment as Lead Plaintiff, which was on December 6, 2021, *Fazio* Action, ECF No. 8;

3. WHEREAS, on November 4, 2021, plaintiff Alden Chung filed a second securities class action against the Eargo Defendants, asserting the same claims as the *Fazio* Action, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRB (N.D. Cal.) (the "*Chung* Action");

4. WHEREAS, on November 10, 2021, plaintiff IBEW Local 353 Pension Plan ("Local 353") filed a third securities class action against the Eargo Defendants, asserting the same claims under the Exchange Act as both the *Fazio* Action and the *Chung* Action during a longer class period, as well as asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l, 77o, against the Eargo Defendants, current and former members of Eargo's Board of Directors and the underwriters of Eargo's October 2020 initial public offering (collectively, the "Defendants"), *IBEW Local 353 Pension Plan v. Eargo, Inc.*, No. 3:21-cv-08747-CRB (N.D. Cal.) (the "*Local 353* Action");

5. WHEREAS, pursuant to the PSLRA, on November 10, 2021, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), counsel for plaintiff Local 353, published a notice on *PR Newswire*, alerting investors to the expanded class period and additional claims alleged in the *Local 353* Action, and reiterating the December 6, 2021 deadline to seek appointment as Lead Plaintiff, ECF No. 24-4;

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB

1

6.    WHEREAS, on December 6, 2021, plaintiff Fazio filed a Notice of Voluntary Dismissal Without Prejudice, *Fazio* Action, ECF No. 11;

7.    WHEREAS, on December 6, 2021, Local 353 filed a motion seeking appointment as Lead Plaintiff, approval of its selection of Bernstein Litowitz as Lead Counsel for the Class, and consolidation of the Actions, ECF No. 24;

8.    WHEREAS, on December 6, 2021, Xiaobin Cai filed a motion seeking appointment as Lead Plaintiff, approval of his selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel for the Class, and consolidation of the Actions, ECF No. 20;

9.    WHEREAS, on December 6, 2021, Joseph Ialacci filed a motion seeking appointment as Lead Plaintiff, approval of his selection of Levi & Korsinsky LLP as Lead Counsel for the Class, and consolidation of the Actions, ECF No. 17;

10.    WHEREAS, on December 16, 2021, the Court issued an order relating the *Local 353* Action to the *Chung* Action, pursuant to Civil Local Rule 3-12, ECF No. 33;

11.    WHEREAS, on December 17, 2021, the Court in the *Fazio* Action issued an order granting plaintiff Fazio's Notice of Voluntary Dismissal Without Prejudice, *Fazio* Action, ECF No. 26;

12.    WHEREAS, on December 17, 2021, the Court in the *Local 353* Action reassigned the *Local 353* Action to this Court, *Local 353* Action, ECF No. 22;

13.    WHEREAS, on December 20, 2021, Joseph Ialacci filed a notice acknowledging that he "does not possess the largest financial interest" in the Actions, and stating that he does not oppose Local 353's and Xiaobin Cai's motions seeking appointment as Lead Plaintiff, ECF No. 34 at 1;

14.    WHEREAS, the PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

15.    WHEREAS, courts have repeatedly recognized that the PSLRA expressly permits the appointment of a group of class members as lead plaintiff, *see, e.g.*, *In re Mersho*, 6 F.4th 891,

903 n.4 (9th Cir. 2021) ("[It] is clear from the statutory language" that "groups can serve as lead plaintiff[.]"); *In re Cavanaugh*, 306 F.3d 726, 731 n.8 (9th Cir. 2002) ("[A] 'group of persons' can collectively serve as a lead plaintiff[.]");

16.     WHEREAS, Local 353 and Xiaobin Cai assert the two largest losses of the competing Lead Plaintiff movants, and therefore have the "largest financial interest" in the relief sought by the Class in the Actions, 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb);

17.     WHEREAS, in addition to possessing the largest financial interest in the outcome of the litigation, Local 353 and Xiaobin Cai satisfy the relevant requirements of Rule 23, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc);

18.     WHEREAS, Local 353 and Xiaobin Cai each concluded that, by jointly serving as Lead Plaintiff in the Actions, they could provide the Class with two strategic advantages that allow them to assert the broadest set of claims against Defendants.  First, by virtue of the losses that Local 353 incurred on its purchases of Eargo common stock, including on shares purchased in and/or traceable to Eargo's October 2020 initial public offering, Local 353 has standing to assert claims against Defendants under both the Securities Act and the Exchange Act.  Second, by virtue of the losses that Mr. Cai incurred on his purchases of both Eargo common stock and options on Eargo common stock, Mr. Cai has standing to assert claims against the Eargo Defendants under the Exchange Act on behalf of investors who purchased Eargo common stock and/or options on Eargo common stock.  Accordingly, through their proposed partnership to serve as Lead Plaintiff, Local 353 and Mr. Cai have standing to assert all available securities claims against all culpable parties on behalf of purchasers of Eargo common stock, including shares purchased in and/or traceable to Eargo's initial public offering, and/or options on Eargo common stock, *see* Joint Declaration of Kim Macpherson and Xiaobin Cai in Support of Stipulation and [Proposed] Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions (the "Joint Decl."), ¶4;

19.     WHEREAS, Local 353 and Xiaobin Cai each concluded that a protracted dispute concerning Lead Plaintiff appointment in the Actions is not in the best interests of the Class and

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB                                                                          3

that jointly prosecuting the Actions would be appropriate and assist with the speedy and efficient litigation of the Actions, *see* Joint Decl., ¶4;

20. WHEREAS, Local 353 and Xiaobin Cai agreed to resolve their competing motions and to seek, with the Court's approval, to serve jointly as Lead Plaintiff, *see* Joint Decl., ¶4;

21. WHEREAS, courts in this District, including this Court, routinely appoint co-lead plaintiffs when competing movants have stipulated to work together after the statutory deadline for seeking appointment as lead plaintiff and are not simply joining forces to supplant another competing movant with a potentially larger financial interest, *see, e.g.*, *Kang v. PayPal Holdings, Inc.*, No. 21-cv-06468 (N.D. Cal. Nov. 2, 2021), ECF No. 29 (Breyer, J.) (approving stipulation appointing competing movants as co-lead plaintiffs and approving their selection of co-lead counsel);

22. WHEREAS, Local 353 and Xiaobin Cai each claimed a larger financial interest than any other movant and are therefore not seeking to collaborate for the purpose of aggregating their losses to supplant a competing movant;

23. WHEREAS, Local 353 and Xiaobin Cai have agreed to select the law firms of Bernstein Litowitz and Block & Leviton to serve as Lead Counsel for the Class;

24. WHEREAS, Local 353 and Xiaobin Cai are familiar with the experience, resources, and successes of Bernstein Litowitz and Block & Leviton and are aware that they are both accomplished law firms with significant experience in securities class action litigation and a history of achieving significant recoveries for investors, *see* Joint Decl., ¶8;

25. WHEREAS, Local 353 and Xiaobin Cai are satisfied that, under their supervision, Bernstein Litowitz and Block & Leviton are capable of jointly prosecuting the Class's claims in a manner that will best serve the interests of the Class, particularly given their prior experience working together productively in other securities class action litigation, including in *In re Mattel, Inc. Securities Litigation*, No. 19-cv-10860-MCS-PLA (C.D. Cal.), in which they recently achieved a recovery of $98 million for investors (pending court approval), *see* Joint Decl., ¶8;

26. WHEREAS, as part of an effort to formalize their leadership over this litigation, Local 353 and Xiaobin Cai participated in a conference call and discussed, among other things,

the procedures and protocols they would follow in jointly prosecuting the Class's claims, the benefits the Class would receive from their joint leadership, their desire to maximize the recovery for the Class, their interests in prosecuting the Actions in a collaborative manner, the measures they would employ to facilitate communications between them, and ensuring that the Class's claims will be efficiently and zealously prosecuted through their oversight of their proposed Lead Counsel, Bernstein Litowitz and Block & Leviton, *see* Joint Decl., ¶7;

27. WHEREAS, Local 353 and Xiaobin Cai believe it is in the best interests of the Class for them to work together to efficiently litigate the Actions as Lead Plaintiff, and for their choice of counsel, Bernstein Litowitz and Block & Leviton, to serve as Lead Counsel on behalf of the Class, *see* Joint Decl., ¶¶6-8;

28. WHEREAS, Local 353, a sophisticated institutional investor responsible for managing over CAD$2 billion in assets, and Xiaobin Cai, an experienced private investor, are committed to supervising the conduct of this litigation by their counsel in an independent manner and to ensuring that counsel coordinate appropriately and avoid duplication of effort in the conduct of the litigation, *see* Joint Decl., ¶¶2-3, 5-7; and

29. WHEREAS, Local 353 and Xiaobin Cai agree that consolidation of the Actions is appropriate.

IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, as follows:

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the *Chung* Action and the *Local 353* Action, along with any subsequently filed, removed, or transferred actions that are related to the claims asserted in the Actions are consolidated for all purposes (together, the "Consolidated Action");

2. The Consolidated Action shall be captioned "*In re Eargo, Inc. Securities Litigation*" and the file shall be maintained under Master File No. 3:21-cv-08597-CRB;

3. Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), Local 353 and Xiaobin Cai are appointed as Lead Plaintiff in the Consolidated Action;

4. Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Bernstein Litowitz and Block & Leviton are appointed as Lead Counsel in the Consolidated Action;

IT IS SO STIPULATED.

DATED:  December 20, 2021

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

-and-

JOHN RIZIO-HAMILTON
(johnr@blbglaw.com)
HANNAH ROSS
(hannah@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
SCOTT R. FOGLIETTA
(scott.foglietta@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 554-1400
Fax:     (212) 554-1444

*Counsel for Proposed Lead Plaintiff IBEW Local 353 Pension Plan and Proposed Lead Counsel for the Class*

DATED:  December 20, 2021

**BLOCK & LEVITON LLP**

*/s/ Jacob A. Walker*
JACOB A. WALKER (Bar No. 271217)
(jake@blockleviton.com)
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel:     (617) 398-5600
Fax:     (617) 507-6020

*Counsel for Proposed Lead Plaintiff Xiaobin Cai and Proposed Lead Counsel for the Class*

*          *          *

**[PROPOSED] ORDER GRANTING STIPULATION**

Pursuant to stipulation and for good cause shown, IT IS SO ORDERED.

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB                                                                                        6

IT IS SO ORDERED:

DATED: __January 5, 2022_____

_____

THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-08597-CRB                                                              7

# EXHIBIT 10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**EMPLOYEES' RETIREMENT FUND OF THE CITY OF FORT WORTH,**

**Plaintiff,**

**v.**

Civil Action No. 3:21-cv-444

**JAMES RIVER GROUP HOLDINGS, LTD.,** *et al.,*

**Defendants.**

## <u>ORDER</u>

This matter comes before the Court on Employees' Retirement Fund of the City of Fort Worth, dba Fort Worth Employees' Retirement Fund ("Fort Worth"), and the City of Miami General Employees' and Sanitation Employees' Retirement Trust's ("Miami") Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Counsel (the "Motion"). (ECF No. 16.)

For good cause shown, and without objection, it is hereby ORDERED that:

1.     The Motion is GRANTED.

2.     Fort Worth and Miami are APPOINTED to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned action and all related actions consolidated pursuant to paragraph 5 of this Order.

3.      Fort Worth's and Miami's selection of Lead Counsel is APPROVED and Saxena

White P.A. and Bernstein Litowitz Berger & Grossman LLP are APPOINTED as Lead

Counsel for the Class.

4.      Fort Worth's and Miami's selection of Liaison Counsel is APPROVED and Cohen

Milstein Sellers & Toll PLLC is APPROVED as Liaison Counsel for the Class.

5.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any subsequently

filed, removed, or transferred actions related to the claims asserted in the above-captioned

action are CONSOLIDATED for all purposes.

6.      The action shall be captioned "*In re James River Group Holdings, Ltd. Securities*

*Litigation,*" and the file shall be maintained under Master File No. 3:21-cv-444.

Let the Clerk file this Order electronically, notifying all counsel of record.

It is SO ORDERED.

_____
/s/
M. Hannah Lauck
United States District Judge

Date: 09/22/2021
Richmond, Virginia

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MENDI YOSHIKAWA, *et. al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-00194-N |
| | § | |
| EXXON MOBIL CORP., *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Plaintiffs Mark Llano, Steven J. Rando, and the State of Rhode Island ("Rhode Isand") and Amalgamated Bank (collectively, "Plaintiffs") motions to consolidate this case with *Martin J. Bentler et. al. v. Exxon Mobil Corporation et. al.*, No. 3:21-CV-00335, appoint lead plaintiff, and approve lead plaintiff's counsel [14], [17], [20]. Because Rhode Island and Amalgamated Bank have the largest financial interest, the Court grants their motion, appoints Rhode Island and Amalgamated Bank jointly as lead plaintiff, and approves their selection of counsel.

### I. ORIGINS OF THE MOTION

This motion arises out of two federal securities class actions. Plaintiff Mendi Yoshikawa filed a complaint against Exxon Mobil Corporation, Darren Woods, Andrew Swiger, and David Rosenthal (collectively, "Defendants") asserting violations of the Exchange Act and purporting to represent a class of harmed parties. Subsequently Plaintiff Martin J. Bentler filed a substantially similar complaint against the Defendants asserting the same violations of the Exchange Act purporting to represent a marginally different

ORDER – PAGE 1

class. Plaintiffs each filed motions to consolidate the two cases and appoint a lead plaintiff.

Llano has since noted that he does not oppose Rhode Island and Amalgamated Bank's

motion.

## II. LEGAL STANDARD FOR CONSOLIDATION

A court may consolidate cases when there is "a common question of law or fact."

FED. R. CIV. P. 42(a)(2). Once a motion to consolidate meets this threshold requirement,

"then whether to grant the motion becomes an issue of judicial discretion." *Pedigo v.

Austin Rumba, Inc.*, No. A-08-CA-803-JRN, 2010 WL 2730463, at *1 (W.D. Tex. June 24,

2010) (quoting *In re Settoon Towing LLC,* No. 07–1263, 2008 WL 594556, at *1 (E.D. La.

Feb. 28, 2008)). Courts weighing whether to consolidate actions may consider "(1)

whether the actions are pending before the same court; (2) whether the actions involve a

common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of

inconsistent adjudications of common factual or legal questions if the matters are tried

separately; (5) whether consolidation will reduce the time and cost of trying the cases

separately; and (6) whether the cases are at the same stage of preparation for trial." *RTIC

Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-CV-907-RP, 2017 WL 5244173, at *2

(W.D. Tex. Jan. 18, 2017). "Federal district courts have very broad discretion in deciding

whether or not to consolidate." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir.

1993).

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), courts shall

appoint the most adequate plaintiff as lead plaintiff "as soon as practicable" after a decision

is rendered on the motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(ii). There is a

ORDER – PAGE 2

presumption that the most adequate plaintiff is one who (1) has either filed the complaint or who has made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### III. THE COURT GRANTS THE MOTION TO CONSOLIDATE

No one disputes that the two cases should be consolidated.  *See* Notice of Non-Opposition [24]; Joint Stipulation [27].  Both cases involve the same claims against the same defendants before the same court.  As such, the Court grants the motion to consolidate.

The Court thus turns to the appointment of a lead plaintiff.  As a preliminary matter, Llano admits that he is not the most adequate plaintiff.  Notice of Non-Opposition [24].  As such, his motion is denied as moot.  Thus, the only contention is whether Rando or Rhode Island and Amalgamated Bank is the most adequate plaintiff for the consolidated action.  The Court determines here the Rhode Island and Amalgamated Bank should be appointed lead plaintiff.  Together, Rhode Island and Amalgamated have the largest financial interest in the relief sought by the class.  Additionally, Rhode Island and Amalgamated Bank satisfy the requirements of Rule 23.

### CONCLUSION

The Court grants the motion to consolidate.  Pursuant to Federal Rule of Civil Procedure 42(a) Civil Action No. 3:21-CV-00335-N, *Martin J. Bentler et. al. v. Exxon Mobil Corporation et. al.*, is consolidated with Civil Action No. 3:21-CV-00194-N, *Mendi Yoshikawa et. al. v. Exxon Mobil Corporation et. al.*  Pursuant to L.R. 42.1, all pleadings,

ORDER – PAGE 3

motions, or other papers will be filed in Civil Action No. 3:21-CV-00194-N.  The clerk of

the court shall administratively close 21-CV-00335-N for statistical purposes.

Signed June 10, 2021.

David C. Godbey
United States District Judge

ORDER – PAGE 4