**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Counsel for Proposed Lead Plaintiff*
*Universal and ACATIS, and*
*Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE KANGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON,<br><br>Defendants. | Case No. 3:23-cv-02082-LL-MMP<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF UNIVERSAL AND ACATIS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>Date:  February 13, 2024<br>Dept.: Courtroom 5D, 5th Floor<br>Judge: Hon. Linda Lopez<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

*Caption continued on next page*

MEMORANDUM IN FURTHER SUPPORT
CASE NO. 3:23-CV-02082-LL-MMP

| | |
|---|---|
| ANAND ROY, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:23-cv-02327- LL-MMP |
| Plaintiff, | CLASS ACTION |
| v. | |
| ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON, | |
| Defendants. | |
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, on behalf of itself and all others similarly situated, | Case No. 3:23-cv-02328-LL-MMP |
| Plaintiff, | CLASS ACTION |
| v. | |
| ILLUMINA, INC., FRANCIS A. DESOUZA, JOHN THOMPSON, SAM A. SAMAD, and JOYDEEP GOSWAMI, | |
| Defendants. | |

MEMORANDUM IN FURTHER SUPPORT
CASE NO. 3:23-CV-02082-LL-MMP

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .......................................................................... ii

I.     PRELIMINARY STATEMENT ....................................................... 1

II.    ARGUMENT .................................................................................. 4

    A.    Universal and ACATIS Are The Most Adequate Plaintiff .................. 4

        1.    Universal and ACATIS Have the Largest Financial Interest ..... 4

        2.    Universal and ACATIS Satisfy the Requirements of Rule 23 ................................................................................................ 6

    B.    Universal's and ACATIS's Selection of Lead Counsel Should Be Approved ............................................................................. 8

    C.    The Competing Motions Should Be Denied .......................................... 9

III.   CONCLUSION ............................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Bruce v. Suntech Power Holdings Co.*,
  2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ................................................6, 7

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...........................................................4, 9, 10

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align
  Tech., Inc.*,
  2013 WL 2368059 (N.D. Cal. May 29, 2013)........................................................6

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ...........................................................................9

*Doherty v. Pivotal Software, Inc.*,
  2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) ......................................................5

*Hessefort v. Super Micro Comput. Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018)................................................................5

*Huang v. Depomed, Inc.*,
  289 F. Supp. 3d 1050 (N.D. Cal. 2017).................................................................5

*Lax v. First Merchs. Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ........................................................5

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021) ..............................................................4, 8, 9, 10

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
  2022 WL 3571995 (N.D. Cal. July 26, 2022) ..............................................2, 3, 8

*Perlmutter v. Intuitive Surgical, Inc.*,
  2011 WL 566814 (N.D. Cal. Feb. 15, 2011) .......................................................5

*Weston v. DocuSign*,
  2022 WL 1301770 (N.D. Cal. Apr. 18, 2022).....................................................10

STATUTES

15 U.S.C. § 78u-4 *et seq.* .................................................................*passim*

Presumptive Lead Plaintiff Universal and ACATIS respectfully submit this memorandum of points and authorities in further support of their motion for appointment as Lead Plaintiff, approval of their selection of Lead Counsel, and consolidation of the Related Actions (*see* ECF No. 12), and in opposition to the competing motions (*see* ECF Nos. 8, 9, 10).[1]

## I.   PRELIMINARY STATEMENT

Universal and ACATIS—two sophisticated, multi-billion-dollar institutions—are the presumptive Lead Plaintiff in this case by virtue of the more than $35 million in losses, as calculated on a LIFO basis, that they incurred on their Class Period investments in Illumina common stock and their unquestioned adequacy to prosecute this important action.  In addition to Universal and ACATIS, three other Illumina investors or investor groups sought appointment as Lead Plaintiff: KBC Asset Management NV ("KBC"); Wayne County Employees' Retirement System, Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, Macomb County Intermediate Retirees Medical Benefits Trust, and Jackson County Employees' Retirement System (collectively, the "Retirement Systems"); and Camelot Event Driven Fund, A Series of Frank Funds Trust ("Camelot").

Universal and ACATIS are the "most adequate plaintiff" under the PSLRA because they have the "largest financial interest" in the Illumina securities litigation and satisfy the typicality and adequacy requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As demonstrated by the chart below, Universal's and ACATIS's loss is ***more than twice the size*** of the loss incurred by the next largest movant, as

---

[1] All capitalized terms are defined in Universal's and ACATIS's opening brief, unless otherwise indicated.  *See* ECF No. 12-1.  All emphasis is added and all internal citations are omitted unless noted.  All movants and Defendants agree that consolidation of the above-captioned actions is appropriate.  *See* ECF Nos. 8-1 at 4; 9-1 at 4-5; 10-1 at 5-6; 21 at 1.

calculated on a LIFO basis.  Indeed, Universal's and ACATIS's LIFO loss is more than the losses asserted by all other movants ***combined***.



Universal and ACATIS also purchased more shares on a gross and net basis, and had larger net expenditures than any competing movant.  Moreover, Universal alone has a larger financial interest than any competing movant, a fact that courts in this Circuit have found to be determinative in considering the total financial interest of the Lead Plaintiff group.  *See Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022).  In recognition that Universal and ACATIS have the largest financial interest of any movant and are otherwise adequate to represent the Class, competing movant Camelot stated it does not oppose Universal's and ACATIS's appointment as Lead Plaintiff.  *See* ECF No. 22 at 1.

Universal and ACATIS, two institutional investors based in Germany with a decades-long relationship, also satisfy the typicality and adequacy requirements of Rule 23 and are perfectly situated to represent all Class members.  Universal and ACATIS submitted a Joint Declaration with their Motion attesting that, based on their significant investments and losses in Illumina common stock, each is strongly motivated to recover the losses they incurred as a result of Defendants' alleged

violations of the United States securities laws. *See* ECF No. 12-5 ¶ 7. Indeed, Universal's and ACATIS's decision to join together to prosecute this action followed from Universal's and ACATIS's 27-year-long relationship and their roles as fiduciaries, as well as their shared concerns regarding the integrity of the public markets, the governance of large public companies, self-dealing by corporate fiduciaries, and the interests of the institutional investor community more broadly. *See id.* ¶¶ 6-7. The decision to partner in seeking appointment as Lead Plaintiff was further informed by Universal's and ACATIS's experience serving as a lead plaintiff in other securities class actions, including cases in which they worked together with other institutional investors and supervised the work of lead counsel. *See id.* ¶¶ 2-4, 8; *see also Meta*, 2022 WL 3571995, at *3 (appointing a lead plaintiff group of "sophisticated institutional investors" who "will appropriately supervise counsel"). Further, Universal and ACATIS are sophisticated institutional investors that fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake the responsibilities entailed in serving as Lead Plaintiff including, among other things, conferring with counsel regarding litigation strategy and other matters, attending depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents, to ensure vigorous prosecution of this action. *See* ECF No. 12-5 ¶¶ 2-4, 9-14; *see also Meta*, 2022 WL 3571995, at *3 (appointing a lead plaintiff group after being "persuaded from reviewing their joint declaration").

Pursuant to the PSLRA, there is a strong presumption that Universal and ACATIS are the "most adequate plaintiff" because they have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "***upon proof***" that Universal and ACATIS are atypical or inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, there are no facts, let alone any "proof," suggesting that Universal and ACATIS are unfit to represent the Class.  To the contrary, Universal and ACATIS are sophisticated institutions that collectively oversee approximately 568 billion euros in assets, have more than adequate resources available to devote to this litigation, and have significant experience acting as fiduciaries and overseeing the work of outside counsel in complex litigation, including securities class action litigation.  *See* ECF No. 12-5 ¶¶ 2-4, 6.  Accordingly, Universal and ACATIS should be appointed Lead Plaintiff and their Motion should otherwise be granted.

## II.   ARGUMENT

### A.   Universal and ACATIS Are The Most Adequate Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  At this stage, the presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy" under Rule 23.  *In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002).  Once this presumption attaches, it can only be rebutted "upon proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("The statute requires proof that the presumptive lead plaintiff is not adequate."); *Cavanaugh*, 306 F.3d at 732 (explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "more typical [] more adequate . . . [or] would do a better job").

#### 1.   Universal and ACATIS Have the Largest Financial Interest

Universal and ACATIS have, by far, the largest financial interest in the relief sought by the Class.  Consistent with Ninth Circuit precedent, courts in this District and Circuit equate a movant's financial interest in the litigation with its financial loss.  *See, e.g.*, *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead

plaintiff status."); *Hessefort v. Super Micro Comput. Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure."); *see also Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at *10 (N.D. Cal. Feb. 15, 2011) ("In calculating the approximate losses suffered, courts have used the last in, first out (LIFO) method . . . .").

As illustrated below, Universal's and ACATIS's LIFO loss of over $35 million is greater than the movant with the next largest loss, KBC. Indeed, Universal's and ACATIS's loss is greater than the losses of all competing movants *combined*.

Moreover, Universal and ACATIS also have the largest financial interest based on other factors courts consider in making that determination, having purchased the most total shares, purchased the most net shares, and expended the most net funds. *See Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).

| Movant(s) | LIFO Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| **Universal and ACATIS** | **$35,084,945** | **290,104** | **95,838** | **$40,708,025** |
| KBC | $16,736,945 | 257,028 | 18,795 | $18,537,524 |
| Retirement Systems | $4,911,108 | 47,180 | 20,363 | $3,325,532 |
| Camelot | $260,648 | 25,000 | 25,000 | $4,560,924 |

Moreover, Universal alone incurred a loss of over $22.6 million, which is nearly *one-and-a-half times* the size of KBC's reported loss. *See Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (appointing group of investors as lead plaintiff because one group member "has the largest interest of any movant" and noting that "[o]ther courts have found this sufficient to appoint a group as lead plaintiff") (collecting cases); *Doherty v. Pivotal Software, Inc.*, 2019 WL

5864581, at *6 (N.D. Cal. Nov. 8, 2019) (appointing group where one member had the largest financial interest of any movant and noting that "[c]ourts in the Ninth Circuit have held that it is not necessary for members of a group to aggregate themselves in order to overcome the largest financial interest requirement if one of the group's members could meet that requirement by itself"); *Bruce v. Suntech Power Holdings Co.*, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing group that had the largest financial interest, both as a whole and as to one member individually).

As such, there can be no credible dispute that Universal and ACATIS have the "largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.   Universal and ACATIS Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Universal and ACATIS satisfy the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  To overcome the strong presumption entitling Universal and ACATIS to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is atypical or inadequate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in their opening brief, Universal and ACATIS are typical Class members.  *See* ECF No. 12-1 at 7-8.  Like all other Class members, Universal and ACATIS (1) purchased Illumina common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth was revealed.  *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013).  As such, Universal and ACATIS are typical Class representatives.

Universal and ACATIS also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class."  15

U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).    Universal and ACATIS have submitted evidence of their ability to direct this litigation jointly and in the best interests of the Class.  *See generally* ECF No. 12-5; *see also Suntech Power*, 2012 WL 5927985, at *3 (appointing as lead plaintiff a group of investors that "submitted a joint declaration attesting that each [group member] is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class").  As set forth in their Joint Declaration, Universal and ACATIS are sophisticated institutional investors with a 27-year-long business relationship.  *See* ECF No. 12-5 ¶ 6.  Indeed, the Universal Investment Group and ACATIS provide each other with certain fund administration and portfolio management services.  This includes fund administration services that Universal Gesellschaft provides for certain of the ACATIS funds that incurred losses on investments in Illumina common stock.  *See id.*  Further, Universal and ACATIS have significant experience acting as fiduciaries and overseeing outside counsel in complex litigation, including experience overseeing securities class action litigation.  *See id.* ¶¶ 2-4, 6, 12.

Universal and ACATIS are dedicated to overseeing their proposed Lead Counsel's prosecution of this action, and ensuring that the action is litigated in the best interests of all Class members.  *See id.* ¶¶ 6, 10-13.  After Bernstein Litowitz, on behalf of its client Louisiana Sheriffs, filed a complaint expanding the Class Period and broadening the scope of the allegations against Defendants, Universal and ACATIS began discussions with each other regarding the claims and their options to recover their significant losses.  *See id.* ¶ 8.  Following these discussions, Universal and ACATIS decided on their own to partner in seeking appointment as Lead Plaintiff in this action.  *See id.*

The determination by Universal and ACATIS to jointly prosecute this case was further informed by Universal's and ACATIS's experience litigating securities class actions as part of groups of institutional investors and supervising the work of lead counsel.  *See id.* ¶¶ 2-4, 6.  As such, Universal and ACATIS understand and

accept the duties and responsibilities of the Lead Plaintiff owed to other Class members and are fully committed to monitoring the prosecution of this action in the best interest of the Class. *See id.* ¶¶ 6, 11, 14.

Such cooperation between institutional investors is expressly permitted by the PSLRA, and has become typical in important securities class actions like this one. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id.* § 78u-4(a)(3)(B)(i); *see also Mersho*, 6 F.4th at 903 n.4 ("[It] is clear from the statutory language" that "group[s] can serve as lead plaintiff."); *see also Meta*, 2022 WL 3571995, at *4 (appointing group of institutional investors as lead plaintiff).

Further, there is no conflict of interest between Universal's and ACATIS's interests and those of the other Class members. To the contrary, the interests of Universal, ACATIS, and other Class members are directly aligned because all suffered damages from their purchases of Illumina common stock that was artificially inflated by Defendants' misconduct. As discussed above, Universal and ACATIS clearly have a sufficient interest to ensure the vigorous prosecution of this litigation, and have the experience and resources to prosecute this action efficiently and in the best interests of the Class. Thus, Universal and ACATIS have both the incentive and ability to supervise and monitor counsel.

Universal and ACATIS have further demonstrated their adequacy through their selection of Bernstein Litowitz—counsel that is highly capable and experienced in prosecuting securities class actions and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

**B.    Universal's and ACATIS's Selection of Lead Counsel Should Be Approved**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the PSLRA provides that the Lead Plaintiff's choice of counsel should not be disturbed unless it is necessary to protect the interests of the Class.

*See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Here, Universal and ACATIS have selected Bernstein Litowitz as Lead Counsel for the Class. Bernstein Litowitz is among the preeminent class action law firms in the country and has recovered over $40 billion for investors in securities class actions and obtained groundbreaking corporate governance reforms. *See* ECF No. 12-8. Bernstein Litowitz has significant experience successfully prosecuting federal securities class actions, and is eminently qualified to represent the Class in this action. For example, Bernstein Litowitz recovered $1.05 billion for investors in *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.), which is the largest securities class action settlement ever achieved in the Ninth Circuit. *See* ECF No. 12-1 at 13-14. Bernstein Litowitz also recovered $480 million for investors in *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.). *See id.* Outside this District, Bernstein Litowitz has secured several of the largest recoveries ever achieved under the PSLRA.[2] Accordingly, the Lead Counsel selected by Universal and ACATIS should be approved.

### C.    The Competing Motions Should Be Denied

Because Universal and ACATIS have met all of the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions. Under the PSLRA, *Cavanaugh*, and *Mersho*, the inquiry ends with Universal's and ACATIS's appointment and no further analysis of the competing motions is

---

[2] For example, Bernstein Litowitz recovered over $6 billion for the class in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), $1.06 billion for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), and $1 billion for the class in *In re Wells Fargo & Company Securities Litigation*, No. 20-cv-4494 (S.D.N.Y). *See id.*

permitted. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 729 n.2 ("[T]he statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23.") (ellipsis in original); *Mersho*, 6 F.4th at 901 (explaining that unsupported speculation "does not comport with the burden-shifting process Congress established in the PSLRA," under which "competing movants must point to evidence"); *see also Weston v. DocuSign*, 2022 WL 1301770, at *4 (N.D. Cal. Apr. 18, 2022) ("Proof is key—the presumption may not be set aside for any reason that the court may deem sufficient."). This, without more, is sufficient to deny the competing movants' motions under the PSLRA's "straightforward" and sequential lead plaintiff selection process. *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status[.]"). The denial of the competing movants' motions is particularly appropriate here given the vastly superior financial interest asserted by Universal and ACATIS. *See Mersho*, 6 F.4th at 901 n.3 (stating that appointment of an investor with significantly lower losses than members of a group was "troubling"). As a result, the remaining competing motions should be denied.

## III.   CONCLUSION

For the reasons discussed above and in their opening Motion, Universal and ACATIS respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Bernstein Litowitz as Lead Counsel for the Class, consolidate the Related Actions, and grant any such further relief as the Court may deem just and proper.

Dated:  January 30, 2024

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

-and-

Gerald H. Silk *(pro hac vice forthcoming)*
(jerry@blbglaw.com)
Avi Josefson *(pro hac vice forthcoming)*
(avi@blbglaw.com)
Scott R. Foglietta (*pro hac vice forthcoming*)
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:   (310) 819-3470

MEMORANDUM IN FURTHER SUPPORT
CASE NO. 3:23-cv-02082-LL-MMP