**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Counsel for Proposed Lead Plaintiff Universal and ACATIS, and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE KANGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>         v.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON,<br><br>                         Defendants. | Case No. 3:23-cv-02082-LL-MMP<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF UNIVERSAL AND ACATIS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**<br><br>Date: February 13, 2024<br>Dept.: Courtroom 5D, 5th Floor<br>Judge: Hon. Linda Lopez<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

*Caption continued on next page*

| | |
|---|---|
| ANAND ROY, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:23-cv-02327-LL-MMP |
| Plaintiff, | CLASS ACTION |
| v. | |
| ILLUMINA, INC., FRANCIS A. DESOUZA, and JOHN THOMPSON, | |
| Defendants. | |
| LOUISIANA SHERIFFS' PENSION & RELIEF FUND, on behalf of itself and all others similarly situated, | Case No. 3:23-cv-02328-LL-MMP |
| Plaintiff, | CLASS ACTION |
| v. | |
| ILLUMINA, INC., FRANCIS A. DESOUZA, JOHN THOMPSON, SAM A. SAMAD, and JOYDEEP GOSWAMI, | |
| Defendants. | |

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

I.      PRELIMINARY STATEMENT ...................................................................1

      A.      Universal And ACATIS Are The Presumptive Lead Plaintiff .............3

      B.      KBC Fails To Provide "Proof" To Rebut The Presumption..................3

            1.      Universal and ACATIS Were Aware Of The *Symantec* Order .................................................................................4

            2.      The Class Period Asserted In The *Louisiana Sheriffs* Complaint Controls At This Stage Of The Litigation ................6

II.     CONCLUSION......................................................................................10

# TABLE OF AUTHORITIES

**CASES**                                                                                                           **PAGES**

*Bodri v. GoPro, Inc.*,
   2016 WL 1718217 (N.D. Cal. Apr. 28, 2016)................................................................8

*In re BP, PLC Sec. Litig.*,
   758 F. Supp. 2d 428 (S.D. Tex. 2010)..........................................................................8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................................3

*In re Centerline Holding Co. Sec. Litig.*,
   2008 WL 1959799 (S.D.N.Y. May 5, 2008)..................................................................8

*Cook v. Allergan PLC*,
   2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019)..............................................................10

*Deering v. Galena Biopharma, Inc.*,
   2014 WL 4954398 (D. Or. Oct. 3, 2014).......................................................................9

*Hardy v. MabVax Therapeutics Holdings*,
   2018 WL 4252345 (S.D. Cal. Sept. 6, 2018)...........................................................6, 7, 8

*Huang v. Depomed Inc.*,
   289 F. Supp. 3d 1050 (N.D. Cal. 2017).........................................................................3

*Lloyd v. CVB Fin. Corp.*,
   811 F.3d 1200 (9th Cir. 2016) ..................................................................................9, 10

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021) .................................................................................1, 3, 4

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
   2022 WL 3571995 (N.D. Cal. July 26, 2022) ...............................................................5

*Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*,
   256 F.R.D. 620 (E.D. Wis. 2009) .................................................................................8

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
   2022 WL 409702 (N.D. Cal. Feb. 10, 2022)..................................................................6

*Torres v. Wells Fargo Bank, N.A.*,
   2019 WL 7169790 (C.D. Cal. Sept. 27, 2019) ......................................................7

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..........................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .........................................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4) .........................................................................................10

## I.      PRELIMINARY STATEMENT

With losses of over $35 million, Universal and ACATIS—sophisticated institutional investors with experience overseeing counsel and a decades-long relationship that predates the filing of their Motion—are entitled to appointment as Lead Plaintiff in this action.[1]  KBC, the only movant to challenge Universal's and ACATIS's appointment, concedes as much, explaining that "Universal and ACATIS . . . claim the largest losses under the" longest-filed class period and "Universal and ACATIS are thus the presumptive lead plaintiffs."  ECF No. 25 at 5-6.

To rebut that presumption, the PSLRA and controlling Ninth Circuit precedent require KBC to proffer "proof," not mere speculation, that Universal and ACATIS "will not fairly and adequately protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Indeed, in the Ninth Circuit, "competing movants must point to ***evidence of inadequacy***," in order to rebut the presumption.  *In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021).  Here, KBC provides only speculation and innuendo—far from the level of "proof" necessary to rebut the PSLRA presumption.

First, KBC raises hypothetical questions about whether Universal and ACATIS were informed of an order issued by a court in an unrelated action against Symantec Corporation, directing Bernstein Litowitz to bring that order to the attention of any court when seeking appointment as class counsel (the "*Symantec* Order").  *See* ECF No. 25 at 1-2.  This argument, on its face, has nothing to do with the adequacy and typicality of Universal and ACATIS, as the obligations under the *Symantec* Order lie on their counsel, Bernstein Litowitz.  But KBC needed to look no further than Universal's and ACATIS's opening brief, which states that "Universal and ACATIS are aware of the order, and affirm their selection of Bernstein Litowitz as proposed Lead Counsel."  ECF No. 12-1 at 15 n.7.  For the

---

[1]  All capitalized terms are defined in Universal's and ACATIS's opening and opposition briefs, unless otherwise indicated.  *See* ECF Nos. 12-1, 24.  All emphasis is added and all internal citations are omitted unless noted.

avoidance of doubt, Universal and ACATIS are submitting herewith a sworn declaration stating that Bernstein Litowitz notified them of the *Symantec* Order, on more than one occasion, including in writing, prior to filing their Lead Plaintiff motion. *See* Ex. A.[2] KBC's speculation is irrelevant to the appointment of Universal and ACATIS and, in any event, belied by the evidence before the Court. Universal's and ACATIS's counsel subsequently conferred with KBC's counsel and notified them that Universal and ACATIS were aware of the *Symantec* Order. KBC has filed a brief acknowledging that this is no longer an issue because Universal and ACATIS have "answer[ed] those particular questions." ECF No. 26 at 1.

Second, KBC contends that "the *Louisiana Sheriffs* complaint lacks plausibility" by speculating that "the class period in *Louisiana Sheriffs* may have been artificially extended." ECF No. 25 at 4, 6. As with KBC's first argument, this contention—even if true—would not rebut the presumption that Universal and ACATIS should be appointed Lead Plaintiff. If the Court did not apply the class period in *Louisiana Sheriffs*, the class period in *Roy* would control, and Universal and ACATIS have the largest loss in the *Roy* period. But there is no reason to disregard the well-pleaded allegations in *Louisiana Sheriffs*. KBC does not actually contest that *Louisiana Sheriffs* alleges actionable misstatements throughout the class period, and complains only about the partial corrective disclosures pleaded in the *Louisiana Sheriffs* complaint. The assessment of those corrective disclosures, which relates to the issue of loss causation, has no bearing on the dates that define the class period or the losses that should be considered when determining the financial interest of Lead Plaintiff movants. No movant disputes that in the *Louisiana Sheriffs* class period (as well as the next-longest *Roy* class period) Universal and ACATIS have the largest financial interest. *See* ECF Nos. 22-23, 25. As a result, Universal and

---

[2] References to "Ex. _" are to the Reply Declaration of Jonathan D. Uslaner.

ACATIS are entitled to appointment as Lead Plaintiff in this action.[3]

**A.   Universal And ACATIS Are The Presumptive Lead Plaintiff**

Universal and ACATIS have the "largest financial interest" and have made a *prima facie* showing of their adequacy and typicality, and are thus entitled to the PSLRA's presumption. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  There is no question that Universal and ACATIS have the largest financial interest in the relief sought by the Class under the longest-filed class period asserted in the *Louisiana Sheriffs* action, as well as in the class period asserted in the *Roy* action.  *See* ECF No. 25 at 4-5.  In fact, Universal's and ACATIS's loss in the *Louisiana Sheriffs* class period is $18.3 million larger than KBC's loss, as calculated on a LIFO basis.  *See* ECF No. 24 at 5.  Moreover, Universal's LIFO loss, alone, is more than $5.9 million larger than KBC's LIFO loss.  *See id.*; *see also Huang v. Depomed Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (appointing group of investors because one member of the group alone "has the largest interest of any movant").

Universal and ACATIS, through their "pleadings and declarations," have also made the requisite *prima facie* showing that they are an adequate and typical Class representative.  *Mersho*, 6 F.4th at 899.  Accordingly, Universal and ACATIS are the presumptive Lead Plaintiff under step two of the PSLRA's three-step process.  To rebut that presumption at step three, KBC must offer "proof" that Universal and ACATIS will not adequately represent the Class.  *Id.*  KBC fails to do so.

**B.   KBC Fails To Provide "Proof" To Rebut The Presumption**

Once the presumption attaches, "[t]he next step in the process is for the district court to give the other plaintiffs an opportunity to present evidence rebutting the presumption." *In re Cavanaugh*, 306 F.3d 726, 739 (9th Cir. 2002).  To overcome

---

[3] Universal and ACATIS have standing to assert claims on behalf of their funds, and no movant contests their standing. *See* ECF No. 12-1 at 8-9 n.6.  That they are based outside the U.S. has no bearing on their ability to serve as Lead Plaintiff, and they have submitted a declaration stating that they will participate fully in the litigation. *See* ECF No. 12-5 ¶¶ 2-4, 11, 14.

the strong presumption in favor of appointing Universal and ACATIS, KBC must offer "proof," not mere speculation, that Universal and ACATIS "will not fairly and adequately protect the interests of the class." *Mersho*, 6 F.4th at 899 ("The statute requires proof that the presumptive lead plaintiff is not adequate."). KBC's arguments fail because they do not provide the proof necessary to rebut the presumption. Moreover, KBC's arguments are refuted by the evidence provided by Universal and ACATIS or misapply the law.

### 1. Universal and ACATIS Were Aware Of The *Symantec* Order

KBC questions whether Universal and ACATIS were provided with the *Symantec* Order prior to seeking appointment as Lead Plaintiff. *See* ECF No. 25 at 1-2. This contention has no bearing on the selection of Lead Plaintiff, as it has nothing to do with the adequacy and typicality of Universal and ACATIS. Indeed, any hypothetical failure to comply with the *Symantec* Order would only implicate Bernstein Litowitz, and not Universal and ACATIS.[4] Further, KBC has now stated that it no longer questions whether Universal and ACATIS had been apprised of the *Symantec* Order prior to filing their motion. *See* ECF No. 26 at 1.

Although KBC is now satisfied that Universal and ACATIS were provided with the *Symantec* Order, Universal and ACATIS nevertheless feel compelled to respond to KBC's arguments. As Universal and ACATIS set forth in their opening brief, they were "aware of the order" and "affirm[ed] their selection of Bernstein Litowitz as proposed Lead Counsel." ECF No. 12-1 at 15 n.7. That assertion is sufficient to verify compliance with the *Symantec* Order, and numerous courts have appointed Bernstein Litowitz clients as lead plaintiffs based on similar assertions.

---

[4] It is for this reason that Bernstein Litowitz disclosed the *Symantec* Order to the Court in the brief in support of Universal's and ACATIS's motion for appointment as Lead Plaintiff—a brief signed by Bernstein Litowitz. The fact that KBC takes issue with the method of disclosure is suspect given that the *Symantec* Order was disclosed in the same way in a case in which KBC serves as a co-lead plaintiff and Bernstein Litowitz serves as co-lead counsel. *See* Ex. B at 15 n.7.

*See* ECF No. 12-10.  For the avoidance of doubt, Universal and ACATIS have submitted a Supplemental Joint Declaration, stating that the Universal and ACATIS personnel who are responsible for retaining counsel in securities matters were apprised, on more than one occasion, of the *Symantec* Order.  *See* Ex. A ¶¶ 5-7.  *See Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *3 (N.D. Cal. July 26, 2022) ("a sworn declaration . . . trumps speculation").

Ignoring the evidence before the Court, KBC points to two other cases in which Bernstein Litowitz served as lead counsel (and in which Universal and ACATIS had no involvement) to speculate whether Universal and ACATIS were made aware of the *Symantec* Order.  *See* ECF No. 25 at 3-4.  These cases, which KBC mischaracterizes, have no bearing on the appointment of the Lead Plaintiff in this case.  In *Nykredit Port. Admin. v. ProPetro Holding Corp.*, No. 7:19-cv-217 (W.D. Tex.), Bernstein Litowitz disclosed the *Symantec* Order to its clients and instructed its co-counsel to do the same for its own clients, which Bernstein Litowitz did not represent.  *See* Ex. C at 2-4; Ex. D at 3-4.  Bernstein Litowitz only later learned that its co-counsel had neglected to make the required disclosure.  *See* Ex. D at 4.  Once Bernstein Litowitz found out, it took all necessary steps to inform the Court.  *See id.*; Ex. C at 4-5.  Further, all plaintiffs affirmed their selection of Bernstein Litowitz as co-lead counsel after being apprised of the *Symantec* Order.  *See* Ex. C at 4-5; Ex. D at 3-4.  The court certified the class for settlement purposes, appointed Bernstein Litowitz as class counsel, and approved the settlement.[5]

*In re AMC Ent. Holdings, Inc. S'holder Litig.*, C.A. No. 2023-0215-MTZ (Del. Ch.), involved an expedited matter in Delaware Chancery Court, in which Bernstein Litowitz represented investors seeking a preliminary injunction to block amendments to AMC's company charter.  Because the case was not a PSLRA class

---

[5] Defendants ultimately withdrew all arguments they made in *ProPetro*.  *See* Ex. E at 17, 35; Ex. F at 8 ("all motions in the Action pending before the Court . . . are deemed withdrawn").

action, there was neither a lead plaintiff motion nor a contested motion for class certification outside of settlement approval—the procedural stages at which the *Symantec* Order is typically disclosed to the court.  When the court belatedly learned of the *Symantec* Order during the settlement process, it criticized the fact that the *Symantec* Order was not disclosed earlier, but nonetheless approved the settlement and, in certifying a settlement class, certified Bernstein Litowitz as class counsel.

Since the *Symantec* Order was issued in April 2020, courts have appointed Bernstein Litowitz as lead or class counsel in securities class actions at least 29 times after being apprised of the *Symantec* Order, and none have rejected Bernstein Litowitz.  *See* ECF No. 12-10.  This includes the *Symantec* court, where Judge Alsup not only allowed Bernstein Litowitz to continue as class counsel, but complimented the "good job" Bernstein Litowitz did on behalf of the class and granted final approval of a $70 million settlement.  *See* Ex. G at 18; *see also SEB Inv. Mgmt. AB v. Symantec Corp.*, 2022 WL 409702, at *9 (N.D. Cal. Feb. 10, 2022).

In any event, the only ***evidence*** before the Court demonstrates that Universal and ACATIS were aware of the *Symantec* Order and affirm their selection of Bernstein Litowitz as Lead Counsel.  *See* Ex. A ¶ 8.

### 2.   The Class Period Asserted In The *Louisiana Sheriffs* Complaint Controls At This Stage Of The Litigation

KBC's contention that the class period asserted in the *Louisiana Sheriffs* action is designed to "assert inflated losses for Universal and ACATIS" is nonsensical.  ECF No. 25 at 6.  As a general matter, "courts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period."  *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *4 (S.D. Cal. Sept. 6, 2018).  KBC concedes as much.  *See* ECF No. 25 at 5.  The general rule that the longest class period applies is "guided by the belief that the class should be defined as the broadest, most inclusive potential class at the lead plaintiff stage because it is the earliest stage in the litigation and occurs without

the defendants' participation." *MabVax*, 2018 WL 4252345, at *4.

Moreover, KBC never expressly states which class period should control for the purposes of appointing a lead plaintiff—likely because, even if the Court were to apply the next-longest class period asserted in *Roy*, with which KBC takes no issue, Universal and ACATIS would ***still*** have the largest financial interest. *See* ECF No. 25 at 4. Additionally, if KBC's counsel truly "had concerns about the *Louisiana Sheriffs* class period prior to the filing of the motions," ECF No. 25 at 6, why was this concern not addressed in KBC's opening brief?[6] *See generally* ECF No. 9-1; *see also Torres v. Wells Fargo Bank, N.A.*, 2019 WL 7169790, at *2 (C.D. Cal. Sept. 27, 2019) (noting "the well-established rule that courts should not consider new arguments raised for the first time in a reply brief"). KBC's claim that these concerns "were confirmed" only after "an analysis of Universal['s] and ACATIS's losses under the respective class periods" strains credulity.

Instead, KBC conceded that "the class periods alleged in the complaints begin at different times . . . ***potentially reflecting investors' evolving understanding of Defendants' alleged misrepresentations***." ECF No. 9-1 at 5. KBC's brief then asserted its loss in the *Louisiana Sheriffs* class period as the basis for it to be appointed Lead Plaintiff, because "as a general matter, courts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period." *Id.* at 6-7. KBC's sudden pivot to argue for the application of a different class period is suspicious. KBC's shifting position about the relevant class period makes it "susceptible to accusations of gamesmanship" as

---

[6] Further, all parties agree that the Related Actions meet the standards for consolidation under Rule 42. *See* ECF Nos. 8-1 at 4; 9-1 at 4-5; 10-1 at 5-6; 21 at 1. KBC's own authority holds that, once the cases are consolidated, "the most sensible way to harmonize the different class periods is to adopt the longest class period." *MabVax*, 2018 WL 4252345, at *5. Indeed, at least one court in this District has questioned whether it is even "appropriate" for a court to assess the merits of different class periods at the lead plaintiff stage. *See id.*

it is "unclear why a plaintiff would argue for a shorter class period at the lead plaintiff stage, which would have the effect of reducing the class size and limiting the potential amount of damages." *MabVax*, 2018 WL 4252345, at *5. Such concerns are amplified here where KBC's argument is inimical to its own interests, as its potentially recoverable loss is greatest in the *Louisiana Sheriffs* class period. *See* ECF No. 25 at 4-5.

Nevertheless, courts only deviate from applying the longest class period when the allegations supporting that period are "obviously frivolous." *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010); *Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009). Here, the allegations supporting the *Louisiana Sheriffs* class period are not "obviously frivolous"—and KBC makes no claim that they are.[7]

All three Related Actions arise from disclosures that Illumina insiders had personal financial motives for acquiring GRAIL. *See* ECF No. 9-1 at 2-3. The Related Actions also arise from misrepresentations regarding Illumina's justifications for reacquiring GRAIL, which were, at a minimum, misleading because they did not disclose that Illumina insiders had "enriched themselves at the expense of Illumina and its shareholders." *Id.* at 1. The *Louisiana Sheriffs* complaint alleges that Illumina insiders had a personal stake in GRAIL at the time Illumina announced the reacquisition in September 2020 and alleges that the September 2020 representations about Illumina's purported justifications for the reacquisition were

---

[7] KBC also cites to *Bodri v. GoPro, Inc.*, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016), where the court only declined to use a longer class period after determining that it "appear[ed] to combine two distinct cases . . . involving allegations regarding . . . two distinct product lines during two distinct time periods, into one," a situation that is not presented here. *Id.* at *2 n.2. Only one case relied upon by KBC looks to whether a class period is "plausible" at the lead plaintiff stage. *See In re Centerline Holding Co. Sec. Litig.*, 2008 WL 1959799, at *3 (S.D.N.Y. May 5, 2008). As discussed herein, the *Louisiana Sheriffs* class period is plausible and consistent with the theory of fraud alleged in the Related Actions.

false or misleading.  KBC offers no basis to contest those well-pleaded allegations, which the Court must accept as true at this stage.  *See Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *11 (D. Or. Oct. 3, 2014) (declining to apply shorter class period where that period "commences several months after [the defendants] had already released several allegedly fraudulent statements").  As such, the *Louisiana Sheriffs* class period is not "obviously frivolous" and should control at this stage.

Rather than arguing that the *Louisiana Sheriffs* class period is frivolous, what KBC actually challenges is the appropriateness of certain partial corrective disclosures pleaded in the *Louisiana Sheriffs* complaint.  However, the allegations regarding those corrective disclosures (which should also be accepted by the Court at the pleading stage) has no bearing on the relevant class period, as the corrective disclosures relate to the issue of loss causation.

In particular, KBC takes issue with three pleaded disclosures: the March 30, 2021, announcement that the FTC was blocking Illumina's acquisition of GRAIL; the July 13, 2021, report that European Union regulators were demanding concessions from GRAIL as part of its review of the acquisition; and the August 18, 2021, announcement that Illumina had closed its acquisition of GRAIL.  *See* ECF No. 25 at 6-8.  KBC does not even mention the difference in disclosures between the various Related Actions in its lead plaintiff motion, only noting that the "*Louisiana* action names two additional individual defendants, but that difference is minor in light of the substantial similarities between the actions."  ECF No. 9-1 at 5.  In its opposition, however, KBC claims that the "[March 30, 2021] stock drop (and thus alleged damages) appears completely untethered to the theory of fraud articulated by the Louisiana Sheriffs (that Defendants misled investors regarding the reasons for the GRAIL transaction)."  ECF No. 25 at 7.  This is wrong.

To be corrective, "the disclosure need not precisely mirror the earlier misrepresentation, but it must at least relate back to the misrepresentation."  *Lloyd*

*v. CVB Fin. Corp.*, 811 F.3d 1200, 1210 (9th Cir. 2016).  Here, all three disclosures at issue relate directly to Illumina's acquisition of GRAIL, which the *Louisiana Sheriffs* complaint alleges was "not in the Company's best interests."  *Louisiana Sheriffs*, ECF No. 1 ¶ 31.[8]  In any event, the complexity involved in analyzing partial disclosures explains why many courts decline to adopt a loss causation methodology at the lead plaintiff stage.  Indeed, many courts will not assess the sufficiency of corrective disclosures at this stage because doing so requires the court to prematurely delve into a merits-based analysis, one which is typically based on expert testimony following extensive discovery.  *See, e.g.*, *Cook v. Allergan PLC*, 2019 WL 1510894, at *3 (S.D.N.Y. Mar. 21, 2019) (finding that analysis of corrective disclosures are "beyond the scope of a lead plaintiff appointment motion").

If appointed, Universal and ACATIS would seek to maximize both their own recovery and the recovery of the Class by developing evidence supporting not only the disclosures that were pleaded in *Louisiana Sheriffs*, but any additional disclosures that harmed investors.  In stark contrast, KBC's argument would limit the recovery of investors, including KBC itself.  KBC's arguments are not what one would expect from a lead plaintiff charged with "protect[ing] the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Universal and ACATIS, on the other hand, are focused on "maximiz[ing] the class's recovery in this case," and their actions are consistent with a Lead Plaintiff seeking to do just that.  ECF No. 12-5 ¶ 10.

## II.   CONCLUSION

For the reasons discussed above, Universal and ACATIS respectfully request that the Court grant their Motion, and deny the competing motions.

---

[8] Even if a court were to ultimately determine that any of these partial disclosures "were not in themselves enough to establish loss causation" the analysis would not stop there, as the standard is whether "they were sufficient when viewed together with the totality of the other alleged partial disclosures."  *CVB*, 811 F.3d at 1210.

Dated:  February 6, 2024

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

-and-

Gerald H. Silk *(pro hac vice forthcoming)*
(jerry@blbglaw.com)
Avi Josefson *(pro hac vice forthcoming)*
(avi@blbglaw.com)
Scott R. Foglietta (*pro hac vice forthcoming*)
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 6, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:   (310) 819-3470