# EXHIBIT C

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>   vs.<br><br>PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III,<br><br>             Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7:19-CV-00217-DC<br><br><u>CLASS ACTION</u><br><br>Hon. Walter David Counts, III |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTION TO UNAUTHORIZED FILINGS AND MOTION TO STRIKE

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ...................................................................................................1

I.     BERNSTEIN LITOWITZ HAS FAITHFULLY COMPLIED WITH *SYMANTEC*, INCLUDING SUBMITTING IT TO MULTIPLE COURTS .............................................7

II.    PLAINTIFFS' DISCLOSURE OF THE *SYMANTEC* DECISION NEGATES ANY PURPORTED ACCUSATION THAT IT WAS CONCEALED .......................................8

III.   THE SUPPLEMENTAL JOINT DECLARATION CORRECTED AN UNINTENTIONAL MISTAKE ...................................................................................10

IV.   PLAINTIFFS HAVE ALL BEEN PROVIDED WITH *SYMANTEC* ...............................12

V.    THE RANKIN DECLARATION SHOULD NOT BE STRICKEN.................................15

VI.   THE SUPPLEMENTAL SUBMISSIONS DO NOT VIOLATE RULE 16 OR RULE 37, AND THEY DO NOT RESULT IN A PRIVILEGE WAIVER......................18

CONCLUSION..............................................................................................................................19

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **Page(s)**

*Argent Mortg. Co., LLC v. Diaz*,
  2006 WL 2092430 (S.D. Tex. July 26, 2006) ............................................................12

*Bricklayers' & Allied Craftworkers Local #2 Albany v. New Oriental Educ.*
  *& Tech. Grp. Inc.*,
  2022 WL 1515451 (S.D.N.Y. May 13, 2022) ...............................................................7

*Chung v. Eargo, Inc.*,
  No. 3:21-cv-08597-CRVB, ECF No. 36 (N.D. Cal. Jan. 5, 2022) ...............................8

*City of Miami Firefighters' & Police Officers' Ret. Tr. v. Cerence Inc.*,
  2022 WL 1505907 (D. Mass. May 12, 2022) ...............................................................7

*City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*,
  2022 WL 1459567 (N.D. Cal. May 9, 2022) .................................................................8

*City of Riviera Beach Gen. Emps.' Ret. Sys. v. Vertiv Holdings Co.*,
  No. 1:22-cv-03572-GHW, ECF No. 16 (S.D.N.Y. June 22, 2022) ..............................7

*Elec. Workers Pension Fund Local 03 v. Six Flags Entm't*,
  No. 4:20-cv-201 (N.D. Tex) .......................................................................................16

*Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*,
  No. 3:21-cv-0044-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) ...............................8

*Hacienda Records, L.P. v. Ramos*,
  718 F. App'x 223 (5th Cir. 2018) ..............................................................................17

*Homyk v. ChemoCentryx, Inc.*,
  No. 4:21-cv-03343-JST, ECF No. 32 (N.D. Cal. Jan. 28, 2022) ................................8

*Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.*,
  171 F.R.D. 203 (W.D. Tex. Mar. 24, 1997) ...........................................................17, 18

*Kansas City Power & Light Co. v. Pittsburg & Midway Coal Min. Co.*,
  133 F.R.D. 171 (D. Kan. 1989) ..................................................................................11

*Lehigh Cnty. Emps. Ret. Sys. v. Novo Nordisk A/S*,
  No. 17-cv-207 (D.N.J.) ...........................................................................................8, 16

*Lugtig v. Thomas*,
  89 F.R.D. 639 (N.D. Ill. 1981) ...................................................................................17

*In re Mattel, Inc. Securities Litigation,*
2021 WL 4704578 (C.D. Cal. Oct. 6, 2021) .................................................................8

*In re Myriad Genetics, Inc. Securities Litigation,*
2021 WL 5882259 (D. Utah Dec. 13, 2021) ................................................................8

*In re Pennie & Edmonds LLP,*
323 F.3d 86 (2d Cir. 2003) .........................................................................................12

*Podell v. Citicorp Diners Club, Inc.,*
112 F.3d 98 (2d Cir. 1997) .........................................................................................17

*Porto v. Chevron NA Exploration & Prod. Co.,*
2018 WL 3559103 (S.D. Tex. July 24, 2018) ............................................................17

*Raytheon Co. v. Indigo Systems Corp.,*
2009 WL 424773 (E.D. Tex. Feb. 18, 2009) .............................................................17

*Reilly v. TXU Corp.,*
230 F.R.D. 486 (N.D. Tex. 2005) ...............................................................................17

*S.W.S. Erectors, Inc. v. Infax, Inc.,*
72 F.3d 489 (5th Cir. 1996) ........................................................................................17

*SEB Inv. Mgmt. AB v. Symantec Corp.,*
2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) ................................................... *passim*

*SEB Inv. Mgmt. AB v. Symantec Corp.,*
No. 3:18-CV-2902-WHA, ECF No. 425 (N.D. Cal. Feb. 10, 2022) ..........................2

*United States v. Martellano,*
675 F.2d 940 (7th Cir. 1982) ......................................................................................13

*United States v. O'Malley,*
786 F.2d 786 (7th Cir. 1986) ......................................................................................11

*White v. Fox,*
576 F. App'x. 327 (5th Cir. 2014) .............................................................................12

*Yoshikawa v. Exxon Mobil Corp.,*
No. 3:21-cv-00194-N, ECF No. 43 (N.D. Tex. June 10, 2021).................................8

Plaintiffs[1] respectfully submit this Opposition to Defendants' Objections to Unauthorized Supplemental Filings and Motion to Strike (Doc. 135) (the "Objection").

### PRELIMINARY STATEMENT

Defendants' Objection, while purporting to challenge the filing of certain declarations by Plaintiffs and Lead Counsel, is nothing other than a vitriolic attack on the integrity of Lead Counsel.[2] Defendants obfuscate the record to wrongly accuse Lead Counsel of intending to deceive this Court and violating an order entered by another court in unrelated litigation.[3] In truth, Lead Counsel have been transparent with this Court and have complied with *Symantec*. A simple miscommunication among Lead Counsel resulted in an error that they quickly corrected, by taking appropriate actions with their clients and filing the additional declarations that Defendants now claim were "unauthorized" or seek to strike.

Defendants now want to spin that honest error, and the good faith effort to promptly correct it, into a game of "gotcha" that has no bearing on the propriety of the filings they seek to strike, or on the pending Class Motion. If Defendants were truly interested in ensuring that the Court is provided with a full and correct record, they would welcome rather than oppose the

---

[1] Plaintiffs are Nykredit Portefølje Administration A/S ("Nykredit"), Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters"), Oklahoma Law Enforcement Retirement System ("Oklahoma Law Enforcement"), Oklahoma Police Pension and Retirement System ("Oklahoma Police"), Oklahoma City Employee Retirement System ("Oklahoma City"), and the Police and Fire Retirement System of the City of Detroit ("Detroit PFRS"). Oklahoma Firefighters, Oklahoma Law Enforcement, Oklahoma Police and Oklahoma City are referred to collectively as the "Oklahoma Funds."

[2] All capitalized terms used in this Opposition have the meaning provided in Plaintiffs' Motion for Class Certification (Doc. 126) (the "Class Motion").

[3] *SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) ("*Symantec*" or the "*Symantec* Order") (attached as Exhibit K to the May 27, 2022 Joint Declaration of James Harrod and Daniel L. Berger (Doc. 126-1) (the "Joint Declaration")). The Joint Declaration was submitted in support of the Class Motion.

filing of these declarations. Instead, and without bothering to meet and confer with Lead Counsel (who could and, with this filing, have, easily addressed Defendants' questions), Defendants filed the Objection hurriedly, to smear Lead Counsel. The Court should neither condone this unseemly attack on the integrity of Lead Counsel nor countenance Defendants' attempt to distract the Court.

In this submission, Plaintiffs provide the information requested, mooting nearly all of the Objection, with the exception of Defendants' request to strike the Supplemental Declaration submitted by Mr. Rankin of Oklahoma Firefighters, which should be denied. At the heart of Defendants' Objection is their suggestion that Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") has not complied with *Symantec* here. In *Symantec*, an investor whose lead plaintiff motion was denied accused Bernstein Litowitz, years later, of engaging in a "quid pro quo" with its client. Judge Alsup found no proof of a quid pro quo, granted final approval of the $70 million settlement Bernstein Litowitz later achieved, and awarded Bernstein Litowitz its requested attorneys' fee after commenting on the record that Bernstein Litowitz "did a good job, so thank you for that." *See SEB Inv. Mgmt. AB v. Symantec Corp.*, No. 3:18-CV-2902-WHA, ECF No. 425 at 18 (N.D. Cal. Feb. 10, 2022). Judge Alsup nonetheless ordered that Bernstein Litowitz inform its clients, and courts in securities class actions where it represents lead plaintiffs, of the allegations raised against it in *Symantec*.

Defendants' suggestion that Bernstein Litowitz misled the Court by intentionally concealing some failure to comply with *Symantec* is untrue, and makes no sense in light of Bernstein Litowitz's transparency and compliance with *Symantec* here and in numerous other courts. Critically, rather than conceal *Symantec*, Plaintiffs *provided it to the Court* in connection with the Class Motion. The record also shows that the *Symantec* Order was provided to Nykredit

2

and Detroit PFRS, the two plaintiffs represented by Bernstein Litowitz, before the Class Motion was filed, and was provided to Oklahoma Firefighters in 2021, in connection with other matters where Bernstein Litowitz represented Oklahoma Firefighters. There is no credible suggestion otherwise. The *Symantec* Order has been provided to all Plaintiffs, including those represented by Grant & Eisenhofer, P.A. ("Grant & Eisenhofer") and all Plaintiffs stand by their support to continue to have Lead Counsel be appointed as Class Counsel. In fact, Bernstein Litowitz's disclosure of *Symantec* to multiple clients and courts refutes the central thesis of Defendants' Objection: that Lead Counsel, for no conceivable reason or advantage, decided in this case to conceal *Symantec* from some (but not all) Plaintiffs and intentionally misstate their compliance.

Since the *Symantec* Order was published in April 2021, Bernstein Litowitz has submitted it in all securities cases where the firm has applied to serve as counsel on behalf of class representative clients, and none of those courts have determined that the *Symantec* Order should preclude Bernstein Litowitz from appointment as lead or class counsel. Bernstein Litowitz has also distributed the *Symantec* Order broadly to the leaders of its clients, including Executive Directors and General Counsels, Board Chairs and Trustees, as appropriate for the particular client, and none have decided to stop working with the firm.[4] In light of the overall reaction to *Symantec* by courts and clients, and the good-faith efforts here that are detailed below, Defendants' suggestion that Lead Counsel intentionally misled this Court is simply not plausible. The Objection elevates form over substance to try to distract from Plaintiffs' strong record in support of their claims and in support of class certification.

---

[4] *See* Declaration of James A. Harrod and Daniel L. Berger In Opposition To Defendants' Objection, ¶ 6 (the "Opposition Declaration" or "Opp. Decl."), filed contemporaneously with this Opposition. The Exhibits to the Opposition Declaration are referred to by "Exhibit" or "Ex."

Given that *Symantec* has not been concealed from anyone, Defendants' Objection must be understood as a transparent effort to capitalize upon a mistake—a regrettable but innocent, and already corrected one—in the Joint Declaration of Counsel accompanying the Class Motion. In order to put the circumstances surrounding that mistake to rest, Lead Counsel are providing the explanation that Defendants request. *See* Opp. Decl. ¶¶ 3-10.

In their Objection, Defendants' manufacture an incorrect and self-serving set of "facts" and procedural requirements concerning both the counsel arrangements in this case and, in light of those, what is necessary for compliance with Judge Alsup's order. The Lead Counsel arrangements in this case have been in place since 2019, well before the *Symantec* decision was issued. Two of the Plaintiffs—Nykredit and Detroit PFRS—retained Bernstein Litowitz to represent them in this case, and it is unquestioned that they reviewed the *Symantec* Order and affirmed their selection of Bernstein Litowitz as their counsel and proposed Class Counsel prior to Plaintiffs' Class Motion.

The Oklahoma Funds retained Grant & Eisenhofer as their counsel. In connection with the Class Motion, Bernstein Litowitz prepared and sent to Grant & Eisenhofer a communication for Grant & Eisenhofer to send to its clients—the Oklahoma Funds—explaining and attaching the *Symantec* Order. Opp. Decl. ¶ 8. In error, that email and the accompanying *Symantec* Order were not sent to the Oklahoma Funds prior to the signing and execution of the Joint Declaration. Mr. Harrod and Mr. Berger, incorrectly believing that the Oklahoma Funds had been apprised of the *Symantec* Order, signed the Joint Declaration attesting to that fact. *Id.* ¶ 9.

Lead Counsel regret that error, which they and Plaintiffs promptly brought to the Court's attention to correct. This error was discovered on June 27, 2022, during the deposition of Chase Rankin, the Executive Director of Oklahoma Firefighters. As Mr. Rankin testified, in preparing

4

for his deposition, he met only with Grant & Eisenhofer, not Bernstein Litowitz, and he was therefore not reminded that he had received the *Symantec* Order from Bernstein Litowitz in 2021. Mr. Rankin thus testified, incorrectly, that he had not seen the *Symantec* Order before his deposition. Mr. Rankin had, in fact, reviewed the *Symantec* Order previously, as it was first provided to him by Bernstein Litowitz in April 2021—just not in connection with this case.

To address that error and avoid any risk that the Court be presented with an incorrect record, on July 1, 2022, Mr. Rankin provided a Supplemental Declaration (Doc. 133) (the "Rankin Supplemental Declaration") correcting his deposition testimony, as witnesses often do in an errata. Plaintiffs also submitted the Supplemental Joint Declaration of James A. Harrod and Daniel L. Berger (Doc 130) (the "Supplemental Joint Declaration") on that date, disclosing the error in the original Joint Declaration and correcting it. In his declaration, Mr. Rankin further confirmed Oklahoma Firefighters' ongoing desire to continue the lead counsel arrangement in this case. Defendants now seek to strike the Rankin Declaration, apparently preferring the incorrect testimony that fuels their "gotcha" Objection to the accurate statement of facts that negates it. To the extent that any further testimony concerning the limited matters set forth in his Declaration is necessary, Mr. Rankin has agreed to be produced for additional testimony of up to one hour.

Defendants then go far beyond the purported purpose of the Objection and wrongly argue that *Symantec* requires specific actions by the Boards of Trustees of each of the Plaintiffs. The purpose of that tortured argument is to incorrectly paint Bernstein Litowitz as having failed to adhere to *Symantec*, and collaterally attack the accuracy of the supplemental filings. This argument is factually and legal wrong, and plainly misplaced in the Objection. Still, Defendants try to stretch the *Symantec* Order, which explicitly applies to "future" cases where a lead plaintiff

5

is selecting Bernstein Litowitz, to suggest that it must be provided to the Boards of all the Plaintiffs here. This is a misreading of the *Symantec* Order and a gross misrepresentation of the internal affairs and operations of the Oklahoma Funds.

The Objection, and attendant burden on the Court, would have been avoided had Defendants simply sought to meet and confer with Plaintiffs, as required by the Local Rules.[5] But they plainly had no desire to speak with Plaintiffs. Indeed, Defendants' counsel emailed Lead Counsel on July 5, approximately two hours before filing the Objection, and asked if Plaintiffs would consent within approximately ninety minutes to a motion to strike Mr. Rankin's Supplemental Declaration and for "further measures" directed at Plaintiffs and their counsel. No urgency necessitated filing the Objection prior to the required conferral and none is described. Nor have Defendants requested from Plaintiffs or the Court an extension of any deadlines to address what they claim are "untimely" or "unauthorized" filings. The Defendants' failure simply to discuss this issue with Plaintiffs lays bare that they have no interest in ensuring that the Court has a full and correct record; instead, they prefer to spin Lead Counsel's error and effort to correct it as a scheme to defraud the Court—*about an order that Plaintiffs already disclosed to the Court*. This is nonsensical on its face.

Finally, the Objection articulates absolutely no prejudice, cites no authority for the contention that the supplemental filings were "unauthorized," and fails to establish that a privilege waiver has occurred. Defendants' arguments about the adequacy of Plaintiffs' Counsel are misplaced in this Objection, and cannot be taken as a credible attempt to "protect" the

---

[5] *See* Western District of Texas Local Rule CV-7(G) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in *a good-faith attempt* to resolve the matter by agreement and *certifies the specific reason that no agreement could be made*.") (emphasis added).

proposed Class. Taken together, Defendants' failure to meet and confer, their inexplicable opposition to allowing Plaintiffs to correct an honest mistake, and the clear history of Bernstein Litowitz's compliance with the *Symantec* Order all make clear that Defendants' Objection is a base attempt to smear Plaintiffs and Lead Counsel and distract the Court from the significant efforts that Plaintiffs have undertaken in prosecuting this complex case. As such, the Objection should be rejected.

I.      **BERNSTEIN LITOWITZ HAS FAITHFULLY COMPLIED WITH *SYMANTEC*, INCLUDING SUBMITTING IT TO MULTIPLE COURTS**

Since Judge Alsup's ruling, Bernstein Litowitz has submitted the *Symantec* Order in all securities cases where it has sought to serve as lead or class counsel. No court has taken issue with Bernstein Litowitz's handling of it, and no client has hesitated to confirm its retention of the firm. Rather, courts have repeatedly approved Bernstein Litowitz as lead or class counsel in securities class actions after being apprised of the *Symantec* order. *See* Order Appointing the Public Pension Funds as Lead Plaintiff and Approving Their Selection of Lead Counsel, *City of Riviera Beach Gen. Emps.' Ret. Sys. v. Vertiv Holdings Co.*, No. 1:22-cv-03572-GHW, ECF No. 16 at 2 (S.D.N.Y. June 22, 2022) (Opp. Decl. Ex. A); *Bricklayers' & Allied Craftworkers Local #2 Albany v. New Oriental Educ. & Tech. Grp. Inc.*, 2022 WL 1515451, at *5 (S.D.N.Y. May 13, 2022) ("The Court is persuaded that Bernstein Litowitz can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *City of Miami Firefighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, 2022 WL 1505907, at *2 (D. Mass. May 12, 2022); Order Granting Motion to Consolidate, Appointing Lead Plaintiff, and Approving Selection of Counsel, *Homyk v. ChemoCentryx, Inc.*, No. 4:21-cv-03343-JST, ECF No. 32 at 6 (N.D. Cal. Jan. 28, 2022) (Opp. Decl. Ex. B) ("The Court finds [lead plaintiff's] choice of lead counsel to be reasonable, and thus approves it."); Stipulation and Order Appointing IBEW Local 353 Pension

Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRVB, ECF No. 36 (N.D. Cal. Jan. 5, 2022) (Opp. Decl. Ex. C); Order, *Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-0044-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) (Opp. Decl. Ex. D); Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 at 3 (N.D. Tex. June 10, 2021) (Opp. Decl. Ex. E) (finding that "the requirements of Rule 23" were 'satisf[ied]"). Bernstein Litowitz was also recently appointed class counsel in *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2022 WL 1459567, at *5 (N.D. Cal. May 9, 2022), *In re Myriad Genetics, Inc. Securities Litigation*, 2021 WL 5882259, at *13 (D. Utah Dec. 13, 2021), and *In re Mattel, Inc. Securities Litigation*, 2021 WL 4704578, at *7 (C.D. Cal. Oct. 6, 2021), after those courts were informed of the *Symantec* Order.

The broad disclosure of *Symantec* in other cases and, more particularly in this case, negates any plausible the suggestion that Lead Counsel could or would deceive this Court in trying to conceal something that is publicly known. In view of the reactions from other courts and clients to the *Symantec* Order, there is also no reason Lead Counsel would not disclose it here and, the fact that Plaintiffs here have conveyed their willingness to affirm that Bernstein Litowitz should continue as proposed co-Class Counsel should be of no surprise.

## II. PLAINTIFFS' DISCLOSURE OF THE *SYMANTEC* DECISION NEGATES ANY PURPORTED ACCUSATION THAT IT WAS CONCEALED

Consistent with the direction of the Court in *Symantec,* and as it has done in all applicable cases since that order was issued, Bernstein Litowitz affirmatively disclosed the *Symantec* Order in connection with the Class Motion, specifically as Exhibit K to the Joint Declaration. It would be impossible to "hide" something that was put before the Court on the Class Motion. Moreover, as noted above, Plaintiffs would have no reason to conceal the *Symantec* Order here, because it

has been reviewed without incident by the numerous Courts that have gone on to approve Bernstein Litowitz (and its co-counsel firms) in applications to serve as lead or class counsel under both the PSLRA and Rule 23.[6]

Rather than concealing it as Defendants suggest, Bernstein Litowitz has made substantial and consistent efforts to provide the *Symantec* Order to its clients, beginning immediately after it was issued in April 2021, when it was broadly shared and discussed. *See, e.g.,* Opp. Decl. Ex. F, Wagner (Nykredit) Tr. 40:5 – 41:3 (█████████████████████████████ ██████████████████████████████"); Supp. Rankin Decl. ¶¶ 5-6 (discussed the *Symantec* Order with Bernstein Litowitz in April 2021). It is undisputed that the two Plaintiffs who retained Bernstein Litowitz in this case—Nykredit and Detroit PFRS—were among those clients that had been informed of the *Symantec* Order in the spring of 2021, were provided with it again in connection with Class Motion in this case, and have unequivocally confirmed their interest in continuing to have Bernstein Litowitz serve as their counsel and Class Counsel.

As noted above, Bernstein Litowitz also apprised Oklahoma Firefighters of *Symantec* in 2021, further confirming that Bernstein Litowitz has never concealed *Symantec* and, to the

---

[6] The Objection insinuates that the timing of the disclosure of the *Symantec* Order in this case was suspect or late. Not so. The court in *Symantec* instructed Bernstein Litowitz to provide it "in seeking appointment as class counsel." *Symantec Corp.*, 2021 WL 1540996, at *2. That instruction was complied with by including the *Symantec* Order with the Joint Declaration filed with the Class Motion, in which the request for appointment of Class Counsel was made to this Court. There was no procedural juncture in this case that would have been appropriate for it to be submitted earlier. Rather, Plaintiffs' efforts to disclose and confirm their efforts in connection with the *Symantec* Order exceed its plain language. *First*, the order states that it should be provided to a court in "any *future* case." *Symantec*, 2021 WL 1540996, at *2 (emphasis added). This case was filed in 2019, and the Court appointed Lead Plaintiffs and Lead Counsel in December 2019 (Doc. 43), over a year before the *Symantec* Order was rendered. *Second*, the *Symantec* Order requires only that it be *disclosed* to the court and to Plaintiffs. It does not require public confirmation, as has been done here, that Bernstein Litowitz's clients had reaffirmed their selection of counsel after having been provided with the *Symantec* Order.

contrary, has consistently sought to comply with Judge Alsup's directions. And, Bernstein Litowitz proactively drafted a communication to the Oklahoma Funds prior to the Class Motion concerning *Symantec* (which was inadvertently not sent to them at that time). This is entirely consistent with the statements in the Joint Declaration and also confirms the lack of any intent to mislead the Court or conceal anything related to *Symantec.*

The Supplemental Joint Declaration disclosed that, due to an oversight (addressed below), three of the four Oklahoma Funds were not originally provided with the *Symantec* Order in connection with the Class Motion. The fourth, Oklahoma Firefighters, was provided with the *Symantec* Order in April 2021. Consistent with Lead Counsel's efforts here, even though the Oklahoma Funds retained and are working with Grant & Eisenhofer, which is not subject to the provisions of the *Symantec* Order, each of the Oklahoma Funds has now reviewed it and confirmed that the Class should be represented by their counsel at Grant & Eisenhofer, working together with Bernstein Litowitz. To correct the error in the initial Joint Declaration, Lead Counsel promptly filed the Supplemental Joint Declaration as soon as practicable after realizing that it contained an error. These efforts also make clear that the error regarding disclosure of the *Symantec* Order was unintentional.

## III.    THE SUPPLEMENTAL JOINT DECLARATION CORRECTED AN UNINTENTIONAL MISTAKE

On July 1, 2022, Mr. Berger and Mr. Harrod submitted a Supplemental Joint Declaration to correct their prior Joint Declaration, which had incorrectly stated that the *Symantec* Order had been provided to the Oklahoma Funds in connection with this case. The Supplemental Joint Declaration explained that, as of July 1, the Oklahoma Funds had now received the Order and still supported the proposed appointment of Grant & Eisenhofer and Bernstein Litowitz as Class Counsel.

While a further explanation is not necessary, in light of the accusations in the Objection, Lead Counsel believes it may be helpful to the Court to provide a further explanation of the circumstances that led to the error in the initial Joint Declaration—precisely the information Defendants' Objection seeks. On May 20, 2022, Mr. Harrod sent an email to the Grant & Eisenhofer lawyers on this case, describing and attaching the *Symantec* Order, to be sent by Grant & Eisenhofer to the Oklahoma Funds in connection with the Class Motion. Opp. Decl. ¶ 8.[7] Lead Counsel also prepared the Joint Declaration, which stated that the *Symantec* Order had been sent to the Plaintiffs and that they supported the appointment of proposed Class Counsel. While that declaration was accurate with regard to Nykredit, Detroit PFRS, and Oklahoma Firefighters, each of which had been apprised of *Symantec*, Messrs. Harrod and Berger were not aware that the *Symantec* Order had not yet been shared with the other Oklahoma Funds.

Given the disclosure of the *Symantec* Order in the Joint Declaration and to certain of the Plaintiffs prior to its filing, Defendants cannot credibly dispute that Lead Counsel made good-faith efforts to disclose the *Symantec* Order, and that the error in the Joint Declaration was unintentional. As noted above, this oversight first became apparent on June 27, 2022, during Mr. Rankin's deposition, when he erroneously testified that he had not seen the *Symantec* Order previously. Mr. Rankin's recollection and testimony were incorrect (he had seen the *Symantec*

---

[7] Defendants' suggestion that Plaintiffs have waived privilege here is wrong. Objection at 7. Only the fact of the communications and when they occurred has been put "at issue"—not the content of those communications or the advice contained in them. And it is Defendants that have put the timing of the communications at issue, not Plaintiffs. Moreover, the date, participants and general subject of the communications is similar to the type of information provided in a privilege log, which in no way forms the basis for any waiver of the privilege. *See United States v. O'Malley*, 786 F.2d 786, 794 (7th Cir. 1986) (a client does not waive his attorney-client privilege "'merely by disclosing a subject which he had discussed with his attorney.'") (citation omitted); *Kansas City Power & Light Co. v. Pittsburg & Midway Coal Min. Co.*, 133 F.R.D.

Order previously), but his deposition revealed to Lead Counsel that the Joint Declaration contained an inaccurate statement. On July 1, 2022, after Grant & Eisenhofer provided *Symantec* to the Oklahoma Funds and each of the Oklahoma Funds reaffirmed their support for the Class Motion's request to appoint Class Counsel, Lead Counsel submitted the Supplemental Joint Declaration.[8] *See* Opp. Decl. ¶¶ 9-11.

## IV. PLAINTIFFS HAVE ALL BEEN PROVIDED WITH *SYMANTEC*

Plaintiffs have now all reviewed the *Symantec* Order and have affirmed their support for Bernstein Litowitz and Grant & Eisenhofer to be appointed as Class Counsel. For Nykredit and Detroit PFRS, the clients that retained Bernstein Litowitz to serve as their counsel, that is not in

---

171, 174 (D. Kan. 1989) ("In order to waive the privilege, the client must disclose the communication with the attorney.").

[8] Particularly in light of the fact that it was corrected promptly upon discovery of the error, and due to the clear lack of intent to deceive, the submission of the original Joint Declaration cannot form the basis for sanctions under Rule 11. *See* Objection at 5. Rule 11 expressly contemplates a "safe harbor," allowing for a challenged submission to be "withdrawn or appropriately corrected" even *after* the opposing party files a Rule 11 motion. Fed. R. Civ. P. 11(c)(2) (barring filing of sanctions motion when challenged paper is "appropriately corrected within 21 days after service" of sanctions motion); *see, e.g.*, *White v. Fox*, 576 F. App'x 327, 331 (5th Cir. 2014) ("Once defendants learned of the factually inaccurate paragraph in their pleadings, they corrected the error and filed an amended pleading."); *Argent Mortg. Co., LLC v. Diaz*, 2006 WL 2092430, at \*2 (S.D. Tex. July 26, 2006) ("[T]wo prerequisites must be met before a movant can prevail on a motion for sanctions. First, the offending party must be provided with "notice and a reasonable opportunity to respond" to the allegations. Second, the movant may not file or present the motion to a court unless 'within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.'") (citations omitted); *see also In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003). Here, Lead Counsel's honest error was corrected promptly upon discovery and without Defendants needing to file *any* motion. Defendants are equally off-base in accusing Plaintiffs' counsel of violation of an oath under penalty of perjury, which, under even the lowest standards, requires that a statement be "knowingly" false. 18 U.S.C. § 1623(a). "A false answer given because of inadvertence, honest mistake, carelessness, neglect, or misunderstanding does not constitute the crime." *United States v. Martellano*, 675 F.2d 940, 942 (7th Cir. 1982). This Opposition makes clear that the error in the Joint Declaration was inadvertent, not "knowing" and certainly not intentional.

dispute. Despite the error in Mr. Rankin's testimony, it is clear that Oklahoma Firefighters received the *Symantec* Order in 2021 and affirmed it still agrees that Bernstein Litowitz should continue to serve as co-Lead Counsel here.

With respect to the other Oklahoma Funds, they retained Grant & Eisenhofer as their counsel, and support a structure where that firm serves as Class Counsel together with Bernstein Litowitz. The distinct retentions and attorney-client relationships are clear in the record and reflect that particular Plaintiffs retained either Bernstein Litowitz or Grant & Eisenhofer, with the Plaintiffs understanding that having "selected" one of those two firms, they support the two firms working together as Co-Lead Counsel in this case. *See, e.g.*, Opp. Decl. Ex. G, 6/30/22 Sigler (Oklahoma Police) Tr. at 35:2-7 (███████████████████████████████████

████████████████████████████████████████████████

███████████████████████████ "), 37:20-24 (████████████████████

████████████████████████████████████████████████

████████████████████); Decl. of A. Wagner (Nykredit) In Support of Plaintiffs' Motion for Class Certification, ¶ 4 (Doc. 126-3) ("*we retained BLB&G to serve as Co-Lead Counsel, and together with G&E selected them as proposed class counsel*") (emphasis added). Bernstein Litowitz has not been, and is not being, hired by the Oklahoma Funds. Therefore, the Oklahoma Funds' policies or procedures regarding how each entity elects to take part in a securities litigation and selects outside counsel at the outset of that litigation is irrelevant to the process by which the Oklahoma Funds were informed of the *Symantec* Order and reaffirmed their selection of Grant & Eisenhofer as their counsel in this action.

Defendants' argument that a board of trustees is the correct and only "decision maker" at each of the Plaintiff funds goes far beyond the question presented by the Objection or even

*Symantec*. Defendants, seizing on a mistake, are now trying to use *Symantec* and their Objection as a vehicle to_impose new governance or Rule 23 requirements. It is clear that Bernstein Litowitz has ensured that *Symantec* was provided to the Plaintiffs in this and other cases. No further action was or is required under that Order.

Regardless, the policies and practices of the Oklahoma Funds negate the need for board review of the *Symantec* Order. For each entity, once the board has voted to participate in a legal action and selected outside counsel, the authority to manage and oversee the case is delegated to the Executive Director (or, in the case of Oklahoma City, the Retirement System Manager). *See, e.g.*, Opp. Decl. Ex H (at OLERS_0002791) (

); Ex. I, 7/13/22 Michael (Oklahoma Law Enforcement) Tr. at 69:13-21 (

).

Thus, contrary to Defendants' argument that Oklahoma Firefighters' Board is the only relevant "decision-maker," Objection at 8-9, it is in fact the fund's Executive Director Mr.

Rankin who is the appropriate "decision-maker." As Oklahoma Firefighters' publicly available securities litigation policy expressly provides, once the Board approves seeking appointment as lead plaintiff status in a securities case, authority is delegated to Mr. Rankin as the fund's Executive Director to "provide any other assistance necessary to . . . assist Outside Securities Counsel in the conduct of the litigation." Ex. J, Okla. Firefighters Pension & Ret. Sys., Master Stmt. Of Investment Policy, Objectives & Guidelines for the System, at 16 (available at https://publicplansdata.org/reports/OklahomaFire-InvestmentPolicy_2020_2010.pdf); *see also* Ex. K Rankin Tr. at 71:22-25 (███████████████████████████████ ██████████).[9] The fund's reaffirmation through Mr. Rankin of Bernstein Litowitz to serve as Lead or Class Counsel in other cases is consistent with that express delegation of authority. *See* Supp. Rankin Decl. ¶ 5.

## V. THE RANKIN DECLARATION SHOULD NOT BE STRICKEN

As Defendants recognize (Objection at 8, n.7), Lead Plaintiff Oklahoma Firefighters is represented in separate, unrelated securities class actions by Bernstein Litowitz. In his supplemental declaration, the fund's Executive Director Chase Rankin declares that Bernstein Litowitz provided and discussed the *Symantec* order with him in April 2021 in the context of Bernstein Litowitz's representation of the fund in separate actions, and he subsequently reaffirmed the selection of Bernstein Litowitz as counsel in those cases.[10] Supp. Rankin Decl.

---

[9] The remaining Oklahoma Funds similarly confirmed that being provided with *Symantec* did not change their view to have Grant & Eisenhofer continue to represent them, with Bernstein Litowitz working with them as proposed Class Counsel. This was confirmed through their Executive Director or Retirement System Manager. *See* Ex. I, 7/13//22 Michael (Oklahoma Law Enforcement) Tr. at 68:12-16, 69:19-21; Ex. L, 7/11//22 Bronson (Oklahoma City) Tr. at 84:14-85:16; Ex. G, 6/30/22 Sigler (Oklahoma Police) Tr. at 64:18-24.

[10] Mr. Rankin was provided with the with the *Symantec* Order in April 2021, in connection with several then-pending matters where Oklahoma Firefighters was working with Bernstein Litowitz.

¶ 5. As Mr. Rankin explains, when he was recently deposed in this matter, he did not remember having reviewed the *Symantec* order previously. *Id*. ¶¶ 4-5.

Defendants do not dispute Mr. Rankin's reasonable, benign explanation. Yet, trying to avoid an accurate record that is inconvenient for them, Defendants ask the Court to strike Mr. Rankin's supplemental declaration (Objection at 7-9), and leave uncorrected an incomplete and inaccurate record that supports their unfounded attacks. Defendants' motion should be denied. Mr. Rankin's supplemental declaration corrects his deposition testimony. "The majority of federal courts place no limit on the nature of the changes a witness may make to the substance of his testimony." *Raytheon Co. v. Indigo Systems Corp.*, 2009 WL 424773, at *2 (E.D. Tex. Feb. 18, 2009). Courts regularly recognize that such corrections are proper under Rule 30(e) of the Federal Rules of Civil Procedure, which "allows deponents to make '[a]ny changes in form or substance which the witness desires . . .'" *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981); *see also, e.g.*, *Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.*, 171 F.R.D. 203, 205 (W.D. Tex. Mar. 24, 1997) (denying motion to strike errata sheets correcting deposition testimony); *Reilly v. TXU Corp.*, 230 F.R.D. 486, 489 (N.D. Tex. 2005) ("The broad view espoused by the *Lugtig* court has been characterized as the traditional or majority view.");

---

He has since been provided with the Order specifically in connection with this case (where Oklahoma Firefighters are not represented by Bernstein Litowitz). In fact, Defendants identify two of the cases in which Bernstein Litowitz represented Oklahoma Firefighters at the time the *Symantec* Order—which expressly instructed disclosure of the order "in future cases" when "seeking appointment as class counsel"—was issued. D. Br. at 8 n.7 (discussing *Elec. Workers Pension Fund Local 03 v. Six Flags Entm't*, No. 4:20-cv-201 (N.D. Tex) and *Lehigh Cnty. Emps. Ret. Sys. v. Novo Nordisk A/S*, No. 17-cv-207 (D.N.J.). At the time of the *Symantec* Order, the court had dismissed *Six Flags*, and the class in *Novo Nordisk* had already been certified more than a year earlier. Accordingly, contrary to Defendants' suggestion, there is nothing nefarious about the absence of the *Symantec* Order from those case dockets. Moreover, the disclosure to Mr. Rankin (and, consequently, Oklahoma Firefighters) occurred on April 23, 2021, three days

16

*Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (holding that Rule 30(e) places no limitation on the types of changes to testimony a witness may make, and "changed answers bec[o]me . . . part of the record generated during discovery").[11]

In support of their Objection, Defendants cite to inapposite, unavailing cases that address whether a party may defeat summary judgment by manufacturing genuine issues of material fact through declarations that contradict prior deposition testimony. *See Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 235 (5th Cir. 2018) ("a party may not manufacture a dispute of fact merely to defeat a motion for summary judgment"); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) ("this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony"); *Porto v. Chevron NA Exploration & Prod. Co.*, 2018 WL 3559103, at * (S.D. Tex. July 24, 2018) (same). Mr. Rankin's supplemental declaration is not submitted to manufacture factual issues, but to ensure that the record is accurate. It is also not "without explanation"—rather, the explanation is express and unremarkable: after his deposition, he reviewed documents that refreshed his recollection concerning his review and discussion with Bernstein Litowitz of the *Symantec* Order. To the extent that further questioning of Mr. Rankin is necessary concerning his Supplemental Declaration, he has agreed to be produced for additional questioning of not more than one hour.

---

after the *Symantec* order issued. The only reasonable inference to draw is that Bernstein Litowitz acted with deliberate speed to inform its clients of the order.

[11] To the extent Defendants believe the Supplemental Rankin Declaration requires further examination of Mr. Rankin, Oklahoma Firefighters agrees to produce Mr. Rankin for an hour of additional, limited examination concerning the Rankin Supplemental Declaration. *See Innovative Mktg.*, 171 F.R.D. at 205 ("reopen[ing] the examination" is an effective "safeguard" in light of "changes to a deposition").

Mr. Rankin's Supplemental Declaration correcting his mistaken deposition testimony is entirely proper, and there is no basis to strike the declaration, which would leave an incomplete and incorrect record. Defendants' motion to strike should be denied.

## VI. THE SUPPLEMENTAL SUBMISSIONS DO NOT VIOLATE RULE 16 OR RULE 37, AND THEY DO NOT RESULT IN A PRIVILEGE WAIVER

Defendants' Objection casts, without authority, the supplemental filings made on July 1 as being made in violation of the Court's scheduling order or of Rule 37(b)(2)(A)(iii). Neither contention can be reasonably supported. To the contrary, these filings were necessary to correct the record and related only to a few very discrete issues, which were in fact corrected. Similarly, no existing "discovery order" applied to the situation here, as would be required for invocation of the Rule 37 provision Defendants seek to rely on. Importantly, Defendants have suffered no harm or prejudice here. In fact, had Defendants requested a scheduling accommodation in light of the July 1 filings, Plaintiffs would have fairly considered it. As noted above, Defendants chose not to meet and confer—so that the explanation provided here could be made to them prior to the filing of their Objection—and they have *never even requested* that Plaintiffs consider an amendment to the schedule for discovery or class certification. These facts again make both the absence of any prejudice and Defendants' motives in filing the Objection plain. Rather than meet and confer and ensure the correct record is available, or seek a reasonable scheduling or other accommodation, Defendants chose to run into Court in an effort to capitalize on Plaintiffs' counsel's unfortunate, and regrettable error.

Nor do the July 1 submissions or Plaintiffs' responses to Defendants' questions about the timing of communications with counsel constitute a waiver of privilege regarding the underlying communications or advice. *See* Objection at 7. The fact or date of communications with counsel

18

do not "put in issue" the underlying privileged communications or advice and any attempts to invade that privilege must be denied. *See* fn. 8, above.

## CONCLUSION

Defendants' Objection requested limited relief, including the provision of information—an explanation of the circumstances of the Supplemental Joint Declaration and the timing of communications to the Oklahoma Funds transmitting the *Symantec* Order—that is contained in or accompanying this Opposition. As to those requests, the Objection is moot, and no additional discovery is necessary. For the reasons stated above, the request to strike the Supplemental Rankin Declaration should be denied. Defendants' unsupported request for "sanctions" should also be denied.

DATED: July 19, 2022

Respectfully submitted,

*/s/ James A. Harrod*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jeroen van Kwawegen
James A. Harrod
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jeroen@blbglaw.com
jim.harrod @blbglaw.com

**GRANT & EISENHOFER P.A.**
Daniel L. Berger
Caitlin M. Moyna
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501
dberger@gelaw.com
cmoyna@gelaw.com

*Counsel for Plaintiffs, Lead Counsel for the Class and proposed Class Counsel*

**MARTIN & DROUGHT, P.C.**
Gerald T. Drought
State Bar No. 06134800
Federal Bar No. 8942
Frank B. Burney
State Bar No. 03438100
Bank of America Plaza, 25th Floor 300
Convent Street San Antonio, Texas 78205
Telephone: (210) 227-7591
Facsimile: (210) 227-7924
gdrought@mdtlaw.com
fburney@mdtlaw.com

*Liaison Counsel for Plaintiffs*

20

**CLARK HILL PLC**
Ronald A. King
212 E. Cesar Chavez Ave
Lansing, MI 48906
Telephone: (517) 318-3015
Facsimile: (517) 318-3068
rking@clarkhill.com

*Counsel for Plaintiff Police and Fire
Retirement System of the City of Detroit*