# EXHIBIT D

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated,** | § § § § § § § § § § § § § § | **Civil Action No. 7:19-CV-00217-DC** <br><br> <u>**CLASS ACTION**</u> <br><br> **Hon. Walter David Counts, III** |
| **Plaintiffs,** | § § § | |
| vs. | § § § | |
| **PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III,** | § § § § § § | |
| **Defendants.** | § § § § | |

**JOINT DECLARATION OF JAMES A. HARROD AND DANIEL L. BERGER IN RESPONSE TO DEFENDANTS' OBJECTIONS TO UNAUTHORIZED** <u>**SUPPLEMENTAL FILINGS AND MOTION TO STRIKE**</u>

We, James A. Harrod and Daniel L. Berger, declare as follows:

1. I, James A. Harrod, am a partner in the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), which is Court-appointed Co-Lead Counsel in this matter. I am a member in good standing in the Bar of the State of New York and have been admitted *pro hac vice* to practice before this Court. I have personal knowledge of the matters set forth herein. Bernstein Litowtiz represents plaintiffs Nykredit Portefølje Administration A/S ("Nykredit") and the Police and Fire Retirement System of the City of Detroit ("Detroit PFRS") in this action.

2. I, Daniel L. Berger, am a principal in the law firm of Grant & Eisenhofer P.A. ("Grant & Eisenhofer"), which is Court-appointed Co-Lead Counsel in this matter. I am a member in good standing in the Bar of the State of New York and have been admitted *pro hac vice* to practice before this Court. I have personal knowledge of the matters set forth herein. Grant & Eisenhofer represents Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters"), Oklahoma Law Enforcement Retirement System ("Oklahoma Law Enforcement"), Oklahoma Police Pension and Retirement System ("Oklahoma Police"), and Oklahoma City Employee Retirement System ("Oklahoma City") in this action (together, the "Oklahoma Funds"; and, with Nykredit and Detroit PFRS, "Plaintiffs").

3. We respectfully submit this Declaration in response to certain requests for additional information articulated in Defendants' July 5, 2022 Objection to Unauthorized Supplemental Filings and Motion to Strike (Doc. 135) (the "Objection"), and specifically to provide the Court with further information concerning the circumstances of the Supplemental Declaration we filed on July 1, 2022 (Doc. 130) (the "Supplemental Declaration").

4.      As noted in paragraph 5 of the Supplemental Declaration, we submitted the Supplemental Declaration to correct an error in the May 27, 2022, Joint Declaration of James Harrod and Daniel L. Berger, (Doc. 126-1) (the "Joint Declaration"), concerning disclosure of the decision in *SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) (attached as Exhibit K to the May 27, 2022 Joint Declaration; *see* Joint Declaration ¶15) (the "*Symantec* Order"), to Oklahoma Law Enforcement, Oklahoma Police, and Oklahoma City, and the "reaffirmance" of the selection of Class Counsel by Oklahoma Firefighters.

5.      The *Symantec* Order states that "in future cases, both SEB [the Lead Plaintiff in the *Symantec* case] in seeking appointment as a lead plaintiff and [Bernstein Litowitz] in seeking appointment as class counsel shall bring this order to the attention of the assigned judge and the decision-maker for the plaintiff who is to select counsel." *Symantec,* 2021 WL 1540996, *2. As described further below, our firms had every intention to and had taken steps to provide the *Symantec* Order to the Plaintiffs and have them reaffirm their support for the ongoing co-Lead Counsel arrangement that has been in place since November 2019, with Bernstein Litowitz serving as co-Class Counsel.  However, despite those efforts, and due to an oversight, the Joint Declaration was incorrect, in part.  The error in Joint Declaration is regrettable and unfortunate but was not intentional, and Lead Counsel sought to correct it as soon as possible, and certainly well before the Court rendered a decision on the motion for class certification.

6.      As noted in the Supplemental Declaration, the Joint Declaration was correct concerning how the *Symantec* Order was handled with respect to those Plaintiffs represented by Bernstein Litowitz—Nykredit and Detroit PFRS.  This was consistent with Bernstein Litowitz's efforts to broadly provide the *Symantec* Order to the leaders of its clients, including Executive Directors, General Counsels, Board Chairs, and Trustees, as appropriate for the particular client,

shortly after it was published by Judge Alsup in April 2021. Nykredit, Detroit PFRS, and Oklahoma Firefighters were among those Bernstein Litowitz clients who were first provided with a copy of the order in the spring of 2021. Mr. Harrod declares that none of Bernstein Litowitz's clients have determined to stop working with the firm as a result of the *Symantec* Order.

7. As noted in the Supplemental Declaration, Oklahoma Law Enforcement, Oklahoma Police, and Oklahoma City were not provided with the *Symantec* Order prior to the filing of the Joint Declaration. Oklahoma Firefighters was provided with the *Symantec* Order in April 2021 by Bernstein Litowitz, who represent Oklahoma Firefighters in other litigation, but did not specifically review it in this case prior to the submission of the Joint Declaration.

8. We had intended in good faith to provide the *Symantec* Order to all the Plaintiffs and to have them confirm their continued support for Bernstein Litowitz and Grant & Eisenhofer to serve as Lead Counsel and to be appointed as Class Counsel. In fact, our two firms had discussed how to provide the *Symantec* Order to the Plaintiffs in the weeks prior to the filing of the class certification motion and Joint Declaration. Specifically, the two firms discussed that the *Symantec* Order would be provided to each of the Plaintiffs by their respective counsel, and that each should confirm their ongoing support for the counsel arrangements here. Given that Bernstein Litowitz is the firm responsible for communicating out the *Symantec* Order but does not represent the Oklahoma Funds in this litigation, on May 20, 2022, James Harrod of Bernstein Litowitz sent an email to the litigation team at Grant & Eisenhofer working on this matter attaching the *Symantec* Order and providing draft language for Grant & Eisenhofer to use in transmitting it to the Oklahoma Funds (the "May 20, 2022 Email"). The May 20, 2022 Email also indicated to the recipients that the Joint Declaration to be submitted by counsel would

3

include a statement that each Plaintiff had been provided with the *Symantec* Order and had reaffirmed their support for Lead Counsel to serve as Class Counsel.

9.     In the following days, Lead Counsel proceeded with finalizing their Class Certification submission.  In an oversight by counsel at Grant & Eisenhofer, the email with the *Symantec* Order was inadvertently not sent to the Oklahoma Funds.  However, at the time the Joint Declaration was signed, we believed the *Symantec* Order had been provided to the Oklahoma Funds.

10.     During Mr. Rankin's June 27, 2022 deposition, we learned that he had not been provided with the *Symantec* Order in connection with this case. Following Mr. Rankin's deposition on June 27, 2022, we investigated and learned that the email had not been sent, and the *Symantec* Order had not been provided to or reviewed by the Oklahoma Funds in connection with this case.  As a result, the next day—June 28, 2019—Grant & Eisenhofer sent the *Symantec* Order to each of the four Oklahoma Funds and communicated its content to each one.

11.     Then, as we stated in the Supplemental Declaration, each of the Oklahoma Funds confirmed that they had reviewed the *Symantec* Order, and informed us that they reaffirmed their motion that Bernstein Litowitz serve as co-Class Counsel, alongside the Oklahoma Funds' selected counsel, Grant & Eisenhofer.

12.     Finally, Defendants have raised an issue with Mr. Rankin's Supplemental Declaration filed on July 1, 2022 (Doc. 133) (the "Rankin Supplemental Declaration"). Had Defendants engaged in the required meet-and-confer process before they filed their motion, we would have offered to make Mr. Rankin available for an additional deposition of up to one hour related to the issues arising out of the Rankin Supplemental Declaration.  Again, to resolve any

4

possible issues concerning the submission of the Rankin Supplemental Declaration, Oklahoma Firefighters offers to provide an additional deposition of Mr. Rankin for one hour.

13. Attached as Exhibit A is a true and correct copy of the Order Appointing the Public Pension Funds as Lead Plaintiff and Approving Their Selection of Lead Counsel, *City of Riviera Beach Gen. Emps.' Ret. Sys. v. Vertiv Holdings Co.*, No. 1:22-cv-03572-GHW, ECF No. 16 (S.D.N.Y. June 22, 2022).

14. Attached as Exhibit B is a true and correct copy of the Order Granting Motion to Consolidate, Appointing Lead Plaintiff, and Approving Selection of Counsel, *Homyk v. ChemoCentryx, Inc.*, No. 4:21-cv-03343-JST, ECF No. 32 (N.D. Cal. Jan. 28, 2022).

15. Attached as Exhibit C is a true and correct copy of the Stipulation and Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRVB, ECF No. 36 (N.D. Cal. Jan. 5, 2022).

16. Attached as Exhibit D is a true and correct copy of the Order, *Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-00444-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021).

17. Attached as Exhibit E is a true and correct copy of the Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 (N.D. Tex. June 10, 2021).

18. Attached as Exhibit F is a true and correct copy of an excerpt of the confidential transcript of the July 6, 2022 deposition of Andreas Thielemann in this Action.

19. Attached as Exhibit G are true and correct copies of excerpts of the confidential transcript of the June 30, 2022 deposition of Ginger Sigler in this Action.

20.     Attached as Exhibit H is a true and correct copy of a confidential document bearing bates numbers OLERS_0002752-OLERS_0002806.

21.     Attached as Exhibit I are true and correct copies of excerpts of the confidential transcript of the July 13, 2022 deposition of Duane Michael in this Action.

22.     Attached as Exhibit J is a true and correct copy of Oklahoma Firefighters Pension & Retirement System's Master Statement of Investment Policy.

23.     Attached as Exhibit K are true and correct copies of excerpts of the confidential transcript of the June 27, 2022 deposition of Chase Rankin in this Action.

24.     Attached as Exhibit L are true and correct copies of excerpts of the confidential transcript of the July 7, 2022 deposition of Paul Bronson in this Action.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of July, 2022.

_/s/ James A. Harrod_
James A. Harrod

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of July, 2022.

_/s/ Daniel L. Berger_
Daniel L. Berger

6

## CERTIFICATE OF SERVICE

I certify that on July 19, 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ James A. Harrod