# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| NYKREDIT PORTEFØLJE ADMINISTRATION A/S, OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, OKLAHOMA CITY EMPLOYEE RETIREMENT SYSTEM, POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on behalf of all others similarly situated, | § § § § § § § § § § | No. MO:19-CV-217-DC |
| *Plaintiffs,* | § § § | |
| v. | § § § | |
| PROPETRO HOLDING CORP., DALE REDMAN, JEFFREY SMITH, IAN DENHOLM, and SPENCER D. ARMOUR III, | § § § § § | |
| *Defendants.* | § § § § § | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of September 22, 2022 (the "Stipulation") is entered into between (a) Lead Plaintiffs Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System (together, "Lead Plaintiffs"), and additional named plaintiff Police and Fire Retirement System of the City of Detroit (together, with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (defined below); and (b) Defendants ProPetro Holding Corp. ("ProPetro" or the "Company"), Dale Redman, Jeffrey Smith, Ian

Denholm, and Spencer D. Armour III (the "Individual Defendants" and, with ProPetro, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

WHEREAS:

A.      On September 16, 2019, a class action complaint was filed in the United States District Court for the Western District of Texas (the "Court"), styled *Logan v. ProPetro Holding Corp., et al.*, Case No. 7:19-CV-217, alleging violations of the federal securities laws on behalf of purchasers of ProPetro common stock during the period from March 17, 2017 through August 8, 2019, inclusive.

B.      On November 15, 2019, Nykredit Portefølje Administration A/S ("Nykredit") and Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System (the "Oklahoma Funds") filed a joint a motion for appointment as lead plaintiffs on behalf of purchasers of ProPetro common stock from March 17, 2017 through August 8, 2019, inclusive, and for the appointment of Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. as lead counsel.

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

2

C.      On December 16, 2019, the Honorable Walter David Counts III appointed Nykredit and the Oklahoma Funds as Lead Plaintiffs and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. as Lead Counsel.

D.      On February 13, 2020, Lead Plaintiffs and additional named plaintiff Police and Fire Retirement System of the City of Detroit ("Detroit Police & Fire"), served and filed the Amended Class Action Complaint for Violations of the Federal Securities Laws.  On April 14, 2020, Plaintiffs served and filed their Second Amended Class Action Complaint for Violations of the Federal Securities Laws.

E.      On July 30, 2020, Plaintiffs served and filed the Third Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint").  The Complaint asserts claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint also asserts claims against ProPetro, Redman, and Smith under Section 11 of the Securities Act of 1933 ("Securities Act") and against Redman, and Smith under Section 15 of the Securities Act.  The Complaint asserts these claims on behalf of a class consisting of all persons and entities who (a) purchased, or otherwise acquired ProPetro common stock on the open market from March 17, 2017 to March 13, 2020, both dates inclusive (the "Class Period"), and were damaged thereby; or (b) purchased ProPetro common stock in or traceable to the Company's March 17, 2017 Initial Public Offering.  Among other things, the Complaint alleges that Defendants made materially false and misleading statements about ProPetro's internal and disclosure controls.  The Complaint further alleges that the price of ProPetro common stock was artificially inflated during the Class Period as a result of Defendants' allegedly false and misleading statements and declined when the truth was allegedly revealed.

3

F.       On August 31, 2020, Defendants served and filed motions to dismiss the Complaint. On September 30, 2020, Plaintiffs served and filed their omnibus memorandum of law in opposition to those motions and, on October 30, 2020, Defendants served and filed their reply papers.

G.       On September 13, 2021, the Court entered an order granting in part and denying in part Defendants' motions to dismiss the Complaint.

H.       On October 22, 2021, Defendants filed a motion to strike portions of the Complaint under Federal Rule of Civil Procedure 12(f) contending that these portions were rendered "immaterial" and "impertinent" by the Court's order dated September 13, 2021 granting in part and denying in part Defendants' motions to dismiss the Complaint (the "Motion to Strike"). On November 5, 2021, Plaintiffs filed on opposition to the Motion to Strike.

I.       On March 18, 2022, the Court granted the Motion to Strike.

J.       On April 1, 2022, Defendants served and filed their Answers and Affirmative Defenses to the Complaint.

K.       On May 27, 2022, Plaintiffs served and filed their motion for class certification (the "Class Certification Motion") and supporting papers, including a report from an expert on market efficiency.

L.       On July 1, 2022, Plaintiffs filed four supplemental declarations in support of the Class Certification Motion. On July 5, 2022, Defendants filed a motion to strike the supplemental declarations dated July 1, 2022 contending that they were untimely and improper declarations. On July 19, 2022, Plaintiffs filed an opposition to Defendants' July 5, 2022 motion to strike the supplemental declarations.

M.    On July 22, 2022 Defendants served and filed their opposition to Plaintiffs' Class Certification Motion and a motion to exclude Plaintiffs' market efficiency expert.

N.    Discovery in this Action commenced in October 2021 and continued up until the parties agreed to stay all discovery on August 22, 2022. Plaintiffs prepared and served initial disclosures and a set of document requests on the Defendants. Additionally, Plaintiffs prepared and served document subpoenas on twenty non-parties. Plaintiffs also served interrogatories on ProPetro and Defendant Redman. Plaintiffs exchanged numerous letters and held numerous meet and confers with Defendants concerning discovery issues. Defendants and third parties produced a total of over 350,000 pages of documents to Plaintiffs, and Plaintiffs produced over 30,000 pages of documents to Defendants in response to their requests. A total of eight depositions of representatives for each of the Plaintiffs and of Plaintiffs' expert on market efficiency were taken in connection with Plaintiffs' motion for class certification, and eight additional depositions of Defendants and related witnesses were noticed.

O.    The Parties conducted an initial mediation with Robert A. Meyer, Esq. of JAMS in August 2021, which did not result in a settlement. The Parties remained in touch with Mr. Meyer and scheduled a second mediation, which took place in Los Angeles, California in May 2022. Both mediations were preceded by the exchange of detailed mediation submissions addressing issues of liability and damages. The May 2022 mediation included presentations made to the mediator also concerning liability and damages issues. The May 2022 mediation did not result in a settlement, but the Parties continued to engage in settlement discussions through Mr. Meyer from May 2022 through August 2022. Ultimately, Mr. Meyer made a mediator's proposal that the Parties settle the action for $30,000,000, which the Parties considered on a double-blind basis. On August 11, 2022, Mr. Meyer informed the Parties that both sides had accepted the proposal. On

5

August 19, 2022, the Parties entered a term sheet memorializing their agreement in principle to settle the Action for $30,000,000 (the "Term Sheet").

P.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

Q.      Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of its counsel, Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

R.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

S.　　Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.　However, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial.　Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of trial, as well as the risks posed by the difficulties and delays relating to fact and expert discovery, summary judgment and trial, post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury.　Plaintiffs and Lead Counsel are also aware of the defenses to the securities law claims asserted in the Action, and believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class in light of the circumstances present.　Based on their evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is fair, reasonable, and adequate and in the best interests of the Settlement Class.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

**DEFINITIONS**

1.　　As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the securities class action in the matter styled *Nykredit Portefølje Administration A/S et al. v. ProPetro Holding Corp. et al.*, No. MO:19-CV-217-DC (W.D. Tex.), and includes all actions consolidated therein.

(b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)     "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)     "Claimant" means a person or entity that submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)     "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)     "Class Period" means the period from March 17, 2017 to March 13, 2020, both dates inclusive.

(j)     "Complaint" means the Third Amended Class Action Complaint filed in the Action on July 30, 2020.

(k)     "Court" means the United States District Court for the Western District of Texas,

(l)     "Defendants" means ProPetro and the Individual Defendants.

(m)     "Defendants' Counsel" means Hughes Hubbard & Reed LLP; Winstead PC; Bell Nunnally & Martin LLP; and Edmundson Shelton Weiss PLLC.

(n)     "Defendants' Releasees" means Defendants and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

(o)     "Detroit Police & Fire" means additional named plaintiff Police and Fire Retirement System of the City of Detroit.

(p)     "Effective Date" with respect to the Settlement means the first date by which all the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(q)     "Escrow Account" means an account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(r)     "Escrow Agent" means Huntington National Bank.

(s)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(t)　　"Final," with respect to the Judgment, the Alternate Judgment (if applicable) or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant, or, in the event that certiorari or other form of review is dismissed prior to final affirmance, upon the date of that dismissal.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(u)　　"Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)　　"Individual Defendants" means Dale Redman, Jeffrey Smith, Ian Denholm, and Spencer D. Armour III.

(w)　　"Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x) "Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A.

(y) "Lead Plaintiffs" means Nykredit Portefølje Administration A/S, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Oklahoma Police Pension and Retirement System, and Oklahoma City Employee Retirement System.

(z) "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class) for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(aa) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(bb) "Notice" means the Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Hearing; and (iii) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(cc) "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

11

(dd) "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ee) "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(ff) "Plaintiffs" means Lead Plaintiffs and Detroit Police & Fire.

(gg) "Plaintiffs' Counsel" means Lead Counsel; Martin & Drought, P.C., liaison counsel for Plaintiffs and the Settlement Class; and Clark Hill PLC, counsel for Detroit Police & Fire.

(hh) "Plaintiffs' Releasees" means Plaintiffs, Plaintiffs' Counsel, Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

(ii) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(jj) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(kk) "ProPetro" or the "Company" means ProPetro Holding Corp.

(ll) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1. 78u-4.

(mm) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(nn) "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate to the prosecution or settlement of the claims asserted against Defendants in the Action. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims that any Defendant may have under or relating to any policy of liability, any other insurance policy, or any contractual or statutory right to indemnification. For the avoidance of doubt, this Stipulation shall not release any insurer, co-insurer, excess insurer, or re-insurer from any obligation owed to any Defendant in the Action for indemnity or coverage under or relating to any policy of liability or other insurance policy.

(oo) "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Plaintiffs or any other member of the Settlement Class (i) asserted in any complaint filed in the Action, including the Complaint (the "Complaints"), (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaints and that relate to the purchase or acquisition of ProPetro common stock during the Class Period or in or traceable to the Company's March 17, 2017 Initial Public Offering; or (iii) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Plaintiffs' Claims do not include: (i) the claims asserted in any shareholder derivative action and (ii) any claims relating to the enforcement of the Settlement.

(pp) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(qq) "Releases" means the releases set forth in ¶¶ 6-7 of this Stipulation.

(rr) "Settlement" means the settlement between Plaintiffs, on behalf of the Settlement Class, and Defendants on the terms and conditions set forth in this Stipulation.

(ss) "Settlement Amount" means $30,000,000 in cash.

(tt) "Settlement Class" means all persons and entities who (a) purchased or otherwise acquired ProPetro common stock on the open market during the Class Period, and were damaged thereby, or (b) purchased ProPetro common stock in or traceable to the Company's March 17, 2017 Initial Public Offering. Excluded from the Settlement Class are Defendants; ProPetro's affiliates and subsidiaries; the Officers and directors of ProPetro and its subsidiaries and affiliates at all relevant times; members of the Immediate Family of any excluded person; heirs, successors and assigns of any excluded person or entity; and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are any persons and entities that submit a request for exclusion that is accepted by the Court.

(uu) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(vv) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ww) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(xx) "Summary Notice" means the Summary Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Hearing; and (iii) Motion for Attorneys' Fees and

14

Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(yy) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund (or other taxes paid by the Settlement Fund); and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(zz) "Unknown Claims" means any Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, and that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment (or, if applicable, the Alternate Judgment) shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

15

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2. Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3. Within five (5) business days of execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## STAY PENDING FINAL APPROVAL

4. The Preliminary Approval Order shall provide that, pending final determination of whether the Settlement should be approved, the Court will stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation; will bar and enjoin Plaintiffs and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants'

Releasees; and will bar and enjoin Defendants from commencing or prosecuting any and all of the Released Defendants' Claims against each and all of the Plaintiffs' Releasees. The Parties agree that all motions in the Action pending before the Court when this Stipulation is executed shall be deemed withdrawn and moot, subject to the provisions of ¶ 35 below.

## RELEASE OF CLAIMS

5.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

6.      Pursuant to the Judgment (or, if applicable, the Alternate Judgment), without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

7.      Pursuant to the Judgment (or, if applicable, the Alternate Judgment), without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against

17

Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

8.      Notwithstanding ¶¶ 6-7 above, nothing in the Judgment (or, if applicable, the Alternate Judgment) shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment (or, if applicable, the Alternate Judgment).

## THE SETTLEMENT CONSIDERATION

9.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants' insurers shall pay the Settlement Amount into the Escrow Account within ten (10) business days after the later of:  (i) the date of entry by the Court of an order preliminarily approving this Settlement; and (ii) Lead Counsel's provision to Defendants' Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

10.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-31 below.

11.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

12.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or

responsibility for any such Taxes.  Upon written request, ProPetro will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.  All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

14.  The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity that paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay up to $750,000 from the Settlement Fund, without further approval from the Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Following the Effective Date, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity that paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16. Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for payment or reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees, Litigation Expenses and/or Lead Plaintiff service award

is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after:  (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

18.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which Lead Counsel, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of

22

attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

19.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than ProPetro's obligation to provide its shareholder records as provided in ¶ 20 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the plan of allocation of the Settlement proceeds, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, ProPetro shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead

23

Counsel or the Claims Administrator) a list (consisting of names and addresses) of the record holders of ProPetro common stock during the Class Period.

21. No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b). The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

22. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

23. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants'

Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

24. Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment (or, if applicable, the Alternate Judgment) to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

25. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

26. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other

25

documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment (or, if applicable, the Alternate Judgment) and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants

26

whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

28.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order:  (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment (or, if applicable, the Alternate Judgment) to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

30.     No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel and Plaintiffs' damages expert, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and parties to this Settlement expressly

28

waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

32.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

The Judgment shall contain a bar order ("Bar Order") substantially in the form set forth in Exhibit B hereto that shall, upon the Effective Date, permanently bar, extinguish, and discharge to the fullest extent permitted by law any and all claims, whether arising under state, federal or common law, for contribution or indemnity, however denominated, based upon, or related to any fact or circumstances involved in or arising out of the Action, (a) by any person or entity against any of the Defendants' Releasees or (b) by any of the Defendants' Releasees against any other person or entity, with the scope and preclusive effect of this bar order as broad as that permissible under 15 U.S.C. § 78u-4(f)(7) and other federal and state law, including Del. C. § 6304(b); provided, however, that the Bar Order shall not release or alter the contractual rights, if any, under the terms of any bylaws or other written agreement between or among the Defendants, and shall not preclude either (i) Defendants' Releasees from seeking to enforce any rights they may have under any applicable insurance policies, or (ii) any right of indemnification or contribution that the Individual Defendants may have under contract or otherwise.

Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of:  (a) an amount that corresponds to the percentage of responsibility of Defendants

29

for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION OR TERMINATION

33. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a) the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b) the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 9 above;

(c) ProPetro has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(d) the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23(e)(2), and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

34. Upon the occurrence of all the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35. If (i) Defendants or Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (ii) the Court disapproves the Settlement; or (iii) the Effective Date of the Settlement fails to occur, then:

(a) The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)  Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to their agreement in principle on August 11, 2022.

(c)  The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 15, 17, 38, 58, and 59, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment (or, if applicable, Alternate Judgment) or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)  Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account.

36.  Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to the other Parties within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement;

31

(d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37.    ProPetro shall also have the right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in ProPetro's confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Plaintiffs and ProPetro concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

38.    Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet,

32

this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

> (a)　　shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

> (b)　　shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

> (c)　　shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

39.     All the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment (or, if applicable, the Alternate Judgment) entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment (or, if applicable, Alternate Judgment) shall

34

be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 35.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action, and any arguments in support of, assertions or requests for sanctions are hereby withdrawn.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Robert A. Meyer, Esq. of JAMS, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the

Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

45. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Texas without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel:

Bernstein Litowitz Berger & Grossmann LLP
Attn:  James A. Harrod, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
jim.harrod@blbglaw.com

-and-

Grant & Eisenhofer P.A.
Attn:  Daniel L. Berger, Esq.
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Fax: (646) 722-8501
dberger@gelaw.com

If to Defendants ProPetro or Spencer D. Armour, III:

Hughes Hubbard & Reed LLP
Attn: Kevin T. Abikoff
Attn: Benjamin S. Britz
Attn: Shahzeb Lari
1775 I Street, NW
Washington, DC 20006
Telephone: (202) 761-4600
Fax: (202) 721-4646
kevin.abikoff@hugheshubbard.com
shahzeb.lari@hugheshubbard.com

38

| | |
|---|---|
| If to Defendant Dale Redman: | Winstead PC<br>Attn: Toby M. Galloway<br>Attn: Matthias Kleinsasser<br>300 Throckmorton Street, Suite 1700<br>Fort Worth, TX 76102<br>Telephone: (817) 420-8200<br>Fax: (817) 420-8201<br>tgalloway@winstead.com<br>mkleinsasser@winstead.com |
| If to Defendant Ian Denholm: | Bell Nunnally & Martin LLP<br>Attn: Craig M. Warner<br>2323 Ross Avenue, Suite 1900<br>Dallas, TX 75201<br>Telephone: (214) 740-1400<br>Fax: (214) 740-1499<br>cwarner@bellnunnally.com |
| If to Defendant Jeffrey Smith: | Edmundson Shelton Weiss PLLC<br>Attn: J. Kevin Edmundson<br>Attn: Jesse Z. Weiss<br>317 Grace Lane, Suite 210<br>Austin, TX 78746<br>Telephone: (512) 596-3058<br>Fax: (512) 532-6637<br>kevin@eswpllc.com<br>jesse@eswpllc.com |

57.     Except as otherwise provided herein, each Party shall bear its own costs.

58.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

59.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their

39

counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of September 22, 2022.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____

James A. Harrod
Jeroen van Kwawegen
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Fax: (212) 554-1444
jeroen@blbglaw.com
jim.harrod@blbglaw.com

**GRANT & EISENHOFER P.A.**

By: _____

Daniel L. Berger
Caitlin M. Moyna
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Fax: (646) 722-8501
dberger@gelaw.com
cmoyna@gelaw.com

*Counsel for Plaintiffs and Lead Counsel for the Settlement Class*

**HUGHES HUBBARD & REED LLP**

By: _Kevin Abikoff /SL_

Kevin T. Abikoff
Benjamin S. Britz
1775 I Street, NW
Washington, DC 20006
Telephone: (202) 761-4600
Fax: (202) 721-4646
kevin.abikoff@hugheshubbard.com
benjamin.britz@hugheshubbard.com

*Counsel for Defendants ProPetro Holding
Corp., and Spencer D. Armour, III*

**WINSTEAD PC**

By: _____

Toby M. Galloway
Matthias Kleinsasser
300 Throckmorton Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 420-8200
Fax: (817) 420-8201
tgalloway@winstead.com
mkleinsasser@winstead.com

*Counsel for Defendant Dale Redman*

**BELL NUNNALLY & MARTIN LLP**

By: _____

Craig M. Warner
Parker Burns
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400
Fax: (214) 740-1499
cwarner@bellnunnally.com
pburns@bellnunnally.com

*Counsel for Defendant Ian Denholm*

**HUGHES HUBBARD & REED LLP**

By: _____
Kevin T. Abikoff
Benjamin S. Britz
1775 I Street, NW
Washington, DC 20006
Telephone: (202) 761-4600
Fax: (202) 721-4646
kevin.abikoff@hugheshubbard.com
benjamin.britz@hugheshubbard.com

*Counsel for Defendants ProPetro Holding*
*Corp., and Spencer D. Armour, III*

**WINSTEAD PC**

By: _____
Toby M. Galloway
Matthias Kleinsasser
300 Throckmorton Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 420-8200
Fax: (817) 420-8201
tgalloway@winstead.com
mkleinsasser@winstead.com

*Counsel for Defendant Dale Redman*

**BELL NUNNALLY & MARTIN LLP**

By: _____
Craig M. Warner
Parker Burns
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400
Fax: (214) 740-1499
cwarner@bellnunnally.com
pburns@bellnunnally.com

*Counsel for Defendant Ian Denholm*

41

**BELL NUNNALLY & MARTIN LLP**

By: _____

Craig M. Warner
Parker Burns
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400
Fax: (214) 740-1499
cwarner@bellnunnally.com
pburns@bellnunnally.com

*Counsel for Defendant Ian Denholm*

**EDMUNDSON SHELTON WEISS PLLC**

By: _____
J. Kevin Edmundson
Jesse Z. Weiss
317 Grace Lane, Suite 210
Austin, TX 78746
Telephone: (512) 596-3058
Fax: (512) 532-6637
kevin@eswpllc.com
jesse@eswpllc.com

*Counsel for Defendant Jeffrey Smith*

EDMUNDSON SHELTON WEISS PLLC

By: _____

J. Kevin Edmundson
Jesse Z. Weiss
317 Grace Lane, Suite 210
Austin, TX 78746
Telephone: (512) 596-3058
Fax: (512) 532-6637
kevin@eswpllc.com
jesse@eswpllc.com

*Counsel for Defendant Jeffrey Smith*