# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JAMES FELIX, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,, | ) ) ) | CV-18-2902-WHA CV-19-2522-WHA |
| PLAINTIFF, | ) ) | SAN JOSE, CALIFORNIA |
| VS. | ) ) | FEBRUARY 10, 2022 |
| SYMANTEC CORPORATION, ET AL, | ) ) ) | PAGES 1-20 |
| DEFENDANT. | ) | |

_____

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S

FOR THE PLAINTIFF:        **BY:  SALVATORE J GRAZIANO**
                              **JEREMY ROBINSON**
                              **REBECCA BOON**
                          BERNSTEIN LITOWITZ LLP
                          1251 AVENUE OF THE AMERICAS
                          44TH FLOOR
                          NEW YORK, NY 10020

FOR THE DEFENDANT:        **BY:  JEROME F. BIRN , JR.**
                              **JESSICA SNORGRASS**
                              **STEPHEN STRAIN**
                          WILSON SONSINI GOODRICH & ROSATI
                          650 PAGE MILL ROAD
                          PALO ALTO, CA 94304

OFFICIAL COURT REPORTER:        SUMMER FISHER, CSR, CRR
                                CERTIFICATE NUMBER 13185

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

APPEARANCES CONTINUED:

FOR THE DEFENDANT:          **BY:  SUSAN RESLEY**
                                **NINA DUTTA**
                                **MICHAEL KICHLINE**
                           MORGAN LEWIS & BOCKIUS LLP
                           ONE MARKET, SPEAR STREET TOWER
                           28TH FLOOR
                           SAN FRANCISCO, CA 94105


ALSO PRESENT FOR PLAINTIFF:    CAROLINE RIFALL

ALSO PRESENT FOR DEFENDANT:    MARYBETH MILIONIS

SAN JOSE, CALIFORNIA                    FEBRUARY 10, 2022

P R O C E E D I N G S

(COURT CONVENED AT 11:00 A.M.)

THE CLERK:  CALLING CIVIL ACTION 18-2902.  FELIX V. SYMANTEC CORPORATION, ET AL.

COUNSEL, PLEASE APPROACH THE PODIUM AND STATE YOUR APPEARANCES FOR THE RECORD BEGINNING WITH COUNSEL FOR PLAINTIFF.

MR. GRAZIANO:  GOOD MORNING, YOUR HONOR.

ON BEHALF OF THE LEAD PLAINTIFF, SEB, YOU HAVE SALVATORE GRAZIANO, BERNSTEIN LITOWITZ, JEREMY ROBINSON.

ON THE PHONE, HEAD OF LEGAL AT SEB IS CAROLINE RIFALL, FROM SWEDEN, AND OUR COLLEAGUE FROM NEW YORK, REBECCA BOON, IS ALSO ON THE PHONE.

MR. BIRN:  GOOD MORNING, YOUR HONOR.

JEROME BIRN, WITH WILSON SONSINI, FOR NORTONLIFELOCK, FORMERLY KNOWN AS SYMANTEC.

I'M JOINED BY MY PARTNER JESSICA SNORGRASS AND MY COLLEAGUE STEPHEN STRAIN.  AND WE MAY HAVE MARYBETH MILIONIS ON THE LINE AS WELL.

THE COURT:  WHO IS ON THE PHONE?  YOU TRAILED OFF AT THE LAST -- WHO IS OH THE PHONE?

MR. BIRN:  I BELIEVE MS. MARYBETH MILIONIS, WHO IS HEAD OF LEGAL AT NORTONLIFELOCK.

THE COURT: OKAY.  THANK YOU.

MS. RESLEY:  GOOD MORNING, YOUR HONOR.

SUSAN RESLEY FROM MORGAN LEWIS & BOCKIUS.  AND WITH ME IS NINA DUTTA, ALSO FROM MORGAN LEWIS & BOCKIUS.  AND ON THE PHONE IS MICHAEL KICHLINE, MY PARTNER, ALL FROM THE SAME FIRM, REPRESENTING DEFENDANT GREGORY CLARK.

THANK YOU.

THE COURT:  SURE.

OKAY.  WELCOME.  WE ARE HERE FOR FINAL APPROVAL OF A CLASS SETTLEMENT, FINAL FAIRNESS HEARING.

AND I'M GOING TO ASK PLAINTIFF'S COUNSEL TO SUMMARIZE THE ESSENCE OF THE SETTLEMENT, AND THEN AFTER THAT, THE PROCEDURE THAT WE FOLLOWED IN THE NOTICES THAT WERE GIVEN.

ONE THING I'M GOING TO HAVE SOME FOLLOWUP ON IS I'M A LITTLE CONCERNED ABOUT THE NUMBER OF NOTICE PACKETS THAT WERE RETURNED.

BUT LET'S START WITH THE BASICS.  WHY DON'T YOU COME FORWARD, USE THE MICROPHONE UP HERE AND EXPLAIN WHAT THE BASIC TERMS OF THE SETTLEMENT ARE.

MR. GRAZIANO:  SURE, YOUR HONOR.

AND I AM GOING TO -- SALVATORE GRAZIANO FROM MORGAN LEWIS, I APOLOGIZE.

AS I SAID, I'M ALSO GOING TO TRY TO INCORPORATE THE PAPERS TO AVOID A LOT OF REPETITION.  BUT THE BASICS OF THE SETTLEMENT ARE, I THINK VERY STRAIGHTFORWARD IN THIS CASE, BECAUSE IT IS AN ALL CASH SETTLEMENT OF $70 MILLION.  IT WAS ONLY NEGOTIATED

BEFORE MAGISTRATE JUDGE RYU AFTER THE CLASS WAS CERTIFIED.

THE SETTLEMENT WOULD BE DISTRIBUTED TO ALL CLASS MEMBERS ON A COMPLETELY EQUAL PRO RATA BASIS.  THERE'S NO PREFERENCE FOR THE LEAD PLAINTIFF OR FOR ANY PARTICULAR MEMBER OF THE CLASS.  AND I'M JUST TRYING TO RECALL WHAT YOUR HONOR --

THE COURT:  OH, I THOUGHT THERE WAS SOME BONUS FOR PEOPLE IN --

MR. GRAZIANO:  THERE IS A TWO PERCENT ADJUSTMENT OF THE SMALL PART OF THE CLASS THAT TRADED CONTEMPORANEOUSLY WITH ONE OF THE INSIDERS, AND THAT'S WHAT WE REFER AS THE 20A CLAIM.

AND THAT IS MEANT TO MIRROR WHAT WOULD HAVE HAPPENED AT TRIAL.  BUT I DON'T THINK THAT IS A SIGNIFICANT DIFFERENCE, THEY JUST WOULD RECEIVE A TWO PERCENT ENHANCEMENT, THOSE PEOPLE WHO CAN SHOW THEY TRADED WITHIN THAT WINDOW.  SO I DIDN'T MEAN TO OVERLOOK THAT, I APOLOGIZE.

BUT AS A GENERAL MATTER, WHAT WE DID WITH THE $70 MILLION IS TREAT IT BASICALLY -- YOU KNOW, OUR EXPERT DAMAGES REPORT WAS ALREADY ON FILE, THE CASE WAS ALREADY ON THE EVE OF SUMMARY JUDGEMENT.  WE TRIED TO COPY WHAT WOULD HAPPEN AT TRIAL, HOW WOULD WE SHOW DAMAGES AT TRIAL, THAT'S HOW WE TREATED THE CLASS AND THE SETTLEMENT, REALLY NO DIFFERENCE, WE TRIED TO MAKE IT FAIR AND EQUITABLE TO EVERYONE INVOLVED.

THE NOTICE PROGRAM YOUR HONOR ASKED ABOUT, I THINK IT'S SIGNIFICANT IN THIS CASE TO IDENTIFY THE FACT THAT THIS CLASS HAS BEEN HEAVILY NOTICED, AND SOME OF IT IS BECAUSE THE UNIQUE

CIRCUMSTANCES OF THE CASE, BUT THE CLASS WAS CERTIFIED AND THE CLASS WAS NOTICED FOR THE FIRST TIME.

THEN WE HAD AN ISSUE RAISED ABOUT US AND SEB, AND THE COURT DECIDED THE BEST REMEDY WOULD BE TO DO ANOTHER NOTICE TO THE CLASS, ANOTHER OPT OUT ROUND, SO THE CLASS WAS NOTICED AT THAT POINT FOR A SECOND TIME.

AND THEN FINALLY IN CONNECTION WITH THE SETTLEMENT, THE CLASS WAS NOTICED FOR A THIRD TIME.  SO IT HAS BEEN A VERY EXTENSIVELY NOTICED CLASS.

AND I KNOW THE THIRD THING YOUR HONOR IDENTIFIED WAS THE ABOUND OF MAIL RETURNED NOT DELIVERABLE, AND I'M AWARE OF THAT, BUT I WOULD SAY TWO THINGS ABOUT THAT.

FIRST, THE RETURN RATE IS VERY LOW, IT'S JUST A COUPLE OF PERCENTAGE, IN TERMS OF THE OVERALL NOTICE THAT WENT OUT.  IT IS COMPLETELY IN LINE WITH WHAT HAPPENS IN ALL OF THESE CASES IN TERMS OF THE AMOUNT THAT'S UNDELIVERABLE.

AND IN THIS PARTICULAR CASE, YOU KNOW, LET'S REALIZE THAT THE NOTICE WASN'T JUST BEING SENT TO CLASS MEMBERS, IT WAS BEING SENT TO POTENTIAL CLASS MEMBERS.  SO IT'S A BIT OVERBROAD, WE CAN'T BE SURE THAT EVERYONE GETTING THE NOTICE IS IN THE CLASS AND THAT THE CLASS HAS BEEN WIDELY PUBLICIZED, NOT JUST THROUGH THE MAIL NOTICE FORM, BUT IT'S ON THE INTERNET, IT'S BEEN PUBLISHED IN NEWSPAPERS.

SO WE THINK THAT THE NOTICE HERE IS QUITE EXTENSIVE AND CERTAINLY SATISFIES ALL THE PREVIOUS CASES WE ARE AWARE OF IN

TERMS OF HOW THESE CLASSES ARE GENERALLY NOTICED.

THE COURT:  WHAT IS THE TIMELINE FOR CLAIMS?

MR. GRAZIANO:  I UNDERSTAND THE CLAIMS ARE NOT DUE UNTIL 30 DAYS AFTER FINAL APPROVAL.  SO IT WOULD BE SOME TIME IN MARCH FOR THE DEADLINE.

AND WE HAVE A COUPLE OF THOUSAND CLAIMS ALREADY RECEIVED, BUT MOST PEOPLE DO WAIT CLOSER TO THE DEADLINE.  AND I HAVE A NOTATION OF THE DEADLINE, BUT IT'S LATE MARCH.  IF YOU WANT ME TO BE SPECIFIC AS TO THE DAY, I CAN GIVE IT -- HERE'S IT IS, I'M SORRY, MARCH 10TH WOULD THE EARLIEST IF THERE WAS APPROVAL GRANTED TODAY.  I APOLOGIZE.  IT'S 30 DAYS AFTER FINAL APPROVAL.

THE COURT:  SO WE'VE ALREADY GOT TWO PERCENT OF THE CLASS THAT DID NOT GET THE NOTICE, AND SO LET'S SAY THAT SOME FURTHER PERCENTAGE, LET'S MAKE UP A NUMBER, 20 PERCENT FAILED TO PUT IN A CLAIM.  SO HOW DOES THE MONEY GET DIVIDED UP ONCE WE TAKE INTO ACCOUNT THAT SOME 22 PERCENT ARE NOT MAKING A CLAIM?

MR. GRAZIANO:  SO WHAT WOULD HAPPEN FIRST AND FOREMOST, MOST IMPORTANTLY IS NO REVERSION TO SYMANTEC WHATSOEVER.  THE DEFENDANT DOES NOT GET THE MONEY BACK.

THE COURT:  THAT'S GOOD.  THAT'S GOOD.

MR. GRAZIANO:  AND THE MONEY IS DISTRIBUTED WITH ANOTHER MOTION TO YOUR HONOR ONLY AFTER THE CLAIMS HAVE BEEN PROCESSED.  AND WE WILL SHOW YOU THAT.  AND EVERYBODY WOULD BE

PAID PRO RATA.

SO IF 22 PERCENT, 20 PLUS TWO, DON'T FILE VALID CLAIMS, IT DOES MEAN THAT THE CLASS MEMBERS WHO DID FILE CLAIMS WILL RECEIVE A LITTLE BIT MORE.  NO ONE IS GOING TO GET OVERPAID IN THIS CASE, BECAUSE WE RECOVERED JUST ABOUT TEN PERCENT DAMAGES.  SO THE MONEY WILL FLOW TO THE INJURED PEOPLE IN THE CLASS, EVEN IF IT'S NOT A HUNDRED PERCENT OF THE CLAIMS RESPONSE.

NOW I WILL ALSO ADD, YOUR HONOR, THAT WE HAVE BEEN BEING LOOKING AT THIS QUITE CLOSELY JUST AS A GENERAL MATTER.  WE DON'T KNOW IN THIS CASE BECAUSE THE DEADLINE IS NOT UNTIL MARCH 10TH, BUT THE CLAIMS RATE THAT HAVE BEEN COMING IN IN THESE CASES THE LAST FIVE YEARS HAVE BEEN APPROACHING ONE HUNDRED PERCENT.

AND WE ARE NOT REALLY SURE WHY, BUT WE THINK IT'S BECAUSE SO MUCH OF THE CLASS IS LARGE INVESTORS, AND THEY HAVE ALL SINCE HIRED AND OUTSOURCED TO MAKE SURE THEY FOLLOW THESE DEADLINES, AND THEY DO APPLY FOR THE MONEY.

THE COURT:  THAT'S GOOD.  I AM GLAD TO HEAR WHAT PERCENTAGE IS THE NORMAL NOW.

MR. GRAZIANO:  WE'VE SEEN MANY CASES APPROACHING A HUNDRED PERCENT.  I DON'T HAVE SPECIFIC NAMES AND NUMBERS BECAUSE WE DIDN'T THINK WE WOULD BE TALKING ABOUT THIS RIGHT NOW, BUT FOR US, IT'S INTERESTING BECAUSE WE SAY DAMAGES ARE X, AND DEFENDANTS SAY NO, THEY ARE SMALLER.  AND WHEN WE SEE THE CLAIMS COMING IN TO WHAT WE THOUGHT DAMAGES WERE, IT'S SORT OF

VALIDATING TO US, BUT I DON'T HAVE ANY DATA FOR YOUR HONOR, I'M JUST GIVING YOU ANECDOTES RIGHT NOW.

THE COURT:  NEXT TIME -- YOU WOULD THINK BY THIS POINT IN LIFE, I WOULD KNOW WHAT I WAS DOING, BUT NEXT TIME I WOULD LIKE TO HAVE FINAL APPROVAL AFTER THE CLAIMS SO I CAN SEE THAT 90 PERCENT OF SUBMITTING A CLAIM, SOME RESPECTABLE NUMBER AS OPPOSED TO SAYING 40 PERCENT, WHICH WOULD BE VERY DISAPPOINTING, I THINK IN WHICH CASE I MIGHT WANT TO SAY WE WILL GET MORE NOTICES OUT THERE.

MR. GRAZIANO:  I THINK WHAT WE CAN DO IN THIS PARTICULAR CASE, YOUR HONOR, IS WE -- THE DEFENSE HAVE AGREED TO IT, IT IS A SETTLEMENT, BUT WE ARE HAPPY TO SHARE WITH YOUR HONOR, WHEN WE DO DISTRIBUTE THE MONEY, WHAT THE CLAIMS LOOK LIKE.  WE CAN'T GUARANTEE IT WILL BE AS HIGH AS I THINK IT WILL BE, BUT WE WILL BE HAPPY TO SHARE THE INFORMATION WITH YOUR HONOR NO MATTER WHAT THE INFORMATION IS, AT LEAST YOUR HONOR CAN SEE AND KNOW ABOUT IT.

THE COURT:  I'M JUST PAUSING HERE TO THINK.

ALL RIGHT.  HAVE THERE BEEN ANY OBJECTIONS?

MR. GRAZIANO:  NO, I WANTED TO HIGHLIGHT THAT.

SO WE CAN LOOK AT TODAY AS BASICALLY THREE SEPARATE MOTIONS BEFORE THE COURT.  ONE IS FOR FINAL APPROVAL OF THE SETTLEMENT, THE SECOND IS FOR THE PLAN OF ALLOCATION, AND THE THIRD IS FOR ALLOCATION OF ATTORNEYS FEES AND REIMBURSEMENT EXPENSES.

AND AFTER VERY EXTENSIVE NOTICE, THERE IS NOT A SINGLE OBJECTION FROM ANYONE.

THE COURT:  ANY OPT OUTS?

MR. GRAZIANO:  THERE ARE A VERY SMALL AMOUNT OF OPT OUTS, ALL OF THEM ARE INDIVIDUAL INVESTORS.  THE CLASS IS PRIMARILY MUTUAL INVESTORS WITH LARGE HOLDINGS.  WE HAVE 11 INDIVIDUAL OPT OUTS, AND TWO OF THEM LOOK LIKE THEY ARE FROM A HUSBAND AND WIFE, SO MAYBE TEN.  IT'S A VERY SMALL AMOUNT OF OPT OUTS.

WE THINK THAT IS A FACTOR THAT STRONGLY SUPPORTS THE APPROVAL OF THE THREE MOTIONS UNDER THE CASE LAW WE CITED IN OUR REPLY.

THE COURT:  ANY OBJECTIONS TO THE REQUESTED ATTORNEY'S FEES?

MR. GRAZIANO:  NO, YOUR HONOR.  THERE ARE NONE AT ALL.

AND I WOULD MAKE JUST A COUPLE OF SMALL POINTS ABOUT THAT MOTION AS WELL, IF IT'S OKAY WITH THE COURT.

THE COURT:  OKAY.

MR. GRAZIANO:  THE THING I WANT TO HIGHLIGHT THERE, AGAIN I'M GOING TO RELY ON THE PAPERS BECAUSE I THINK WE'VE TRIED TO ADDRESS ALL OF YOUR HONOR'S QUESTIONS IN SIMILAR CASES IN THE PAST.  BUT IN THIS PARTICULAR INSTANCE I WOULD LIKE TO HIGHLIGHT THAT.

IF THE ATTORNEYS FEES WE SEEK AT 19 PERCENT ARE AWARDED

AND THE EXPENSE IS REIMBURSED, IT'S ABOUT A LITTLE OVER $2 MILLION, THIS IS NOT GOING TO BE A SITUATION WHERE WE RECEIVE ANY KIND OF WINDFALL.

IF THE MOTION IS GRANTED IN FULL, WE WILL BE GETTING BACK ONLY 66 PERCENT OF THE TIME WE ACTUALLY SPENT LITIGATING THIS CASE, SO IT WILL BE A 34 PERCENT DISCOUNT ON OUR EFFORTS.

THIS CASE IS A CASE THAT WE FOUGHT QUITE HARD.  WE WERE JUST ABOUT TO ARGUE SUMMARY JUDGEMENT, BUT EVEN BEFORE THAT, THE CASE HAD BEEN DISMISSED ORIGINALLY.  WE REPLEAD IT, WE DID A LOT OF HOMEWORK TO GET THE CASE REPLEADED.  WE HAD A HARD FOUGHT CLASS MOTION.  WE DID EXTENSIVE DISCOVERY OF 29 DEPOSITIONS.  THERE WERE NINE EXPERT DEPOSITIONS, EACH SIDE HAD THREE EXPERTS AND THERE WERE REPEATED DEPOSITIONS BECAUSE OF THE CLASS PROCEEDINGS.

SO I THINK WE DID AN EXTENSIVE AMOUNT OF WORK IN THIS CASE.  AND THE FEES, AS COMPARED TO WHAT THE NINTH CIRCUIT WOULD CALL A 25 PERCENT BENCHMARK, ARE WELL BELOW 25 PERCENT.

BUT MORE IMPORTANTLY, IN THIS CASE IT'S NOT AS IF WE ARE GOING TO GET MORE THAN OUR TIME IN THE CASE, I THINK WE ARE GOING TO GET A THIRD LESS.  SO I THINK IT IS A FAIR AND REASONABLE FEE REQUEST THAT WE PRESENTED YOUR HONOR WITH TODAY.

THE COURT:  IT DOES SEEM STRANGE THAT YOU HAVE $2 MILLION WORTH OF LITIGATION EXPENSES.  WHAT ACCOUNTS FOR SO MUCH?

MR. GRAZIANO:  IT'S ALMOST ALL EXPERTS.

WE HAVE A SINGLE PAGE, EXHIBIT 8, THAT LAYS IT ALL OUT. BUT OUT OF THE $2 MILLION, 1.657 MILLION ARE EXPERTS.

THE COURT:  OKAY.

THEN THERE'S -- MS. RESLEY, I CAN'T HEAR WHEN YOU COUGH LIKE THAT.  ARE YOU SICK?

MS. RESLEY:  NO.  I JUST HAVE ALLERGIES.

THE COURT:  ALL RIGHT.  WE DON'T WANT ANYBODY SICK IF HERE DURING THE PANDEMIC.

ALL RIGHT.  GO AHEAD AND MAKE THAT LAST POINT.

MR. GRAZIANO:  I THINK THE POINT I WAS MAKING IS THAT SOMETHING LIKE OVER 80 PERCENT OF THE 2 MILLION IS JUST EXPERTS.  AND THERE WERE FOUR EXPERTS WE WORKED WITH, AND --

THE COURT:  THE EXPERTS ARE MAKING OUT LIKE BANDITS.

MR. GRAZIANO:  I KNOW, YOUR HONOR, THEY ARE EXPENSIVE.

THIS IS AN ACCOUNTING CASE, AND IT LOOKS LIKE ABOUT HALF OF THE EXPENSE WENT TO A CPA EXPERT WHOSE NAME IS ANDREW MINTZER, AND HIS TOTAL BILLS WERE $824,000.  THE CASE DID GO ON FOR THREE YEARS.

AND THEN THERE WERE EXECUTIVE COMPENSATION ISSUES IN THE CASE, BECAUSE -- YOU KNOW, THE COURT HAD A CASE WHERE EXPENSES WERE MANIPULATED TO BENEFIT THE DEFENSE ON PERSONAL COMPENSATION, THAT WAS HOTLY DISPUTED, BUT THAT EXPERT'S EXPENSES WERE $388,000.

AND THEN LASTLY, THERE'S LOSS CAUSATION AND DAMAGES.  AND

THERE, THAT PERSON'S BILL WAS $404,000.  THEY HAVE ALL BEEN PAID, SO IT IS AN OUT-OF-POCKET EXPENSE FOR US THAT WE ARE SEEKING TO RECOVER.

THE COURT:  SO YOU HAVE PAID?

MR. GRAZIANO:  YES.

THE COURT:  ALL RIGHT.  I HAVE A DIFFERENT QUESTION.

THIS IS THE FINAL FAIRNESS HEARING AND THE OPPORTUNITY FOR CLASS MEMBERS TO APPEAR AND OBJECT.  I DON'T SEE ANYONE OUT THERE WHO LOOKS LIKE A CLASS MEMBER TO ME.

ARE YOU A CLASS MEMBER?  ARE YOU MR. BORKEN?  WHAT ARE YOU DOING HERE?  ALL RIGHT.  MR. BORKEN IS WAITING HIS TURN FOR ANOTHER CASE.

MR. GRAZIANO:  I DON'T THINK THERE ARE CLASS MEMBERS ON THE PHONE.

THE COURT:  LET'S FIND OUT.

FIRST IN THE COURTROOM, ARE THERE ANY -- IS THERE ANYONE IN THE COURTROOM WHO WISHES TO SPEAK WHO HAS NOT YET SPOKEN?

I SEE NO ONE.

ALL RIGHT.  IS THERE ANYONE ON THE PHONE WHO WISHES TO SPEAK CONCERNING THE FINAL APPROVAL?

I DON'T HEAR ANYTHING.  OKAY.

HOW ABOUT THE DEFENSE?  USUALLY YOU DON'T WANT TO SAY A WORD, BUT I WILL GIVE YOU A CHANCE TO CHIME IN.

MR. BIRN:  YOUR HONOR, ONLY BRIEFLY BECAUSE YOU ASKED ABOUT OPT OUTS.  JEROME BIRN, WILSON SONSINI, FOR SYMANTEC.

YOUR HONOR, YOU ASKED BRIEFLY ABOUT OPT OUTS.  AND IT'S IN THE PAPERS, BUT DURING THE FIRST OPT OUT PERIOD BACK IN 2020 BEFORE THERE WAS ANY SETTLEMENT, AN INSTITUTION NAMED ORBIS HAD OPTED OUT, AND THIS WAS BEFORE THE SETTLEMENT, SO I JUST WANTED TO REMIND YOUR HONOR OF THAT.

THE COURT:  ORBIS IS NOT IN THIS SETTLEMENT.

MR. BIRN:  THAT'S CORRECT, YOUR HONOR.

THE COURT:  OKAY.  I WONDER WHY.  DO THEY HAVE THEIR OWN LAWSUIT GOING?

MR. GRAZIANO:  I WONDER IF I CAN TALK ABOUT IT, BECAUSE THERE WAS SOMETHING IN REGARD TO THE MEDIATION WITH MAGISTRATE JUDGE RYU.  BUT I THINK I CAN SAY WE REFUSED TO GIVE ANY OPT OUT MORE MONEY THAN THE CLASS MEMBERS WOULD GET.

SO EACH SIDE FILED THEIR OWN LAWSUIT BECAUSE THEY COULDN'T SETTLE -- I THINK I CAN SAY THAT MUCH.  I DON'T WANT TO GO INTO --

THE COURT:  SO THEY HAVE THEIR OWN LAWSUIT NOW?

MR. GRAZIANO:  THEY HAVE THEIR OWN LAWSUIT NOW, GOOD LUCK, THEY MAY OR MAY NOT SUCCEED.

THE COURT:  THE AMERICAN WAY.

MR. GRAZIANO:  IT IS.

THE COURT:  BUT WHAT IS NOT GOOD ARE HOLDOUTS WHO WANT TO HOLD UP A CLASS SETTLEMENT WHILE THEY GET MORE MONEY, BECAUSE THEY -- MAYBE THE JUDGE WANTS THE WHOLE THING TO GO AWAY, SO THEY -- I WOULD NEVER DO THAT, BUT I HAVE SEEN THIS

SCENARIO WHERE SOMEBODY IS A HOLDUP ARTIST, IF THAT IS THE RIGHT PHRASE, AND YOU ARE TELLING ME THAT DIDN'T HAPPEN HERE.

SO OKAY, WE DON'T HAVE --

MR. GRAZIANO:  AND LET ME ALSO THANK MAGISTRATE JUDGE RYU, SHE WAS NOT GOING TO LET THAT HAPPEN.

THE COURT:  SHE DESERVES TO BE UP IN THE SUPREME COURT.  I DON'T SAY THAT LIGHTLY.  SHE'S TREMENDOUS.  SO GOOD FOR HER AND GOOD FOR THE WORK SHE DID.

OKAY.  ANYTHING ELSE YOU WANT TO SAY ABOUT THIS?

MR. GRAZIANO:  NO, YOUR HONOR.

THE COURT:  ALL RIGHT.  I THINK I'M GOING TO GET A WRITTEN ORDER OUT, BUT JUST TO BE CLEAR, PEOPLE WHO DID NOT GET THE NOTICE, THE TWO PERCENT THAT DID NOT GET THE NOTICE, WHAT IS YOUR VIEW ON WHETHER OR NOT THEY ARE BOUND BY THE RELEASE?

MR. GRAZIANO:  SO YOUR HONOR, THIS UNFORTUNATELY IS -- IT'S A LITTLE BIT MORE COMPLICATED THAN IT MAY SEEM, BECAUSE ON THE SURFACE, YOU MAY WANT TO SAY, THEY ARE NOT BOUND BY THE RELEASE, THEY DIDN'T GET THE NOTICE, FINE WITH THEM. BUT THE REALITY IS, THE LETTER WAS RETURNED TO A SPECIFIC ADDRESS.

THEY MAY BE FULLY INTERESTED IN FILING A CLAIM HERE, AND IF WE DON'T RELEASE THEM, WE DON'T DISREGARD THEIR CLAIM, THE STATUTE IS GONE.  I THINK THEY WILL BE SUFFERING MORE BY US SAYING THAT.

WE PREFER TO LEAVE IT AS WRITTEN, WHICH IS NOTICE WASN'T,

GIVEN TO EVERY SINGLE PERSON IN THE WORLD EXACTLY, BUT IT WAS THE BEST PRACTICAL NOTICE, AND WE WOULD HOPE ALL THE CLASS MEMBERS WHO FILED CLAIMS SHOULD BE ABLE TO PARTICIPATE IN THE SETTLEMENT.

I'M SURE DEFENSE COUNSEL WOULD SAY SOMETHING SIMILAR.

MR. BIRN:  THIS IS JEROME BIRN AGAIN.

YOUR HONOR, YOU HAVE BEEN VERY PROTECTIVE OF THE CLASS HERE.

AS MR. GRAZIANO NOTED, THERE WERE THREE NOTICE PERIODS THAT WENT OUT, SO THAT'S REALLY THREE TIMES MORE THAN THE NUMBER WE ARE USED TO SEEING.

THE RULES ARE BEST PRACTICAL NOTICE, REASONABLE NOTICE. AND BETWEEN THE MAILED NOTICE, THE FORWARDING BY BROKERS, THE PUBLICATION ON THE INTERNET, THERE'S BEEN QUITE GOOD NOTICE GIVEN.  AND I WOULD JUST SUBMIT, AS MR. GRAZIANO SAYS, IF SOMEONE WERE TO COME FORWARD LATER AND TRY TO MAKE A CLAIM, WE WOULD WANT THAT PERSON TO BE GIVEN A RELEASE, AND THEN YOUR HONOR WILL ADDRESS THAT WHEN YOU ADDRESS YOUR MOTION FOR THE DISTRIBUTION OF THE SETTLEMENT FUND, ALLOWING SOMEONE, PERHAPS, TO MAKE A CLAIM.

SO I THINK -- I REALLY THINK YOUR HONOR HAS GONE ABOVE AND BEYOND THE NORMAL NOTICE THAT WOULD BE CALLED FOR IN THIS CASE.

THE COURT:  IF SOMEONE OWNED A HUNDRED SHARES, WHAT WOULD THEIR RECOVERY BE?

MR. GRAZIANO:  I THINK IN THE NOTICE, WE HAVE A

METHOD ON THAT.  I'M JUST GOING TO HAVE MY COLLEAGUE-- I THINK WE HAVE IT DOWN AS TWENTY CENTS A SHARE; IS THAT CORRECT?  YEAH, THAT'S WHAT WE HAVE DOWN, SO IT WOULD BE TWENTY DOLLARS.

THE COURT:  TWENTY DOLLARS.

MR. GRAZIANO:  YES, TWENTY DOLLARS.

THE COURT:  AND IF THEY HAD A THOUSAND SHARES, IT WOULD BE TWO HUNDRED DOLLARS.

MR. GRAZIANO:  ROUGHLY, YOUR HONOR.  IT DEPENDS ON WHEN DURING THE CLASS PERIOD THEY TRADED, AND ALL OF THAT.

THE COURT:  BUT WHAT WOULD BE THE AVERAGE SMALL HOLDING BY CLASS MEMBERS?

MR. GRAZIANO:  WE DON'T HAVE ACTUALLY HAVE THAT INFORMATION, IT'S SOMETHING WE COULD NEVER GET IN DISCOVERY.

BUT I THINK THIS CLASS, THE VAST, VAST MAJORITY OF IT IS MUTUAL INVESTORS WITH VERY SIGNIFICANT HOLDINGS.

THE COURT:  WELL, OF COURSE, THOSE HAVE PROBABLY RESPONDED.

DO YOU KNOW OF ANY -- WERE ANY OF THESE RETURNS INSTITUTIONAL INVESTORS?

MR. GRAZIANO:  I DON'T BELIEVE SO, YOUR HONOR, NO.

THE COURT:  BECAUSE THOSE WOULD BE EASY TO LOOK UP IN THE PHONE BOOK AND SAY, HOW COME YOU DIDN'T --

MR. GRAZIANO:  RIGHT.  THEY ALSO FILE ELECTRONICALLY AND ALL OF THAT.

THE COURT:  WELL, I'M GOING TO DO THE FOLLOWING:  I'M

GOING TO APPROVE THE $70 MILLION SETTLEMENT AS FAIR AND REASONABLE, PLAN OF ALLOCATION IS FAIR AND REASONABLE, ATTORNEY'S FEES MOTION, FOR ONCE, IS FAIR AND REASONABLE.  AND THE $2 MILLION IS A LITTLE MORE THAN I WOULD LIKE FOR EXPENSES BUT I AM GOING TO APPROVE THAT ANYWAY.  AND I THINK YOU DID A GOOD JOB, SO THANK YOU FOR THAT.

YOU GET HALF YOUR FEE NOW AND HALF WHEN THE WORK IS DONE. YOU GET ALL OF THE TWO MILLION NOW.

AND I'M GOING TO ASK YOU TO GIVE ME A WRITTEN REPORT SHORTLY AFTER ALL OF THE CLAIMS DEADLINE APPEARS, SO I CAN BE ALERTED TO THE, WHAT'S THE WORD, EFFICACY OF OUR CLAIMS PROCESS.  IF IT'S A PROBLEM, WE MAY HAVE TO COME BACK HERE AND ADDRESS THE PROBLEM.

DOES THAT SOUND OKAY TO YOU?

MR. GRAZIANO:  YES.  WE WILL DO IT ON NOTICE TO THE COURT.  WE WILL FILE PAPERS, AND WE WILL BE HAPPY TO COME BACK AND ADDRESS THE PROBLEM IF NEEDED.

THE COURT:  OKAY.

FOR THE RECORD, THE REASON WE ARE HERE IN OPEN COURT IN THE MIDDLE -- NOT THE MIDDLE, BUT DURING THE PANDEMIC, IS THAT THIS IS A FAIRNESS HEARING IN WHICH PEOPLE WERE GIVEN NOTICE OF THE HEARING, AND OUR NOTICE SAID IT WOULD BE IN OPEN COURT. AND EVERY NOW AND THEN, A CLASS MEMBER ACTUALLY DOES SHOW UP, AND IF WE WEREN'T HERE, THEY WOULD BE PUT TO SOME TROUBLE.

AND AS IT TURNS OUT, NO CLASS MEMBER HAS SHOWN UP AND IT'S

ONLY THE LAWYERS WHO HAVE BEEN PUT TO TROUBLE.  I THANK YOU FOR THAT.  I KNOW SOME OF YOU COME A LONG WAY, AND -- I ASSUME YOU HAVE -- AND EXPOSED YOURSELVES TO THE PANDEMIC.  SO THANK YOU FOR THAT.

ALL RIGHT.  I'M GOING TO BRING THIS TO A CLOSE UNLESS SOMEBODY HAS SOMETHING URGENT TO SAY.

HAVE I COVERED ALL THE BASES?

ALL RIGHT.  THANK YOU, COUNSEL.

(THE PROCEEDINGS WERE CONCLUDED AT 11:25 A.M.)

<u>**CERTIFICATE OF REPORTER**</u>

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

_____
SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185            DATED: 2/12/22