UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE KANGAS,<br><br>         Plaintiff,<br><br>v.<br><br>ILLUMINA, INC., FRANCIS A. DESOUZA and JOHN THOMPSON,<br><br>         Defendants. | Case No.:  23cv2082-LL-MMP<br><br>**ORDER:**<br><br> **(1) CONSOLIDATING CASES;**<br><br> **(2) APPOINTING LEAD PLAINTIFF; AND**<br><br> **(3) APPOINTING LEAD COUNSEL**<br><br>**[ECF Nos. 8, 9, 10, 12]** |

Before the Court is a set of four motions to consolidate and to appoint lead plaintiff and lead counsel in this action. ECF Nos. 8, 9, 10, 12. Four movants request consolidation and appointment as lead plaintiff with their attorneys designated as lead counsel: (1) Camelot Event Driven Fund, A Series of Frank Funds Trust ("Camelot"); (2) KBC Asset Management NV ("KBC"); (3) Wayne County Employees' Retirement System, Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, Macomb County Intermediate Retirees Medical Benefits Trust, and Jackson County Employees' Retirement System (collectively the "Retirement Systems"); and (4) Universal-Investment-Gesellschaft mbH, UI BVK Kapitalverwaltungsgesellschaft mbH

(collectively "Universal"), and ACATIS Investment Kapitalverwaltungsgesellschaft mbH ("ACATIS"). ECF Nos. 8, 9, 10, 12. KBC, Retirement Systems, Universal, and ACATIS have opposed each other's motions and replied in support of their own motions. ECF Nos. 23, 24, 25, 26, 27, 28. Camelot filed a non-opposition to the competing motions. ECF No. 22. For the following reasons, the Court **GRANTS** the motions to consolidate and **GRANTS** Universal and ACATIS's motion to appoint lead plaintiff and to appoint Bernstein Litowitz Berger & Grossmann LLP as lead counsel [ECF No. 12]. The Court **DENIES** all other competing motions [ECF Nos. 8, 9, 10].

## I. BACKGROUND

This is a federal securities class action on behalf of persons who purchased or otherwise acquired Defendant Illumina, Inc.'s ("Defendant" or "Illumina") securities. ECF No. 1, Complaint ("Compl.") ¶ 1. Illumina is a "genetic and genomic analysis company with a portfolio of integrated sequencing and microarray systems, consumables, and analysis tools designed to accelerate and simplify genetic analysis." *Id.* ¶ 2. Plaintiffs allege that Defendants made materially false and misleading statements and failed to disclose material adverse facts about Illumina's business, operations, and prospects during the class period. *Id.* ¶ 8. Specifically, Plaintiffs allege that Defendants "failed to disclose to investors: (1) that certain of the Company's insiders had personal financial motives for acquiring GRAIL; (2) that, contrary to Illumina's attempts to discount Icahn's criticism, Icahn had accurately concluded that insiders' interests did not align with the Company's best interests; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis." *Id.*

## II. DISCUSSION

### A. Consolidation

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs SEC class actions and requires courts to decide motions to consolidate before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Federal Rule of Civil Procedure 42(a)

provides that when actions involve "common question[s] of law or fact, the court may. . . consolidate the actions." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989).

Here, the parties move to consolidate the three securities class actions: *Kangas v. Illumina, Inc., et al.* ("*Kangas*"), No. 23-cv-2082-LL-MMP, *Roy v. Illumina, Inc., et al.* ("*Roy*"), No. 23-cv-2327-LL-MMP, and *Louisiana Sheriffs' Pension & Relief Fund v. Illumina, Inc., et al.* ("*Louisiana Sheriffs*"), No. 23-cv-2328-LL-MMP. The three cases cover overlapping class periods and involve similar factual and legal issues arising out of the same alleged misconduct and fraud by Defendants. *See generally* Compl.; *Roy*, No. 23-cv-2327, ECF No. 1; *Louisiana Sheriffs*, No. 23-cv-2328, ECF No. 1. Additionally, all three cases assert the same two causes of action: (1) violations of Section 10(b) of the Exchange Act and Rule 10b-5; and (2) violations of Section 20(a) of the Exchange Act. Compl. ¶¶ 49–63; *Roy*, No. 23-cv-2327, ECF No. 1 ¶¶ 61–75 *Louisiana Sheriffs*, No. 23-cv-2328, ECF No. 1 ¶¶ 83–93. Further, no oppositions to the proposed consolidation of the three cases have been filed. Accordingly, the Court grants the motions to consolidate.

### B. Appointment Of Lead Plaintiff

Pursuant to the PSLRA, the district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the plaintiff who: (1) has filed the complaint or brought the motion for appointment of lead counsel in response to the publication of notice, (2) has the "largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) "will not fairly and adequately protect the interests of the class" or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a private securities class action litigation. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* In the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23." *Id.* at 729–30 (internal citations omitted). Finally, in the third step, the district court "give[s] other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730.

### 1. Procedural Requirements

Under the PSLRA, a plaintiff who files a securities litigation class action must provide notice to class members through publication in a widely-circulated national business-oriented publication or wire service within twenty (20) days of filing the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must: (1) advise class members "of the pendency of the action, the claims asserted therein, and the purported class period"; and (2) inform potential class members that, within sixty (60) days of the date on which the notice was published, "any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.*

On November 10, 2023, the same date that Kangas filed her complaint, Kangas' counsel published notice of the *Kangas* litigation in *Business Wire*, a national business-oriented publication. *See* ECF No. 9-2, Declaration of David R. Kaplan ("Kaplan Decl."), Ex. A; ECF No. 10-2, Declaration of Darren J. Robbins ("Robbins Decl."), Ex. B; ECF No. 12-2, Declaration of Jonathan D. Uslaner ("Uslaner Decl."), Ex. D. The notice was timely published and advised investors in Illumina securities that they had sixty (60) days from the date of the notice's publication to file a motion to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Kaplan Decl., Ex. A; Robbins Decl., Ex. B; Uslaner Decl., Ex. D. Camelot, KBC, Retirement Systems, and Universal and ACATIS filed

motions to be appointed as lead plaintiff pursuant to the notice and within the allotted sixty-day period. ECF Nos. 8, 9, 10, 12. Accordingly, notice in the *Kangas* action was proper and Camelot, KBC, Retirement Systems, and Universal and ACATIS satisfied the statutory procedural requirements.

### 2.  Largest Financial Interest[1]

The PSLRA creates a presumption that the most capable plaintiff is the one who "in the determination of the court, has the largest financial interest in the relief sought by the class," but the PSLRA does not specify a method to ascertain "financial interest." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb); *see also Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1052 (N.D. Cal. 2017) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure."). Additionally, the Ninth Circuit has not prescribed a particular method, but it has indicated that "the court may select accounting methods that are both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4. Here, the parties calculate their financial interest based on their approximate losses in Illumina securities and therefore, the Court uses that method to ascertain the parties' financial interests.

Based on the movants' representations in the motions, the Court finds Universal and ACATIS possessed the largest financial interest during the *Louisiana Sheriffs* class period. Universal and ACATIS represent that they sustained aggregated losses of approximately $35,084,945.00 on a last in, first out (LIFO) basis. *See* Uslaner Decl., Ex. B; ECF No. 24 at 9. In contrast, KBC represents that it sustained losses of approximately $16,736,945.00 on a LIFO basis. Kaplan Decl. Ex. D. Additionally, Retirement Systems represents that it has sustained losses of approximately $4,922,451.00 on a LIFO basis. Robbins Decl., Ex. A.

---

[1] Camelot filed a non-opposition to the competing lead plaintiff and lead counsel motions conceding that the other movants claimed larger financial stakes. *See* ECF No. 22. Accordingly, the Court's discussion does not include Camelot.

Although Universal and ACATIS have the largest financial interest, KBC notes its concerns and skepticism about applying the *Louisiana Sheriffs* class period. ECF No. 25 at 6–12. KBC states that it "wishes to apprise the Court of its concerns that the class period in *Louisiana Sheriffs* may have been artificially extended by . . . counsel for Universal and ACATIS[] in order to assert inflated losses for Universal and ACATIS at the lead plaintiff stage." *Id.* at 8. Therefore, when applying different class periods, KBC states that it would possess the largest financial interest under the *Kangas* class period but Universal and ACATIS would still possess the largest financial interest under the *Roy* class period. *Id.* at 6–7.

As a general matter, "courts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period." *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *4 (S.D. Cal. Sept. 6, 2018) (citing *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624–25 (E.D. Wis. 2009)); *see also Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs."); *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008) ("Though a shorter class period may simplify the litigation, no benefits accrue by shortening the class period at this stage in the litigation."). This approach is guided by the belief that the class "should be defined as the broadest, most inclusive potential class" at the lead plaintiff stage because it is the earliest stage in the litigation and occurs without the defendants' participation. *MGIC Inv. Corp.*, 256 F.R.D. at 625. As such, KBC's request to apply the shorter class periods is contrary to the general practice.

In addition, a district court's use of a given class period at the lead plaintiff stage is generally not considered binding on the later stages of a securities litigation case. *See Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *2 n.2 (N.D. Cal. Apr. 28, 2016). Indeed, the class period may change due to subsequent developments in the litigation, which may impact who is an appropriate lead plaintiff. "The district court's order designating a lead plaintiff

is not a conclusive, immutable determination of the issue. It can be revisited if circumstances warrant." *Z–Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218 (9th Cir. 2000); *Union Asset Mgmt. Holding AG v. Sandisk Corp.*, 2016 WL 406283, at *5 (N.D. Cal. Jan. 22, 2016) (finding reconsideration of lead plaintiff appointment necessary given that the appointed plead plaintiff might not have the largest financial interest using the "more realistic" class period). To the extent a lead plaintiff has contrived a longer class period merely to enhance its financial stake, a defendant will have the opportunity to challenge that defect at the motion to dismiss stage. *See Union Asset Mgmt. Holding AG*, 2016 WL 406283, at *5. This opportunity is reinforced by the PSLRA's heightened pleading requirements. *See*, *e.g.*, *Mueller v. San Diego Entm't Partners, LLC*, 260 F. Supp. 3d 1283, 1291–92, 1293–94 (S.D. Cal. 2017) (discussing the PSLRA's adoption of "heightened pleading requirement[s]" "to curb abuses of securities fraud litigation"). As such, if the longer *Louisiana* class period proves to be inappropriate in the consolidated case, there are various circumstances which can warrant revisiting the class period. Accordingly, the Court rejects KBC's request to apply the *Kangas* or *Roy* class period and concludes that Universal and ACATIS have the largest financial interest during the *Louisiana Sheriffs* class period.

### 3.   Rule 23 Requirements

Once a court determines which plaintiff has the largest financial interest, generally "the court must appoint that plaintiff as lead, unless it finds that [plaintiff] does not satisfy the typicality or adequacy requirements" of Rule 23. *Cavanaugh*, 306 F.3d at 732. The movant "need only make a prima facie showing of its typicality and adequacy." *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060–61 (N.D. Cal. 2018)

First, Universal and ACATIS's claims are typical of the class. The typicality requirement asks whether the presumptive lead plaintiff has suffered the same or similar injuries as absent class members as a result of the same conduct by the defendants and are founded on the same legal theory. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1075 (W.D. Wash. 2011)

(citing *Schonfield v. Dendreon Corp.*, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007)).

In this case, Universal and ACATIS, just like all members of the putative class, allege that Defendants made materially false and misleading statements and failed to disclose material adverse facts about Illumina's business, operations, and prospects. ECF No. 12 at 6–7; *Louisiana Sheriffs*, No. 23-cv-2328, ECF No. 1 ¶¶ 83–93. Therefore, Universal and ACATIS's claims are typical of the proposed class.

Second, Universal and ACATIS also satisfy the adequacy requirement. This requirement concerns whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions": (1) whether there are conflicts of interest between the proposed lead plaintiff and the class and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011).

Here, Universal and ACATIS's interests in prosecuting this case are aligned with those of the class because Universal and ACATIS seek to recover for Defendants' allegedly false and misleading statements about Illumina's business, operations, and prospects. There is also no indication that Universal and ACATIS have a conflict of interest with those of the class. Further, the extent of Universal and ACATIS's financial loss demonstrates to the Court that they have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citation omitted); *see also* Uslaner Decl., Ex. A (certifications signed by Universal and ACATIS). In addition, Universal and ACATIS's proposed counsel, Bernstein Litowitz Berger & Grossmann LLP ("Berstein Litowitz"), is experienced and qualified to prosecute securities class actions. Uslaner Decl., Exs. F, H. Accordingly, the Court grants Universal and ACATIS's motion to appoint lead plaintiff and denies KBC and Retirement Systems' motions to appoint lead plaintiff.

///

### C. Appointment of Lead Counsel

Once the court has appointed a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). A court generally accepts the appointed lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Universal and ACATIS have selected Bernstein Litowitz as lead counsel. ECF No. 12 at 18–20. Bernstein Litowitz has extensive experience serving as lead counsel on behalf of investors in numerous securities class actions.[2] *Id.* at 18; ECF No. 12-2, Ex. H. As such, the Court finds Bernstein Litowitz has the experience and qualifications to adequately represent the class. Accordingly, the Court will approve Bernstein Litowitz as Lead Counsel.

## III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that:

1. The Court **GRANTS** the motions for consolidation, and **GRANTS** Universal and ACATIS's motion for appointment as lead plaintiff and approval of their selection of lead counsel [ECF No. 12]. The Court **DENIES** Camelot, Retirement Systems, and KBC's motions to appoint lead plaintiff and approve their selection of lead counsel [ECF Nos. 8,

---

[2] KBC initially contended that Bernstein Litowitz, proposed lead counsel for Universal and ACATIS, had failed to comply with Judge William Alsup's Order in *SEB Investment Management AB v. Symantec Corp.*, which directed Bernstein Litowitz to provide a copy of the Order to "decision-makers" prior to seeking appointment as lead counsel in future cases. *See* ECF No. 25 at 3–6; *Seb Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996, at *2 (N.D. Cal. Apr. 20, 2021). In a later briefing, however, KBC stated that it "has since been informed that the *Symantec* Order was provided to" Universal and ACATIS prior to filing the motion. ECF No. 26 at 1. In addition, Universal and ACATIS stated that they had complied with the *Symantec* order in their opening brief and the parties further filed a supplemental joint declaration indicating that the Universal and ACATIS personnel who were responsible for retaining counsel in securities matters had been apprised of the *Symantec* Order. *See* ECF No. 27 at 9; ECF No. 27-1, Declaration of Jonathan D. Uslaner, Ex. A.

9, 10].

2.      The Court **CONSOLIDATES** *Kangas v. Illumina, Inc., et al.*, No. 23-cv-2082-LL-MMP, *Roy v. Illumina, Inc., et al.*, No. 23-cv-2327-LL-MMP, and *Louisiana Sheriffs' Pension & Relief Fund v. Illumina, Inc., et al.*, No. 23-cv-2328-LL-MMP. Each document filed by a party in the consolidated litigation shall bear the following caption: *In re Illumina, Inc. Securities Litigation*, No. 23-cv-2082-LL-MMP. All filings must only be made in the consolidated case.

3.      The Court **APPOINTS** Universal and ACATIS as Lead Plaintiff and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel in the consolidated action.

4.      Universal and ACATIS shall filed a consolidated complaint no later than **May 9, 2024**. Defendants shall respond to the consolidated complaint no later than **June 6, 2024**.

**IT IS SO ORDERED.**

Dated:  April 11, 2024

_____
Honorable Linda Lopez
United States District Judge