COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
RYAN E. BLAIR (246724)
(rblair@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420

BRIAN M. FRENCH (*pro hac vice*)
(bfrench@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone: +1 212 479 6000
Facsimile: +1 212 479 6275

Attorneys for Defendants Illumina, Inc.,
Francis A. deSouza, Alexander M. Aravanis,
Phillip G. Febbo, Sam A. Samad, and John W.
Thompson

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION | Case No. 3:23-cv-02082-LL-BJC |
| | CLASS ACTION |
| | **REQUEST FOR JUDICIAL NOTICE AND INCORPORATON BY REFERENCE IN SUPPORT OF ILLUMINA DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | Courtroom: 5D |
| | Judge: Hon. Linda Lopez |
| | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

**TABLE OF CONTENTS**

**Page**

I.      DOCUMENTS SUBJECT TO THIS REQUEST ........................................... 1

II.     ARGUMENT ................................................................................................ 4

    A.     The Court May Consider Documents Incorporated by Reference into the SAC (Exhibits 4, 9-20, 22-23, 25-30, 34-35). ......................... 5

    B.     The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits 1-35). .................................................................. 9

III.    CONCLUSION ........................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bolling v. Dendreon Corporation,*
2014 WL 12042559 (W.D. Wash. Jan. 28, 2014)......................................................7

*Calhoun v. Google LLC,*
526 F. Supp. 3d 605 (N.D. Cal. 2021)...................................................................10

*In re Century Aluminum Company Securities Litigation,*
749 F. Supp. 2d 964 (N.D. Cal. 2010)....................................................................9

*City of Royal Oak Retirement System v. Juniper Networks, Inc.,*
880 F. Supp. 2d 1045 (N.D. Cal. 2012)..................................................................8

*Coto Settlement v. Eisenberg,*
593 F.3d 1031 (9th Cir. 2010).................................................................................8

*Dreiling v. American Express Company,*
458 F.3d 942 (9th Cir. 2006)...................................................................................9

*In re Eventbrite, Inc. Securities Litigation,*
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ......................................................5, 9

*Heliotrope General, Inc. v. Ford Motor Company,*
189 F.3d 971 (9th Cir. 1999)...................................................................................9

*Hong v. Extreme Networks, Inc.,*
2017 WL 1508991 (N.D. Cal. Apr. 27, 2017) .........................................................9

*Immanuel Lake v. Zogenix, Inc.,*
2020 WL 3820424 (N.D. Cal. Jan. 27, 2020) .........................................................7

*Jaber v. Endurance American Specialty Insurance Company,*
2020 WL 10357150 (N.D. Cal. Nov. 3, 2020)........................................................8

*Kang v. Paypal Holdings, Inc.,*
620 F. Supp. 3d 884 (N.D. Cal. 2022).....................................................................6

*Khoja v. Orexigen Therapeutics, Inc.,*
899 F.3d 988 (9th Cir. 2018)..........................................................................5, 6, 7, 9

*Metzler Investment GMBH v. Corinthian Colleges, Inc.*,
540 F.3d 1049 (9th Cir. 2008)..................................................................................9

*In re NVIDIA Corporation Securities Litigation*,
768 F.3d 1046 (9th Cir. 2014)..................................................................................5

*Plevy v. Haggerty*,
38 F. Supp. 2d 816 (C.D. Cal. 1998)........................................................................9

*Reckstin Family Trust v. C3.ai, Inc.*,
718 F. Supp. 3d 949 (N.D. Cal. 2024)......................................................................7

*In re Stac Electronics Securities Litigation*,
89 F.3d 1399 (9th Cir. 1996)....................................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) .................................................................................................4

*Veal v. LendingClub Corporation*,
423 F. Supp. 3d 785 (N.D. Cal. 2019)....................................................................10

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010)..................................................................................10

*Waterford Township Police and Fire Retirement System v. Mattel, Inc.*,
321 F. Supp. 3d 1133 (C.D. Cal. 2018)....................................................................9

*Welgus v. TriNet Group, Inc.*,
2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) .........................................................9

**Other Authorities**

Fed. R. Evid. 201 ...........................................................................................................9

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iii

**RJN ISO MTD SAC**
**CASE NO. 3:23-CV-02082-LL-BJC**

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Illumina, Inc. ("Illumina"), Francis A. deSouza, Alexander M. Aravanis, Phillip G. Febbo, Sam A. Samad, and John W. Thompson (collectively "Illumina Defendants") hereby request that the Court incorporate by reference and/or take judicial notice of the documents listed below in support of Illumina Defendants' Motion to Dismiss the Second Amended Complaint for Violations of Federal Securities Laws (the "Motion to Dismiss" or "MTD"), which are attached to the accompanying Declaration of Heather Speers in Support of Illumina Defendants' Motion to Dismiss ("Speers Declaration").[1]

## I.    DOCUMENTS SUBJECT TO THIS REQUEST[2]

The SAC cherry-picks information from over 150 different sources, including Illumina's and GRAIL's filings with the U.S. Securities and Exchange Commission ("SEC"), press releases, earnings calls, analyst reports, articles, other judicial and administrative proceedings, and more. Simply focusing on the sources of challenged statements, alone, the SAC incorporates by reference 38 documents and videos. Illumina Defendants, however, have limited this request to 34 documents. Two of these documents—Exhibits 12 and 25—account for nearly 70% of the total exhibit page count. Both documents are quoted extensively in the SAC and properly incorporated by reference. Only nine exhibits (totaling 52 pages) are not cited in the SAC. These are offered solely to show what was publicly disclosed and when; they are neither offered for the truth of the matters asserted therein, nor to dispute any well-pled fact in the SAC.

---

[1] "¶" refers to the paragraphs of the Second Amended Complaint for Violations of Federal Securities Laws ("SAC") that quote from, or refer to, information contained in the referenced document. "Exhibit," "Ex.," and "App." refer to the exhibits and appendices to the concurrently filed Speers Declaration. Unless otherwise noted, emphasis is added and citations, quotation marks, and alterations are omitted.

[2] For the Court's convenience, Illumina Defendants have highlighted, and in some instances excerpted, the exhibits to aid in locating the cited information.

| Ex. | Description | ¶¶ |
|---|---|---|
| 1 | Illumina's press release, titled *Illumina Forms New Company to Enable Early Cancer Detection via Blood-Based Screening*, dated January 10, 2016 | 58, 61-62 |
| 2 | Illumina's Form 8-K, filed with the SEC on February 1, 2016 | -- |
| 3 | Illumina's Form 8-K, filed with the SEC on February 10, 2016 | -- |
| 4 | Illumina's Form 10-K for the fiscal year ended December 31, 2017, filed with the SEC on February 13, 2018 | 319 |
| 5 | GRAIL's press release, titled *GRAIL Announces Positive New Data with Multi-Cancer Early Detection Blood Test from CCGA Study*, dated May 31, 2019 | -- |
| 6 | GRAIL's press release, titled *GRAIL Announces Positive Validation Data for its Multi-Cancer Early Detection Test*, dated October 7, 2019 | -- |
| 7 | GRAIL's press release, titled *GRAIL Announces Validation of its Multi-Cancer Early Detection Test Published in Annals of Oncology*, dated March 30, 2020 | -- |
| 8 | GRAIL's Form S-1, filed with the SEC on September 9, 2020 | 314 |
| 9 | Illumina's press release, titled *Illumina to Acquire GRAIL to Launch New Era of Cancer Detection*, dated and filed with the SEC on September 21, 2020 | 1, 4, 68-70, 122, 324, 327-328 |
| 10 | Transcript of Illumina's investor conference call, held on September 21, 2020, and filed with the SEC on September 22, 2020 | 1, 4, 12, 70, 73, 109, 117, 122, 269-270, 325-327, 329, 331-332 |
| 11 | Transcript of Illumina's discussion at the Cowen Liquid Biopsy Summit, held on September 24, 2020, and filed with the SEC on September 25, 2020 | 74, 79, 333-337 |
| 12 | Illumina's Registration Statement on Form S-4, filed with the SEC on November 24, 2020 | 77-78, 101-102, 104, 106-107, 267, 338-340, 342-346, 417 |
| 13 | Illumina's Form 10-K for the fiscal year ended January 3, 2021, filed with the SEC on February 17, 2021 | 415 |
| 14 | Transcript of Illumina's discussion at the Cowen Healthcare Conference, held on March 2, 2021, and filed with the SEC on March 4, 2021 | 75, 149, 347-348 |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**RJN ISO MTD SAC**
**CASE NO. 3:23-CV-02082-LL-BJC**

| Ex. | Description | ¶¶ |
|---|---|---|
| 15 | Illumina's press release, titled *Illumina Committed to Pursuing GRAIL Acquisition to Accelerate Access to Breakthrough Multi-Cancer Early Detection Blood Test*, dated and filed with the SEC on March 30, 2021 | 349-354 |
| 16 | Illumina's press release, titled *Illumina Remains Committed to GRAIL Acquisition to Accelerate Access to Breakthrough Multi-Cancer Early Detection Blood Test*, dated April 20, 2021 | 362-364 |
| 17 | Illumina's press release, titled *Illumina is Committed to Bringing Lifesaving GRAIL Test to People Globally as European Review Process Enters Second Phase*, dated and filed with the SEC on July 22, 2021 | 368-370 |
| 18 | Transcript of Illumina's Earnings Call for the second quarter of fiscal year 2021, held on August 5, 2021, and filed with the SEC on August 6, 2021 | 76, 87, 110, 371-373 |
| 19 | Illumina's Form 8-K and attached press release, titled *Illumina Acquires GRAIL to Accelerate Patient Access to Life-Saving Multi-Cancer Early-Detection Test*, dated and filed with the SEC on August 18, 2021 | 8, 89, 199, 374-378 |
| 20 | Transcript of Illumina's investor conference call, held on August 18, 2021 | 69, 92, 376-377 |
| 21 | GRAIL's press release, titled *NHS Launches UK Trial of the Galleri Multi-Cancer Early Detection Blood Test*, dated September 12, 2021, and the press release issued by NHS linked within | -- |
| 22 | Transcript of Illumina's discussion at the Morgan Stanley Global Healthcare Conference, held on September 13, 2021 | 98, 381-382 |
| 23 | Article published by Diagnostics, titled *Can Circulating Tumor DNA Support a Successful Screening Test for Early Cancer Detection? The Grail Paradigm*, dated November 23, 2021 | 131, 202-203, 205, 421 |
| 24 | Illumina's Form 10-K for the fiscal year ended January 2, 2022, filed with the SEC on February 18, 2022 | -- |
| 25 | Public version of the Respondents' Proposed Findings of Fact and Conclusions of Law in the FTC proceeding, *In the Matter of Illumina, Inc. and GRAIL, Inc.*, Dkt. No. 9401, Doc. No. 604485, filed on April 22, 2022, and publicly available at https://www.ftc.gov/legal-library/browse/cases-proceedings/201-0144-illumina-inc-grail-inc-matter | 11-12, 105, 113, 151, 297 |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

**RJN ISO MTD SAC
CASE NO. 3:23-CV-02082-LL-BJC**

| Ex. | Description | ¶¶ |
|---|---|---|
| 26 | Evercore ISI analyst report, titled *Steady print & Guide reit… debate is how to value ILMN*, dated May 5, 2022 | 208 |
| 27 | UBS analyst report, titled *1Q 22: Revs In Line W/ Margin & EPS Beat; 2022 Guidance Reiterated; 2Q Guide Below The Street*, dated May 5, 2022 | 208 |
| 28 | Transcript of Illumina's discussion at the Evercore ISI HealthCONx Conference, held on November 29, 2022 | 224, 387-388 |
| 29 | Transcript of Illumina's discussion at the J.P. Morgan Healthcare Conference, held on January 9, 2023 | 149, 389-390 |
| 30 | Transcript of Illumina's Earnings Call for the fourth quarter of fiscal year 2022, held on February 7, 2023 | 137, 149, 393-394 |
| 31 | Illumina's Form 8-K and attached press release, titled *Illumina appoints Ankur Dhingra Chief Financial Officer, Jakob Wedel Chief Strategy and Corporate Development Officer*, dated and filed with the SEC on April 9, 2024 | 247 |
| 32 | Article published by MLex, titled *EU to withdraw follow-up decisions against Illumina, Grail*, dated September 3, 2024 | -- |
| 33 | European Commission press release, titled *Commission withdraws several decisions in the Illumina/GRAIL case*, dated September 6, 2024 | -- |
| 34 | Alexander Aravanis's Form 4s filed with the SEC on February 11, 2021, July 7, 2021, September 3, 2021, October 14, 2021, October 21, 2021, October 28, 2021, November 4, 2021, November 9, 2021, November 16, 2021, March 3, 2022, July 7, 2022, November 8, 2022, February 23, 2023, March 3, 2023, and July 6, 2023 | 17, 159, 173-174, 294, 322 |
| 35 | Illumina's Form 10-Q, for the fiscal quarter ending October 3, 2021, with attached Exhibit 10.1, titled Form of Insurance Matters Agreement, filed with the SEC on November 5, 2021 | 168, 280 |

## II.   ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007). For the reasons discussed below, Exhibits 1-35 are proper for the Court to consider

in deciding the Motion to Dismiss under the incorporation by reference doctrine and/or Federal Rule of Evidence 201.

### A. The Court May Consider Documents Incorporated by Reference into the SAC (Exhibits 4, 9-20, 22-23, 25-30, 34-35).

In the Ninth Circuit, incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1002 (9th Cir. 2018). A document is incorporated by reference "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.*

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *NVIDIA Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). While an incorporated document may not be used "to dispute or create a defense to a *well-pled* fact in a complaint," "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Eventbrite Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).

Importantly, *Khoja* does not "eradicate the rule that alleged false statements 'must be analyzed in context.'" *Id.* (quoting *Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996)). Thus, to the extent a document incorporated by reference contains alleged misstatements, it is appropriate for defendants and the Court to consider other portions of the document. *Id.* After all, as *Khoja* recognized, the incorporation by reference doctrine exists to "preven[t] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d at 1002. Thus, to the extent Plaintiffs rely on a document to support their claims, they cannot oppose the Court's consideration of the *entire* document.

Here, Plaintiffs explicitly and repeatedly refer to Exhibits 4, 9-20, 22-23, 25-30, and 34-35 to support their allegations in the SAC.

***Plaintiffs rely on Exhibit 4 to support scheme allegations.*** Exhibit 4 is Illumina's Form 10-K for the fiscal year ended December 31, 2017. Plaintiffs allege this document supports their scheme claim regarding purported GAAP violations. ¶319; *see also* ¶452(i). Illumina Defendants use this document for the limited purpose of showing that Illumina disclosed it was switching from the equity method to the cost method, and the reasons why. MTD at 13.

***Exhibits 9-20, 22, and 28-30 contain challenged statements.*** As such, there can be no dispute that these documents are incorporated by reference, and the Court may consider them in their entirety to avoid the danger of the deliberate omission of information unhelpful to Plaintiffs. *Khoja*, 899 F.3d at 1002. Illumina Defendants use them for precisely that purpose: to allow the Court to consider *other* disclosures made in these documents that provide context to the statements Plaintiffs allege to be false or misleading. *Kang v. Paypal Holdings*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) ("incorporation by reference…is necessary to assess the veracity of the challenged statement in context"). To limit the number of exhibits, Illumina Defendants have not included all 41 sources of alleged misstatements. *See* App. A. The exhibits in this category are limited to those that contain relevant context not alleged in the SAC, as follows:

- Exhibit 12 is Illumina's Form S-4, which contains six challenged statements. ¶¶338, 340, 342-344, 417. Illumina Defendants cite this document to provide additional context surrounding those statements. MTD at 14-16.

- Exhibit 14 contains a challenged statement that was heavily excerpted to make it appear that deSouza implied there would be no additional clinical studies on Galleri. ¶347. But in the very same response, deSouza stated, "GRAIL is going to continue to do additional studies." Ex. 14 at

377; MTD at 26. The fact that deSouza made this statement—not the underlying truth or falsity of it—is appropriate for the Court to consider.

- Exhibits 9-20, 22, and 28-30 contain forward-looking challenged statements that were identified as such and accompanied by meaningful cautionary language. Because those portions of the documents were not quoted in the SAC, Illumina Defendants include them as exhibits to demonstrate that they are protected by the cautionary language prong of the PSLRA safe harbor. MTD at 14-15, 22 & n.10, 27.[3]

*Plaintiffs rely on Exhibits 23 and 26-27 to support loss causation*. Plaintiffs allege that Exhibit 23 was a corrective disclosure. ¶¶202-203, 421; *see also* ¶¶131, 205. As such, this document is unequivocally incorporated by reference. *See Khoja*, 899 F.3d at 1005 (incorporating by reference an article that allegedly caused the stock price to drop); *Immanuel Lake v. Zogenix*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (documents that plaintiffs argue served as a corrective disclosure were incorporated by reference). Plaintiffs similarly rely on Exhibits 26 and 27 to support their loss causation allegations. ¶208. Thus, these documents are also incorporated by reference. *Reckstin Fam. Tr. v. C3.ai*, 718 F. Supp. 3d 949, 967 (N.D. Cal. 2024) (incorporating by reference analyst reports used "to rebut Plaintiffs []loss causation arguments").

*Plaintiffs rely on information contained in Exhibit 25 to support falsity and scienter.* Exhibit 25 is the public version of Respondents' Proposed Findings of Fact and Conclusions of Law in the FTC proceeding, *In the Matter of Illumina, Inc. and GRAIL, Inc*. This document contains excerpts of witness testimony from the FTC

---

[3] Relatedly, Exhibit 24 is Illumina's Form 10-K for the fiscal year ended January 2, 2022, that is incorporated by reference into Exhibits 28-30, and contains accompanying cautionary language. As such, it is proper for the Court to consider the risk disclosures contained therein to determine if the PSLRA safe harbor applies. *Bolling v. Dendreon*, 2014 WL 12042559, at *8 n.3 (W.D. Wash. Jan. 28, 2014) ("citation to SEC filings in oral statements had the effect of incorporating by reference the risk disclosures contained in those filings").

proceeding, which Plaintiffs refer to throughout the SAC *for its truth*. ¶¶11-12, 105, 113-117, 135, 146, 151-152, 268, 271-273, 297, 346, 378.[4] Accordingly, it is proper for the Court to consider this testimony for *all* purposes, except to create a dispute of a well-pled fact. *See Jaber v. Endurance Am. Specialty Ins.*, 2020 WL 10357150, at *5 n.4 (N.D. Cal. Nov. 3, 2020) (plaintiff's "heavy reliance on the substance" of the proposed exhibit meant document was incorporated by reference and properly considered "for all purposes"). Illumina Defendants' use falls well within this rule: to show that such testimony is fully consistent with Illumina Defendants' public statements. MTD at 21; *see also id.* at 17 n.7. Illumina Defendants cite to only three pages of Exhibit 25; however, to ensure the Court has as much context as possible, Illumina Defendants have included the full 559 pages of Respondents' Proposed Findings of Fact and Conclusions of Law.

   ***Plaintiffs rely on information contained in Exhibit 34 to support scienter***. Exhibit 34 is a compilation of Aravanis's Form 4s showing his Illumina stock holdings and transactions during the alleged class period. Plaintiffs rely on the accuracy of the stock sale information reported in these filings to support Aravanis's purported motive to commit the alleged fraud. *See* ¶294; *see also* ¶¶17, 159, 173-174, 322. Illumina Defendants, in turn, use these same documents to show that these stock sales were made pursuant to 10b5-1 plans. MTD at 32; *see also City of Royal Oak Ret. Sys. v. Juniper Networks*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (Form 4s "may be offered for the truth of the statements asserted therein" where Plaintiffs relied on them for scienter).

---

[4] Plaintiffs do not identify the source documents they used to quote and paraphrase FTC testimony. The full transcripts of witness testimony remain under seal; however, portions of that testimony appear in many documents. Illumina Defendants have included only one source, which does not contain all of the testimony quoted in the SAC. Nonetheless, it is the underlying testimony that must be taken in context, not the specific document from which Plaintiffs cherry-picked soundbites to support their narrative. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (incorporating by reference a billing agreement that was not explicitly referenced in the complaint, but from which facts alleged in the complaint were necessarily drawn).

***Plaintiffs rely on Exhibit 35 to support falsity and scienter***. Exhibit 35 includes the Insurance Matters Agreement Plaintiffs expressly cite in support of their D&O insurance allegations. ¶¶168, 280. Illumina Defendants cite this document to show the full content of the disclosures made therein. MTD at 28-29.

\*   \*   \*

Accordingly, Exhibits 4, 9-20, 22-23, 25-30, and 34-35 are incorporated by reference and the Court may consider them in their entirety to avoid the danger of deliberate omission of information unhelpful to Plaintiffs. *Khoja*, 899 F.3d at 1002; *Eventbrite*, 2020 WL 2042078, at \*7.

### B.   The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits 1-35).

All exhibits are also subject to judicial notice. Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820-21 (C.D. Cal. 1998). Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

In securities fraud cases, courts routinely take judicial notice of SEC filings, press releases, articles, and public administrative proceedings. *See, e.g.*, *Metzler Inv. v. Corinthian Colls.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Dreiling v. Am. Express*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings); *Heliotrope Gen. v. Ford Motor*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (news articles); *Waterford Twp. Police v. Mattel*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (earnings call transcripts); *Welgus v. TriNet Grp.*, 2017 WL 6466264, at \*5 (N.D. Cal. Dec. 18, 2017) (SEC filings and news articles); *Century Aluminum Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (news articles and conference calls with analysts); *Hong v. Extreme Networks*, 2017 WL 1508991, at \*10 (N.D. Cal. Apr. 27, 2017)

(press releases and conference call transcripts); *Veal v. LendingClub,* 423 F. Supp. 3d 785, 802 (N.D. Cal. 2019) (administrative proceedings); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (administrative proceedings).

Here, each exhibit falls into one or more of the above categories that are routinely considered the proper subject of judicial notice:

- *SEC Filings*: Exhibits 2-4, 8-15, 17-19, 24, 31, 34-35
- *Press Releases*: Exhibits 1, 5-7, 9, 15-17, 19, 21, 31, 33
- *Investor Conference Call*: Exhibits 10-11, 14, 18, 20, 22, 28-30
- *Articles & Analyst Reports*: Exhibits 23, 26-27, 32
- *Public Filings in Administrative Proceedings*: Exhibit 25

All of these documents are publicly available, and their existence can immediately be verified. The Court may, therefore, take judicial notice of Exhibits 1-35 to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

## III. CONCLUSION

For the foregoing reasons, Illumina Defendants respectfully request that the Court consider Exhibits 4, 9-20, 22-23, 25-30, and 34-35 under the incorporation by reference doctrine and take judicial notice of Exhibits 1-35.

Dated:     November 12, 2024          COOLEY LLP

By: */s/ Koji F. Fukumura*
  Koji F. Fukumura

*Attorney for Defendants Illumina, Inc., Francis A. deSouza, Alexander M. Aravanis, Phillip G. Febbo, Sam A. Samad, and John W. Thompson*