LATHAM & WATKINS LLP
Colleen C. Smith (Bar No. 231216)
  colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone: +1 858 523 3985
Facsimile: +1. 858.523.5450

Alexander C.K. Wyman (Bar No. 295339)
  alex.wyman@lw.com
355 S. Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

*Attorneys for Defendants GRAIL, LLC (n/k/a GRAIL, Inc.), Hans Bishop, Joshua J. Ofman, and Richard D. Klausner*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Illumina, Inc. Securities Litigation.* | CASE NO. 3:23-cv-02082-LL-BJC |
| | **REQUEST FOR INCORPORATION BY REFERENCE AND/OR JUDICIAL NOTICE IN SUPPORT OF GRAIL DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| | Date: December 17, 2024<br>Courtroom: 5D<br>Judge: Hon. Linda Lopez |
| | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |
| | SPECIAL BRIEFING SCHEDULE ORDERED |

## I.      INTRODUCTION

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants GRAIL, LLC (n/k/a GRAIL, Inc.) ("GRAIL"), Hans Bishop, Joshua J. Ofman, and Richard D. Klausner (collectively the "GRAIL Defendants") respectfully request that the Court incorporate by reference, or alternatively take judicial notice of, the documents attached to the Declaration of Colleen C. Smith (the "Exhibits") as **Exhibits 36-42**.  These documents (listed below) are submitted in support of the GRAIL Defendants' Motion to Dismiss the Second Amended Complaint:

| Ex. | Document |
|---|---|
| 36 | Transcript from the GRAIL, Inc. M&A Call, dated September 21, 2020 |
| 37 | Illumina, Inc. press release titled "Illumina Committed to Pursuing GRAIL Acquisition to Accelerate Access to Breakthrough Multi-Cancer Early Detection Blood Test," dated March 30, 2021 |
| 38 | Illumina, Inc. press release titled "Illumina Acquires GRAIL to Accelerate Patient Access to Life-Saving Multi-Cancer Early Detection Test," dated August 18, 2021 |
| 39 | Defendant Hans Bishop's August 31, 2021 Testimony given in *In the Matter of: Illumina, Inc., and Grail, Inc.*, United States Federal Trade Commission, Office of Administrative Law Judges, Docket No. 9401 |
| 40 | Defendant Joshua Ofman's September 15, 2021 Testimony given in *In the Matter of: Illumina, Inc., and Grail, Inc.*, United States Federal Trade Commission, Office of Administrative Law Judges, Docket No. 9401 |
| 41 | Illumina, Inc.'s Form 8-K, which was filed with the Securities and Exchange Commission on October 15, 2021 |
| 42 | Article titled "Clinical validation of a targeted methylation-based multi-cancer early detection test using an independent validation set," which was published on June 24, 2021 in the Annals of Oncology |

## II.   LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court should "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *accord In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019). Thus, while "[g]enerally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure Rule 12(b)(6)," "[t]his rule []does not apply to [1] the incorporation by reference doctrine and [2] judicial notice [under Federal Rule of Evidence 201]." *In re Facebook Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020), *rev'd and rem'd on other grounds*, 87 F.4th 934 (9th Cir. 2023); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). And, although the Ninth Circuit has cautioned against excessive use of these doctrines, it also acknowledges that limited use under appropriate circumstances remains warranted. *See Khoja*, 899 F.3d at 1002; *see also Hadian v. Fate Therapeutics, Inc.*, 2024 WL 4246083, at *10 (S.D. Cal. Sept. 19, 2024) (incorporating by reference and judicially noticing twenty-seven documents post-*Khoja*).

**Incorporation by Reference.** "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself," thereby "prevent[ing] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. The incorporation by reference doctrine applies in "situations where the complaint 'necessarily relies' upon a document or where the complaint alleges the contents of the document and the document's authenticity and relevance is not disputed."

*Facebook*, 477 F. Supp. 3d at 1008; *see also Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (explaining that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim" (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003))).

**Judicial Notice.** Federal Rule of Evidence 201 permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). More specifically, "a court may take judicial notice: (1) of matters of public record, *Khoja*, 899 F.3d at 999, (2) that the market was aware of information contained in news articles, *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999), and (3) publicly accessible websites whose accuracy and authenticity are not subject to dispute, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010)." *Facebook*, 477 F. Supp. 3d at 1008.

## III.   ARGUMENT

### A.   The Court Should Consider Documents Referenced Extensively in the Complaint and Form the Basis of Plaintiffs' Claims

Where, as here, Plaintiffs "refe[r] extensively to the document or the document forms the basis of plaintiff's claim," that document is properly incorporated by reference into the complaint. *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (internal quotation marks and citation omitted). The GRAIL Defendants request that the Court consider **Exhibits 36-40** as incorporated by reference.

**Alleged False Statements, Exhibits 36-38.** The Second Amended Complaint ("SAC") challenges the GRAIL Defendants' public statements and press releases, often excerpting, quoting, or describing the documents in which those statements appear. *See, e.g.*, SAC ¶¶ 56, 93, 109, 324, 326, 35, 109, 324, 326, 351, 375, 395.

The Court should incorporate by reference Exhibits 36-38, which provide the complete context for those statements. *See Khoja*, 899 F.3d at 1002.

- **Exhibit 36** is the transcript of GRAIL's September 21, 2020 M&A Call. This document is incorporated by reference because it contains statements that "form the basis of [P]laintiff's claim" and is referred to "extensively" in the complaint. *Khoja*, 899 F.3d at 1002; *e.g.*, SAC ¶¶ 109 (challenging Bishop's statement during the September 21 call that the "merger with Illumina will get the Galleri test to people far faster"), 331 ("[D]uring the same September 21, 2020 investor conference announcing the acquisition, Defendants also made false statements about Galleri's clinical effectiveness."). Courts regularly deem call transcripts with challenged statements incorporated by reference. *Sanders v. The RealReal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021) (incorporating by reference transcripts of public statements that plaintiff relied on to support their claims); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. Jun. 2, 2020) (incorporating by reference transcripts of shareholder/analyst calls).

- **Exhibits 37 and 38** are press releases issued by Illumina on March 30, 2021 and August 18, 2021, respectively. Plaintiffs challenge statements attributed to Bishop in both press releases. SAC ¶¶ 349-52 (challenging Bishop's statement in **Exhibit 37** that "[c]ombining [Galleri] with Illumina's experience and scale will enable more patients . . . to garner access to GRAIL's test faster"); *id.* ¶¶ 374-75 (challenging Bishop's statement in **Exhibit 38** that "[t]he merger with Illumina will get the Galleri test to people far faster"); *see also id.* ¶¶ 8, 89, 199 (further references to **Exhibit 38**).

Because these documents form the basis of Plaintiffs' claims, they should be deemed incorporated by reference into the SAC. *Khoja*, 899 F.3d at 1002.

**FTC Trial Transcripts, Exhibits 39-40.** The SAC alleges that testimony provided by GRAIL Defendants Bishop and Ofman during the administrative law

trial before the United States Federal Trade Commission (FTC) establishes that their challenged statements were false. *E.g.*, SAC ¶¶ 113 (alleging Bishop's testimony to the FTC indicated "he could not quantify how much sooner he expected [Galleri] to receive FDA approval with Illumina's assistance versus without"), 141 (alleging that Ofman made various "conce[ssions]" in the FTC proceedings). In total, the SAC discusses, references, or selectively quotes from these FTC proceedings dozens of times. *E.g.*, SAC ¶¶ 11-12, 105, 113-120, 135, 140-141, 146-47, 151-52, 159, 268-73, 297, 313, 328, 330, 346, 352, 358, 366, 369, 372, 378, 380, 382, 385, 392, 396, 407.

Incorporating by reference these trial transcripts is particularly important because Plaintiffs have engaged in the type of conduct that incorporation by reference is supposed to prevent. *See Khoja*, 899 F.3d at 1002 ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."). Here, Plaintiffs have engaged in precisely the type of selective quotation the Ninth Circuit warned about in *Khoja*. For example:

- Plaintiffs allege that Bishop's challenged statements about the benefits of the merger were knowingly false because he testified that he "could not quantify how much sooner he expected GRAIL to receive FDA approval with Illumina's assistance versus without." SAC ¶ 112. But the full context from Bishop's public testimony indicates that he *did* believe that the merger would "speed things up," even though he could not provide a "precise quantification" of how much quicker GRAIL would proceed with versus without Illumina's assistance. Ex. 39 at 1426:16-24 ("Q. And you can't quantify how much sooner you expect to receive PMA approval if you receive assistance from Illumina . . . ? A. All I can share with you is my earnest judgment that it will help, and there is a good probability that it will speed things up, but to your

GRAIL DEFS.' REQUEST FOR INCORPORATION
BY REFERENCE AND/OR JUDICIAL NOTICE
CASE NO. 3:23-cv-02082-LL-BJC

question, can I give you a precise quantification, I think that would be overly accurate.”).

- Plaintiffs similarly allege that Ofman’s statement that “Galleri could identify 50 cancers” was false because Ofman testified in the FTC proceedings that “to find all 50 cancers . . . in a real-world population is going to require hundreds of thousands of people, [which the] PATHFINDER [study] was not designed to do.”  SAC ¶ 141.  But the next two questions and answers in Ofman’s transcript provide the full context for the challenged statements. Ex. 40 at 3298:8-3299:9 (“Q. So which of the trials or studies that GRAIL has conducted was designed to determine how many types of cancer Galleri could detect? A. Well, the CCGA study was, was designed that way. . . .  Q.  And how many types of cancer did Galleri detect in the CCGA study?  A.  Over 50 different cancer types.”).

The Court should deem these documents incorporated by reference.

### B.   The Court May Take Judicial Notice of All Exhibits

Additionally, the Court may consider all of GRAIL’s exhibits under the doctrine of judicial notice.

**Investor Call Transcripts, Press Releases, and SEC Filings, Exhibits 36-38 and 41.**   Courts routinely take judicial notice of M&A Call transcripts (**Exhibit 36**), public companies’ press releases (**Exhibit 37-38**), and SEC filings (**Exhibit 41**) under the doctrine of judicial notice.  *See The RealReal*, 2021 WL 1222625, at *4 (“Transcripts of earnings calls and investor presentations are publicly available documents and are thus matters of public record not subject to reasonable dispute.”); *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *5 (C.D. Cal. Dec. 11, 2018) (“‘Courts in the Ninth Circuit routinely take judicial notice of press releases.’” (citation omitted)), *appeal filed*, No. 19-56048 (9th Cir. Sept. 6, 2019); *In re Edward D. Jones & Co., L.P. Sec. Litig.*, 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019) (“Judicial notice of SEC filings is appropriate.”).

**FTC Trial Transcripts, Exhibits 39-40.** Even if the Court declines to consider the testimony from Bishop and Ofman given in FTC proceedings as incorporated by reference, these public transcripts are still properly the subject of judicial notice. *See Archuleta v. Avcorp Composite Fabrication Inc.*, 2019 WL 1751830, at *2 (C.D. Cal. Feb. 5, 2019) (granting request for judicial notice: "transcripts of administrative hearings . . . are proper subjects for judicial notice").

**Peer-Reviewed Medical Journal Article, Exhibit 42.** Finally, the Court may consider the peer-reviewed article "Clinical validation of a targeted methylation-based multi-cancer early detection test using an independent validation set," by Klein et al., published in the Annals of Oncology, which is publicly available at https://www.annalsofoncology.org/article/S0923-7534(21)02046-9/fulltext. Courts routinely take judicial notice of articles published in medical journals. *E.g.*, *Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.*, 2014 WL 842951, at *3 (S.D. Cal. Mar. 4, 2014) (taking judicial notice of "two articles from separate medical journals"); *see also Levitt v. Merck & Co.*, 914 F.3d 1169, 1175 (8th Cir. 2019) ("The district court properly took judicial notice of several peer-reviewed journal articles . . . .").

## IV.   CONCLUSION

For the foregoing reasons, the GRAIL Defendants respectfully request that the Court consider Exhibits 36-42 as they are incorporated by reference in the SAC and/or judicially noticeable.

Dated:  November 12, 2024          LATHAM & WATKINS LLP

By:   */s/ Colleen C. Smith*
     Colleen C. Smith
     *colleen.smith@lw.com*

*Defendants GRAIL, LLC (n/k/a GRAIL, Inc.), Hans Bishop, Joshua J. Ofman, and Richard D. Klausner*