**APPENDIX A**
**PLAINTIFFS' RESPONSE TO DEFENDANTS' CHART OF CHALLENGED STATEMENTS**[1]

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | *False and Misleading Statements Concerning Illumina's Accounting for GRAIL* | | | |
| 1. | Form S-4 (11/25/2020)<br><br>[T]he consideration for the GRAIL acquisition "was determined through arm's-length negotiations between GRAIL and Illumina." | 338 | • No facts to support reason for falsity | • Facts to support reasons for falsity – ¶¶157-62, 339. *See* Opp. Section III.A.1. |
| 2. | Form S-4 (11/25/2020)<br><br>Beginning in late June 2020, GRAIL commenced initial preparations for a potential IPO.<br><br>On July 31, 2020, GRAIL confidentially submitted its draft registration statement on Form S-1 with the U.S. Securities and Exchange Commission (the "SEC"). On the same day, Illumina's Chief Executive Officer met with GRAIL's Chief Executive Officer and noted that Illumina wanted to explore a potential acquisition of GRAIL. GRAIL's Chief Executive Officer asked that Illumina's Chief Executive Officer provide him with a proposal with respect to such an acquisition. | 340 | • No facts to support reason for falsity | • Facts to support reasons for falsity – ¶¶157-64, 341. *See* Opp. Section III.A.1. |
| 3. | Form 10-Q (10/30/2020), Form 10-K (2/17/2021), Form 10-Q (4/28/2021), Form 10-Q (8/6/2021) | 415 | • Pure omission (no affirmative misstatement identified) | • Reasons for falsity – ¶¶306-22, 416. *See* Opp. Section III.A.5. |

---

[1] This chart reproduces Defendants' Chart of Challenged Statements (Appendix A, ECF No. 62-4) with some modifications, including an added column titled "Plaintiffs' Response." That column provides the relevant Complaint paragraphs identifying Defendants' false and misleading statements and the reasons why they are false and misleading, and then responds to Defendants' arguments about each statement. Plaintiffs have further modified Defendants' chart by restoring emphasis contained in the Complaint that, in addition to the paragraphs explaining the basis for falsity, assists the reader in identifying the elements of the statements that are challenged. Plaintiffs respectfully submit that the Complaint provides a far better format to assess Plaintiffs' allegations, and is the only pleading properly considered on this motion.

[2] "¶" refers to Plaintiffs' Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("SAC"). ECF No. 54.

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | Illumina failed to disclose GRAIL as a related party or the GRAIL acquisition as a related party transaction under GAAP, and also accounted for its shares of GRAIL under the cost method, rather than the equity method.<br><br>Illumina represented that its financial statements were prepared in accordance with GAAP.<br><br>Each of these filings attached certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX Act") ("SOX Certifications") signed by Defendant deSouza and Defendant Samad attesting to the filing's accuracy and the disclosure of all fraud. | | • <u>Inactionable opinion</u> (application of GAAP) | • <u>Not pure omission.</u> *See* Opp. Section III.A.5.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.5.<br><br>• <u>*Omnicare* omissions</u>. *See* Opp. Section III.A.5. |
| 4. | <u>Form S-4 (11/25/2020), Form S-4/A (2/5/2021), Prospectus (2/9/2021)</u><br><br>[T]he descriptions of the GRAIL transaction and the negotiations leading up to it as set forth in Illumina's November 25, 2020 registration statement filed on Form S4, the February 5, 2021 amendment to the registration statement, and the February 9, 2021 prospectus filed pursuant to Rule 424(b)(3) materially false and misleading. Specifically, the "Background of the Transaction" sections in each of these documents identified July 31, 2020 as the date Illumina first expressed its interest in "a potential acquisition of GRAIL" to GRAIL's then-CEO. | 417 | • <u>No facts to support reason for falsity</u> | • <u>Facts to support reasons for falsity</u> – ¶¶157-64, 418. *See* Opp. Section III.A.5. |
| | *False and Misleading Statements Concerning GRAIL's Financial Valuations* | | | |
| 5. | <u>Cowen's Liquid Biopsy Summit (9/24/2020)</u><br><br>**deSouza**: [A]s we did the financial analysis, moving from selling platforms to GRAIL and participating in the revenue stream to ***owning GRAIL is significantly value-accretive to Illumina shareholders*** compared to the previous model. And so, we ran those models in many different ways. ***We've put in conservative assumptions. But in terms of value to Illumina shareholders, owning it creates significantly more value***. | 336 | • <u>No facts to support reason for falsity</u><br><br>• <u>Puffery</u> ("significantly value-accretive"; "significantly more value") | • <u>Facts to support reasons for falsity</u> – ¶¶100-08, 337. *See* Opp. Section III.A.1.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.1. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 6. | <u>Form S-4 (11/25/2020)</u>  | 342 | • <u>Pure omission</u> (no duty disclose additional projections)<br><br>• <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | • <u>Reasons for falsity</u> – ¶¶100-08, 345-46. *See* Opp. Section III.A.1.<br><br>• <u>Not pure omission.</u> *See* Opp. Section III.A.1.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.1; III.B.1. |
| 7. | <u>Form S-4 (11/25/2020)</u>  | 343 | • <u>Pure omission</u> (no duty disclose additional projections)<br><br>• <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | • <u>Reasons for falsity</u> – ¶¶100-08, 345-46. *See* Opp. Section III.A.1.<br><br>• <u>Not pure omission.</u> *See* Opp. Section III.A.1.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.1, III.B.1 |
| 8. | <u>Form S-4 (11/25/2020)</u><br><br>Illumina stated that these projections and valuations "were based on estimates, assumptions and judgments made by GRAIL management."<br><br>For Case A and Case B, those assumptions included "growth in the number of health systems and employers offering GRAIL's products, that new products such as DAC and MRD would be successfully launched and that **broad reimbursement would be** | 344 | • <u>Pure omission</u> (no duty disclose additional projections)<br><br>• <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | • <u>Reasons for falsity</u> – ¶¶100-08, 345-46. *See* Opp. Section III.A.1.<br><br>• <u>Not pure omission.</u> *See* Opp. Section III.A.1.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | *achieved in calendar 2025*, which management forecasted would significantly increase the acceptance of GRAIL's product." <br><br> For Case B, the forecasts assumed "broader acceptance of GRAIL's products across health systems, employers and more significant coverage after broad reimbursement is achieved." | | | *See* Opp. Sections III.A.1, III.B.1. |
| | **False and Misleading Statements Concerning Illumina's Ability to "Accelerate" Galleri's Adoption and "Save Lives"** | | | |
| 9. | Press Release (9/21/2020) <br><br> [GRAIL] merger would "*Accelerate[] Adoption of NGS-Based Early Multi-Cancer Detection Test to Reach More Patients Faster*" by "*levera[ging] its global scale, manufacturing and clinical capabilities to support GRAIL's commercialization efforts*, realize the total addressable market potential and drive significant growth in the clinical value chain." | 324 | • Reason for falsity disconnected from statement (no claim that Illumina had a specific plan/model for acceleration) <br><br> • Antitrust findings not relevant <br><br> • Puffery ("Accelerate adoption"; "reach more patients faster"; "drive significant growth") <br><br> • Inactionable opinion <br><br> • Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity connected to statement (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 327-30. *See* Opp. Section III.A.2. <br><br> • Antitrust findings relevant. *See* Opp. Section III.A.2. <br><br> • Not puffery. *See* Opp. Section III.A.2. <br><br> • Not opinion. *See* Opp. Section III.A.2. <br><br> • *Omnicare* omissions. *See* Opp. Section III.A.2. <br><br> • Not forward-looking (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 10. | Press Release (9/21/2020) <br><br> **Bishop: *Combining forces with Illumina enables broader and faster adoption of GRAIL's innovative, multi- cancer early*** | 324 | • *See* GRAIL Defendants' Motion to Dismiss. | • *See* ¶¶112-20, 327-30; Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | *detection blood test, enhancing patient access and expanding global reach.* | | | |
| 11. | Conference Call (9/21/2020)<br><br>**deSouza**: Now as they stand poised to bring products to market in 2021, we believe this is the right time to bring the GRAIL team into Illumina so that we can help to commercialize and accelerate adoption....[T]he reason to acquire them is because we have very clear line of sight into how we can accelerate the plan that they are on today. And we can only do that when they're part of Illumina. | 325 | • Reason for falsity disconnected from statement (no claim that Illumina had a specific plan/model for acceleration)<br>• Antitrust findings not relevant<br>• Puffery ("accelerate adoption"; "very clear line of sight"; "accelerate the plan")<br>• Inactionable opinion<br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity connected to statement (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 327-30. *See* Opp. Section III.A.2.<br>• Antitrust findings relevant. *See* Opp. Section III.A.2.<br>• Not puffery. *See* Opp. Section III.A.2.<br>• Not opinion. *See* Opp. Section III.A.2.<br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br>• Not forward-looking (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 12. | Conference Call (9/21/2020)<br><br>**Bishop**: [B]y joining forces with Illumina, we'll achieve scale faster preventing more late-stage cancer diagnosis....With Illumina's international footprint and expertise across market access, regulatory, government affairs and manufacturing, we'll accelerate our ability to realize our mission and goals of improved patient outcomes. | 326 | • *See* GRAIL Defendants' Motion to Dismiss. | • *See* ¶¶112-20, 327-30; Opp. Section III.A.2. |
| 13. | Cowen's Liquid Biopsy Summit (9/24/2020) | 333 | • Reason for falsity disconnected from statement (no claim that | • Reasons for falsity connected to statement (statement claimed or |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | **deSouza**: And so we started looking at it more seriously. And with GRAIL getting to commercialize its products next year, we realized that *we could really accelerate the development of this market if we acquired GRAIL now*. And so, that's sort of the why now. *They have a product. It's demonstrated that the binary risk is largely retired, and that if we get involved now, we can accelerate the development of what's going to be the largest genomic application we've ever seen.* | | Illumina had a specific plan/model for acceleration)<br><br>• <u>Antitrust findings not relevant</u><br><br>• <u>Puffery</u> ("really accelerate"; "accelerate the development"<br><br>• <u>Inactionable opinion</u><br><br>• <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | implied plan/model for acceleration) – ¶¶112-20, 334-35. *See* Opp. Section III.A.2.<br><br>• <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.2.<br><br>• *<u>Omnicare</u> omissions*. *See* Opp. Section III.A.2.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 14. | <u>Press Release (3/30/2021)</u><br><br>In reuniting the two organizations [Illumina and GRAIL], *Illumina will leverage its global scale of manufacturing and clinical capabilities, as well as its global regulatory and reimbursement expertise, to bring early-stage, multi-cancer testing to patients more quickly and more affordably, resulting in more lives being saved.*<br><br>Illumina will pursue its right to proceed with the transaction, *the impact of which would accelerate the adoption of a breakthrough multi-cancer early detection blood test.* | 350 | • <u>Reason for falsity disconnected from statement</u> (no claim that Illumina had a specific plan/model for acceleration)<br><br>• <u>Antitrust findings not relevant</u><br><br>• <u>Puffery</u> ("more quickly"; "more affordably"; "more lives being saved"; "accelerate")<br><br>• <u>Inactionable opinion</u><br><br>• <u>Protected forward-looking statement</u> (meaningful | • <u>Reasons for falsity connected to statement</u> (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 352-54. *See* Opp. Section III.A.2.<br><br>• <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | cautionary language; no actual knowledge of falsity) | • *Omnicare* omissions. *See* Opp. Section III.A.2.<br><br>• Not forward-looking (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 15. | Press Release (3/30/2021)<br><br>**Bishop**: Combining GRAIL's innovative multi-cancer early detection test with Illumina's experience and scale will enable more patients in both the United States and worldwide to garner access to GRAIL's test faster. | 351 | • *See* GRAIL Defendants' Motion to Dismiss. | • *See* ¶¶112-20, 352-54; Opp. Section III.A.2. |
| 16. | *GenomeWeb* Article (4/2/2021)<br><br>**Aravanis**: *In fact, delaying the acquisition may already, over time, have resulted in potential lives lost*. | 355 | • Reason for falsity disconnected from statement (statement couched as a possibility, not definitive)<br><br>• Antitrust findings not relevant<br><br>• Puffery ("potential lives lost")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (no actual knowledge of falsity) | • Reasons for falsity connected to statement – ¶¶122-35, 356. *See* Opp. Section III.A.2.<br><br>• Antitrust findings relevant. *See* Opp. Section III.A.2.<br><br>• Not puffery. *See* Opp. Section III.A.2.<br><br>• Not opinion. *See* Opp. Section III.A.2.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br><br>• Not forward-looking (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 17. | CNBC Interview (4/6/2021)<br><br>**deSouza**: *By doing this acquisition we can accelerate patient access to [the Galleri] test and also drive accelerated reimbursement*. | 357 | • Reason for falsity disconnected from statement (no claim that Illumina had a specific plan/model for acceleration)<br><br>• Antitrust findings not relevant<br><br>• Puffery ("accelerate"; "accelerated")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (no actual knowledge of falsity) | • Reasons for falsity connected to statement (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 358. *See* Opp. Section III.A.2.<br><br>• Antitrust findings relevant. *See* Opp. Section III.A.2.<br><br>• Not puffery. *See* Opp. Section III.A.2.<br><br>• Not opinion. *See* Opp. Section III.A.2.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br><br>• Not forward-looking (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 18. | SVB Report (4/6/2021)<br><br>**Aravanis & Febbo**: SVB reporting that the two members of senior management "emphasized the importance of bringing early cancer detection technology to the market as soon as possible to save lives," that launching Galleri as an LDT would generate "robust 'real world' clinical data which can be used in future FDA submissions," and that the "current plan is for GRAIL to submit a single-site PMA for approval in 2023 with a dossier of clinical evidence including STRIVE, PATHFINDER, CCGA, SUMMIT, and real-world data from early commercialization efforts." | 359 | • Reason for falsity disconnected from statement (no claim that Illumina had a specific plan/model for acceleration)<br><br>• Antitrust findings not relevant<br><br>• Puffery ("save lives")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (no actual knowledge of falsity) | • Reasons for falsity connected to statement (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 360-61. *See* Opp. Section III.A.2.<br><br>• Antitrust findings relevant. *See* Opp. Section III.A.2.<br><br>• Not puffery. *See* Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | • <u>Not opinion</u>. *See* Opp. Section III.A.2.<br><br>• *<u>Omnicare</u>* omissions. *See* Opp. Section III.A.2.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 19. | <u>Press Release (4/20/2021)</u><br><br>**deSouza**: ***Reuniting GRAIL and Illumina will allow us to bring GRAIL's breakthrough early detection multi-cancer test to patients across the world faster and consequently save lives***. | 362 | • <u>Reason for falsity disconnected from statement</u> (no claim that Illumina had a specific plan/model for acceleration)<br><br>• <u>Antitrust findings not relevant</u><br><br>• <u>Puffery</u> ("faster"; "save lives")<br><br>• <u>Inactionable opinion</u><br><br>• <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | • <u>Reasons for falsity connected to statement</u> (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 363-64. *See* Opp. Section III.A.2.<br><br>• <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.2.<br><br>• *<u>Omnicare</u>* omissions. *See* Opp. Section III.A.2.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 20. | Wall Street Journal (5/6/2021)<br><br>**deSouza**: The Federal Trade Commission is jeopardizing our chance to save more lives from cancer....We announced last year our intent to reunite with GRAIL to make this cancer-screening test widely available, accessible and affordable, accelerating the test's broad adoption and saving tens of thousands of lives. | 365 | • <u>Reason for falsity disconnected from statement</u> (no claim that Illumina had a specific plan/model for acceleration)<br><br>• <u>Antitrust findings not relevant</u><br><br>• <u>Puffery</u> ("widely available, accessible and affordable"; "accelerating...broad adoption"; "save more lives")<br><br>• <u>Inactionable opinion</u><br><br>• <u>Protected forward-looking statement</u> (no actual knowledge of falsity) | • <u>Reasons for falsity connected to statement</u> (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 366-67. *See* Opp. Section III.A.2.<br><br>• <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.2.<br><br>• *<u>Omnicare</u> omissions*. *See* Opp. Section III.A.2.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 21. | Press Release (7/22/2021)<br><br>**deSouza**: When people have access to early cancer detection, lives will be saved. If this acquisition does not proceed, GRAIL's European roll-out will be slower and the cost will be measured in the unnecessary loss of life. ***Re-uniting GRAIL with Illumina will accelerate availability of the GRAIL test by many years in the [European Economic Area] and globally, saving tens of thousands of lives, and leading to significant health care cost savings***. | 368 | • <u>Reason for falsity disconnected from statement</u> (no claim that Illumina had a specific plan/model for acceleration)<br><br>• <u>Antitrust findings not relevant</u><br><br>• <u>Puffery</u> ("lives will be saved"; "accelerate availability"; "significant health care cost savings")<br><br>• <u>Inactionable opinion</u> | • <u>Reasons for falsity connected to statement</u> (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 369-70. See Opp. Section III.A.2.<br><br>• <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | • <u>Not opinion</u>. *See* Opp. Section III.A.2.<br><br>• <u>*Omnicare* omissions</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 22. | <u>Conference Call (8/5/2021)</u><br><br>**deSouza**: *We continue to believe that this deal will result in the savings of tens of thousands of lives that would not be saved if we didn't buy GRAIL, simply because we can accelerate the business*. So to answer the question, we are committed to working through this deal. | 371 | • <u>Reason for falsity disconnected from statement</u> (no claim that Illumina had a specific plan/model for acceleration)<br><br>• Antitrust findings not relevant<br><br>• <u>Puffery</u> ("saving of tens of thousands of lives"; "accelerate")<br><br>• <u>Inactionable opinion</u><br><br>• <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | • <u>Reasons for falsity connected to statement</u> (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 372-73. *See* Opp. Section III.A.2.<br><br>• <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.2.<br><br>• <u>*Omnicare* omissions</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 23. | Press Release (8/18/2021)<br><br>**The deal will save lives**. Cancer kills around 10 million people annually worldwide and 600,000 people in the US alone. Cancers responsible for nearly 71% of cancer deaths have no recommended early detection screening, and most cancers are detected when chances of survival are lower. Illumina feels there is a moral obligation to have the deal decided by a thoughtful and full review by the EU regulators and the US courts. **This can only be done if Illumina acquires GRAIL now**. Otherwise, the company is locked into a situation where the deal terms will expire before there is a chance for full review; the clock will just run out.<br><br>Right now, the Galleri test is available but costs $950 because it is not covered by insurance. **Reuniting the two companies is the fastest way to make the test broadly available and affordable**. Illumina's expertise in market development and access has resulted in coverage of genomic testing for over 1 billion people around the world already. This experience will help lead to coverage and reimbursement for the Galleri test. | 374 | • Reason for falsity disconnected from statement (no claim that Illumina had a specific plan/model for acceleration)<br><br>• Antitrust findings not relevant<br><br>• Puffery ("save lives"; "fastest way"; "broadly available and affordable")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity connected to statement (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 377-78. *See* Opp. Section III.A.2.<br><br>• Antitrust findings relevant. *See* Opp. Section III.A.2.<br><br>• Not puffery. *See* Opp. Section III.A.2.<br><br>• Not opinion. *See* Opp. Section III.A.2.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br><br>• Not forward-looking (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 24. | Press Release (8/18/2021)<br><br>**Bishop**: **The merger with Illumina will get the Galleri test to people far faster**. | 375 | • *See* GRAIL Defendants' Motion to Dismiss. | • *See* ¶¶112-20, 377-78; Opp. Section III.A.2. |
| 25. | Conference Call (8/18/2021)<br><br>**deSouza**: The stakes here are high, because simply put, **this deal saves lives**, and we feel a moral obligation to ensure that the deal has a full review....*[W]ith Illumina's acceleration, the Galleri test can conservatively save 10,000 additional lives in the U.S. and additional lives in the E.U. over the next nine years*. | 376 | • Reason for falsity disconnected from statement (no claim that Illumina had a specific plan/model for acceleration)<br><br>• Antitrust findings not relevant | • Reasons for falsity connected to statement (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 377-78. *See* Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • <u>Puffery</u> ("saves lives"; "acceleration") <br><br> • <u>Inactionable opinion</u> <br><br> • <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | • <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not puffery</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not opinion</u>. *See* Opp. Section III.A.2. <br><br> • <u>*Omnicare* omissions</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 26. | <u>Masters of Scale Interview (8/19/2021)</u> <br><br> **deSouza**: What we want to do is bring the GRAIL test to market as fast as possible to people around the U.S. and around the world. GRAIL has a terrific technology, and Illumina, we have the commercial presence in over 140 countries around the world. ***We have the teams that can work on reimbursement and regulatory approval, and so we can dramatically accelerate getting this test into the hands of people whose lives it could save***. | 379 | • <u>Reason for falsity disconnected from statement</u> (no claim that Illumina had a specific plan/model for acceleration) <br><br> • <u>Antitrust findings not relevant</u> <br><br> • <u>Puffery</u> ("as fast as possible"; "dramatically accelerate"; "lives it could save") <br><br> • <u>Inactionable opinion</u> <br><br> • <u>Protected forward-looking statement</u> (no actual knowledge of falsity) | • <u>Reasons for falsity connected to statement</u> (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 380. *See* Opp. Section III.A.2. <br><br> • <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not puffery</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not opinion</u>. *See* Opp. Section III.A.2. <br><br> • <u>*Omnicare* omissions</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not forward-looking</u> (present/historical, no cautionary |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 27. | Morgan Stanley Global Healthcare Conference (9/13/2021)<br><br>**deSouza**: In addition to the considerations around shareholder value and making sure we're doing the move that long term maximizes shareholder value, we also felt a moral obligation to close the deal because the – potentially life savings people, the savings life associated with doing this deal are so substantial. ***By accelerating GRAIL in terms of its global distribution and the accessibility of the tests globally, we will save many thousands of lives by getting this test into the hands of more people and making it more affordable than GRAIL would do on their own.*** And so, there was a moral element here, too, by saying in addition to creating long-term shareholder value, we have an obligation to have this deal reviewed and get to a decision because of the life-saving potential of doing this deal. And so all those considerations came together and that's how we made the decision. | 381 | • Reason for falsity disconnected from statement (no claim that Illumina had a specific plan/model for acceleration)<br><br>• Antitrust findings not relevant<br><br>• Puffery ("shareholder value"; "potentially life savings"; "savings life"; "accelerating"; "life-saving potential")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity connected to statement (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 382. *See* Opp. Section III.A.2.<br><br>• Antitrust findings relevant. *See* Opp. Section III.A.2.<br><br>• Not puffery. *See* Opp. Section III.A.2.<br><br>• Not opinion. *See* Opp. Section III.A.2.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br><br>• Not forward-looking (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 28. | Medtech Insight Interview (2/28/2022)<br><br>**Febbo**: We feel very strongly ***that this acquisition will speed the test [Galleri] to market and make it more accessible more broadly, more quickly, and save lives***. | 383 | • Reason for falsity disconnected from statement (no claim that Illumina had a specific plan/model for acceleration)<br><br>• Antitrust findings not relevant | • Reasons for falsity connected to statement (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 122-35, 385-86. *See* Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • <u>Puffery</u> ("speed the test"; "more accessible, more broadly, more quickly, and save lives") <br><br> • <u>Inactionable opinion</u> <br><br> • <u>Protected forward-looking statement</u> (no actual knowledge of falsity) | • <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not puffery</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not opinion</u>. *See* Opp. Section III.A.2. <br><br> • *Omnicare* <u>omissions</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 29. | Harry Glorikian Show Interview (11/8/2022) <br><br> **Febbo**: *So we have incredible commercial kind of— commercial capability, support capability, regulatory capability and reimbursement experience* to help bring this test globally. | 384 | • <u>Reason for falsity disconnected from statement</u> (no claim that Illumina had a specific plan/model for acceleration) <br><br> • <u>Antitrust findings not relevant</u> <br><br> • <u>Inactionable opinion</u> <br><br> • <u>Protected forward-looking statement</u> (no actual knowledge of falsity) | • <u>Reasons for falsity connected to statement</u> (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 385-86. *See* Opp. Section III.A.2. <br><br> • <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not puffery</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not opinion</u>. *See* Opp. Section III.A.2. <br><br> • *Omnicare* <u>omissions</u>. *See* Opp. Section III.A.2. <br><br> • <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | *See* Opp. Sections III.A.2, III.B.1. |
| 30. | <u>CNBC Interview (1/19/2023)</u><br><br>**deSouza**: I think the GRAIL test is very important in terms of the impact it's going to have. ***Illumina can really accelerate GRAIL***. So it's a startup. Again, we founded it, go through the trials, we had to raise more money and then we bought it back. GRAIL, on its own, we'll make a difference, but with Illumina, we can make the test available much more broadly than this startup could on its own...***So what we want to do is make that test available more broadly, more affordably, more quickly than [GRAIL] could on its own***. | 391 | • <u>Reason for falsity disconnected from statement</u> (no claim that Illumina had a specific plan/model for acceleration)<br><br>• <u>Antitrust findings not relevant</u><br><br>• <u>Puffery</u> ("very important"; "really accelerate"; "more broadly, more affordably, more quickly")<br><br>• <u>Inactionable opinion</u><br><br>• <u>Protected forward-looking statement</u> (no actual knowledge of falsity) | • <u>Reasons for falsity connected to statement</u> (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 392. *See* Opp. Section III.A.2.<br><br>• <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.2.<br><br>• *<u>Omnicare</u>* omissions. *See* Opp. Section III.A.2.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 31. | <u>CNBC Interview (4/26/2023)</u><br><br>**deSouza**: This one does and so, you know, the first 12-month revenue ramp for GRAIL has been the first test of any cancer screening test in history. . . . The reason why we think it makes sense at Illumina is that ***we can accelerate bringing this test to more people, more quickly, more affordably than GRAIL can do on their own***. . . .  we have teams that are experts in bringing reimbursements for tests.  ***And so what we can do is make this*** | 404 | • <u>Reason for falsity disconnected from statement</u> (no claim that Illumina had a specific plan/model for acceleration)<br><br>• <u>Antitrust findings not relevant</u><br><br>• <u>Puffery</u> ("accelerate"; "more quickly")<br><br>• <u>Inactionable opinion</u> | • <u>Reasons for falsity connected to statement</u> (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 407. *See* Opp. Section III.A.2.<br><br>• <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | *test more available to people who can't afford the $950 test and roll it out more quickly.* | | • <u>Protected forward-looking statement</u> (no actual knowledge of falsity) | • <u>Not opinion</u>. *See* Opp. Section III.A.2.<br><br>• *<u>Omnicare</u>* omissions. *See* Opp. Section III.A.2.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 32. | FOX Business Interview (4/26/2023)<br><br>**deSouza**: *We also have the opportunity at Illumina to significantly accelerate the ramp of GRAIL.* . . . We at Illumina can accelerate that ramp because GRAIL has only plans to roll it out, the test out in the U.S. and the U.K. until 2030. We operate in 150 countries. I have talked personally to ministers of health that have expressed interest in rolling this test out in Europe, in Asia, in the Middle East, *so we can accelerate this test and create significant shareholder value in doing this.* | 406 | • <u>Reason for falsity disconnected from statement</u> (no claim that Illumina had a specific plan/model for acceleration)<br><br>• <u>Antitrust findings not relevant</u><br><br>• <u>Puffery</u> ("significantly accelerate"; "accelerate")<br><br>• <u>Inactionable opinion</u><br><br>• <u>Protected forward-looking statement</u> (no actual knowledge of falsity) | • <u>Reasons for falsity connected to statement</u> (statement claimed or implied plan/model for acceleration) – ¶¶112-20, 407. *See* Opp. Section III.A.2.<br><br>• <u>Antitrust findings relevant</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.2.<br><br>• *<u>Omnicare</u>* omissions. *See* Opp. Section III.A.2.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| | *False and Misleading Statements Concerning Galleri's Clinical Data And Timeline For Regulatory Approval* | | | |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 33. | <u>Press Release and Conference Call (9/21/2020)</u><br><br>**deSouza:** "***The exceptional progress in developing the technology and clinical data required to launch [Galleri]***," telling investors that "***the results [GRAIL is] demonstrating from their large-scale clinical studies have put to bed a lot of the questions that we had***' and that, therefore, GRAIL's "***value has been demonstrated***." | 331 | • <u>Reason for falsity disconnected from statement</u> (no statement that clinical studies would secure FDA approval)<br><br>• <u>No facts to support reason for falsity</u><br><br>• <u>Puffery</u> ("exceptional progress"; "value has been demonstrated")<br><br>• <u>Inactionable opinion</u> (interpretation of clinical trial results) | • <u>Reasons for falsity connected to statement</u> (failed to disclose FDA rejected studies as insufficient) – ¶¶136-54, 332. *See* Opp. Section III.A.3.<br><br>• <u>Facts to support reason for falsity</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.3.<br><br>• <u>*Omnicare* omissions</u>. *See* Opp. Section III.A.3. |
| 34. | <u>Cowen's Liquid Biopsy Summit (9/24/2020)</u><br><br>**deSouza:** So let's talk about the why now question. And we really do believe that we're in an inflection point in the early detection of cancer market and we're in a place where the binary risk about will the product work or not is largely behind us...[I]t was really in the last year, through the data that GRAIL started to publish from its large-scale clinical studies at ASCO, at ESMO, the peer-reviewed journal that they published earlier this year that gave us comfort to realize, well, ***I think they've cracked the code. Their technology works, it's been tested in very large numbers, and the data has been peer-reviewed. And so there will be a product that works, and the GRAIL team is ahead***. So that made us start to shift our thinking to say we've identified, A, that the binary risk seems to be behind us now, that there is a product that meets the characteristics that would be successful. And then, two, that GRAIL has the right approach and it's differentiated. | 333 | • <u>Reason for falsity disconnected from statement</u> (no statement that clinical studies would secure FDA approval)<br><br>• <u>No facts to support reason for falsity</u><br><br>• <u>Puffery</u> ("cracked the code")<br><br>• <u>Inactionable opinion</u> (interpretation of clinical trial results) | • <u>Reasons for falsity connected to statement</u> (failed to disclose FDA rejected studies as insufficient) – ¶¶136-54, 334-35. *See* Opp. Section III.A.3.<br><br>• <u>Facts to support reasons for falsity</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.3.<br><br>• <u>*Omnicare* omissions</u>. *See* Opp. Section III.A.3. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 35. | Cowen & Co. Health Care Conference (3/2/2021)<br><br>**deSouza**: [W]e don't believe additional studies are necessary for Galleri to be successful.  . . .  And so, we don't think that any studies are essential from a performance perspective but also from a launch perspective.<br><br>. . .<br><br>[GRAIL's] intent is to do **an FDA submission in 2023**[.] | 347 | • Reason for falsity disconnected from statement (no statement that clinical studies would secure FDA approval)<br><br>• No facts to support reason for falsity<br><br>• Inactionable opinion (interpretation of clinical trial results)<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient) – ¶¶136-54, 348. *See* Opp. Section III.A.3.<br><br>• Facts to support reasons for falsity. *See* Opp. Section III.A.3.<br><br>• Not opinion. *See* Opp. Section III.A.3.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.3.<br><br>• Not forward-looking (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |
| 36. | SVB Report (4/6/2021)<br><br>**Aravanis & Febbo**: SVB reporting that the two members of senior management "emphasized the importance of bringing early cancer detection technology to the market as soon as possible to save lives," that launching Galleri as an LDT would generate "robust 'real world' clinical data which can be used in future FDA submissions," and that the "current plan is for GRAIL to submit a single-site PMA for approval in 2023 with a dossier of clinical evidence including STRIVE, PATHFINDER, CCGA, SUMMIT, and real-world data from early commercialization efforts." | 359 | • Reason for falsity disconnected from statement (no statement that clinical studies would secure FDA approval)<br><br>• No facts to support reason for falsity<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient) – ¶¶136-54, 360-61. *See* Opp. Section III.A.3.<br><br>• Facts to support falsity. *See* Opp. Section III.A.3.<br><br>• Not forward-looking (present/historical, no cautionary language, actual knowledge). *See* Opp. Section III.A.3. |
| 37. | Evercore ISI HealthCONx Conference (11/29/2022) | 387 | • Reason for falsity disconnected from statement (no statement | • Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient) – |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | **Aravanis**: So, *it'll be an exciting piece of clinical evidence for GRAIL*, not just in the U.K., but also in the U.S., right? So, *you can imagine how useful that will be if successful in adoption, in just – in discussions with regulators about approval and so on*. | | that clinical studies would secure FDA approval)<br><br>• <u>No facts to support reason for falsity</u><br><br>• <u>Puffery</u> ("exciting piece")<br><br>• <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | ¶¶136-54, 388. *See* Opp. Section III.A.3.<br><br>• <u>Facts to support reasons for falsity</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |
| 38. | <u>JPMorgan Healthcare Conference (1/9/2023)</u><br><br>**deSouza**: *GRAIL is making progress towards reimbursement*, with 300,000 participants across multiple studies *and a final FDA submission expected in 2024/2025*.<br><br>The "exciting momentum" from these studies had "translate[d] into an expected GRAIL revenue CAGR of 60% to 90% over the next five years." | 389 | • <u>Reason for falsity disconnected from statement</u> (no statement that clinical studies would secure FDA approval)<br><br>• <u>No facts to support reason for falsity</u><br><br>• <u>Puffery</u> ("making progress"; "exciting momentum")<br><br>• <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | • <u>Reasons for falsity connected to statement</u> (failed to disclose FDA rejected studies as insufficient) – ¶¶136-54, 390. *See* Opp. Section III.A.3.<br><br>• <u>Facts to support reasons for falsity</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not forward-looking</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |
| 39. | <u>Earnings Call (2/7/2023)</u><br><br>**deSouza**: GRAIL had "*been working . . . with the FDA for a number of years on designing the studies that will be part of the ultimate submission*," and was "*making good progress*." | 393 | • <u>Reason for falsity disconnected from statement</u> (no statement that clinical studies would secure FDA approval) | • <u>Reasons for falsity connected to statement</u> (failed to disclose FDA rejected studies as insufficient) – |

| # | Statements in Defendants' Appendix A | ¶² | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | GRAIL had "***been talking to the FDA about submitting data from the NHS trial as part of the FDA submission***. Now that's really powerful because that's a very large trial. ***And so that continues to add to the bolus of evidence that GRAIL was able to get and submit into the FDA***."<br><br>Illumina was "***starting to see the benefits of that good working relationship between GRAIL and the FDA***." | | • No facts to support reason for falsity<br><br>• Puffery ("making good progress"; "powerful"; "good working relationship")<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | ¶¶136-54, 394. *See* Opp. Section III.A.3.<br><br>• Facts to support reasons for falsity. *See* Opp. Section III.A.3.<br><br>• Not puffery. *See* Opp. Section III.A.3.<br><br>• Not forward-looking (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |
| 40. | Video Presentation (3/28/2023)<br><br>**Josh Ofman**: Our Galleri multi-detection test can ***identify 50 different cancers with a single blood draw***. And we can do that with a very low false positive rate, and a very high accuracy to predict in the body any cancer signal is found, and that ***allows physicians to make an efficient and rapid diagnosis***. | 395 | • *See* GRAIL Defendants' Motion to Dismiss. | • *See* ¶¶136-54, 396; Opp. Section III.A.2. |
| 41. | CNBC Interview (4/26/2023)<br><br>**deSouza**: This one [the Galleri test] ***really works***. | 404 | • Reason for falsity disconnected from statement (no statement that clinical studies would secure FDA approval)<br><br>• No facts to support reason for falsity<br><br>• Puffery ("really works")<br><br>• Inactionable opinion (interpretation of clinical trial results) | • Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient) – ¶¶136-54, 407. *See* Opp. Section III.A.3.<br><br>• Facts to support reasons for falsity. *See* Opp. Section III.A.3.<br><br>• Not puffery. *See* Opp. Section III.A.3.<br><br>• Not opinion. *See* Opp. Section III.A.3. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | • *Omnicare* omissions. *See* Opp. Section III.A.3. |
| 42. | Bloomberg TV Interview (4/26/2023)<br><br>**deSouza:** [The Galleri test] is a *proven technology*. *There are large studies that show the efficacy of GRAIL as well as the performance metrics around GRAIL.* | 405 | • Reason for falsity disconnected from statement (no statement that clinical studies would secure FDA approval)<br><br>• No facts to support reason for falsity<br><br>• Inactionable opinion (interpretation of clinical trial results) | • Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient) – ¶¶136-54, 407. *See* Opp. Section III.A.3.<br><br>• Facts to support reasons for falsity. *See* Opp. Section III.A.3.<br><br>• Not opinion. *See* Opp. Section III.A.3.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.3. |
| | | *False and Misleading Denials of Conflicts* | | |
| 43. | Press Release/ Form DEFA14A (3/24/2023)<br><br>"*D&O insurance and corporate indemnification are standard for Delaware companies*," "*[a]ll major U.S. public companies, including Illumina, regularly review their D&O insurance to reflect appropriate coverage*," "*it is not uncommon for a company buying another business to increase insurance limits during the acquisition process.*" | 398 | • Demonstrably true<br><br>• No duty to disclose additional details | • Reasons for falsity –¶¶275-81, 399. *See* Opp. Section III.A.4.<br><br>• Not true and misleading regardless of claimed "literal truth." *See* Opp. Section III.A.4.<br><br>• Duty to disclose. *See* Opp. Section III.A.4. |
| 44. | Press Release/ Form DEFA14A (3/24/2023)<br><br>*The Board takes its fiduciary duties seriously and exercises considered and deliberate judgement [sic] with independent advice. Illumina steadfastly follows appropriate risk management and disclosure practices. Illumina's disclosures are full, transparent and timely, consistent with SEC and other disclosure requirements.* | 400 | • Demonstrably true<br><br>• No duty to disclose additional details | • Reasons for falsity – ¶¶275-81, 401. *See* Opp. Section III.A.4.<br><br>• Not true and misleading regardless of claimed "literal truth." *See* Opp. Section III.A.4. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | • Duty to disclose. *See* Opp. Section III.A.4. |
| 45. | Financial Times Article (3/23/2023)<br><br>**Illumina operates transparently with strong corporate governance.** Nothing was hidden, and unsurprisingly, Carl Icahn is deliberately mischaracterizing appropriate risk management and normal SEC disclosure practices. **In line with strong corporate governance, Illumina reviews its [directors and officers] insurance annually, and obtained appropriate coverage to reflect the Grail acquisition. All disclosures, including insurance and tax liabilities, were made in an appropriate, full, transparent, and timely manner consistent with SEC disclosure regulations.** | 402 | • Demonstrably true<br><br>• No duty to disclose additional details | • Reasons for falsity – ¶¶275-81, 403. *See* Opp. Section III.A.4.<br><br>• Not true and misleading regardless of claimed "literal truth." *See* Opp. Section III.A.4.<br><br>• Duty to disclose. *See* Opp. Section III.A.4. |
| 46. | Investor Presentation/Schedule 14A (4/27/2023)<br><br>It was a "*Myth*" that "*Illumina's Board acted inappropriately and expanded its D&O insurance prior to completing the GRAIL acquisition*," and that, instead, it was a "*Fact*" that "*[a]s a general matter, companies regularly resize and rescope their D&O coverage in connection with M&A events. There's nothing inappropriate or unusual about a growing business enhancing its D&O coverage.*" | 408 | • Demonstrably true<br><br>• No duty to disclose additional details | • Reasons for falsity – ¶¶275-81, 409-10. *See* Opp. Section III.A.4.<br><br>• Not true and misleading regardless of claimed "literal truth." *See* Opp. Section III.A.4.<br><br>• Duty to disclose. *See* Opp. Section III.A.4. |
| 47. | Press Release/Form DEFA14A (5/1/2023)<br><br>None of Illumina's directors involved in either the decision to sign or the decision to close the GRAIL acquisition – including our former CEO and Executive Chairman Jay Flatley, our current CEO Francis deSouza and each of Illumina's current directors – has ever held any equity interest in GRAIL. At the time of Illumina's various investment rounds in GRAIL, no individuals at Illumina were investors in GRAIL. Illumina's employees, executive officers and Board members were not permitted to participate in GRAIL investment rounds and did not otherwise | 411 | • Demonstrably true<br><br>• No duty to disclose additional details | • Reasons for falsity – ¶¶157-64, 413-14. *See* Opp. Section III.A.4.<br><br>• Not true and misleading regardless of claimed "literal truth." *See* Opp. Section III.A.4.<br><br>• Duty to disclose. *See* Opp. Section III.A.4. |

| # | Statements in Defendants' Appendix A | ¶² | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | receive any GRAIL equity. Illumina, Inc. was the founder of GRAIL and individuals employed by Illumina moved to GRAIL as part of the spin-out in 2016. Those who moved to GRAIL terminated their relationship with Illumina at the time of transition and directors and employees who remained at Illumina could not [invest in GRAIL nor did they] receive any GRAIL equity.<br><br>No executive officers of Illumina held GRAIL shares at the signing or closing of the GRAIL acquisition, other than Alex Aravanis, who Illumina had hired from GRAIL, and Mostafa Ronaghi, Illumina's former CTO, who received GRAIL shares upon joining GRAIL's board in May 2020. ***The economic interests and relationships of these individuals with GRAIL were fully disclosed to, and known by, Illumina and its Board, and, consistent with good corporate governance practices, both were recused from any decisions to sign and close the GRAIL acquisition.*** | | | |
| 48. | Shareholder Letter (5/18/2023)<br><br>John Thompson: On conflicts of interest, there is an important question I would like to put to bed: "Did any Illumina directors have a financial interest in GRAIL at the time of the acquisition?" This question is not a matter of interpretation or explanation. The answer is simply no. As we have said before, ***no director who oversaw any part of the GRAIL transaction has ever owned any equity interest in GRAIL*** – that includes Jay Flatley, Francis deSouza, myself, and any member of the Board now or at the time of acquisition. In addition, ***no executive officers of Illumina held GRAIL shares at the signing or closing of the GRAIL acquisition*** (including indirect ownership interests such as through trusts, LP or GP stakes in investment vehicles, or through derivative securities), ***other than Alex Aravanis, who Illumina had hired from GRAIL, and Mostafa Ronaghi, Illumina's former CTO***, who received GRAIL shares upon | 412 | • <u>Demonstrably true</u><br><br>• <u>No duty to disclose additional details</u> | • <u>Reasons for falsity</u> – ¶¶157-64, 413-14. *See* Opp. Section III.A.4.<br><br>• <u>Not true and misleading regardless of claimed "literal truth."</u> *See* Opp. Section III.A.4.<br><br>• <u>Duty to disclose</u>. *See* Opp. Section III.A.4. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | joining GRAIL's Board in May 2020. ***The economic interests and relationships of these individuals with GRAIL were fully disclosed to, and known by, Illumina and its Board, and, consistent with good corporate governance practices, both were recused from any decisions to sign and close the GRAIL acquisition***.<br><br>No executive officers of Illumina held GRAIL shares at the signing or closing of the GRAIL acquisition [(including indirect ownership interests such as through trusts, LP or GP stakes in investment vehicles, or through derivative securities)] other than Alex Aravanis, who Illumina had hired from GRAIL, and Mostafa Ronaghi, Illumina's former CTO, who received GRAIL shares upon joining GRAIL's board in May 2020. ***The economic interests and relationships of these individuals with GRAIL were fully disclosed to, and known by, Illumina and its Board, and, consistent with good corporate governance practices, both were recused from any decisions to sign and close the GRAIL acquisition***. | | | |