**APPENDIX B**
**PLAINTIFFS' RESPONSE TO DEFENDANTS' CHART OF FORMER EMPLOYEE & CONFIDENTIAL WITNESS ALLEGATIONS**[1]

| FE | Employer/Dates | Title | Job Responsibilities | Contact with Defendants | Plaintiffs' Response |
|---|---|---|---|---|---|
| FE1 | Not alleged | Not alleged | Not alleged | None | Defendants do not directly challenge FE1 in their motions to dismiss, and Appendix B is thus improper argument.<br><br>Employer/Dates and Title: Job descriptions are sufficient for confidential sources. *See* Opp. at 31 n.8.<br><br>Job responsibilities: FE1 "was directly involved in deSouza's efforts" to "identify an independent scientist or other backer to publicly praise the GRAIL acquisition and provide legitimacy to deSouza's statements that Illumina would 'accelerate' Galleri's adoption and 'save lives.'" ¶120.<br><br>Contact with Defendants: FEs are not required to have contact with a defendant or speak to their state of mind. *See* Opp. Section III.B.2 (collecting cases). |

---

[1] This chart reproduces Defendants' Chart of Former Employee & Confidential Witness Allegations (Appendix B, ECF No. 62-5), with an added column titled "Plaintiffs' Response." That column provides the relevant Complaint paragraphs identifying the relevant allegations concerning each former employee ("FE") and confidential witness ("CW"), and then responds to Defendants' arguments about each FE and CW. Plaintiffs respectfully submit that the Complaint provides a far better format to assess Plaintiffs' allegations, and is the only pleading properly considered on this motion. ¶ refers to Plaintiffs' Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("SAC"). ECF No. 54.

| FE | Employer/Dates | Title | Job Responsibilities | Contact with Defendants | Plaintiffs' Response |
|---|---|---|---|---|---|
| FE2 | GRAIL Apr 2020-Jan 2022 | Director of Key Accounts | On team to "implement[] a commercial effort to have health systems and hospitals pay for the Galleri test." | None | Contact with Defendants: FEs are not required to have contact with a defendant or speak to their state of mind. See Opp. III.B.2 (collecting cases). Further, FE2 "participated in meetings with Senior Vice President of Market Access & Health System Partnerships at GRAIL Mark Morgan, who reported to Defendant Ofman, to discuss the company's commercial strategy." ¶134 & n.4.<br><br>See also ¶¶153, 274; Opp. Sections III.A.1 and III.B.2. |
| FE3 | GRAIL 2020-2021<br><br>Illumina 2008-2020 | GRAIL: Associate Director of Key Accounts<br><br>Illumina: Executive Account Manager & Clinical Specialist | Not alleged | Worked with Aravanis and Ofman (time period unclear) | Job responsibilities: FE3 was "responsible for Galleri's clinical and commercial strategy." ¶147.<br><br>Contact with Defendants: FEs are not required to have contact with a defendant or speak to their state of mind. See Opp. III.B.2 (collecting cases). Further, FE 3 "worked with both Defendants Aravanis and Ofman over his over-decade long career." ¶147 & n.6. While serving as "an Executive Account Manager from 2008 through 2020 and as a Clinical Specialist at Illumina from 2017 through 2020," FE3 "worked with both Defendants Aravanis and Ofman" "[d]uring this time." Id. |

2

| FE | Employer/Dates | Title | Job Responsibilities | Contact with Defendants | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | | | *See also* ¶¶154, 274; Opp. Sections III.A.1, III.A.3, and III.B.2. |
| FE4 | GRAIL Jul 2022- Jul 2023 | Galleri Sales Consultant | "His assigned territory for sales covered the Bay Area"; "interfaced with doctors" | None | Contact with Defendants: FEs are not required to have contact with a defendant or speak to their state of mind. *See* Opp. III.B.2 (collecting cases). <br><br> *See also* ¶¶153 & n.7, 274, 304; Opp. Sections III.A.1-2 and III.B.2. |
| FE5 | GRAIL Sep 2019- Oct 2021 | Data Scientist | "[C]onducted process monitoring and handled the data quality process for operational, business, and research systems." | Presented unspecified information to Ofman | Defendants do not directly challenge FE5 in their motions to dismiss, and Appendix B is thus improper argument. <br><br> Contact with Defendants: "In his role, FE5 conducted process monitoring and handled the data quality process for operational, business, and research systems and ***presented this information to Defendant Ofman***, the head of clinical, and members of operations." ¶313 & n.9 <br><br> *See also* ¶156. |
| FE6 | GRAIL Jul 2017- Dec 2022 | Staff Bioinformatics Scientist | "[C]omputational research"; "built programs for the Galleri test" | Worked under Aravanis | Defendants do not directly challenge FE1 in their motions to dismiss, and Appendix B is thus improper argument. <br><br> *See also* ¶156 & n.8. |
| CW | Not alleged | Consultant | Not alleged | None | Employer/Dates: Job descriptions are sufficient for confidential sources. *See* Opp. at 31 n.8. |

3

| FE | Employer/Dates | Title | Job Responsibilities | Contact with Defendants | Plaintiffs' Response |
|---|---|---|---|---|---|
| | | | | | Job responsibilities: "[F]ormer industry consultant who was ***working to develop a cancer detection test for one of GRAIL's competitors***." ¶142.<br><br>Contact with Defendants: Confidential sources are not required to have contact with a defendant or speak to their state of mind. *See* Opp. III.B.2 (collecting cases).  Further, the CW "had spoken to ***GRAIL senior management*** about GRAIL's interactions with the FDA, in or around early 2019, when GRAIL was in conversations with the FDA concerning how they could get FDA approval for the Galleri test."  ¶142.<br><br>*See also* ¶¶144, 147; Opp. Section III.A.3. |