**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Counsel for Lead Plaintiffs
Universal and ACATIS, and
Lead Counsel for the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Illumina, Inc. Securities Litigation* | Case No. 3:23-cv-02082-LL-BJC<br><br>CLASS ACTION<br><br>**PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE**<br><br>Courtroom:  6D<br>Judge:        Hon. Linda Lopez |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................1

II.  ARGUMENT.......................................................................................2

    A.   The Court Cannot Incorporate by Reference or Judicially Notice Trial Documents to Dispute Plaintiffs' Well-Pled Allegations.................................................................................4

    B.   The Court Cannot Judicially Notice Extrinsic Documents to Counter Well-Pleaded Facts.................................................9

    C.   The Court Can Only Judicially Notice SEC Filings and Press Releases for the Fact of Their Filing—Not For Their "Truth".....................................................................................12

    D.   The Court Cannot Consider Analyst Reports to Rebut Plaintiffs' Loss Causation Allegations......................................20

    E.   The Court Cannot Use the Remaining Exhibits for Defendants' Improper Purposes ..........................................21

III. CONCLUSION..................................................................................23

# TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE(S)**

*Abadilla v. Precigen, Inc.*,
2022 WL 1750033 (N.D. Cal. May 31, 2022)......................................................23

*Archuleta v. Avcorp Composite Fabrication Inc.*,
2019 WL 1751830 (C.D. Cal. Feb. 5, 2019) ........................................................8

*In re ArthroCare Corp. Sec. Litig.*,
726 F. Supp. 2d 696 (W.D. Tex. 2010) ..............................................................17

*Baron v. Hyrecar Inc.*,
2022 WL 17413562 (C.D. Cal. Dec. 5, 2022)...............................................13, 14

*Body Jewelz, Inc. v. Valley Forge Ins. Co.*,
241 F. Supp. 3d 1084 (C.D. Cal. 2017) ................................................................3

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012)................................................................16

*Ciuffitelli for Tr. of Ciuffitelli Rev. Tr. v. Deloitte & Touche LLP*,
2017 WL 2927481 (D. Or. Apr. 10, 2017) ..........................................................15

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010) ..............................................................................7

*Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.*,
2014 WL 842951 (S.D. Cal. Mar. 4, 2014).........................................................12

*Crowder v. LinkedIn Corp.*,
2024 WL 1221956 (N.D. Cal. Mar. 21, 2024) ...................................................18

*DalPoggetto v. Wirecard*,
2020 WL 2374948 (C.D. Cal. Apr. 15, 2020)......................................................4

*Dfinity USA Rsch. LLC v. Bravick*,
2023 WL 2717252 (N.D. Cal. Mar. 29 2023) ....................................................23

*DiGiacinto v. RB Health (US) LLC*,
2023 WL 7141263 (N.D. Cal. Oct. 30, 2023) ......................................................3

*In re Edward D. Jones & Co., L.P. Sec. Litig.*,
   2019 WL 2994486 (E.D. Cal. July 9, 2019).......................................................................19

*Immanuel Lake v. Zogenix, Inc.*,
   2020 WL 3820424 (N.D. Cal. Jan. 27, 2020)......................................................................20

*In re Immune Response Sec. Litig.*,
   375 F. Supp. 2d 983 (S.D. Cal. 2005)..............................................................................2, 3

*Jaber v. Endurance Am. Specialty Ins. Co.*,
   2020 WL 10357150 (N.D. Cal. Nov. 3, 2020) .....................................................................7

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) .................................................................................*passim*

*Levitt v. Merck & Co., Inc.*,
   914 F.3d 1169 (8th Cir. 2019) .........................................................................................12

*Lloyd v. CVB Fin. Corp.*,
   2012 WL 12883522 (C.D. Cal. Jan. 12, 2012)..................................................................15

*Longo v. OSI Sys., Inc.*,
   2020 WL 3124221 (C.D. Cal. Mar. 11, 2020)....................................................................16

*Love v. Int'l Hotel Assocs. No. 2 LLC*,
   2021 WL 4482106 (N.D. Cal. Sept. 30, 2021).....................................................................8

*Lynch v. Rawls*,
   429 F. App'x 641 (9th Cir. 2011) .......................................................................................3

*Maiman v. Talbott*,
   2010 WL 11421950 (C.D. Cal. Aug. 9, 2010) .......................................................15, 16, 19

*Masimo Corp. v. Apple Inc.*,
   2021 WL 925885 (C.D. Cal. Jan. 6, 2021)........................................................................11

*In re Mattel, Inc. Sec. Litig.*,
   2021 WL 1259405 (C.D. Cal. Jan. 26, 2021).....................................................................21

*Morris v. Smith Micro Software, Inc.*,
   2012 WL 12948541 (C.D. Cal. May 21, 2012)..................................................................16

*In re Nektar Therapeutics*,
   2020 WL 3962004 (N.D. Cal. July 13, 2020) ....................................................................14

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014) ...................................................................................3

*In re Pivotal Sec. Litig.*,
    2020 WL 4193384 (N.D. Cal. July 21, 2020) ........................................................12

*Prodanova v. H.C. Wainwright & Co., LLC*,
    2018 WL 8017791 (C.D. Cal. Dec. 11, 2018).........................................................19

*Reckstin Fam. Tr. v. C3.ai*,
    718 F. Supp. 3d 949 (N.D. Cal. 2024)....................................................................21

*Robles v. Gojo Indus., Inc.*,
    2022 WL 2163846 (C.D. Cal. Mar. 16, 2022)........................................................11

*Rubalcava v. City of San Jose*,
    2021 WL 2987164 (N.D. Cal. July 15, 2021) .......................................................7, 8

*San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*,
    2024 WL 1898512 (S.D.N.Y. May 1, 2024) ...........................................................20

*In re Silver Wheaton Corp. Sec. Litig.*,
    2019 WL 1512269 (C.D. Cal. Mar. 25, 2019).............................................10, 11, 13

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007)..................................................................................................4

*United States v. Bychak*,
    2021 WL 734371 (S.D. Cal. Feb. 25, 2021)..............................................................3

*United States v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011) ....................................................................................4

*Wasjutin v. Bank of Am., N.A.*,
    732 F. App'x 513 (9th Cir. 2018) ...........................................................................11

**OTHER AUTHORITIES**

Fed. R. Evid. 201(b)..........................................................................................................2

# GLOSSARY

| Term | Definition |
| --- | --- |
| Aravanis | Alexander M. Aravanis, M.D., Ph.D. ¶36. |
| Bishop | Hans Bishop. ¶41. |
| CEO | Chief Executive Officer. |
| Class Period | September 21, 2020 to November 9, 2023, inclusive. |
| Complaint or ¶ | Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 54. |
| deSouza | Francis A. deSouza. ¶35. |
| Ex. | Exhibits to the Ill.RJN and Gr.RJN. |
| Febbo | Phillip G. Febbo, M.D. Febbo served as CMO of Illumina from 2018 to 2023. ¶37. |
| FTC | Federal Trade Commission. |
| Gr.Br. | ECF No. 68-1. |
| Gr.RJN | ECF No. 69 |
| GRAIL | GRAIL, LLC (n/k/a GRAIL, Inc.). ¶34. |
| GRAIL Defendants | GRAIL, Bishop, Ofman, and Richard D. Klausner |
| Ill.Br. | ECF No. 62-1. |
| Ill.RJN | ECF No. 63. |
| Illumina | Illumina, Inc. ¶33. |
| Illumina Defendants | Illumina, deSouza, Aravanis, Febbo, Sam A. Samad, and John W. Thompson. |
| Ofman | Joshua J. Ofman. ¶42. |
| Opp. | Lead Plaintiffs' Omnibus Opposition to the Illumina Defendants and the GRAIL Defendants' Motions to Dismiss, filed herewith. |
| Plaintiffs | Universal-Investment-Gesellschaft mbH, UI BVK Kapitalverwaltungsgesellschaft mbH, and ACATIS Investment Kapitalverwaltungsgesellschaft mbH. ¶¶31-32. |
| SEC | Securities and Exchange Commission. |

Lead Plaintiffs submit this memorandum in opposition to the Illumina and GRAIL Defendants' Requests for Judicial Notice and Incorporation by Reference.[1]

## I.    INTRODUCTION

In *Khoja v. Orexigen Therapeutics, Inc.*, the Ninth Circuit forcefully rejected the "concerning pattern" of securities class action defendants misusing "judicial notice" and "incorporation-by-reference" to improperly present a skewed version of the "facts" at the pleading stage to counter a complaint's well-pled allegations. 899 F.3d 988, 998 (9th Cir. 2018). It made plain that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" because doing so contravenes the "prohibition against resolving factual disputes at the pleading stage." *Id*. at 1003. And it was unequivocal that "[s]uch undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 999.

Defendants ignore the Ninth Circuit's warning. Both RJNs exemplify the abuses the *Khoja* court criticized. Defendants asks the Court to judicially notice or deem incorporated-by-reference 42 exhibits—11 of which are nowhere mentioned in the Complaint—and then improperly draw factual inferences or make factual findings in their favor on fact-intensive issues. For example, in an especially brazen attempt to abuse these doctrines, Defendants ask the Court to consider Defendants' Proposed Findings of Fact and Conclusions of Law from the FTC proceeding concerning the GRAIL acquisition, *In the Matter of Illumina, Inc. and GRAIL, Inc.*, Docket No. 9401 (Ex. 25), and cherry-picked snippets of Defendants' own trial testimony (Exs. 39-40), both of which are well outside the confines of the Complaint.

Defendants' attempt to craft their own counter-narrative through such documents, and their solicitation that the Court resolve factual disputes on a pleading

---

[1] Unless otherwise noted, all internal citations and internal quotations are omitted and all emphasis is added.

motion, are precisely the types of misuses of judicial notice and incorporation-by-reference that the Ninth Circuit strongly condemned in *Khoja*:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results . . . . [T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery . . . . [T]he doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

899 F.3d at 998, 1003.

For these reasons and those discussed further below, Plaintiffs respectfully submit that the Court should reject Defendants' request for "judicial notice" of hotly disputed facts and to resolve hotly contested factual disputes in their favor under the "incorporation-by-reference" doctrine at the pleading stage.

## II.    ARGUMENT

As a general rule, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

**<u>Judicial Notice</u>**. Federal Rule of Evidence 201 provides the Court discretion to "judicially notice a fact that is not subject to reasonable dispute" if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is a "narrow exception" that "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005).

The "kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of

geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1090 (C.D. Cal. 2017). A requesting party must "identify what facts within the document it seeks to have judicially noticed." *United States v. Bychak*, 2021 WL 734371, at *4 (S.D. Cal. Feb. 25, 2021); *see also DiGiacinto v. RB Health (US) LLC*, 2023 WL 7141263, at *3 (N.D. Cal. Oct. 30, 2023) (failure to "identify precisely what fact or facts in each exhibit [they] ask[] the court to judicially notice" renders request for judicial notice "deficient").

**Incorporation-by-Reference**. Similarly, "incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself" if the complaint "refers extensively" to them or they effectively "form[] the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. But "the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* Additionally, while the rule of completeness may require consideration of a complete document, "it does not require that the entire content of the document be taken as true in ruling on a defendant's motion to dismiss." *Lynch v. Rawls*, 429 F. App'x 641, 643 n.1 (9th Cir. 2011).[2]

Critically, neither judicial notice nor incorporation-by-reference permits courts to assume the truth of extrinsic evidence or incorporated documents "if such

---

[2] Defendants misleadingly suggest that the Ninth Circuit held to the contrary in *In re NVIDIA Corporation Securities Litigation*, 768 F.3d 1046, 1057 n.10 (9th Cir. 2014), and contend that courts may consider the entirety of incorporated documents wholesale. This is wrong, as the Ninth Circuit specifically cabined this line of reasoning in *Khoja* by holding that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *See Khoja*, 899 F.3d at 1003 (citing *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006), which held that courts "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss")).

assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 998, 1003. "[A] court cannot take judicial notice of disputed facts," and even when a document is "susceptible to judicial notice," that still "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999; *see United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) ("[W]e may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed.").

Defendants' requests contradict these doctrines. The Illumina and GRAIL Defendants seek to judicially notice and/or incorporate by reference 42 exhibits. Eleven of these—Exhibits 2-3, 5-7, 21, 24, 32-33, and 41-42—are nowhere quoted, cited, or referenced in the Complaint, and all 42 are offered to support Defendants' arguments that the Complaint fails to plead falsity, scienter, and loss causation. As set forth below, this is improper because the Court cannot take judicial notice of disputed facts stated in public records or use these documents to draw Defendants' urged inferences on contested issues. *See Khoja*, 899 F.3d at 1001. Where, as here, a motion to dismiss reflects "[t]he overuse and improper application of judicial notice," *Khoja*, 899 F.3d at 998, the Court may and should simply reject the motion. *See, e.g.*, *DalPoggetto v. Wirecard*, 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) (denying motion for referencing materials outside the pleading). At minimum, the Court should decline to notice or deem incorporated several of the Exhibits and must restrict the use of the others to proper purposes.

### A.   The Court Cannot Incorporate by Reference or Judicially Notice Trial Documents to Dispute Plaintiffs' Well-Pled Allegations

Like in all cases, the Complaint's allegations must be accepted as true on a motion to dismiss, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, (2007), and neither the judicial notice doctrine or incorporation-by-reference are intended to permit defendants to "present their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 1003. However, by requesting the Court to

incorporate by reference and/or judicially notice Exhibits 25, 39, and 40, Defendants ask the Court contravene these limitations by asking the court to take as true hotly disputed facts. *Khoja*, 899 F.3d at 1002. This request should be rejected.

To start, the Court cannot judicially notice any "fact" from **Exhibit 25**, nor incorporate that document by reference. Exhibit 25 is a copy of Defendants' 559-page Proposed Findings of Fact and Conclusions of Law in the FTC proceeding, and Defendants' request that the Court consider the "proposed facts" it contains at the pleading stage is plainly improper. Nothing in Exhibit 25 can be "judicially noticed" because Defendants' Proposed Findings of Fact constitute Defendants' own self-serving interpretation of purported "facts" that are, by their nature, disputed. Indeed, the FTC submitted responses to Defendants' Proposed Findings of Fact—contesting nearly every single one, including, as noted below, the "fact" that Defendants ask the Court to consider. *See In the Matter of Illumina, Inc. and GRAIL, Inc.*, Docket No. 9401 (Document No. 604767).

Nor are Defendants' Proposed Findings of Fact "incorporated by reference" in Plaintiffs' Complaint: as Defendants concede, the Complaint does not reference this document even once, and the Complaint does not "rely" on the document in any relevant sense. Ill.RJN 8 n.4; *cf. Khoja*, 899 F.3d at 1002 (defendants cannot use incorporation-by-reference "to insert their own version of events into the complaint to defeat otherwise cognizable claims").

Under either doctrine, Defendants' request that the Court consider the testimony from Exhibit 25 for its truth is plainly improper. Here, the Complaint alleges that Defendants misled investors about Illumina's financial projections because Illumina's internal "deal model" showed that they were roughly half of what Defendants publicly represented. Although the Illumina Defendants concede that the Court cannot consider Exhibit 25 "to create a dispute of a well-pleaded fact," Ill.RJN 8, they offer their self-serving Proposed Findings of Fact in an effort to do just that. For example, Illumina cites Exhibit 25 to counter the Complaint's factual allegation

that Illumina's internal deal model valued GRAIL at about half the amount Defendants told investors by citing Defendant Febbo's testimony that he supposedly believed the "deal model . . . did not reflect the value that Illumina believed it could bring to GRAIL." Ill.Br. 17 n.7. Febbo's supposed belief that the deal model underestimated Illumina's value to GRAIL is irrelevant to whether the deal model actually showed Defendants' internal valuations of GRAIL were about half of what Defendants publicly represented—something his testimony does not dispute. But it is wholly improper to consider the "truth" of Febbo's testimony in the first place, as Defendants seek to inject it solely to "create[] a defense to the well-pled allegations." *Khoja*, 899 F.3d at 1002.[3]

The Complaint also alleges that that Defendants' statements that Illumina could "accelerate" Galleri and "save lives" were knowingly or recklessly false and misleading because, in truth, Defendants had no plan, resources, or ability to accelerate "GRAIL" and had been privately told by the FDA that Galleri's clinical trials were insufficient to show the test actually worked.  ¶¶109-120, 123-30, 140-43. In an effort to counter that allegation, Illumina cites Exhibit 25 for snippets of testimony from deSouza, Flatley, Febbo, and Aravanis to argue they ***actually believed*** their false statements about Illumina's ability to accelerate GRAIL's adoption and "save lives." Ill.Br. 21. This is patently improper under Ninth Circuit law because Defendants cannot use Exhibit 25 to "create[] a defense to the well-pled allegations." *Khoja*, 899 F.3d at 1002. The prejudice of considering this testimony (let alone accepting it as "true") on a motion to dismiss is highlighted by the fact that much of the trial testimony and evidence in the FTC proceeding, including the FTC's

---

[3] Notably, this argument is irrelevant for the additional reasons that (i) the public projections ***also*** did not reflect any value Illumina believed it could bring to GRAIL—they were for standalone GRAIL, and (ii) the FTC and Fifth Circuit ***rejected*** Febbo's testimony as support for the notion that Illumina could actually bring any "value" to GRAIL.  ¶116.

own examination of these very witnesses, remains under seal.[4]

For the same reasons, the Court cannot judicially notice or incorporate by reference **Exhibit 39** and **Exhibit 40**—which are transcripts of Defendant Bishop's August 31, 2021 testimony and Defendant Ofman's testimony in the FTC proceeding, respectively.

None of the supposed "facts" in these documents can be judicially noticed, they certainly cannot be accepted as "true," and they cannot be considered for the purposes the GRAIL Defendants urge—to dispute the allegations in the Complaint. Specifically, the GRAIL Defendants rely on Exhibit 39 to argue that the acquisition *would* accelerate patient access to Galleri, Gr.Br. 4, and that Bishop *believed* his acceleration statements. Gr.RJN 5-6; Gr.Br. 10, 15. Similarly, the GRAIL Defendants extensively quote Ofman's testimony to try to establish that Galleri could "in fact, detect fifty different cancers" in an improper effort to contest the Complaint's factual allegation that (as the FTC concluded) this very claim was "simply false." ¶146; Gr.Br. 8, 15-16. Defendants' self-serving testimony cannot establish any of these highly disputed facts, so the Exhibits cannot be judicially noticed for that purpose. *See Khoja*, 899 F.3d at 1001 (where there is a "reasonable dispute" as to whether document "establishes" a fact, that fact cannot be judicially noticed even if the document itself is "generally susceptible to judicial notice"); *see also Rubalcava v. City of San Jose*, 2021 WL 2987164, at *6 (N.D. Cal. July 15, 2021) (improper for Defendants to seek to judicially notice documents "to substitute

---

[4] Notably, even if Defendants' supposed "beliefs" about "acceleration" were credited, which they cannot be, Defendants' statements are still actionable because, as the Complaint alleges, they omitted material facts. *See* Opp. Section III.A.2. Defendants' cases are inapposite. *See Jaber v. Endurance Am. Specialty Ins. Co.*, 2020 WL 10357150, at *5 (N.D. Cal. Nov. 3, 2020) (plaintiffs did not oppose defendant's request for judicial notice of complaint filed in a separate matter that was subject of instant litigation); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (billing agreement was "integral" to complaint where allegations concerned conduct governed by the billing agreement).

their version of events for the one alleged in the complaint").

Indeed, *Khoja* specifically held that "[i]t is improper to judicially notice a transcript when the substance of the transcript is subject to varying interpretations, and there is a reasonable dispute as to what [it] establishes." *Khoja*, 899 F.3d at 1000; *see also Love v. Int'l Hotel Assocs. No. 2 LLC*, 2021 WL 4482106, at *2 (N.D. Cal. Sept. 30, 2021) (a court "may not take judicial notice of a fact mentioned in the transcript, because the substance is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes"). Here, the trial transcripts amount to an improper attempt to dispute the Complaint's well-pled allegations— particularly where much of the trial testimony and evidence in the FTC proceeding, including the FTC's own examination of witnesses, remains under seal, including of Defendant Ofman (as well as Defendants deSouza, Aravanis, Febbo, and Bishop). The FTC and the Fifth Circuit, with access to the full record, concluded that this testimony amounted to mere "unsupported and vague assertions of management personnel" and rejected it (¶116). It would be wholly improper for the Court to consider and credit this incomplete version of Defendants' testimony now.[5]

These two Exhibits also cannot be deemed incorporated by reference. As an initial matter, the GRAIL Defendants argue that these documents should be deemed incorporated by reference because the Complaint refers to the FTC proceeding generally several times. *See* Gr.Br. 4-5. But courts explicitly reject this reasoning. *See Rubalcava*, 2021 WL 2987164, at *6 (incorporation-by-reference inapplicable because plaintiff's "reference to events at trial, which are documented in the transcripts, does not constitute an incorporation by reference of the entire trial

---

[5] The GRAIL Defendant's cited authority is distinguishable. *Cf. Archuleta v. Avcorp Composite Fabrication Inc.*, 2019 WL 1751830, at *2 (C.D. Cal. Feb. 5, 2019) (defendant sought judicial notice of "orders from other courts, legislative history materials, or transcripts of administrative hearings" concerning the state labor laws at issue, and plaintiff did not oppose).

transcript").

Moreover, as set forth above, Defendants rely on the transcripts in an attempt to argue that the deal would accelerate Galleri, that Defendant Bishop believed that fact, and that Galleri could detect 50 cancers—*i.e.*, not to establish that Defendants Bishop and Ofman so testified, but that the testimony was itself ***true*** in order to contradict the Complaint. This is wholly improper and has been flatly rejected by the Ninth Circuit's "admonition" in *Khoja* that, "consistent with the prohibition against resolving factual disputes at the pleading stage," "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." 899 F.3d at 1003; *see also id.* at 1002 (a defendant may not "use the [incorporation-by-reference] doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims"). This admonition is particularly salient here, where, for example, record evidence in the same FTC proceeding demonstrates that there was "simply no clinical evidence that Galleri can provide early detection of 50+ cancers in an asymptomatic population" and Defendants' expert conceded that Galleri "has been clinically shown to detect only seven types of Stage I through Stage III cancer in an asymptomatic population"—facts that directly contradict Defendant Ofman's testimony (most of which remains under seal). ¶¶146, 396.

### B. The Court Cannot Judicially Notice Extrinsic Documents to Counter Well-Pleaded Facts

Several exhibits—including Exhibits 5-7, 21, 32-33, and 42—are nowhere quoted, cited, or referenced in the Complaint. The Illumina Defendants request judicial notice of Exhibits 5-7, 21, and 32-33 based on the purported justification that they are "offered solely to show what was publicly disclosed and when" and "they are neither offered for the truth of the matters asserted therein, nor to dispute any well-pled fact in the SAC," Ill.RJN 1, while the GRAIL Defendants seek judicial notice of Exhibit 42 without providing any justification. In reality, Defendants go

far beyond any proper purpose and misuse these exhibits in an attempt to counter the Complaint's well-pleaded facts.

To start, the Court cannot judicially notice **Exhibits 5**, **6**, **7**, and **21**, each of which is a press release published by GRAIL announcing the results of clinical trials concerning the Galleri test that is not quoted or cited in the Complaint for the purposes for which the Illumina Defendants seek to use them. The Illumina Defendants do not seek to judicially notice these Exhibits merely to "show what was publicly disclosed and when," as they claim, Ill.RJN 10, but to factually support their argument that GRAIL "Publishe[d] Promising Trial Results" and to advance their counter-factual narrative that the Galleri test "really worked" and Defendants rightfully believed in the test and did not act with fraudulent intent. Ill.Br. 4-5, 38. This is improper, as Illumina cannot use the judicial notice doctrine "to have this Court rely on these documents to adopt defendants' version of facts"—their own self-serving interpretations of the clinical trial results concerning the CCGA study— "at the pleading stage." *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019).

The Court cannot judicially notice **Exhibit 32** and **Exhibit 33** for similar reasons. Exhibits 32 and 33 are, respectively, an article published by MLex and a European Commission press release, neither of which are quoted or referenced in the Complaint. While Defendants say these exhibits may be judicially noticed to "indicate what was in the public realm at the time" (Ill.RJN 10), in reality, the Illumina Defendants cite to these exhibits for the improper purpose of arguing the "truth" of the matters asserted therein—namely, to advance their counterfactual narrative that "Illumina was fully vindicated in arguing the EC lacked jurisdiction." *See* Ill.Br. 8.  They further improperly rely on Exhibit 33 to support their argument that the purchase of unprecedented D&O insurance does not give rise to an inference of scienter by arguing that Exhibit 33 shows that the European Commission lacked jurisdiction over the GRAIL acquisition, "rendering its standstill and fine invalid."

Ill.Br. 34.

But Exhibits 32 and 33 are irrelevant, do nothing to belie the falsity of Defendants' statements, and, at best, raise factual disputes that render the exhibits unfit for judicial notice. That is because the jurisdictional ruling says nothing about the subjects of Defendants' false statements—including Galleri's efficacy, timeline for FDA approval, Illumina's ability to "accelerate," or Defendants' conflicts—and, in any event, the Court must look to the facts as they existed at the time Defendants made their statements. *See* Opp. at 53 n.15; *see also Silver Wheaton,* 2019 WL 1512269, at \*8. The Court should not adopt Defendants' disputed version of the truth based on the contents of documents that are well outside the four corners of the Complaint. *See, e.g.*, *Wasjutin v. Bank of Am., N.A.*, 732 F. App'x 513, 516 n.2 (9th Cir. 2018) ("district court could only have taken judicial notice of the existence and authenticity of the recorded document—not the truth of its contents").

For similar reasons, the Court cannot judicially notice any of the purported "facts" in **Exhibit 42**, which is an *Annals of Oncology* article that was nowhere referenced or cited in the Complaint. The GRAIL Defendants improperly cherry-pick quotes from Exhibit 42 to support their factual argument that Defendant Ofman's statement—that Galleri could detect over fifty different types of cancer—was "a true statement." Gr.Br. 8, 16. But the Court cannot take judicial notice of Exhibit 42 for the truth of its contents to dispute the Complaint's allegation that Ofman's statement was "simply false" (as the FTC concluded based on evidence in discovery and at trial). ¶146; *Robles v. Gojo Indus., Inc.*, 2022 WL 2163846, at \*3 (C.D. Cal. Mar. 16, 2022) (declining to take judicial notice of "scientific journal articles that were not cited in the [complaint]"), *aff'd*, 2023 WL 4946601 (9th Cir. Aug. 3, 2023); *Masimo Corp. v. Apple Inc.*, 2021 WL 925885, at \*2 (C.D. Cal. Jan. 6, 2021) (taking judicial notice of "the abstract of an article published in a scientific journal" but declining to "take judicial notice of any disputed facts within those

documents").[6]

**C.    The Court Can Only Judicially Notice SEC Filings and Press Releases for the Fact of Their Filing—Not For Their "Truth"**

Defendants seek to judicially notice and/or have deemed incorporated by reference numerous SEC filings and press releases. *See* Exs. 1-4, 12, 24, 31, 34, 35, and 41. While courts may take judicial notice of the existence of such documents to determine what representations Defendants made to investors, they may not take judicial notice of the documents for the truth of the disputed facts asserted therein. *In re Pivotal Sec. Litig.,* 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020). As the Ninth Circuit has held, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. To the extent Defendants rely on these documents cited in the Complaint to rebut Plaintiffs' position on contested issues, including Plaintiffs' falsity and scienter allegations related to the accounting misstatements and Defendants' insider trading, the "facts" in those documents cannot be judicially noticed or incorporated by reference.

The Court cannot judicially notice **Exhibits 1-4**—which consists of pre-Class Period Illumina SEC filings and a press release—in the manner Defendants request. The Illumina Defendants rely on Exhibits 1-4 to support their argument that Illumina's application of the "cost method" of accounting to its investment in GRAIL, rather than the "equity" method, is an inactionable opinion. *See* Ill.RJN 6; Ill.Br. 12-13. Specifically, the Illumina Defendants improperly cite Exhibits 1-4 to make the contention that "Plaintiffs [do not] adequately plead that Illumina failed to

---

[6] The GRAIL Defendants' cases do nothing to change this conclusion. *Cf. Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.*, 2014 WL 842951, at *2 (S.D. Cal. Mar. 4, 2014) ("The truth of the content and the inferences properly drawn from them are not a proper subject of judicial notice under Rule 201."); *Levitt v. Merck & Co., Inc.*, 914 F.3d 1169, 1175 (8th Cir. 2019) (quoting language from dissent).

disclose material facts going to the basis for its" decision to use the cost method rather than the equity method because Illumina disclosed "[v]irtually every factor Plaintiffs cite in their analysis" of whether Illumina exerted "significant influence" on GRAIL.  Ill.Br. 13.

In doing so, the Illumina Defendants ask the Court to (1) notice documents, only two of which are cited in the Complaint (Exs. 1 and 4); (2) accept the substance of those documents as true; and (3) draw inferences in their favor concerning a contested fact issue—namely, whether the disclosure of a subset of a group of facts that collectively establish "significant influence" was sufficient to cure Defendants' false and misleading statements and accounting treatment. This is improper—the Court cannot accept the "facts" in Defendants' SEC filings as true nor use those "facts" to rebut the Complaint's allegations. *Silver Wheaton*, 2019 WL 1512269, at *8 ("improper" to take judicial notice of exhibits when "defendants are relying on [them] to present their own version of the facts to defeat plaintiffs' claims at the pleading stage").

That is particularly true in the context of accounting allegations like those here, as courts have repeatedly recognized that determining whether a particular account practice complied with the accounting rules is an inherently fact-intensive exercise that is inappropriate to resolve on a motion to dismiss.  *See, e.g.*, *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. Dec. 5, 2022) ("Whether accounting practices are consistent with GAAP is a question of fact and the court may not make such a factual determination at the pleadings stage.").  And while the Court may take judicial notice of SEC filings for the limited purpose of ascertaining what Defendants disclosed, the Complaint actually alleges that numerous material facts concerning Defendants' accounting were ***not*** disclosed—including Jay Flatley's role as a GRAIL board observer, internal Board documents demonstrating GRAIL's dependence on Illumina, and accounts from former employees attesting to GRAIL's technological dependence. *See* ¶313. While the Court can consider what

was disclosed in the Exhibits, it cannot credit them "to dispute the facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. As the Ninth Circuit has warned, Defendants cannot cite to judicially noticeable SEC filings to "create[] a defense" to the Complaint's allegations and resolve hotly contested facts in their favor to "short-circuit the resolution of a well-pleaded claim." *Id.* at 998, 1003.

Of these four exhibits, Defendants only contend that Exhibit 4, a pre-Class Period Form 10-K, should be deemed incorporated by reference. Ill.RJN 5. But as the Ninth Circuit has explained, "the mere mention of the existence of a document is insufficient" to support incorporation by reference. *Khoja*, 899 F.3d at 1002. Here, this particular Form 10-K is only mentioned in passing in one paragraph of the Complaint; it is not mentioned at all in the other paragraphs Defendants cite. *See* Ill.RJN 6 (citing ¶¶319, 452(i)); ¶319 (alleging that "Illumina's 10-Q and 10-K filings for 2017, 2018, and 2019 make no meaningful disclosures about Illumina's investment in GRAIL whatsoever"); ¶452(i) (alleging that Defendants concealed evidence of conflicts by using the cost method instead of the equity method, and not mentioning any specific filings). This is insufficient to have Exhibit 4 incorporated by reference. *See, e.g., Khoja*, 899 F.3d at 100 (for "'extensively' [referenced] to mean anything…it should, ordinarily at least, mean more than once").

Moreover, the Court cannot consider the document "to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *In re Nektar Therapeutics*, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020). Here, as noted above, the Illumina Defendants rely on Exhibit 4 to contend that their disclosures around their use of the cost method to account for GRAIL were sufficient to prevent investors from being misled, Ill.Br. 13, which is a hotly disputed factual question that cannot be resolved as a matter of law at the motion to dismiss stage. That is true here because Defendants here "dispute whether GAAP was violated as a factual matter," and Illumina does "not argue that the court should consider [the exhibit] for a more limited purpose." *Baron*, 2022 WL 17413562, at *5 ("Whether accounting

practices are consistent with GAAP is a question of fact and the court may not make such a factual determination at the pleadings stage."); *see Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *14 (C.D. Cal. Jan. 12, 2012) (same); *see also Ciuffitelli for Tr. of Ciuffitelli Rev. Tr. v. Deloitte & Touche LLP*, 2017 WL 2927481, at *15-16 (D. Or. Apr. 10, 2017) (taking judicial notice of the "existence" "but only as to the existence" of SEC filings and refusing to determine whether accounting standards were followed because that is "an issue of fact inappropriate for resolution on a motion to dismiss").

The Court also cannot judicially notice **Exhibit 12** for anything other than its existence, and cannot deem Exhibit 12 incorporated by reference to dispute well-pled allegations. Exhibit 12 is Illumina's Form S-4, which contains false and misleading statements, including that the consideration for the GRAIL acquisition "was determined through arm's-length negotiations between GRAIL and Illumina," as well as two sets of GRAIL financial forecasts for fiscal years 2021 through 2030 that were presented by Illumina to investors while withholding the more pessimistic valuations and projections. ¶¶338-46, 417. The Illumina Defendants contend that they submit this exhibit "to provide additional context" surrounding the false statements (Ill.RJN 6), but this grossly mischaracterizes their improper use. To be clear, the Court can consider whether the S-4 contains "meaningful cautionary language" that is sufficient for purposes of the PSLRA safe harbor. As explained in Plaintiffs' Opposition, it does not. Opp. at 19-20.

But Illumina also cites Exhibit 12 to support its argument that its statements about GRAIL's valuation and financial projections were not false—specifically, for the purported "facts" that the disclosed projections "were prepared by GRAIL, not Illumina" and "created four months before [Illumina] even had access to GRAIL's internal documents." *See* Ill.Br. 14-16. The Court cannot accept the "truth" of any these purported facts—including because the accuracy of the Form S-4 is itself disputed in this case. *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug.

9, 2010) (SEC filings should not be accepted as "true," particularly "in a securities fraud action—since the truth of the contents of the SEC reports is typically central to the dispute").

The Court should also reject Defendants' attempt to counter the Complaint's allegations concerning Defendants' scienter through judicial notice and incorporation-by-reference. Specifically, the Court cannot judicially notice or incorporate by reference **Exhibit 34**—a compilation of Defendant Aravanis's Forms 4 showing purported stock sales data—for anything other than the underlying Forms 4s' existence. Plaintiffs do not cite the Forms 4 in the Complaint; they merely allege that Aravanis sold out of every single Illumina share he received in the GRAIL acquisition in October and November, soon after the acquisition closed. ¶¶173, 294.

First, as to judicial notice, numerous courts in this Circuit have refused to judicially notice Forms 4 for the truth of their contents. *See Morris v. Smith Micro Software, Inc.*, 2012 WL 12948541, at *3 (C.D. Cal. May 21, 2012) (declining "to judicially notice the truth of the contents of SEC filings, including the dates and volume of stock purchases listed in SEC Form 4s . . . . [as] judicial notice should not be taken of the truth of their contents") (emphasis omitted); *Maiman*, 2010 WL 11421950, at *7 (declining to "take judicial notice of defendants' stock purchases reflected in Forms 4" because judicial notice of SEC filings "should not be taken for the truth of their contents") (emphasis omitted).[7]

Nor can the compilation of Forms 4 "be incorporated by reference" as Defendants here seek to use them "to support a defense to the well-pled allegations in the complaint." *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (C.D. Cal. Mar. 11, 2020) (declining to deem Forms 4 incorporated by reference, even though

---

[7] Defendants' cited authority merely stands for the same proposition that Forms 4 are judicially noticeable "to prove that stock sales were made pursuant to a Rule 10b5–1 trading plan." *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045 (N.D. Cal. 2012).

defendants argued that "[p]laintiffs clearly gleaned information regarding Defendants' stock transactions from OSI's publicly filed Forms 4").

These restrictions are particularly important here, where the Illumina Defendants improperly rely on this exhibit to argue that Defendant Aravanis's stock sales were not suspicious and do not support scienter—by seeking to introduce a fact not alleged in the Complaint—that they were made pursuant to purported 10b5-1 plan(s). Ill.RJN 8; Ill.Br. 32. Defendants' use of the exhibit for this purpose is improper. *See Khoja*, 899 F.3d at 999 (warning against defendants being "permitted to present their own version of the facts at the pleading stage" and "district courts accept[ing] those facts as uncontroverted and true"). This makes good sense because, as detailed in the Opposition, the mere fact Aravanis's trades were made pursuant to a 10b5-1 plan does nothing to support the innocent inference Defendants would have the Court draw from this exhibit. That is particularly true here because, as the Complaint alleges, Aravanis knew the undisclosed adverse information when he entered any such plan and made false statements to investors. *E.g.* ¶¶17, 117. And Defendants do not provide any details or terms concerning the plan that are necessary to assess their arguments. *See* Opp. at 51-52; *see also In re ArthroCare Corp. Sec. Litig.*, 726 F. Supp. 2d 696, 722 (W.D. Tex. 2010) ("[W]hether or not the stocks in this case were sold pursuant to a 10b5-1 trading plan is irrelevant at this stage in the proceedings, as the existence of such a plan is an affirmative defense, which requires evidence of the plan itself and of details such as the date the plan was entered into and whether it wholly removed trades from the defendant's discretion").

Defendants also cannot dispute the Complaint's allegations concerning their extraordinary insurance through judicial notice or incorporation by reference of **Exhibit 35**. That document is Illumina's Form 10-Q filed on November 5, 2021, which attached the "Form of Insurance Matters Agreement" that publicly disclosed for the first time Illumina's purchase of D&O insurance. ¶¶275-80. According to the Illumina Defendants, Exhibit 35 is used "to show the full content of the disclosures

made therein." Ill.RJN 9. Not so.

As the Complaint sets forth, after the Class Period in this case, documents produced in other litigation revealed that—immediately before closing the GRAIL acquisition—Illumina took out an extraordinary insurance policy that eliminated Illumina's entity coverage, doubled the coverage for Illumina's officers and directors, and entailed a $100 million annual premium—which was 25 times the cost of the previous year. ¶¶280-81. In addition, a highly secret letter agreement entered into by Illumina and GRAIL in August 2021—which was **never** publicly disclosed by Defendants and only came to light after it was produced in other litigation— provided that Illumina would indemnify both companies' executives for their actions in proceeding with the deal in the face of regulatory disapproval. ¶170. Tellingly, Defendants nowhere dispute the existence of this secret letter agreement, nor Plaintiffs' characterization of it.

**None** of these facts were disclosed by the Form of Insurance Matters Agreement. Yet the Illumina Defendants seek to judicially notice Exhibit 35 to argue that the facts hidden from investors were disclosed "almost two years" before Defendants' false and misleading statements. *See* Ill.Br. 28-29. As Plaintiffs' Opposition sets forth, however, the disclosure of the Form of Insurance Matters Agreement does nothing of the sort, particularly in light of Defendants' false and misleading statements that its D&O insurance was "standard," "appropriate," and "not uncommon"—as the Form of Insurance Matters Agreement fails to disclose the highly material facts described above. *See* Opp. at Section III.A.4; ¶¶398-99, 408-09.

The Court should reject the Illumina Defendants' improper attempt to resolve a factual dispute by "present[ing] their own version of the facts at the pleading stage" using Exhibit 35. *Khoja*, 899 F.3d at 999; *Crowder v. LinkedIn Corp.,* 2024 WL 1221956, at *7 (N.D. Cal. Mar. 21, 2024) ("[E]ven assuming the Court finds these documents to be incorporated by reference or judicially noticeable, it agrees . . . that

it cannot rely on them to contradict the allegations in the [complaint].") (citing *Khoja*, 899 F.3d at 1002).

Likewise, the Court cannot judicially notice **Exhibits 31** and **41** for anything other than their existence.  Exhibits 31 and 41 are two Illumina Forms 8-K (the latter of which is neither cited nor mentioned in the Complaint) that the Illumina Defendants improperly rely on to rebut Plaintiffs' well-pled scienter allegations concerning the mass executive departures at Illumina. Specifically, the Illumina Defendants cite to Exhibit 31 for the purported fact that Goswami "stayed on another two-and-a-half months as an advisor" in an attempt to rebut the Complaint's allegations about executive departures and their connection to scienter. Ill.Br. 36 n.17.  For their part, the GRAIL Defendants cite Exhibit 41 for the "truth" that Bishop purportedly "stepped down from his role as GRAIL's CEO in October 2021, served as an Advisor through the end of 2021, and had no role with the company thereafter" in a bid to "undermin[e]" the allegation that he had influence over statements made after that time. *See* Gr.Br. 12 n.2.

Defendants' attempted use of these exhibits is improper because, again, the Court cannot take judicial notice of facts in SEC filings for their truth or use those records to draw inferences adverse to Plaintiffs on contested issues. *Maiman*, 2010 WL 11421950, at *7. The GRAIL Defendants' own cited cases make this same point. *In re Edward D. Jones & Co., L.P. Sec. Litig.*, 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019) (refusing to judicially notice SEC filings for "the truth of the contents asserted in the filings"); *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *2 (C.D. Cal. Dec. 11, 2018) (judicial notice not appropriate as to "the truth of . . . statements"). This is especially true here because the GRAIL Defendants mischaracterize Exhibit 41, as the Form 8-K states nowhere that Bishop "had no role with the company" after his departure. *Cf.* Ex. 41. In any event, whether or not two executives continued to serve in transitional roles after announcing their departures does nothing to rebut the Complaint's well-pled allegations, including the

suspicious departures of ***all eight executives*** named by Illumina at the time Defendant deSouza was announced as Illumina's new CEO and allegations of undisclosed conflicts of interest between GRAIL and Illumina. *See, e.g.*, ¶¶155-165, 301-305; *see also San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 2024 WL 1898512, at *11 (S.D.N.Y. May 1, 2024) ("there were too many departures to say that they were coincidental with a straight face").

**D.   The Court Cannot Consider Analyst Reports to Rebut Plaintiffs' Loss Causation Allegations**

The Court cannot judicially notice or incorporate by reference **Exhibits 26** and **27**, two analyst reports, other than to show "what may or may not have been disclosed to the public." *Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020). Exhibits 26 and 27 are analyst reports addressing Illumina's announcements of GRAIL's revenue miss and new information casting doubt on the timeline for Galleri's commercial adoption and clinical validity cited in just one paragraph of the Complaint. The Illumina Defendants rely on these exhibits to argue that the Complaint fails to plead loss causation because Plaintiffs supposedly "mischaracterize" these announcements. Ill.Br. 40 n.19.

To start, Exhibits 26 and 27 are not incorporated by reference. In the Illumina Defendants' own case, the court refused to incorporate by reference certain analyst reports because they were not "quoted extensively in the complaint" nor "form[ed] the basis of [plaintiff's] claims," and were "referenced in passing only twice . . . to convey plaintiff's interpretation of analyst sentiments." *Zogenix*, 2020 WL 3820424, at *5. Here, these two analyst reports are cited in just one paragraph of the Complaint for precisely such a purpose—a point Defendants do not and cannot dispute. *See* ¶208.

Further, the Court cannot take judicial notice of the two exhibits or deem them incorporated by reference as Defendants' use of the documents to contest well-pled loss causation allegations is improper. Defendants go beyond the proper purpose of

the two doctrines by seeking "to present their own version of the facts at the pleading stage," *Khoja,* 899 F.3d at 999, in an attempt to argue that Plaintiffs "mischaracterize[d]"—not misstated—what the analyst reports said. *In re Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at *6 (C.D. Cal. Jan. 26, 2021) (refusing to take judicial notice of analyst reports for "the truth of the matters asserted").[8]

Notably, Defendants' argument obscures what the Complaint actually states: the Complaint alleges that, on May 5, 2022, Illumina reported first-quarter 2022 **GRAIL revenues** that missed consensus, resulting in a stock price decline—a point the Illumina Defendants cannot dispute. ¶¶207-09. In a bid to manufacture a mischaracterization, the Illumina Defendants try to use the reports to point to a different fact entirely—what they said about **Illumina's overall revenues**. *See* Ill.Br. 40 n.19. The Court should reject the Illumina Defendants' attempts to misuse Exhibits 26 and 27 for this improper purpose.

### E. The Court Cannot Use the Remaining Exhibits for Defendants' Improper Purposes

The Court cannot judicially notice or deem incorporated by reference the remaining exhibits for the purposes Defendants try to use them for—to "present their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 999.

**Exhibit 8** is GRAIL's Form S-1, which is mentioned in just one paragraph of the Complaint and is therefore not incorporated by reference. *Khoja*, 899 F.3d at 1002 ("the mere mention of the existence of a document is insufficient" to support incorporation by reference). Moreover, it cannot be judicially noticed for the Illumina Defendants' purposes. They cite to Exhibit 8 to establish the truth of various

---

[8] The Illumina Defendants' remaining case supports this limitation on the two doctrines. *See Reckstin Fam. Tr. v. C3.ai*, 718 F. Supp. 3d 949, 967 & n.8 (N.D. Cal. 2024) (taking judicial notice of analyst reports because plaintiffs failed to "detail" the "differing interpretations" they were subject to, but "not for their truth," and explaining that the court could have also deemed them incorporated by reference "with the same limitations").

propositions—that GRAIL's trial results were "Promising" and that various facts reported in the S-1 actually occurred. Ill.Br. 4 (citing Ex. 8 to establish that, "In 2018, Galleri received Breakthrough Device Designation, a designation awarded by the FDA to devices with the potential to provide more effective diagnosis of life-threatening diseases" and that, "[b]y September 2020, GRAIL had collectively enrolled about 115,000 participants in its clinical trial studies"). As set forth above, such misuse is improper. *See supra* at Section II.B.

Next, the Court cannot judicially notice or deem incorporated by reference **Exhibits 9-11, 13-20, 22, 24, 28-30,** and **36-38** for anything other than their existence and the fact that they say whatever they say. These exhibits are SEC filings, investor conference call transcripts, and press releases that contain false and misleading statements. Defendants cite all of these exhibits for the proposition that certain of their statements were identified as forward-looking and accompanied by meaningful cautionary language or to assert that Defendants stated certain things at certain times. While Plaintiffs do not dispute that they may be considered to evaluate these issues, as set forth in Plaintiffs' Opposition, the exhibits demonstrate that Defendants' cautionary language was insufficient, the statements contained non-forward-looking portions, and Defendants had actual knowledge their statements were false and misleading. *See, e.g.*, Opp. at 19-20, 27-29, 34-35.

As to Exhibits 10, 14, and 19, the Illumina Defendants also improperly cite these exhibits to establish the truth of what they assert or for other improper purposes. They cite Exhibit 10 to substantiate what their "rationale for the merger" was (Ill.Br. 5); to Exhibit 14 to add irrelevant language to an alleged false statement (*id*. at 26); and to Exhibit 19 to assert that Illumina "never had the opportunity to prove it could accelerate adoption." *Id.* at 19 n.8. These uses are all improper given *Khoja*'s guidance on both judicial notice and incorporation by reference.

The Court also cannot judicially notice or incorporate by reference **Exhibit 23,** a scientific article published in the journal *Diagnostics*, given Defendants'

improper purpose. *See* Ill.RJN 7, 10. The Illumina Defendants misuse Exhibit 23 by cherry-picking quotes from it to argue (wrongly) that the Complaint presents "a misleading view of the public debate about Galleri" and the article "*supports* Defendants' beliefs" about the "*detection capability*" of the Galleri test. Ill.Br. 40 n.18 (emphasis in original). Such purported facts are subject to dispute and thus cannot be considered by the Court at this stage. *Abadilla v. Precigen, Inc.*, 2022 WL 1750033, at *4 (N.D. Cal. May 31, 2022) (denying request for judicial notice where "Court does not see how the facts contained" in three scientific articles were "not subject to reasonable dispute"); *Dfinity USA Rsch. LLC v. Bravick,* 2023 WL 2717252, at *3 (N.D. Cal. Mar. 29 2023) (declining to incorporate documents by reference because it "would merely create a defense to the [c]omplaint's allegations by disputing the factual allegations").

Rather, as the Complaint alleges, this article first disclosed serious concerns by leading clinicians about Galleri's effectiveness, including that Galleri's ability to detect early-stage cancers was "poor," leading to a debate between GRAIL's scientists and clinicians. ¶131. Defendants' dispute over the severity and import of those concerns is a factual one that cannot be contested through judicial notice, and must await discovery. Opp. at Section II.A.3; ¶¶136-47, 202.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Requests for Judicial Notice. If the Court is inclined to grant them, Plaintiffs respectfully request that the Court not take judicial notice of or treat as incorporated-by-reference the disputed facts and inferences that Defendants ask the Court to draw from their Exhibits.

Dated: December 20, 2024

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ John Rizio-Hamilton*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

-and-

John Rizio-Hamilton
(johnr@blbglaw.com)
Michael D. Blatchley
(michaelb@blbglaw.com)
Alec Coquin
(alec.coquin@blbglaw.com)
Michael Mathai
(michael.mathai@blbglaw.com
Emily A. Tu
(emily.tu@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Lead Plaintiffs Universal and ACATIS, and Lead Counsel for the Class*