COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
RYAN E. BLAIR (246724)
(rblair@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420

BRIAN M. FRENCH (*pro hac vice*)
(bfrench@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone:  +1 212 479 6000
Facsimile:  +1 212 479 6275

Attorneys for Defendants Illumina, Inc.,
Francis A. deSouza, Alexander M. Aravanis,
Phillip G. Febbo, Sam A. Samad, and John W.
Thompson

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION | Case No. 3:23-cv-02082-LL-DTF |
| | CLASS ACTION |
| | **REPLY IN SUPPORT OF ILLUMINA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | Courtroom: 5D |
| | Judge: Hon. Linda Lopez |
| | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................... 1

II.   ARGUMENT ........................................................................................................... 2

    A.   Exhibits 1-3 (Illumina press release and two SEC filings) are subject to judicial notice. ........................................................................... 3

    B.   Exhibit 4 (Illumina SEC filing) is incorporated by reference and subject to judicial notice. ...................................................................... 4

    C.   Exhibits 5-7, 21 (GRAIL press releases) are subject to judicial notice. .............................................................................................................. 4

    D.   Exhibit 8 (GRAIL SEC filing) is subject to judicial notice. ................. 5

    E.   Exhibits 9-11, 13-20, 22, 24, 28-30 (Illumina press releases, investor conference call transcripts, and SEC filings) are incorporated by reference and subject to judicial notice. ..................... 5

    F.   Exhibit 12 (Illumina/GRAIL SEC filing) is incorporated by reference and subject to judicial notice.................................................... 6

    G.   Exhibit 23 (*Diagnostics* article) is incorporated by reference and subject to judicial notice. ........................................................................ 7

    H.   Exhibit 25 (Proposed Findings of Fact in FTC Proceeding) is incorporated by reference. ...................................................................... 7

    I.   Exhibits 26-27 (analyst reports) are incorporated by reference and subject to judicial notice................................................................... 8

    J.   Exhibit 31 (Illumina SEC filing) is subject to judicial notice. ............. 8

    K.   Exhibits 32-33 (news articles) are subject to judicial notice. .............. 9

    L.   Exhibit 34 (Illumina SEC filings) is incorporated by reference and subject to judicial notice................................................................... 9

    M.   Exhibit 35 (Illumina SEC filing) is incorporated by reference and subject to judicial notice.............................................................. 10

III.  CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc. Securities Litigation*,
2020 WL 2857397 (N.D. Cal. June 2, 2020) .........................................................................2

*In re Aqua Metals, Inc. Securities Litigation*,
2019 WL 3817849 (N.D. Cal. Aug. 14, 2019)....................................................................3, 5

*Chicago & Vicinity Laborers' District Council Pension Fund v.
Amplitude, Inc.*,
2025 WL 82206 (N.D. Cal. Jan. 13, 2025) ............................................................................5

*City of Royal Oak Retirement System v. Juniper Networks, Inc.*
880 F.Supp.2d 1045 (N.D. Cal. 2012)....................................................................................9

*County of Santa Clara v. Trump*,
267 F.Supp.3d 1201 (N.D. Cal. 2017).....................................................................................9

*ESG Capital Partners, LP v. Stratos*,
2013 WL 12131355 (C.D. Cal. June 26, 2013).......................................................................4

*Evanston Police Pension Fund v. McKesson Corporation*,
411 F.Supp.3d 580 (N.D. Cal. 2019)......................................................................................8

*In re Eventbrite, Inc. Securities Litigation*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ........................................................................2

*Garcia v. California Supreme Court*,
2014 WL 309000 (N.D. Cal. Jan. 21, 2014) ..........................................................................5

*Hong v. Extreme Networks, Inc.*,
2017 WL 1508991 (N.D. Cal. Apr. 27, 2017) ........................................................................5

*Ikeda v. Baidu, Inc.*,
2021 WL 1299046 (N.D. Cal. Apr. 7, 2021) ..........................................................................4

*Khoja v. Orexigen Therapeutics, Inc.*,
498 F.Supp.3d 1296 (S.D. Cal. 2020) ....................................................................................8

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ............................................................................*passim*

*Ng v. Berkeley Lights, Inc.*,
    2024 WL 695699 (N.D. Cal. Feb. 20, 2024) .................................................... 2, 3

*In re Pivotal Securities Litigation*,
    2020 WL 4193384 (N.D. Cal. Jul. 21, 2020) ......................................................9

*Tikhonova v. United States Department of State*,
    2023 WL 5110925 (N.D. Cal. Aug. 9, 2023) .......................................................9

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ...............................................................................9

*In re Violin Memory Securities Litigation*,
    2014 WL 5525946 (N.D. Cal. Oct. 31, 2014) ................................................. 4, 6

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
    592 F.3d 954 (9th Cir. 2010) ................................................................................8

*Weston v. DocuSign, Inc.*,
    669 F.Supp.3d 849 (N.D. Cal. 2023) ....................................................................2

**Other Authorities**

Fed. R. Evid. 201(b) .......................................................................................................3

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Illumina Defendants submit this reply in further support of their Request for Judicial Notice, ECF 63 ("RJN"), and in response to Plaintiffs' Omnibus Response to Defendants' Requests for Judicial Notice, ECF 71 ("RJN Opposition").[1]

## I.     INTRODUCTION

Plaintiffs' sprawling, 185-page SAC relies on over 150 documents, including:

- Illumina's and GRAIL's public filings with the SEC;

- Research reports prepared by securities and financial analysts concerning Illumina and GRAIL;

- Transcripts of Illumina's investor conference calls;

- Illumina's and GRAIL's investor presentations;

- Press releases and media reports; and

- Pleadings, evidence, and transcripts from *six* other cases, including the FTC proceedings.

SAC at 1.

Plaintiffs did not attach these materials or specify which allegations rely on which source—leaving Defendants (and the Court) to sort it out. But now that Defendants have done that work and cited a fraction of these materials, Plaintiffs complain it is somehow improper for the Court to consider the very documents on which the SAC relies. It is not.

Even Plaintiffs' own authority confirms that judicial notice and incorporation by reference "have roles to play at the pleading stage." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018). The "incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs" by preventing them "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002-03. This safeguard is especially crucial in securities fraud cases, where "an alleged

---

[1]Unless otherwise noted, all defined terms have the same meaning as Illumina Defendants' Request for Judicial Notice, ECF 63, all emphasis is added, and internal quotation marks and alterations are omitted.

misstatement must be read 'in light of its surrounding text, including hedges, disclaimers, and apparently conflicting information.'" *In re Eventbrite Sec. Litig.*, 2020 WL 2042078, at *11 (N.D. Cal. Apr. 28, 2020) (quoting *Omnicare v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015)). And contrary to Plaintiffs' contentions, "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Id.* at *7 (emphasis in original). "*Khoja* holds that an incorporated or noticed document's truth may not be assumed if the only purpose is to dispute or create a defense to a *well-pled* fact in a complaint." *Id.* (emphasis in original).

As a result, courts routinely consider dozens of documents—even 40 or more—under the judicial notice and incorporation by reference doctrines, including in cases decided since *Khoja*. *E.g.*, *In re Apple Sec. Litig.*, 2020 WL 2857397, at *5, *8 n.4 (N.D. Cal. June 2, 2020) (taking notice of 64 exhibits where plaintiffs filed a "nearly 200 page[]" complaint); *Weston v. DocuSign*, 669 F.Supp.3d 849, 870-72 (N.D. Cal. 2023) (taking notice of 41 exhibits); *Ng v. Berkeley Lights*, 2024 WL 695699, at *3-5 (N.D. Cal. Feb. 20, 2024) (taking notice of 28 exhibits). The longer the complaint, the more exhibits tend to be appropriate to consider on a motion to dismiss.

Here, Illumina Defendants seek consideration of 35 exhibits: 23 are incorporated by reference, and all 35 are subject to judicial notice.

## II. ARGUMENT

Incorporation by reference and judicial notice are two distinct doctrines. Incorporation by reference "treats certain documents as though they are part of the complaint itself…if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer

to any of its contents." *Ng*, 2024 WL 695699, at *3. Judicial notice, on the other hand, extends to documents not cited in the complaint, such as "matters of public record," *id.*, so long as they are "not subject to reasonable dispute," Fed. R. Evid. 201(b).

Defendants properly use each exhibit under the incorporation by reference or judicial notice doctrines, or both.[2]

### A. Exhibits 1-3 (Illumina press release and two SEC filings) are subject to judicial notice.

Plaintiffs do not dispute that Exhibits 1-3 are subject to judicial notice. Instead, they argue Defendants improperly use these exhibits "to support their argument that Illumina's application of the cost method of accounting to its investment in GRAIL, rather than the equity method, is an inactionable opinion." RJN Opp'n 12. But there is no prohibition against using documents to "support [an] argument"; that is always the purpose. And contrary to Plaintiffs' contentions, *id.* 13, Defendants do not ask the Court to accept the truth of any disclosure in these exhibits; they merely ask it to accept that such information *was* disclosed. Plaintiffs do not dispute *that* use is proper. *Id.* 13-14 ("[T]he Court can consider what was disclosed in the Exhibits"); *see In re Aqua Metals Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (judicially noticing press releases to "determin[e] what was disclosed to the market").

Plaintiffs also improperly use their RJN Opposition as a vehicle for merits arguments that are not in their MTD Opposition. For example, Plaintiffs argue that "numerous material facts concerning Defendants' accounting were ***not*** disclosed." RJN Opp'n 13. That is wholly irrelevant to the question of judicial notice. All such argument should be disregarded as "[t]he inclusion of such argument in a brief purporting to address only whether the Court should take judicial notice of certain

---

[2] Exhibit 43 is also proper for this Court, as Plaintiffs both "refer[] extensively" to the *Icahn* Complaint, ¶¶23, 232-37, 288, 421, 452, and it "forms the basis" of Plaintiffs' allegations regarding Defendants' alleged "personal stake" in the merger, ¶¶185, 189, 284, 287, 292, 322, 414, 452. *Khoja*, 899 F.3d at 1002. Therefore, it is incorporated by reference. *Id.*

documents is improper." *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *17 n.8 (N.D. Cal. Oct. 31, 2014).

This is acutely important here because Plaintiffs' MTD Opposition narrows their theory of falsity in a manner that renders consideration of Exhibits 1-3 moot. *See* MTD Opp'n 40 (arguing the only alleged omission was that Illumina purportedly chose the cost method "to conceal the conflicted nature of the acquisition"). Thus, although Defendants use of Exhibits 1-3 is proper, the Court need not make that determination as Plaintiffs have waived any argument that Defendants' statements were misleading for failing to disclose the underlying facts supporting application of the cost method. *ESG Cap. Partners v. Stratos*, 2013 WL 12131355, at *4 (C.D. Cal. June 26, 2013) (argument waived where plaintiff "neither respond[ed] to Defendants' omission argument nor otherwise expressly argue[d] an omission in its Opposition"); *Ikeda v. Baidu,* 2021 WL 1299046, at *7 (N.D. Cal. Apr. 7, 2021) (same).

**B.     Exhibit 4 (Illumina SEC filing) is incorporated by reference and subject to judicial notice.**

Plaintiffs concede that Exhibit 4 is subject to judicial notice, but argue that because it is cited in only one paragraph of the SAC, it cannot be incorporated by reference. RJN Opp'n 14. They are wrong. As *Khoja* explains, "a defendant may seek to incorporate a document into the complaint if…the document *forms the basis of* the plaintiff's claim." 899 F.3d at 1002. Here, Exhibit 4 forms the basis of Plaintiffs' scheme allegation. ¶452(i); *see also* ¶319 (citing 2017 10-K).

Regardless, similar to Exhibits 1-3, Defendants use Exhibit 4 only to show what was disclosed and when, MTD 13, which falls properly within judicial notice. RJN Opp'n 12-13.

**C.     Exhibits 5-7, 21 (GRAIL press releases) are subject to judicial notice.**

Plaintiffs dispute that Exhibits 5-7 and 21 are subject to judicial notice because they are "nowhere quoted, cited, or referenced in the Complaint." RJN Opp'n 9. That

argument relates to incorporation by reference; it is inapplicable to judicial notice. 201(b); *Hong v. Extreme Networks*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017). And Defendants cite Exhibits 5-7 and 21 to show GRAIL published clinical trial results in 2019, 2020, and 2021. MTD 4-5. That use—*i.e.*, to show "what was disclosed to the market"—is proper. *In re Aqua Metals*, 2019 WL 3817849, at *5. To the extent Plaintiffs dispute the plausible inference drawn from these exhibits, RJN Opp'n 10, that is legal argument, which has no place in the RJN Opposition. *Garcia v. Cal. Sup. Ct.*, 2014 WL 309000, at *1 (N.D. Cal. Jan. 21, 2014) ("A request for judicial notice is not a proper vehicle for legal argument. The Plaintiffs' submissions distort the Rules of Evidence by attempting to shoehorn argument on the claims presented in the pending Motion to Dismiss into a Request for Judicial Notice.")

**D.     Exhibit 8 (GRAIL SEC filing) is subject to judicial notice.**

Plaintiffs do not dispute that Exhibit 8 is subject to judicial notice. Instead, they make the same improper legal arguments as they do for Exhibits 5-7 and 21. Defendants use Exhibit 8 only to show that GRAIL announced that Galleri received Breakthrough Device Designation in 2018, and that by September 2020, GRAIL had enrolled 115,000 participants in clinical trials. MTD 4. The Court need not accept these facts as true (although nothing in the SAC contradicts them), but it is proper for the Court to consider them "for the purpose of determining what information was available to the market." *Chi. & Vicinity Laborers' Dist. v. Amplitude*, 2025 WL 82206, at *1 (N.D. Cal. Jan. 13, 2025) (taking judicial notice of SEC filings).

**E.     Exhibits 9-11, 13-20, 22, 24, 28-30 (Illumina press releases, investor conference call transcripts, and SEC filings) are incorporated by reference and subject to judicial notice.**

Plaintiffs do not dispute that Exhibits 9-11, 13-20, 22, 24, 28-30—which contain challenged statements—are incorporated by reference and subject to judicial notice.[3] RJN Opp'n 22. Nor do Plaintiffs dispute that the Court can consider these

---

[3] Exhibit 24 does not contain a challenged statement, but it does contain accompanying cautionary language. Plaintiffs do not dispute the Court's consideration of it for such purposes. RJN Opp'n 22.

exhibits to evaluate whether Defendants' statements were forward-looking and accompanied by meaningful cautionary language.[4] *Id.* They do, however, offer baseless objections to three of these exhibits:

Exhibit 10: Plaintiffs claim Defendants improperly cite Exhibit 10 to *substantiate* their merger rationale. RJN Opp'n 22. That is wrong. Defendants cite this exhibit only to show what they *publicly said* about the merger rationale. MTD 5.

Exhibit 14: Plaintiffs argue Defendants cite Exhibit 14 to "add irrelevant language to an alleged false statement." RJN Opp'n 22. In truth, Defendants use the exhibit to show the words Plaintiffs misleadingly omitted. MTD 26; MTD Reply 18. That is why incorporation by reference exists: to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. To the extent Plaintiffs want to dispute the relevance of the additional language, the place for that is their MTD Opposition, not the RJN Opposition. *In re Violin Memory*, 2014 WL 5525946, at *17 n.8.

Exhibit 19: Plaintiffs argue Defendants use Exhibit 19 to show Illumina never had the chance to prove its acceleration claims. RJN Opp'n 22. Defendants actually use it to show Illumina agreed to hold GRAIL separate. MTD 19 n.9. There is no dispute about this; it is fully consistent with Plaintiffs' own allegations. ¶116.

**F.     Exhibit 12 (Illumina/GRAIL SEC filing) is incorporated by reference and subject to judicial notice.**

Plaintiffs do not dispute that Exhibit 12 is incorporated by reference and subject to judicial notice. RJN Opp'n 15. Instead, they claim Defendants improperly use Exhibit 12 to argue "[Defendants'] statements about GRAIL's valuation and financial projections were not false." *Id.* 15-16. But Defendants do no such thing.

---

[4] Plaintiffs, however, once again improperly use their RJN Opposition as a vehicle for legal argument claiming the cautionary language was inadequate. RJN Opp'n 22. That argument should be disregarded. *In re Violin Memory*, 2014 WL 5525946, at *17 n.8.

Defendants cite Exhibit 12 for Illumina's public statements that GRAIL prepared the financial projections, MTD 14; *see also* ¶¶104-08, 342, 344 (same), GRAIL was identified "as a potential candidate for a strategic transaction," MTD 14 n. 6, and for the date Illumina first had access to due diligence materials, *id.* 16.

**G.    Exhibit 23 (*Diagnostics* article) is incorporated by reference and subject to judicial notice.**

Plaintiffs do not dispute that Exhibit 23 is incorporated by reference and subject to judicial notice. RJN Opp'n 22-23. Instead, they claim Defendants improperly "cherry-pick[] quotes from it" to support their arguments. *Id.* 23. In reality, Defendants quote from it to demonstrate Plaintiffs' mischaracterization of it. MTD 40 n.18. That is the purpose of incorporation by reference. *Khoja*, 899 F.3d at 1002.

**H.    Exhibit 25 (Proposed Findings of Fact in FTC Proceeding) is incorporated by reference.**

Plaintiffs dispute that Exhibit 25 is incorporated by reference and argue the Court cannot judicially notice any "fact" from it. RJN Opp'n 5.

Plaintiffs' argument ignores that the SAC repeatedly refers to FTC testimony. *E.g.,* ¶¶105, 113, 116-17, 151. The testimony remains under seal and is only available through other documents, such as Exhibit 25.[5] Thus, the testimony is incorporated by reference and Exhibit 25 is the proper vehicle for bringing it before this Court. And because this exhibit is incorporated by reference, Defendants properly use it to show that Defendants' testimony "is consistent with Defendants' public statements," MTD 21, not to show their "supposed belief[s]" as Plaintiffs claim, RJN Opp'n 6. Nor does the testimony contradict or dispute a well-pled fact. Indeed, Mr. Febbo's testimony is consistent with the SAC in that respect. MTD 17 n. 7 ("Febbo testified that the 'deal model…did not reflect the value that Illumina believed it could bring

---

[5] The *testimony* in Exhibit 25 is not disputed, only the proposed findings of fact included therein. Ex. 25; *Cf.* RJN Opp'n 5.

to GRAIL []'"'); ¶114 ("Febbo testified that Illumina did not include any acceleration efficiency in its financial model for the acquisition").[6]

## I.    Exhibits 26-27 (analyst reports) are incorporated by reference and subject to judicial notice.

Plaintiffs dispute that Exhibits 26-27—which the SAC relies on to support loss causation, SAC ¶208; *see* RJN 4—are incorporated by reference. RJN Opp'n 20. They are wrong. *E.g., Khoja v. Orexigen Therapeutics*, 498 F.Supp.3d 1296, 1307 (S.D. Cal. 2020) (documents "form[ing] the basis of [Plaintiffs'] loss causation theory" are "appropriate to incorporate by reference"); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F.Supp.3d 580, 592-93 (N.D. Cal. 2019) (same). Next, Plaintiffs claim Defendants use these documents to argue Plaintiffs "mischaracterize[d]" what the analyst reports said. RJN Opp'n 21. That is true. But contrary to Plaintiffs' contention, such use is eminently proper—*i.e.*, to demonstrate the documents do not support Plaintiffs' *conclusory* allegations. MTD 40 n.19; *Khoja*, 899 F.3d at 1002.

Plaintiffs do not dispute that Exhibits 26-27 are subject to judicial notice. RJN Opp'n 20. Defendants properly use the exhibits to show what analysts reported about GRAIL. MTD 40 n. 18; *cf.* RJN Opp'n 20; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

## J.    Exhibit 31 (Illumina SEC filing) is subject to judicial notice.

Plaintiffs do not dispute that Exhibit 31 is subject to judicial notice. They argue, instead, that it cannot be used to show that Goswami, *in fact*, "stayed on another two-and-a-half months as an advisor." RJN Opp'n 19. Fair enough. But it remains proper for the Court to consider that this explanation was publicly disclosed.

---

[6] Plaintiffs again weave merits argument into their response to Exhibit 25, arguing Defendants' financial projections statements were misleading. RJN Opp'n 5-8. This argument is not included in their MTD Opposition (except where Plaintiffs improperly cite to their RJN Opposition in that brief) and should be disregarded. MTD Opp'n 26 (citing RJN Opp'n 5-8).

*In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *2 (N.D. Cal. Jul. 21, 2020) (taking "judicial notice of [] SEC filings for the sole purpose of determining what representations [defendant] made to the market.").[7]

### K.     Exhibits 32-33 (news articles) are subject to judicial notice.

Plaintiffs do not dispute that Exhibits 32-33 are subject to judicial notice. RJN Opp'n 10. Nor do they dispute the accuracy of the information in the exhibits. *Id.* Instead, they dispute that the Court can properly notice the facts contained therein. *Id.* In this instance, Plaintiffs are wrong. Judicial notice of these facts is proper because they are "readily determined." *See Cnty. of Santa Clara v. Trump,* 267 F.Supp.3d 1201, 1217 nn. 9-10 (N.D. Cal. 2017) (taking judicial notice of news articles which contained statements of government officials); *U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (courts may take judicial notice of "reports of administrative bodies"); *Tikhonova v. U.S. Dep't of State*, 2023 WL 5110925, at *1 n.1 (N.D. Cal. Aug. 9, 2023) (the court may take judicial notice of "statements of government officials or entities that are not subject to reasonable dispute").

### L.     Exhibit 34 (Illumina SEC filings) is incorporated by reference and subject to judicial notice.

Plaintiffs do not dispute that Exhibit 34—Aravanis' Forms 4—is subject to judicial notice. Instead, they argue this exhibit is not incorporated by reference because Plaintiffs "do not cite" the Forms 4 and, instead, "merely allege that Aravanis sold out of every single Illumina share he received in the GRAIL acquisition." RJN Opp'n 16; *see* ¶¶173, 294; RJN 4. But Plaintiffs' allegations regarding Aravanis' stock sales could only come from his Forms 4, so they are incorporated by reference. *City of Royal Oak Ret. Sys. v. Juniper Networks*, 880 F.Supp.2d 1045, 1059, 1069

---

[7] For the same reasons, Exhibit 44 is also subject to judicial notice. Additionally, Plaintiffs rely on Illumina's SEC filings to support allegations about the amount of deSouza's compensation. ¶165, As such, Exhibit 44 is also incorporated by reference and it is proper for the Court to consider other disclosures in this document about deSouza's compensation.

(N.D. Cal. 2012) (Forms 4 incorporated by reference "even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan" because scienter allegations "rel[ied] expressly on [defendants'] stock sales, which is information disclosed to the public through [defendants'] Forms 4"). And Defendants properly use this exhibit to show Aravanis' stock sales were pursuant to 10b5-1 plans or were sales to cover tax obligations due RSU vesting; this does not raise a factual dispute because there is no contrary allegation in the SAC. MTD 32; *cf.* RJN Opp'n 16-17.

### M. Exhibit 35 (Illumina SEC filing) is incorporated by reference and subject to judicial notice.

Plaintiffs do not dispute that Exhibit 35 is incorporated by reference and subject to judicial notice. RJN Opp'n 17-18. Rather, Plaintiffs claim Defendants use this exhibit to dispute that Illumina obtained a large insurance premium. *Id*. But Illumina's Motion to Dismiss does not dispute the existence of the insurance policy, the coverage amount, the premium, or the alleged letter agreement between GRAIL and Illumina. MTD 28-29. Defendants properly cited Exhibit 35 to show what they *did* tell the public and when. *Id.*

## III.   CONCLUSION

For the foregoing reasons, Illumina Defendants respectfully request that the Court consider **Exhibits 1-35** under the incorporation by reference and/or judicial notice doctrines for the purposes cited in Illumina Defendants' Motion to Dismiss.

Dated:        February 3, 2025              COOLEY LLP

By: */s/ Koji F. Fukumura*
     Koji F. Fukumura

*Attorneys for Defendants Illumina, Inc., Francis A. deSouza, Alexander M. Aravanis, Phillip G. Febbo, Sam A. Samad, and John W. Thompson*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ILLUMINA DEFS' RJN REPLY
CASE NO. 3:23-CV-02082-LL-DTF