1  LATHAM & WATKINS LLP
2  Colleen C. Smith (Bar No. 231216)
    *colleen.smith@lw.com*
3  12670 High Bluff Drive
4  San Diego, CA 92130
    Telephone: +1.858.523.3985
5  Facsimile: +1.858.523.5450

6  Alexander C.K. Wyman (Bar No. 295339)
    *alex.wyman@lw.com*
7  355 S. Grand Avenue, Suite 100
8  Los Angeles, California 90071
    Telephone: +1.213.485.1234
9  Facsimile: +1.213.891.8763

10
    *Attorneys for Defendants GRAIL, LLC*
11  *(n/k/a GRAIL, Inc.), Hans Bishop,*
    *Joshua J. Ofman, and Richard D. Klausner*
12

13              UNITED STATES DISTRICT COURT

14            SOUTHERN DISTRICT OF CALIFORNIA

15

| *In re Illumina, Inc. Securities Litigation* | CASE NO. 3:23-cv-02082-LL-DTF |
|---|---|
| | **REPLY MEMORANDUM IN FURTHER SUPPORT OF GRAIL DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND/OR JUDICIAL NOTICE** |
| | Judge:   Hon. Linda Lopez |
| | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |
| | Special Briefing Schedule Ordered |

16
17
18
19
20
21
22
23
24
25
26
27
28

1    The GRAIL Defendants submit this reply in support of their Request for
2  Incorporation by Reference and/or Judicial Notice in Support of GRAIL Defendants'
3  Motion to Dismiss Second Amended Complaint (ECF No. 69, the "RJN"), and in
4  response to Plaintiffs' Omnibus Response to Defendants' Requests for Judicial
5  Notice (ECF No. 71, the "RJN Opposition" or "RJN Opp.").

6  **I.    INTRODUCTION**

7    It is black letter law that, in evaluating the sufficiency of a complaint under
8  the federal securities laws, a district court "must consider the complaint in its
9  entirety, as well as other sources courts ordinarily examine when ruling on Rule
10 12(b)(6) motions to dismiss, in particular, documents incorporated into the
11 complaint by reference, and matters of which a court may take judicial notice."
12 *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Plaintiffs'
13 RJN Opposition centers on claims that the Ninth Circuit, in *Khoja v. Orexigen*
14 *Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), somehow abrogated this
15 longstanding Supreme Court precedent on this issue, and that the GRAIL Defendants
16 are asking the Court to "draw factual inferences or make factual findings in their
17 favor on fact-intensive issues." *See, e.g.*, RJN Opp. 1.  Not so.

18    First, *Khoja* did nothing to change the rule that courts "must" consider
19 documents subject to judicial notice or incorporation by reference in deciding
20 motions to dismiss securities complaints.  *Tellabs*, 551 U.S. at 322.  Indeed, the
21 *Khoja* court affirmed the district court's consideration of various documents in
22 deciding the motion to dismiss, including documents that "form[ed] the basis of
23 [plaintiff's] claim."  *Khoja*, 899 F.3d at 1004.

24    Second, Plaintiffs get it precisely backwards: it is *they* who are asking the
25 Court to draw improper factual inferences based on their selective misquoting of
26 documents incorporated in their Complaint.  This is precisely why the incorporation
27 by reference doctrine exists: to "prevent[] plaintiffs from selecting only portions of

28

documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*. at 1002.

## II.    ARGUMENT

### A.    Transcripts of GRAIL Defendants' FTC Testimony are Incorporated by Reference and Subject to Judicial Notice

Plaintiffs' Complaint rests on cherry-picked excerpts from the transcripts of certain GRAIL Defendants' testimony before the Federal Trade Commission ("FTC").  But Plaintiffs are not permitted to rely on partial documents and testimony, or take it out of context to avoid dismissal.  The Court should consider Exhibits 39 and 40, the transcripts of the FTC testimony of Mr. Bishop and Dr. Ofman respectively, as incorporated by reference, and may consider them in deciding whether Plaintiffs have stated a claim.

Plaintiffs are wrong when they contend that the GRAIL Defendants are "asking the court to take as true hotly disputed facts."  RJN Opp. 4-5.  The GRAIL Defendants need not rely on Exhibits 39 and 40 "to argue that the acquisition would accelerate patient access to Galleri," or to prove "that Galleri could detect 50 cancers," as Plaintiffs claim.  *Id*. 7, 9.  The exhibits are not presented to *prove* any fact.  Rather, the Court should consider these exhibits because they show that, when Mr. Bishop's and Dr. Ofman's statements are considered in full and in context, they do not show that any GRAIL Defendant's statements were false or otherwise support Plaintiffs' claims.  This is the exact purpose of the incorporation by reference doctrine.  *See, e.g.*, *In re Finjan Holdings Sec. Litig.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) ("When a general conclusion in a complaint contradicts specific facts retold in a document . . . incorporated by reference in the complaint . . . those specific facts are controlling."); *Coyoy v. City of Eloy*, 859 F. App'x 96, 96 (9th Cir. 2021) (courts "need not credit as true allegations in the complaint that are contradicted by" specific information in incorporated documents); *Smith v. NetApp*, 2021 WL 1233354, at *3 (N. D. Cal. Feb. 1, 2021) (documents that plaintiffs used

1  to demonstrate falsity were appropriately incorporated by reference); *In re*
2  *SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018)
3  (documents referred to as the ground for plaintiff's allegations of falsity and scienter
4  were appropriately incorporated by reference).[1]

5      Alternatively or additionally, the Court may take judicial notice of the
6  transcripts and their contents. RJN 7. Plaintiffs argue, quoting *Khoja*, that it "is
7  improper to judicially notice a transcript when the substance of the transcript is
8  subject to varying interpretations, and there is a reasonable dispute as to what [it]
9  establishes." RJN Opp. 8 (quoting *Khoja*, 899 F.3d at 1000). First, it is not
10  necessary for the Court to judicially notice these transcripts, as they are properly
11  viewed as incorporated by reference into the Complaint. *See In re Pivotal Sec. Litig.*,
12  2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) ("Unlike documents subject to
13  judicial notice, courts may properly assume the truth of documents incorporated by
14  reference."). But if the Court decides to treat these documents as judicially
15  noticeable instead of incorporated by reference, and even if Plaintiffs are right that
16  there is "reasonable dispute" over what the transcripts establish, that only proves the
17  transcripts are insufficient to establish falsity under the demanding pleading
18  standards of the federal securities laws.[2]

19
20  [1] Plaintiffs' cited authorities are inapposite because in those cases the courts went
   beyond testing the sufficiency of plaintiffs' allegations (as the GRAIL Defendants
21  do here), and instead were asked to—or did—impermissibly resolve genuine factual
   disputes to plaintiffs' well-pled claims. *See Lynch v. Rawls*, 429 F. App'x 641, 644
22  (9th Cir. 2011) ("[T]he district court erred when it engaged in extensive, fact-based
   examination and criticism of Plaintiffs' proffered statistical analysis[.]");
23  *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020)
   (seeking to use extrinsic documents to show, among other things, that certain
24  adjustments were not material, which would be a "defense to the well-pled
   allegations in the complaint"); *Rubalcava v. City of San Jose*, 2021 WL 2987164, at
25  *6 (N.D. Cal. July 15, 2021) (in non-securities case, seeking to introduce transcripts
   unrelated to any allegations in the complaint); *Love v. Int'l Hotel Assocs. No. 2 LLC*,
26  2021 WL 4482106, at *2-3 (N.D. Cal. Sept. 30, 2021) (in non-securities case,
   granting request to judicially notice certain documents, but denying request as to a
   document on which the court did not rely).
27
28  [2] Plaintiffs complain that "much of the trial testimony and evidence in the FTC
   proceeding . . . remains under seal," RJN Opp. 8, but this is irrelevant. All that

**B.      Peer-Reviewed Study is Subject to Judicial Notice**

It is proper for the Court to take judicial notice of Exhibit 42, which is a peer-reviewed article titled "Clinical validation of a targeted methylation-based multi-cancer early detection test using an independent validation set," by Klein et al., published in the Annals of Oncology.  Plaintiffs argue the Court should not judicially notice this article because the GRAIL Defendants are purportedly using it "to support their factual argument that Defendant Ofman's statement—that Galleri could detect over fifty different types of cancer—was 'a true statement.'"  RJN Opp. 11.  But the Court need not accept the article as *proof* that Galleri can detect fifty different types of cancer.  Rather, it is more than sufficient for the Court to recognize that this specific study in a publicly available peer-reviewed medical oncology journal came to that conclusion.  Plaintiffs' cited authorities recognize this is proper. *See United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) (taking judicial notice of existence of certain reports, but not "facts that might *reasonably* be disputed" (emphasis added)); *Masimo Corp. v. Apple Inc.*, 2021 WL 925885, at *2 (C.D. Cal. Jan. 6, 2021) (taking judicial notice of "the abstract of an article published in a scientific journal" without deciding disputed facts reflected in it). Regardless of whether this article's conclusions were correct, the article's mere existence shows that Dr. Ofman's statement based on the study was not knowingly false—particularly since Plaintiffs plead no particularized allegations that the conclusions of the study later proved inaccurate, or that Dr. Ofman either disbelieved the study's conclusions or was reckless in believing them.

Plaintiffs contend that the GRAIL Defendants' requests for judicial notice are "deficient" because a defendant must always specify precisely what facts within a document they seek to have judicially noticed.  RJN Opp. 3.  But Plaintiffs' argument

---

matters is whether the facts pled in the Complaint are sufficient to state a claim under the PSLRA and Rule 9(b).  The testimony in Exhibits 39 and 40, taken as a whole, demonstrates that the cherry-picked and mischaracterized excerpts of testimony in the Complaint come nowhere close to satisfying these standards.

1   is contrary to the weight of the case law, even after *Khoja*. Courts regularly take
2   judicial notice of "documents." *See, e.g.*, *Avilez v. Garland*, 69 F.4th 525, 527 n.3
3   (9th Cir. 2023) ("We have discretion to take judicial notice of documents 'not subject
4   to reasonable dispute.'") (citing Fed. R. Evid. 201(b)); *Ige v. Ndoh*, 2023 WL
5   8517501, at *1 n.1 (9th Cir. Dec. 8, 2023) (noting that the court "may take judicial
6   notice of documents 'not subject to reasonable dispute'"); *Benton III v. Cnty. of Los
7   Angeles*, 2023 WL 2340622, at *1 (9th Cir. Mar. 3, 2023) (no abuse of discretion to
8   take judicial notice of "court filings and other documents"); *BNSF Ry. Co. v. Cnty.
9   of Alameda*, 7 F.4th 874, 880 n.4 (9th Cir. 2021) (taking judicial notice "of several
10  publicly available documents explaining the taxation process"); *Strezsak v. Ardelyx
11  Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (taking judicial notice "of
12  all the documents described above for the purpose of considering what was disclosed
13  to the market"); *Das v. Unity Software Inc.*, 2024 WL 1141733, at *7 (N.D. Cal.
14  Mar. 15, 2024) (holding that "[t]he Court will take judicial notice of [] SEC filings
15  as public documents whose accuracy cannot reasonably be questioned"). Even in
16  Plaintiffs' own cited authority, the court took judicial notice of entire documents.
17  *See United States v. Bychak*, 2021 WL 734371, at *5 (S.D. Cal. Feb. 25, 2021)
18  ("Here, the Court can take notice of [Exhibit D] for the undisputed facts that it exists
19  and contains whatever it states.").

20      ## C.    There Is No Reasonable Dispute as to Exhibit 41

21          Plaintiffs argue that the Court cannot take judicial notice of Exhibit 41, which
22  is an SEC Form 8-K that reflects Mr. Bishop's dates of employment with GRAIL.
23  RJN Opp. 19. But courts regularly take judicial notice of SEC filings, since they
24  "are not subject to reasonable dispute" and their "accuracy . . . cannot reasonably be
25  questioned." *In re Sentinelone Sec. Litig.*, 2024 WL 3297150, at *3 (N.D. Cal. July
26  2, 2024) (collecting cases). Plaintiffs do not even attempt to dispute Mr. Bishop's
27  dates of employment; the Court can take judicial notice of this undisputed fact.

28

1

## III.    CONCLUSION

2      The GRAIL Defendants request that the Court consider Exhibits 36-42 as they

3  are incorporated by reference in the Complaint and/or judicially noticeable.

4

Dated:  February 3, 2025                    LATHAM & WATKINS LLP

5

6                                            By: */s/ Colleen C. Smith*
                                                Colleen C. Smith
7                                               colleen.smith@lw.com

8
                                            *Attorneys for Defendants GRAIL, LLC*
9                                            *(n/k/a GRAIL, Inc.), Hans Bishop,*
                                            *Joshua J. Ofman, and Richard D.*
10                                           *Klausner*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28