COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
RYAN E. BLAIR (246724)
(rblair@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
CRISTINA M. FERRUOLO (339442)
(cferruolo@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420

BRIAN M. FRENCH (*pro hac vice*)
(bfrench@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone:  +1 212 479 6000
Facsimile:   +1 212 479 6275

Attorneys for Defendants Illumina, Inc.,
Francis A. deSouza, Alexander M. Aravanis,
Phillip G. Febbo, Sam A. Samad, and John W.
Thompson

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE ILLUMINA, INC. SECURITIES LITIGATION | Case No. 3:23-cv-02082-LL-BJW |
|---|---|
| | CLASS ACTION |
| | **REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF ILLUMINA DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | Date: January 16, 2026 Courtroom: 14B Judge: Hon. Linda Lopez |
| | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**RJN ISO MTD TAC**
**CASE NO. 3:23-CV-02082-LL-BJW**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................. 1

II.     DOCUMENTS SUBJECT TO THIS REQUEST ............................................ 1

III.    ARGUMENT ....................................................................................... 6

    A.      The Court May Consider Documents Incorporated by Reference into the TAC (Exhibits 1-2, 5, 12-15, 19-20, 26-35, 37, and 39-42) ........................................................................................... 6

    B.      The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits 1-42). ............................................................ 10

IV.     CONCLUSION ................................................................................... 12

FIRM NAME
ATTORNEYS AT LAW
OFFICE ADDRESS

**RJN ISO MTD TAC**
**CASE NO. 3:23-CV-02082-LL-BJW**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bolling v. Dendreon Corp.*,
2014 WL 12042559 (W.D. Wash. Jan. 28, 2014).................................................8

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605 (N.D. Cal. 2021)...............................................................11

*In re Century Aluminum Co. Securities Litigation*,
749 F. Supp. 2d 964 (N.D. Cal. 2010)...............................................................11

*City of Royal Oak Retirement System v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012)..............................................................10

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010).............................................................................9

*Dreiling v. American Express Co.*,
458 F.3d 942 (9th Cir. 2006).............................................................................11

*In re Eventbrite, Inc. Securities Litigation*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) .................................................6, 10

*Garcia v. J2 Global, Inc.*,
2021 WL 1558331 (C.D. Cal. Mar. 5, 2021) ....................................................11

*Heliotrope General, Inc. v. Ford Motor Co.*,
189 F.3d 971 (9th Cir. 1999).............................................................................11

*Hong v. Extreme Networks, Inc.*,
2017 WL 1508991 (N.D. Cal. Apr. 27, 2017) ...................................................11

*Lake v. Zogenix, Inc.*,
2020 WL 3820424 (N.D. Cal. Jan. 27, 2020) .....................................................8

*Jaber v. Endurance American Specialty Insurance Co.*,
2020 WL 10357150 (N.D. Cal. Nov. 3, 2020)......................................................9

*Kang v. Paypal Holdings, Inc.*,
620 F. Supp. 3d 884 (N.D. Cal. 2022)................................................................7

TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) .................................................................................*passim*

*Metzler Investment GMBH v. Corinthian Colleges, Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ....................................................................................... 10

*In re NVIDIA Corp. Securities Litigation*,
   768 F.3d 1046 (9th Cir. 2014) ......................................................................................... 6

*Plevy v. Haggerty*,
   38 F. Supp. 2d 816 (C.D. Cal. 1998) .............................................................................. 10

*Reckstin Family Trust v. C3.ai, Inc.*,
   718 F. Supp. 3d 949 (N.D. Cal. 2024) ............................................................................. 8

*In re Stac Electronics Securities Litigation*,
   89 F.3d 1399 (9th Cir. 1996) ........................................................................................... 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ........................................................................................................ 1

*Veal v. LendingClub Corp.*,
   423 F. Supp. 3d 785 (N.D. Cal. 2019) ........................................................................... 11

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) ......................................................................................... 11

*Waterford Township Police and Fire Retirement System v. Mattel, Inc.*,
   321 F. Supp. 3d 1133 (C.D. Cal. 2018) ......................................................................... 11

*Welgus v. TriNet Group, Inc.*,
   2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) ............................................................... 11

*In re Yahoo! Inc. Securities Litigation*,
   2012 WL 3282819 (N.D. Cal. Aug. 10, 2012) ............................................................... 11

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ........................................................................................... 1

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

RJN ISO MTD TAC
CASE NO. 3:23-CV-02082-LL-BJW

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Rules & Statutes**

Fed. R. Evid.
  201 ....................................................................................................................... 1
  201(b)................................................................................................................... 10

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Illumina, Inc. ("Illumina"), Francis A. deSouza, Alexander M. Aravanis, Phillip G. Febbo, Sam A. Samad, and John W. Thompson (collectively "Illumina Defendants") hereby request that the Court incorporate by reference and/or take judicial notice of the documents listed below in support of Illumina Defendants' Motion to Dismiss the Third Amended Complaint for Violations of Federal Securities Laws ("Motion to Dismiss" or "MTD"), which are attached to the accompanying Declaration of Ryan Blair in Support of Illumina Defendants' Motion to Dismiss ("Blair Declaration").[1]

## I.   INTRODUCTION

The Court should consider **Exhibits 1-42** when resolving the Motion to Dismiss because, as detailed below, they are incorporated by reference, subject to judicial notice, or both. Incorporation by reference and judicial notice are "exceptions" that allow courts to consider "matters outside the pleading[s]." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018). Importantly, when evaluating securities fraud complaints, courts "***must*** consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007); *see also Zucco Partners v. Digimarc*, 552 F.3d 981, 991 (9th Cir. 2009) (same).

## II.   DOCUMENTS SUBJECT TO THIS REQUEST[2]

The TAC includes information from dozens of sources, including Illumina's and GRAIL's filings with the U.S. Securities and Exchange Commission ("SEC"),

---

[1] "¶" refers to the paragraphs of the Third Amended Complaint for Violations of Federal Securities Laws ("TAC"), ECF 81, that quote from, or refer to, information contained in the referenced document. "Exhibit," "Ex.," and "App." refer to the exhibits and appendices to the concurrently filed Blair Declaration. Unless otherwise noted, emphasis is added and citations, quotation marks, and alterations are omitted.

[2] For the Court's convenience, Illumina Defendants have highlighted, and in some instances excerpted, the exhibits to aid in locating the cited information.

press releases, investor calls, analyst reports, articles, accounting standards, other judicial and administrative proceedings, and more. Illumina Defendants tailor this request to pertinent information covered in 42 exhibits. 24 of the 42 exhibits are incorporated by reference into the TAC, as Plaintiffs rely on the underlying sources to support falsity, scienter, or loss causation. The remaining 18 exhibits are offered solely to show what was publicly disclosed and when; they are neither offered for the truth of the matters asserted therein, nor to dispute any well-pled fact in the TAC.

| Ex. | Description | ¶¶ |
|---|---|---|
| 1 | Illumina's Amended Registration Statement on Form S-4, filed with the U.S. Securities and Exchange Commission ("SEC") on February 5, 2021[3] | 75-77, 79, 81-83, 85-94, 97, 154-156, 206, 222, 240, 258-259, 261, 289, 361, 363-374 |
| 2 | Illumina's Form 10-K for the fiscal year ending January 3, 2021, filed with the SEC on February 17, 2021 | 468-469 |
| 3 | Illumina's Form 10-Q for the fiscal quarter ending April 3, 2016, filed with the SEC on May 9, 2016 | -- |
| 4 | Illumina's Form 10-Q for the fiscal quarter ending July 3, 2016, filed with the SEC on August 2, 2016 | -- |
| 5 | Illumina's Form 10-Q for the fiscal quarter ending April 2, 2017, filed with the SEC on May 5, 2017 | 341 |
| 6 | GRAIL's Form S-1, filed with the SEC on September 9, 2020 | 165 |
| 7 | GRAIL's press release, titled *NHS Launches UK Trial of the Galleri Multi-Cancer Early Detection Blood Test*, dated September 12, 2021, and the press release issued by NHS linked within | -- |
| 8 | GRAIL's press release, titled *GRAIL Announces Positive New Data with Multi-Cancer Early Detection Blood Test from CCGA Study*, dated May 31, 2019 | -- |

---

[3] Although Plaintiffs refer to the November 5, 2020, S-4 in the TAC, *e.g.*, ¶75, that version was amended and superseded on February 5, 2021, and declared effective by the SEC on February 9, 2021. Illumina Defendants refer to the February 5, 2021, S-4, which contains the same statements cited by Plaintiffs.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**RJN ISO MTD TAC
CASE NO. 3:23-CV-02082-LL-BJW**

| Ex. | Description | ¶¶ |
|---|---|---|
| 9 | GRAIL's press release, titled *GRAIL Announces Validation of its Multi-Cancer Early Detection Test Published in Annals of Oncology*, dated March 30, 2020 | -- |
| 10 | GRAIL's press release, titled *GRAIL Announces Final Results From the PATHFINDER Multi-Cancer Early Detection Screening Study at ESMO Congress 2022*, dated September 11, 2022 | -- |
| 11 | GRAIL's 2025 Analyst Day Presentation, dated November 13, 2025 | -- |
| 12 | Illumina's press release, titled *Illumina to Acquire GRAIL to Launch New Era of Cancer Detection*, dated and filed with the SEC on September 21, 2020 | 2, 5, 53, 112, 346, 350-354 |
| 13 | Transcript of Illumina's investor conference call, held on September 21, 2020, and filed with the SEC on September 22, 2020 | 2, 5, 95, 107, 109, 112, 347-354 |
| 14 | Illumina's press release, titled *Illumina Remains Committed to GRAIL Acquisition to Accelerate Access to Breakthrough Multi-Cancer Early Detection Blood Test*, dated April 20, 2021 | 392-394 |
| 15 | Illumina's Form 8-K and attached press release, titled *Illumina Acquires GRAIL to Accelerate Patient Access to Life-Saving Multi-Cancer Early Detection Test*, dated and filed with the SEC on August 18, 2021 | 9, 68, 111, 188, 193, 407-409, 411-413 |
| 16 | European Commission's press release, titled *Mergers: Commission adopts interim measures to prevent harm to competition following Illumina's early acquisition of GRAIL*, dated October 29, 2021 | -- |
| 17 | Stipulation of Dismissal, filed in the action captioned *Icahn Partners LP deSouza et al. v. deSouza et al.*, Case No. No. 2023-1045-PAF, in the Delaware Court of Chancery on September 19, 2025 | -- |
| 18 | Nongaap Investing Blog by Mike, titled *Illumina: Discloses SEC Investigation*, dated August 15, 2023 | -- |
| 19 | Ernst & Young LLP ("E&Y") publication, titled *Equity Method Investments and Joint Ventures*, published on June 26, 2024, and last updated June 2025. | 336, 340 |
| 20 | PricewaterhouseCoopers ("PwC") publication, titled *Equity Method Investments and Joint Ventures*, published on February 29, 2024, and last updated March 2025 | 336, 340, 343 |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

| Ex. | Description | ¶¶ |
|---|---|---|
| 21 | Illumina's Form DEF 14A Proxy Statement, dated and filed with the SEC on April 6, 2018 | -- |
| 22 | Illumina's press release, titled *Illumina Forms New Company to Enable Early Cancer Detection via Blood-Based Screening*, dated January 10, 2016 | 51 |
| 23 | GRAIL's press release, titled *GRAIL Appoints Gautam Kollu as Chief Commercial Officer*, dated December 16, 2019 | -- |
| 24 | GRAIL's press release, titled *GRAIL Appoints Satnam Alag as Sr. VP of Software Engineering*, dated April 29, 2020 | -- |
| 25 | Illumina's press release, titled *Illumina Welcomes Alex Aravanis as Chief Technology Officer and Appoints Mostafa Ronaghi to Lead Entrepreneurial Development*, dated May 4, 2020 | -- |
| 26 | Illumina's FAQ document, titled *Illumina to Acquire GRAIL to Launch New Era of Cancer Detection – FAQ*, produced in the proceeding captioned *In the Matter of Illumina, Inc. and GRAIL, Inc.*, Dkt. No. 9401 ("FTC Proceeding") as bates number ILMN-FTCVOL_05599083 | 99, 110, 272 |
| 27 | Transcript of Illumina's Earnings Call for the second quarter of fiscal year 2021, held on August 5, 2021, and filed with the SEC on August 6, 2021 | 65, 134, 169, 403-405 |
| 28 | Transcript of Illumina's discussion at the Morgan Stanley Global Healthcare Conference, held on September 13, 2021 | 73, 416-417 |
| 29 | Respondents' Proposed Findings of Fact and Conclusions of Law, filed in the FTC Proceeding on April 22, 2022 | 12-14, 82, 99, 101-102, 108-109, 116-117, 119, 129, 130, 133, 133, 141, 159, 259, 261, 267-272, 277, 279-280, 292, 335 |

| Ex. | Description | ¶¶ |
|---|---|---|
| 30 | Respondents' Post-Trial Reply Proposed Findings of Fact and Conclusions of Law, filed in the FTC Proceeding on June 6, 2022 | 12-14, 82, 99, 101-102, 108-109, 116-117, 119, 129, 130, 133, 133, 141, 159, 259, 261, 267-272, 277, 279-280, 292, 335 |
| 31 | Transcript of Illumina's discussion at the Cowen Healthcare Conference, held on March 2, 2021, and filed with the SEC on March 4, 2021 | 113, 127, 377-378 |
| 32 | Transcript of Illumina's discussion at the Evercore ISI HealthCONx Conference, held on November 29, 2022 | 440-441 |
| 33 | Transcript of Illumina's discussion at the J.P. Morgan Healthcare Conference, held on January 9, 2023 | 442-443 |
| 34 | Transcript of Illumina's Earnings Call for the fourth quarter of fiscal year 2022, held on February 7, 2023 | 446-447 |
| 35 | Barron's analyst article, titled *Illumina Stock Drops as Gene Sequencer's Results Fall Short*, dated August 12, 2022 | 221 |
| 36 | Illumina's Form 10-K for the fiscal year ending January 2, 2022, filed with the SEC on February 18, 2022 | -- |
| 37 | Illumina's Form 10-Q for the fiscal quarter ending October 3, 2021, with attached Exhibit 10.1, titled *Form of Insurance Matters Agreement*, filed with the SEC on November 5, 2021 | 176, 298 |
| 38 | Illumina's Schedule DEF_14A Proxy Statement, filed with the SEC on April 16, 2021 | -- |
| 39 | Alexander Aravanis's Forms 4, filed with the SEC on February 11, 2021, July 7, 2021, September 3, 2021, October 14, 2021, October 21, 2021, October 28, 2021, November 4, 2021, November 9, 2021, November 16, 2021, March 3, 2022, July 7, 2022, November 8, 2022, February 23, 2023, March 3, 2023, and July 6, 2023 | 160, 163, 311, 344 |
| 40 | Transcript of Illumina's Earnings Call for the second quarter of fiscal year 2022, held on May 5, 2022 | 127, 146, 152-153, 202-203, 434, 436 |
| 41 | Transcript of Illumina's investor conference call, held on August 18, 2021 | 9, 68, 71, 188, 193, 410-413 |

| Ex. | Description | ¶¶ |
|---|---|---|
| 42 | Transcript of Illumina's discussion at Citi's 2022 Virtual Healthcare Conference, held on February 24, 2022 | 145, 301, 430-431 |

## III.   ARGUMENT

For the reasons discussed below, the Court may consider **Exhibits 1-2, 5, 12-15, 19-20, 26-35, 37, and 39-42** under the incorporation by reference doctrine, and take judicial notice of **Exhibits 1-42**.

### A.   The Court May Consider Documents Incorporated by Reference into the TAC (Exhibits 1-2, 5, 12-15, 19-20, 26-35, 37, and 39-42)

In the Ninth Circuit, incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A document is incorporated by reference "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.*

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *NVIDIA Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). While an incorporated document may not be used "to dispute or create a defense to a *well-pled* fact in a complaint," "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Eventbrite Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).

Importantly, *Khoja* does not "eradicate the rule that alleged false statements 'must be analyzed in context.'" *Id.* (quoting *Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996)). Thus, to the extent a document incorporated by reference contains alleged misstatements, it is appropriate for Illumina Defendants and the Court to consider other portions of the document. *Id.* After all, as *Khoja* recognized, the incorporation by reference doctrine exists to "preven[t] plaintiffs from selecting

only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d at 1002. Thus, to the extent Plaintiffs rely on a document to support their claims, they cannot oppose the Court's consideration of the *entire* document.

Here, Plaintiffs explicitly and repeatedly refer to **Exhibits 1-2, 5, 12-15, 19-20, 26-35, 37, and 39-42** to support their allegations in the TAC:

***Plaintiffs rely on Exhibit 5 to support scheme allegations.* Exhibit 5** is Illumina's Form 10-Q for the fiscal quarter ending April 2, 2017. Plaintiffs use this document to support purported GAAP violations associated with their scheme claim. ¶341; *see* ¶500(i). Illumina Defendants use this exhibit for the limited purpose of showing Illumina disclosed it was switching from the equity method to the cost method under ASC 323. MTD at 4, 11, 30.

***Exhibits 1-2, 12-15, 27-28, 31-34, and 40-42 contain challenged statements.* Exhibits 1-2, 12-15, 27-28, 31-34, and 40-42** are SEC filings, press releases, and call transcripts on which Plaintiffs rely for various challenged statements. *See* ¶¶346-354, 361, 363-374, 377-378, 392-394, 403-405, 407-413, 416-417, 430-431, 434, 436, 440-443, 446-447, 468-469. As such, there can be no dispute that these documents are incorporated by reference, and the Court may consider them in their entirety to avoid the danger of the deliberate omission of information unhelpful to Plaintiffs. *Khoja*, 899 F.3d at 1002. Illumina Defendants use them for precisely that purpose: to allow the Court to consider *other* disclosures made in these documents that provide important context to the statements Plaintiffs allege to be false or misleading. *Kang v. Paypal Holdings*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) ("incorporation by reference . . . is necessary to assess the veracity of the challenged statement in context"). To limit the number of exhibits, Illumina Defendants have not included all sources of alleged misstatements. *See* App. A. The exhibits in this category are limited to those that contain necessary context Plaintiffs omit in the TAC, including:

- **Exhibit 1** is Illumina's Amended Registration Statement on Form S-4, which contains six challenged statements. ¶¶363, 365, 367-369, 373. Illumina Defendants cite this document to provide additional context surrounding those statements. MTD at 3, 5, 11, 14, 19, 21-22, 33.

- **Exhibit 31** contains a challenged statement that was heavily excerpted to make it appear deSouza implied there would be no additional clinical studies for Galleri. ¶377. But in the very same response, deSouza stated, "GRAIL is going to continue to do additional studies." Ex. 31 at 6; MTD at 20. The fact deSouza made this statement—not the underlying truth or falsity of it—is appropriate for the Court to consider.

- **Exhibits 1-2, 12-15, 27-28, 31-34, and 40-42** contain forward-looking challenged statements that were identified as such and accompanied by cautionary language. MTD at 12-13, 19, 22-23. Because those portions of the documents were not quoted in the TAC, Illumina Defendants include them as exhibits to demonstrate that they are protected by the cautionary language prong of the Private Securities Litigation Act of 1995 ("PSLRA") safe harbor. *Id*.[4]

*Plaintiffs rely on Exhibits 15, 35, and 40-41, to support loss causation.* Plaintiffs allege **Exhibits 15 and 40-41** were corrective disclosures. ¶¶188-193, 201-208, 244. As such, these documents are unequivocally incorporated by reference. *See Khoja*, 899 F.3d at 1005 (incorporating by reference article that allegedly caused stock price drop); *Lake v. Zogenix*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (documents plaintiffs argued as a corrective disclosure incorporated by reference).

---

[4] Relatedly, **Exhibit 36** is Illumina's Form 10-K for the fiscal year ending January 2, 2022, that is incorporated by reference into **Exhibits 32-34** and contains accompanying cautionary language. As such, it is proper for the Court to consider the risk disclosures contained therein to determine if the PSLRA safe harbor applies. *Bolling v. Dendreon*, 2014 WL 12042559, at *8 n.3 (W.D. Wash. Jan. 28, 2014) ("citation to SEC filings in oral statements had the effect of incorporating by reference the risk disclosures contained in those filings").

Plaintiffs similarly rely on **Exhibit 35** to support loss causation allegations. ¶221. Thus, this document is also incorporated by reference. *Reckstin Fam. Tr. v. C3.ai*, 718 F. Supp. 3d 949, 967 (N.D. Cal. 2024) (incorporating by reference analyst reports used "to rebut Plaintiffs []loss causation arguments").

*Plaintiffs rely on information in Exhibit 37 to support falsity and scienter.* **Exhibit 37** includes the Insurance Matters Agreement Plaintiffs expressly cite in support of their D&O insurance allegations. ¶¶176, 298. Illumina Defendants cite this document to show the full content of the disclosures made therein. MTD at 24.

*Plaintiffs rely on information in Exhibits 19-20 to support falsity.* **Exhibits 19-20** reflect accounting guidance from PwC and E&Y on which Plaintiffs rely to support their GAAP allegations. ¶¶336, 340, 343. Illumina Defendants cite this document to show the full content of the disclosures made therein. MTD at 9-11, 30.

*Plaintiffs rely on information in Exhibit 26 to support falsity and scienter.* **Exhibit 26** is an Illumina FAQ document Plaintiffs on rely to support allegations regarding Defendants' anticipated benefits of the merger. ¶¶99, 110, 272. Illumina Defendants cite this document to show the full content of the disclosures made therein. MTD at 16.

*Plaintiffs rely on information contained in Exhibits 29- 30 to support falsity and scienter.* **Exhibits 29-30** are public versions of Illumina's filings in the FTC Proceeding. These documents contain (cherry-picked) excerpts of witness testimony from the FTC proceeding, which Plaintiffs refer to throughout the TAC *for their truth*. ¶¶12-14, 82, 99, 101-102, 108-109, 116-117, 119, 129, 130, 133, 133, 141, 159, 259, 261, 267-272, 277, 279-280, 292, 335.[5]  Accordingly, it is proper for the

---

[5] Plaintiffs do not identify the source documents they used to quote and paraphrase FTC testimony. The full transcripts of witness testimony remain under seal; however, portions of that testimony appear in many documents. Illumina Defendants have included only two sources which do not contain all of the testimony quoted in the TAC. Nonetheless, it is the underlying testimony that must be taken in context, not the specific document from which Plaintiffs handpicked soundbites to support their narrative. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)

Court to consider this testimony for *all* purposes, except to create a dispute of a well-pled fact. *See Jaber v. Endurance Am. Specialty Ins.*, 2020 WL 10357150, at *5 n.4 (N.D. Cal. Nov. 3, 2020). Illumina Defendants' use falls well within this rule. MTD at 18.

***Plaintiffs rely on information in Exhibit 39 to support scienter.*** **Exhibit 39** is a compilation of Aravanis's Forms 4 showing his Illumina stock holdings and transactions during the alleged class period. Plaintiffs rely on the accuracy of the stock sale information reported in these filings to support Aravanis's purported motive to commit the alleged fraud. ¶160, 163, 311, 344. Illumina Defendants, in turn, use these same documents to show these stock sales were made pursuant to 10b5-1 plans. MTD at 27; *see also City of Royal Oak Ret. Sys. v. Juniper Networks*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (Forms 4 "may be offered for the truth of the statements asserted therein" where Plaintiffs relied on them for scienter).

*        *        *

Accordingly, **Exhibits 1-2, 5, 12-15, 19-20, 26-35, 37, and 39-42** are incorporated by reference and the Court may consider them in their entirety to avoid the danger of deliberate omission of information unhelpful to Plaintiffs. *Khoja*, 899 F.3d at 1002; *Eventbrite*, 2020 WL 2042078, at *7.

**B.    The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits 1-42).**

All exhibits are also subject to judicial notice. Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820-21 (C.D. Cal. 1998). Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial

---

(incorporating by reference a billing agreement that was not explicitly referenced in the complaint, but from which facts alleged in the complaint were necessarily drawn).

jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

In securities fraud cases, courts routinely take judicial notice of SEC filings, press releases, call transcripts, articles, analyst reports, accounting guidance, and administrative and/or legal proceedings. *See, e.g.*, *Metzler Inv. v. Corinthian Colls.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Dreiling v. Am. Express*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same); *Heliotrope Gen. v. Ford Motor*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (news articles); *Waterford Twp. Police v. Mattel*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (earnings call transcripts and corporate presentations); *Welgus v. TriNet Grp.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017) (SEC filings and news articles); *Century Aluminum Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (news articles, presentations, and conference calls with analysts); *Hong v. Extreme Networks*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (press releases and conference call transcripts); *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *10 (C.D. Cal. Mar. 5, 2021) (accounting standards); *In re Yahoo! Inc. Sec. Litig.*, 2012 WL 3282819, at *2 n.2 (N.D. Cal. Aug. 10, 2012) (accounting standards); *Veal v. LendingClub,* 423 F. Supp. 3d 785, 802 (N.D. Cal. 2019) (administrative proceedings); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (administrative proceedings).

Here, each exhibit falls into one or more of the above categories that are routinely considered the proper subject of judicial notice:

- *SEC Filings*: **Exhibits 1-6, 12-13, 15, 21, 27, 31, 36-39**
- *Press Releases*: **Exhibits 7-10, 12, 14-16, 22-25**
- *Investor Calls & Presentations*: **Exhibits 11, 13, 27-28, 31-34, 40-42**
- *Articles & Analyst Reports*: **Exhibits 18, 35**
- *Accounting Guidance*: **Exhibits 19-20**
- *Filings in Administrative and Legal Proceedings*: **Exhibits 17, 26, 29-30**

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11

All of these documents are publicly available, and their existence can immediately be verified. The Court may, therefore, take judicial notice of **Exhibits 1-42** to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

## IV.   CONCLUSION

For the foregoing reasons, Illumina Defendants respectfully request that the Court consider **Exhibits 1-2, 5, 12-15, 19-20, 26-35, 37, and 39-42** under the incorporation by reference doctrine and take judicial notice of **Exhibits 1-42**.

Dated:        December 11, 2025            COOLEY LLP

By: */s/ Koji F. Fukumura*
    Koji F. Fukumura

*Attorney for Defendants Illumina, Inc., Francis A. deSouza, Alexander M. Aravanis, Phillip G. Febbo, Sam A. Samad, and John W. Thompson*