LATHAM & WATKINS LLP
Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
Tel: +1 858 523 3985/Fax: +1. 858.523.5450

Alexander C.K. Wyman (Bar No. 295339)
  *alex.wyman@lw.com*
355 S. Grand Avenue, Suite 400
Los Angeles, CA 90071
Tel: +1.213.485.1234/Fax: +1.213.891.8763

Meryn Grant (Bar No. 291315)
  *meryn.grant@lw.com*
10250 Constellation Boulevard, Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500/Fax: +1.424.653.5501

*Attorneys for Defendants GRAIL, LLC (n/k/a GRAIL, Inc.), Hans Bishop, Joshua J. Ofman, and Richard D. Klausner*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Illumina, Inc. Securities Litigation*. | CASE NO. 3:23-cv-02082-LL-BJW |
| | **REQUEST FOR INCORPORATION BY REFERENCE AND/OR JUDICIAL NOTICE IN SUPPORT OF GRAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT** |
| | Date: January 15, 2026<br>Courtroom: 5D<br>Judge: Hon. Linda Lopez |
| | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |
| | SPECIAL BRIEFING SCHEDULE ORDERED |

## I.   INTRODUCTION

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants GRAIL, LLC (n/k/a GRAIL, Inc.) ("GRAIL"), Hans Bishop, Joshua J. Ofman, and Richard D. Klausner (collectively, the "GRAIL Defendants") respectfully request that the Court incorporate by reference or take judicial notice of the four documents attached to the Declaration of Meryn C. N. Grant as **Exhibits 43-46**.  These Exhibits are submitted in support of the GRAIL Defendants' Motion to Dismiss the Third Amended Complaint ("Motion to Dismiss").

| Exhibit No. | Description |
|---|---|
| 43 | Illumina, Inc. press release titled, "Illumina Committed to Pursuing GRAIL Acquisition to Accelerate Access to Breakthrough Multi-Cancer Early Detection Blood Test," dated March 30, 2021. |
| 44 | The public portion of Defendant Hans Bishop's August 31, 2021 Testimony given in *In the Matter of: Illumina, Inc., and Grail, Inc.*, United States Federal Trade Commission, Office of Administrative Law Judges, Docket No. 9401. |
| 45 | The public portion of Defendant Joshua Ofman's September 15, 2021 Testimony given in *In the Matter of: Illumina, Inc., and Grail, Inc.*, United States Federal Trade Commission, Office of Administrative Law Judges, Docket No. 9401. |
| 46 | Article titled, "Clinical validation of a targeted methylation-based multi-cancer early detection test using an independent validation set," which was published on June 24, 2021 in the Annals of Oncology. |

## II.   LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court "must consider the complaint in its entirety,

as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *accord In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019). While "[g]enerally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6)," this rule "does not apply to the incorporation by reference doctrine or judicial notice." *In re Facebook Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020), *rev'd and rem'd on other grounds*, 87 F.4th 934 (9th Cir. 2023); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Although the Ninth Circuit has cautioned against excessive use of these doctrines, it acknowledged that appropriate uses remain warranted. *See Khoja*, 899 F.3d at 1002; *see also Hadian v. Fate Therapeutics, Inc.*, 2024 WL 4246083, at *10 (S.D. Cal. Sept. 19, 2024) (incorporating by reference and judicially noticing twenty-seven documents post-*Khoja*).

**Incorporation by Reference.** "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself," thereby "prevent[ing] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. The incorporation by reference doctrine applies in "situations where the complaint 'necessarily relies' upon a document or where the complaint alleges the contents of the document and the document's authenticity and relevance is not disputed." *Facebook*, 477 F. Supp. 3d at 1008; *see also Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (a document can be incorporated by reference if the complaint "refers extensively" to the document or the document "forms the basis of the plaintiff's claim").

**Judicial Notice.** Federal Rule of Evidence 201 permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "may take judicial notice of matters of public record" and other information reflected in public sources. *Khoja*, 899 F.3d at 999; *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of "information contained in news articles").

The need for judicial notice of undisputed public matters and disclosures is particularly important when adjudicating motions to dismiss federal securities claims. The reforms Congress adopted in the Private Securities Litigation Reform Act were prompted by "significant evidence of abuse in private securities lawsuits." H.R. Rep. No. 104-369, at 31 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730. Claims brought under the federal securities laws are often based on alleged omissions and misrepresentations in publicly available documents. Judicial notice of documents referenced in the complaint and other publicly available matters ensures that a plaintiff bringing a meritless claim cannot overcome a motion to dismiss, and gain the right to engage in extensive discovery, simply by selectively citing portions of the defendant's public statements out of context. *See, e.g.*, *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (plaintiff cannot survive motion to dismiss by "omitting references to documents upon which their claims are based").

## III.   ARGUMENT

### A.   The Court Should Consider Documents Referenced Extensively in the Complaint and Form the Basis of Plaintiffs' Claims

Because the Third Amended Complaint, ECF No. 81 ("Amended Complaint") refers extensively to Exhibits 43-46 and because those Exhibits form the basis of Plaintiffs' claims, the Court should treat these exhibits as incorporated by reference

into the Amended Complaint.  *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019).

**Press Release, Exhibit 43.**  The Amended Complaint challenges the GRAIL Defendants' public statements and press releases, often excerpting, quoting, or generally describing the statements and the documents in which those statements appear.  *See, e.g.*, ¶¶ 9, 53, 68, 111, 112, 172, 188, 191, 193, 318, 356, 384, 385, 412.  Exhibit 43 is a press release issued by Illumina on March 30, 2021, which contains challenged statements quoted in the Amended Complaint.  ¶¶ 381-84 (challenging Mr. Bishop's statement in Exhibit 43 that "[c]ombining [Galleri] with Illumina's experience and scale will enable more patients . . . to garner access to GRAIL's test faster").  This document forms the basis of Plaintiffs' claims, provides necessary context to evaluate the challenged statement, and the Court may treat it as incorporated by reference when deciding the Motion to Dismiss.  *Khoja*, 899 F.3d at 1002; *see also Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *5 (C.D. Cal. Mar. 5, 2021) (incorporating by reference the document that contained the "misrepresentations or omissions that form the basis of Plaintiff's claim").

**FTC Trial Transcripts, Exhibits 44-45.**  The Amended Complaint alleges that testimony provided by GRAIL Defendants Mr. Bishop and Dr. Ofman during the administrative law trial before the United States Federal Trade Commission (FTC) suggests that their challenged statements were false.  *E.g.*, ¶¶ 108 (alleging Mr. Bishop testified "he could not quantify how much sooner he expected [Galleri] to receive FDA approval with Illumina's assistance versus without"), 117 (alleging Dr. Ofman "admitted in the FTC proceeding" that a trial establishing Galleri's ability to detect more than 50 cancers "would take years").  The Amended Complaint discusses, references, or selectively quotes from these FTC proceedings dozens of times.  *E.g.*, ¶¶ 12-13, 82, 108, 117, 129-31, 141, 159, 338, 354, 377, 387, 393, 401, 404, 409, 418, 420, 422, 431, 450, 454, 465.  *See Khoja*, 899 F.3d at 1002-03 (document must be referenced "more than once" to be "extensively referenced"); *In*

*re Genius Brands Int'l, Inc. Sec. Litig.*, 763 F. Supp. 3d 1027, 1041 n.7 (C.D. Cal. 2025) (finding that complaint "extensively refers to" a document referenced in seven paragraphs). Because Mr. Bishop's and Dr. Ofman's FTC testimony forms the basis of Plaintiffs' claims and is referenced extensively, the Court may treat Exhibits 44-45 as incorporated by reference when deciding the Motion to Dismiss.

Incorporating by reference these trial transcripts is particularly important because Plaintiffs have engaged in the type of pleading that incorporation by reference is supposed to prevent: "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. For example:

- **Plaintiffs' Allegations Compared to Hans Bishop's Testimony:** Plaintiffs allege that GRAIL's then-CEO, Hans Bishop, misrepresented the potential benefits of an Illumina-GRAIL merger, including Illumina's ability to help GRAIL "achieve scale faster," Stmt. 10, and "garner access to GRAIL's test faster," Stmt. 17. *See also* Stmts. 7, 27 (similar challenged statements). To support the Amended Complaint, Plaintiffs selectively quote from portions of Mr. Bishop's FTC testimony. For example, Plaintiffs cite Mr. Bishop's testimony that he "could not quantify how much sooner he expected GRAIL to receive FDA approval with Illumina's assistance versus without." ¶¶ 108, 270. Mr. Bishop's full public testimony to the FTC (which Plaintiffs ignore in the Amended Complaint) confirms that Mr. Bishop *did* believe that the merger would "speed things up," just like he had told investors. *See* Ex. 44 at 1426:16-24 ("Q. And you can't quantify how much sooner you expect to receive PMA approval if you receive assistance from Illumina . . . ? A. All I can share with you is my earnest judgment that it will help, and there is a good probability that it will speed things up, but to your question, can I give you a precise quantification, I think that would be overly accurate.").

- **Plaintiffs' Allegations Compared to Dr. Joshua Ofman's Testimony:** Plaintiffs similarly challenge Dr. Ofman's statement that Galleri could "identify 50 different cancers." Stmt. 46. Again, Plaintiffs selectively quote from Dr. Ofman's FTC testimony to support their allegations. *See* ¶¶ 275-76. Dr. Ofman testified in the FTC proceedings that "to find all 50 cancers . . . in

a real-world population is going to require hundreds of thousands of people," and that the PATHFINDER clinical trial was "not designed" to test how many cancers Galleri could detect.  ¶¶ 275-76.  While Plaintiffs argue that this excerpt undermines Dr. Ofman's testimony, the next two questions and answers provide the full context and corroborate Dr. Ofman's public statements.  Ex. 45 at 3298:8-99:9 ("Q. So which of the trials or studies that GRAIL has conducted was designed to determine how many types of cancer Galleri could detect? A. Well, the CCGA study was, was designed that way. . . . Q.  And how many types of cancer did Galleri detect in the CCGA study? A.  Over 50 different cancer types.").

Plaintiffs cannot plead a valid claim by cherry-picking snippets of FTC testimony, and the Court should treat Exhibits 44-45 as incorporated by reference.  *Khoja*, 899 F.3d at 1002.

### B.    The Court May Take Judicial Notice of All Exhibits

Additionally, or in the alternative, the Court may take judicial notice of Exhibits 43-46, to "show what was available to the market," and not for the truth of any facts contained therein.  *Shenwick v. Twitter*, Inc., 282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017).

**Press Release, Exhibits 43.**  Courts routinely take judicial notice of public companies' press releases like Exhibit 43 where, as here, the GRAIL Defendants rely on them to show what information was available to the market.  *See Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *5 (C.D. Cal. Dec. 11, 2018) ("Courts in the Ninth Circuit routinely take judicial notice of press releases."), *aff'd*, 993 F.3d 1097 (9th Cir. 2021).

**FTC Trial Transcripts, Exhibits 44-45.**  The testimony Mr. Bishop and Dr. Ofman gave in the Illumina-GRAIL FTC proceedings is judicially noticeable because those transcripts are public records and their contents are not subject to reasonable dispute.  *See Archuleta v. Avcorp Composite Fabrication Inc.*, 2019 WL 1751830, at *2 (C.D. Cal. Feb. 5, 2019) (granting request for judicial notice: "transcripts of administrative hearings . . . are proper subjects for judicial notice").

**Peer-Reviewed Medical Journal Article, Exhibit 46.** The Court may also consider the peer-reviewed article "Clinical validation of a targeted methylation-based multi-cancer early detection test using an independent validation set," by Klein et al., published in the Annals of Oncology, and which is publicly available at https://www.annalsofoncology.org/article/S0923-7534(21)02046-9/fulltext. This article is subject to judicial notice because it "show[s] what was available to the market[]" during the class period. *Shenwick*, 282 F. Supp. 3d at 1123 (citations omitted). Courts routinely take judicial notice of articles published in medical journals, the contents of which are not subject to reasonable dispute. *E.g.*, *Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.*, 2014 WL 842951, at *3 (S.D. Cal. Mar. 4, 2014) (taking judicial notice of "two articles from separate medical journals"); *Q. M. v. Cnty. of Los Angeles*, 2025 WL 1148283, at *3 (C.D. Cal. Mar. 18, 2025) (courts may take judicial notice of "scholarly, peer reviewed work").

## IV.  CONCLUSION

For these reasons, the GRAIL Defendants respectfully request that the Court consider Exhibits 43-46 as they are incorporated by reference in the Amended Complaint or judicially noticeable.

Dated:  December 11, 2025

LATHAM & WATKINS LLP

By:  */s/ Meryn Grant*
      Meryn Grant
      *meryn.grant@lw.com*
      *Attorneys for Defendants GRAIL, LLC (n/k/a GRAIL, Inc.), Hans Bishop, Joshua J. Ofman, and Richard D. Klausner*