**APPENDIX A**
**PLAINTIFFS' RESPONSE TO DEFENDANTS' CHART OF CHALLENGED STATEMENTS**[1]

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | *False and Misleading Statements Concerning Illumina's Accounting for Grail* | | | |
| 1. | Form 10-Q (10/30/2020), Form 10-K (2/17/2021), Form 10-Q (4/28/2021), Form 10-Q (8/6/2021) The consolidated financial statements have been prepared in conformity with U.S. generally accepted accounting principles . . . . . . . We evaluate our ownership, contractual and other interests in entities that are not wholly-owned to determine if these entities are VIEs, and, if so, whether we are the primary beneficiary of the VIE. In determining whether we are the primary beneficiary of a VIE and therefore required to consolidate the VIE, we apply a qualitative approach that determines whether we have both (1) the power to direct the activities of the VIE that most significantly impact the VIE's economic performance and (2) the obligation to absorb losses of, or the rights to receive benefits from, the VIE that could potentially be significant to that VIE. We continuously perform this assessment, as changes to existing relationships or future transactions may result in the consolidation or deconsolidation of a VIE. | 468 | • Inactionable opinion (application of GAAP) | • Reasons for falsity. ¶¶328-44, 468, 470. *See* Opp. Section III.A.7. • Not opinion. *See* Opp. Section III.A.7. • *Omnicare* omissions. *See* Opp. Section III.A.7. |

[1] This chart reproduces Defendants' Chart of Challenged Statements (Appendix A, ECF No. 62-4) with some modifications, including an added column titled "Plaintiffs' Response." That column provides the relevant Complaint paragraphs identifying Defendants' false and misleading statements and the reasons why they are false and misleading, and then responds to Defendants' arguments about each statement. Plaintiffs have further modified Defendants' chart by restoring emphasis contained in the Complaint that, in addition to the paragraphs explaining the basis for falsity, assists the reader in identifying the elements of the statements that are challenged. Plaintiffs respectfully submit that the Complaint provides a far better format to assess Plaintiffs' allegations, and is the only pleading properly considered on this motion.

[2] "¶" refers to Plaintiffs' Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("SAC"). ECF No. 81.

1

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | . . .<br>One of our investments, GRAIL, is a VIE for which we have concluded that we are not the primary beneficiary, and therefore, we do not consolidate GRAIL in our consolidated financial statements. | | | |
| 2. | Form 10-Q (10/30/2020), Form 10-K (2/17/2021), Form 10-Q (4/28/2021), Form 10-Q (8/6/2021)<br>Each quarterly or annual report "fairly presents, in all material respects, the financial condition and results of the operations of the Company." | 469 | • Inactionable opinion (application of GAAP) | • Reasons for falsity. ¶¶328-44, 469-70. *See* Opp. Section III.A.7.<br><br>• Not opinion. *See* Opp. Section III.A.7.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.7. |
| | *False and Misleading Statements Concerning GRAIL Financial Valuations* | | | |
| 3. | Form S-4 (11/25/2020)<br> | 367 | • Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity)<br><br>• Pure omission (no duty disclose additional projections) | • Reasons for falsity. ¶¶75-94, 367-72. *See* Opp. Section III.A.1.<br><br>• Not pure omission. *See* Opp. Section III.A.1.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.1, III.B.1. |
| 4. | Form S-4 (11/25/2020) | 368 | • Protected forward-looking statement (meaningful | • Reasons for falsity. ¶¶75-94, 367-72. *See* Opp. Section III.A.1. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | Forecast Scenario — Equity Value Range ($ in millions)<br>Case A: $11,150–$17,450<br>Case B: $28,200–$43,950 | | cautionary language; no actual knowledge of falsity)<br><br>• Pure omission (no duty disclose additional projections) | • Not pure omission. *See* Opp. Section III.A.1.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.1, III.B.1. |
| 5. | Form S-4 (11/25/2020)<br><br>Illumina stated that these projections and valuations "were based on estimates, assumptions and judgments made by GRAIL management."<br><br>Illumina further stated that these projections and valuations "were prepared on a reasonable basis, reflected the best currently available estimates and judgments at the time of preparation, and presented as of the time of preparation, to the best of GRAIL management's knowledge and belief, the reasonable projections of the future financial performance of GRAIL," were "prepared utilizing GRAIL's historical internal forecast approach," and subject to judgments and assumptions "considered reasonably by GRAIL management as of the date of their use in preparing the GRAIL Forecasts."<br><br>For Case A and Case B, those assumptions included "growth in the number of health systems and employers offering GRAIL's products, that new products such as DAC and MRD would be successfully launched and that ***broad reimbursement would be achieved in calendar 2025***, which management forecasted would significantly increase the acceptance of GRAIL's product." | 369 | • Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity)<br><br>• Pure omission (no duty disclose additional projections) | • Reasons for falsity. ¶¶75-94, 367-72. *See* Opp. Section III.A.1.<br><br>• Not pure omission. *See* Opp. Section III.A.1.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.1, III.B.1. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | For Case B, the forecasts assumed "broader acceptance of GRAIL's products across health systems, employers and more significant coverage after broad reimbursement is achieved." | | | |
| | *False and Misleading Statements Concerning Illumina's Ability to "Accelerate" Galleri's Adoption and "Save Lives"* | | | |
| 6. | Press Release (9/21/2020) <br><br> [GRAIL] merger would "Accelerate[] Adoption of NGS-Based Early Multi-Cancer Detection Test to Reach More Patients Faster" by "levera[ging] its global scale, manufacturing and clinical capabilities to support GRAIL's commercialization efforts[.]" | 346; 352 | • Puffery ("Accelerate adoption"; "reach more patients faster"; "drive significant growth") <br><br> • Inactionable opinion <br><br> • Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 346, 350-54. *See* Opp. Section III.A.2. <br><br> • Not puffery. *See* Opp. Section III.A.2. <br><br> • Not opinion. *See* Opp. Section III.A.2. <br><br> • *Omnicare* omission. *See* Opp. Section III.A.2. <br><br> • Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 7. | Press Release (9/21/2020) <br><br> **Bishop**: Combining forces with Illumina enables broader and faster adoption of GRAIL's innovative, multi-cancer early detection blood test, enhancing patient access and expanding global reach. | 346 | • *See* GRAIL Defendants' Motion to Dismiss. | • Reasons for falsity. *See* ¶¶95-110, 346, 350-51; Opp. Section III.A.2. |
| 8. | Conference Call (9/21/2020) <br><br> **deSouza**: Now as they stand poised to bring products to market in 2021, we believe this is the right time to bring the GRAIL team into Illumina so that we can help to commercialize and accelerate adoption....[T]he reason to acquire them is because we have very | 347 | • Puffery ("accelerate adoption"; "very clear line of sight"; "accelerate the plan") <br><br> • Inactionable opinion | • Reasons for falsity. ¶¶95-110, 347, 350-51. *See* Opp. Section III.A.2. <br><br> • Not puffery. *See* Opp. Section III.A.2. |

4

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | clear line of sight into how we can accelerate the plan that they are on today. And we can only do that when they're part of Illumina. | | • Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Not opinion. *See* Opp. Section III.A.2.<br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 9. | Conference Call (9/21/2020)<br><br>**deSouza:** [W]e've also built the regulatory capabilities, the market access capabilities, in-country surveillance capabilities to support clinical offerings around the world. . . . So those are some of the clinical capabilities, but frankly, we spent the last five-plus years building that GRAIL plugs into immediately. | 348 | • Inactionable opinion | • Reasons for falsity. ¶¶95-110, 348, 350-51. *See* Opp. Section III.A.2.<br>• Not opinion. *See* Opp. Section III.A.2.<br>• *Omnicare* omissions. *See* Opp. Section III.A.2. |
| 10. | Conference Call (9/21/2020)<br><br>**Bishop**: [B]y joining forces with Illumina, we'll achieve scale faster preventing more late-stage cancer diagnosis....With Illumina's international footprint and expertise across market access, regulatory, government affairs and manufacturing, we'll accelerate our ability to realize our mission and goals of improved patient outcomes. | 349 | • *See* GRAIL Defendants' Motion to Dismiss. | • *See* ¶¶95-110, 349-51; Opp. Section III.A.2. |
| 11. | Cowen's Liquid Biopsy Summit (9/24/2020)<br><br>**deSouza**: And so we started looking at it more seriously. And with GRAIL getting to commercialize its products next year, we realized that ***we could really accelerate the development of this market if we acquired GRAIL now***. And so, that's sort of the why | 355 | • Puffery ("really accelerate"; "accelerate the development")<br><br>• Inactionable opinion | • Reasons for falsity. ¶¶95-110, 355-57. *See* Opp. Section III.A.2.<br>• Not puffery. *See* Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | now. ***They have a product. It's demonstrated that the binary risk is largely retired, and that if we get involved now, we can accelerate the development of what's going to be the largest genomic application we've ever seen***. | | • Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Not opinion.  *See* Opp. Section III.A.2.<br><br>• *Omnicare* omissions.  *See* Opp. Section III.A.2.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge).  *See* Opp. Sections III.A.2, III.B.1. |
| 12. | Cowen's Liquid Biopsy Summit (9/24/2020)<br><br>**deSouza**: So over the last eight years, we've been building out our clinical capabilities to build on our strength in the research markets. . . . From selling clinical products – we do have a clinical sales team, Doug – but also manufacturing, regulatory, reimbursement, clinical labs, clinical sales and marketing. | 358 | • Inactionable opinion | • Reasons for falsity.  ¶¶95-110, 358-59. *See* Opp. Section III.A.2.<br><br>• Not opinion.  *See* Opp. Section III.A.2.<br><br>• *Omnicare* omissions.  *See* Opp. Section III.A.2. |
| 13. | Cowen's Liquid Biopsy Summit (9/24/2020)<br><br>**deSouza**: Illumina's "financial analysis" of GRAIL embedded "conservative assumptions" which demonstrated that "owning GRAIL" was "significantly value-accretive to Illumina shareholders." | 360 | • Puffery ("conservative assumptions"; "significantly value-accretive")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity.  ¶¶95-110, 360-62. *See* Opp. Section III.A.2.<br><br>• Not puffery.  *See* Opp. Section III.A.2.<br><br>• Not opinion.  *See* Opp. Section III.A.2.<br><br>• *Omnicare* omissions.  *See* Opp. Section III.A.2.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge).  *See* Opp. Sections III.A.2, III.B.1. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 14. | Form S-4 (11/25/2020)<br><br>GRAIL transaction "would result in various benefits, including, among other things, operating efficiencies, synergies and cost savings." | 373 | • Puffery ("result in various benefits"; "operating efficiencies"; "synergies and cost savings")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 373-74. *See* Opp. Section III.A.2.<br><br>• Not puffery. *See* Opp. Section III.A.2.<br><br>• Not opinion. *See* Opp. Section III.A.2.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 15. | SVB Leerink Global Healthcare Conference (2/25/2021)<br><br>**Samad: *I think there are a lot of synergies that we have with Illumina, whether it's market access, regulatory, just clinical capability.*** We are one of the largest companies in terms of – in genomics, probably one of the largest companies in clinical. ***And so we bring a lot of expertise and knowhow and knowledge with our workforce that can – that we can bring to bear on the GRAIL acquisition.*** Then you have also synergies with regards to population genomics initiatives.<br><br>I mean we have teams that work with governments in terms of population genomics initiatives. And so, to the extent that there are population health – early cancer screening population health studies or initiatives, ***there's a lot of synergies that can be brought to bear with Illumina as well.*** | 375 | • Puffery ("a lot of synergies"; "we bring a lot of expertise"; "a lot of synergies that can be brought to bear")<br><br>• Inactionable opinion | • Reasons for falsity. ¶¶95-110, 375-76. *See* Opp. Section III.A.2.<br><br>• Not puffery. *See* Opp. Section III.A.2.<br><br>• Not opinion. *See* Opp. Section III.A.2.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 16. | Press Release (3/30/2021)<br><br>In reuniting the two organizations [Illumina and GRAIL], *Illumina will leverage its global scale of manufacturing and clinical capabilities, as well as its global regulatory and reimbursement expertise, to bring early-stage, multi-cancer testing to patients more quickly and more affordably, resulting in more lives being saved*.<br><br>Illumina will pursue its right to proceed with the transaction, *the impact of which would accelerate the adoption of a breakthrough multi-cancer early detection blood test*. | 380 | • Puffery ("more quickly"; "more affordably"; "more lives being saved"; "accelerate")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 134-42, 380, 382-84. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 17. | Press Release (3/30/2021)<br><br>**Bishop**: *Combining GRAIL's innovative multi-cancer early detection test with Illumina's experience and scale will enable more patients in both the United States and worldwide to garner access to GRAIL's test faster.* | 381 | • *See* GRAIL Defendants' Motion to Dismiss. | • Reasons for falsity. ¶¶95-110, 381-84. *See* Opp. Section III.A.2. |
| 18. | *GenomeWeb* Article (4/2/2021)<br><br>**Aravanis**: *In fact, delaying the acquisition may already, over time, have resulted in potential lives lost*. | 385 | • Puffery ("potential lives lost")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 134-42, 385-86. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Sections III.A.2, III.A.4. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | • <u>Not protected forward-looking statement</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 19. | <u>CNBC Interview (4/6/2021)</u><br><br>**deSouza**: *By doing this acquisition we can accelerate patient access to [the Galleri] test and also drive accelerated reimbursement*. | 387 | • <u>Puffery</u> ("accelerate"; "accelerated")<br><br>• <u>Inactionable opinion</u><br><br>• <u>Protected forward-looking statement</u> (no actual knowledge of falsity) | • <u>Reasons for falsity</u>. ¶¶95-110, 387-88. *See* Opp. Section III.A.2.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.2.<br><br>• *Omnicare* <u>omissions</u>. *See* Opp. Section III.A.2.<br><br>• <u>Not protected forward-looking statement</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 20. | <u>SVB Report (4/6/2021)</u><br><br>**Aravanis & Febbo**: SVB reporting that the two members of senior management "emphasized the importance of bringing early cancer detection technology to the market as soon as possible to save lives," that launching Galleri as an LDT would generate "robust 'real world' clinical data which can be used in future FDA submissions," and that the "current plan is for GRAIL to submit a single-site PMA for approval in 2023 with a dossier of clinical evidence including STRIVE, PATHFINDER, CCGA, SUMMIT, and real-world data from early commercialization efforts." | 389 | • <u>Puffery</u> ("save lives")<br><br>• <u>Inactionable opinion</u><br><br>• <u>Protected forward-looking statement</u> (no actual knowledge of falsity) | • <u>Reasons for falsity</u>. ¶¶111-42, 389-91. *See* Opp. Sections III.A.3, III.A.4.<br><br>• <u>Not puffery</u>. *See* Opp. Sections III.A.3, III.A.4.<br><br>• <u>Not opinion</u>. *See* Opp. Sections III.A.3, III.A.4.<br><br>• *Omnicare* <u>omissions</u>. *See* Opp. Sections III.A.3, III.A.4.<br><br>• <u>Not protected forward-looking statement</u> (present/historical, no |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.A.4, III.B.1. |
| 21. | Press Release (4/20/2021)<br><br>**deSouza**: *Reuniting GRAIL and Illumina will allow us to bring GRAIL's breakthrough early detection multi-cancer test to patients across the world faster and consequently save lives*. | 392 | • Puffery ("faster"; "save lives")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 134-42, 392-94. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2, III.A.4.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.A.4., III.B.1. |
| 22. | Wall Street Journal (5/6/2021)<br><br>**deSouza**: The Federal Trade Commission is jeopardizing our chance to save more lives from cancer....We announced last year our intent to reunite with GRAIL to make this cancer-screening test widely available, accessible and affordable, accelerating the test's broad adoption and saving tens of thousands of lives. | 395 | • Puffery ("widely available, accessible and affordable"; "accelerating...broad adoption"; "save more lives")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 134-42, 395-97. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2, III.A.4.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 23. | Press Release (7/22/2021)<br><br>**deSouza**: When people have access to early cancer detection, lives will be saved. If this acquisition does not proceed, GRAIL's European roll-out will be slower and the cost will be measured in the unnecessary loss of life. ***Re-uniting GRAIL with Illumina will accelerate availability of the GRAIL test by many years in the [European Economic Area] and globally, saving tens of thousands of lives, and leading to significant health care cost savings***. | 398 | • Puffery ("lives will be saved"; "accelerate availability"; "significant health care cost savings")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 134-42, 398-400. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2, III.A.4.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 24. | Earnings Call (8/5/2021)<br><br>**deSouza**: So the way the timing is going to work is the deal contact lasts till December 20. . . . And so at this point, we're not yet at the stage where the clock has run out. And at this stage, we are committed to working through this period to get this to a conclusion. . . .*We continue to believe that this deal will result in the savings of tens of thousands of lives that would not be saved if we didn't buy GRAIL, simply because we can accelerate the business*. So to answer the question, *we are committed to working through this deal*. | 403 | • Puffery ("saving of tens of thousands of lives"; "accelerate")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement  (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 134-42, 169-179, 403-06. *See* Opp. Sections III.A.2, III.A.4, III.A.6.<br><br>• Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2, III.A.4.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 25. | Press Release (8/18/2021)<br><br>Illumina's acquisition of GRAIL will accelerate access an adoption of this life-saving test worldwide. | 407 | • Puffery ("accelerate access and adoption"; "life-saving test")<br><br>• Inactionable opinion<br><br>• Protected forward- looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 134-42, 407, 411-13. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2, III.A.4.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 26. | Press Release (8/18/2021)<br><br>***The deal will save lives***. Cancer kills around 10 million people annually worldwide and 600,000 people in the US alone. Cancers responsible for nearly 71% of cancer deaths have no recommended early detection screening, and most cancers are detected when chances of survival are lower. Illumina feels there is a moral obligation to have the deal decided by a thoughtful and full review by the EU regulators and the US courts. ***This can only be done if Illumina acquires GRAIL now***. Otherwise, the company is locked into a situation where the deal terms will expire before there is a chance for full review; the clock will just run out.<br><br>Right now, the Galleri test is available but costs $950 because it is not covered by insurance. ***Reuniting the two companies is the*** | 408 | • Puffery ("save lives"; "fastest way"; "broadly available and affordable")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 134-42, 408, 411-13. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2, III.A.4.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | *fastest way to make the test broadly available and affordable.* Illumina's expertise in market development and access has resulted in coverage of genomic testing for over 1 billion people around the world already. This experience will help lead to coverage and reimbursement for the Galleri test. | | | knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 27. | Press Release (8/18/2021)<br><br>**Bishop**: *The merger with Illumina will get the Galleri test to people far faster . . . . A one-year acceleration of access to the Galleri test for the US population has the potential to save 10,000 lives over a 9-year period.* | 409 | • *See* GRAIL Defendants' Motion to Dismiss. | • *See* ¶¶95-110, 134-42, 409, 411-13; Opp. Sections III.A.2, III.A.4. |
| 28. | Conference Call (8/18/2021)<br><br>**deSouza**: The stakes here are high, because simply put, *this deal saves lives*, and we feel a moral obligation to ensure that the deal has a full review....*[W]ith Illumina's acceleration, the Galleri test can conservatively save 10,000 additional lives in the U.S. and additional lives in the E.U. over the next nine years*. | 410 | • Puffery ("saves lives"; "acceleration")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 134-42, 410-13. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2, III.A.4.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 29. | Masters of Scale Interview (8/19/2021)<br><br>**deSouza**: What we want to do is bring the GRAIL test to market as fast as possible to people around the U.S. and around the world. GRAIL has a terrific technology, and Illumina, we have the | 414 | • Puffery ("as fast as possible"; "dramatically accelerate"; "lives it could save") | • Reasons for falsity. ¶¶95-110, 134-42, 414-15. *See* Opp. Sections III.A.2, III.A.4. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | commercial presence in over 140 countries around the world. *We have the teams that can work on reimbursement and regulatory approval, and so we can dramatically accelerate getting this test into the hands of people whose lives it could save*. | | • Inactionable opinion<br><br>• Protected forward-looking statement (no actual knowledge of falsity) | • Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2, III.A.4.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 30. | Morgan Stanley Global Healthcare Conference (9/13/2021)<br><br>**deSouza**: In addition to the considerations around shareholder value and making sure we're doing the move that long term maximizes shareholder value, we also felt a moral obligation to close the deal because the – potentially life savings, the savings life associated with doing this deal are so substantial. *By accelerating GRAIL in terms of its global distribution and the accessibility of the tests globally, we will save many thousands of lives by getting this test into the hands of more people and making it more affordable than GRAIL would do on their own.* And so, there was a moral element here, too, by saying in addition to creating long-term shareholder value, we have an obligation to have this deal reviewed and get to a decision because of the life-saving potential of doing this deal. And so all those considerations came together and that's how we made the decision. | 416 | • Puffery ("shareholder value"; "potentially life savings"; "savings life"; "accelerating"; "life-saving potential")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶95-110, 134-42, 416-18. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not puffery. *See* Opp. Sections III.A.2, III.A.4.<br><br>• Not opinion. *See* Opp. Sections III.A.2, III.A.4.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2, III.A.4.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 31. | Morgan Stanley Global Healthcare Conference (9/13/2021)<br><br>**deSouza**: And so *we have deep expertise and so we can accelerate reimbursement for the GRAIL test around the* | 419 | • Puffery ("deep expertise"; "accelerate"; "lives that can be saved"; "deep regulatory | • Reasons for falsity. ¶¶95-110, 134-42, 419-21. *See* Opp. Sections III.A.2, III.A.4. |

| # | Statements in Defendants' Appendix A | ¶² | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | *world*, and that has very dramatic implications on the revenue ramp and the number of lives that can be saved. ***So that's market access. We also have deep regulatory expertise.*** Illumina has cleared products in dozens of countries around the world. ***And so we can accelerate getting GRAIL cleared in countries around the world.*** Next, ***there are operational synergies.*** We can scale up their lab infrastructure. . . . Our tests have run at this capacity to run to millions of tests a year. That means we have the real estate, the facilities, we have the equipment, we have the trained lab personnel, and ***we can scale up GRAIL's production lab capabilities very dramatically very quickly***. | | expertise"; "synergies"; "very dramatically very quickly") <br>• <u>Inactionable opinion</u> <br>• <u>Protected forward- looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | • <u>Not puffery</u>. *See* Opp. Sections III.A.2, III.A.4. <br>• <u>Not opinion</u>. *See* Opp. Sections III.A.2, III.A.4. <br>• *<u>Omnicare</u> omissions*. *See* Opp. Section III.A.2, III.A.4. <br>• <u>Not protected forward-looking statement</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 32. | Medtech Insight Interview (2/28/2022) <br><br>**Febbo**: We feel very strongly *that this acquisition will speed the test [Galleri] to market and make it more accessible more broadly, more quickly, and save lives*. | 425 | • <u>Puffery</u> ("speed the test"; "more accessible, more broadly, more quickly, and save lives") <br>• <u>Inactionable opinion</u> <br>• <u>Protected forward-looking statement</u> (no actual knowledge of falsity) | • <u>Reasons for falsity</u>. ¶¶95-110, 134-42, 425-26. *See* Opp. Sections III.A.2, III.A.4. <br>• <u>Not puffery</u>. *See* Opp. Sections III.A.2, III.A.4. <br>• <u>Not opinion</u>. *See* Opp. Sections III.A.2, III.A.4. <br>• *<u>Omnicare</u> omissions*. *See* Opp. Section III.A.2, III.A.4. <br>• <u>Not protected forward-looking statement</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.A.4, III.B.1. |
| 33. | Harry Glorikian Show Interview (11/8/2022) | 438 | • <u>Puffery</u> ("bring this test globally") <br>• <u>Inactionable opinion</u> | • <u>Reasons for falsity</u>. ¶¶95-110, 438-39. *See* Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶² | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | **Febbo**: *So we have incredible commercial kind of— commercial capability, support capability, regulatory capability and reimbursement experience* to help bring this test globally. | | • Protected forward-looking statement (no actual knowledge of falsity) | • <u>Not puffery</u>. *See* Opp. Section III.A.2.<br>• <u>Not opinion</u>. *See* Opp. Sections III.A.2.<br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br>• <u>Not protected forward-looking</u> statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 34. | CNBC Interview (1/19/2023)<br><br>**deSouza**: I think the GRAIL test is very important in terms of the impact it's going to have. *Illumina can really accelerate GRAIL.* So it's a startup. Again, we founded it, go through the trials, we had to raise more money and then we bought it back. GRAIL, on its own, we'll make a difference, but with Illumina, we can make the test available much more broadly than this startup could on its own...*So what we want to do is make that test available more broadly, more affordably, more quickly than [GRAIL] could on its own*. | 444 | • <u>Puffery</u> ("very important"; "really accelerate"; "more broadly, more affordably, more quickly")<br>• <u>Inactionable opinion</u><br>• Protected forward-looking statement (no actual knowledge of falsity) | • <u>Reasons for falsity</u>. ¶¶95-110, 444-45. *See* Opp. Section III.A.2.<br>• <u>Not puffery</u>. *See* Opp. Section III.A.2.<br>• <u>Not opinion</u>. *See* Opp. Sections III.A.2.<br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br>• <u>Not protected forward-looking</u> statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 35. | CNBC Interview (4/26/2023)<br><br>**deSouza**: This one does and so, you know, the first 12-month revenue ramp for GRAIL has been the first test of any cancer screening test in history. . . . The reason why we think it makes sense at Illumina is that *we can accelerate bringing this test to* | 457 | • <u>Puffery</u> ("accelerate"; "more quickly")<br>• <u>Inactionable opinion</u> | • <u>Reasons for falsity</u>. ¶¶95-110, 457, 460-61. *See* Opp. Section III.A.2. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | *more people, more quickly, more affordably than GRAIL can do on their own*. . . . we have teams that are experts in bringing reimbursements for tests. *And so what we can do is make this test more available to people who can't afford the $950 test and roll it out more quickly*. | | • Protected forward-looking statement (no actual knowledge of falsity) | • Not puffery. *See* Opp. Section III.A.2.<br><br>• Not opinion. *See* Opp. Sections III.A.2.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |
| 36. | FOX Business Interview (4/26/2023)<br><br>**deSouza**: *We also have the opportunity at Illumina to significantly accelerate the ramp of GRAIL*. . . . We at Illumina can accelerate that ramp because GRAIL has only plans to roll it out, the test out in the U.S. and the U.K. until 2030. We operate in 150 countries. I have talked personally to ministers of health that have expressed interest in rolling this test out in Europe, in Asia, in the Middle East, *so we can accelerate this test and create significant shareholder value in doing this*. | 459 | • Puffery ("significantly accelerate"; "accelerate")<br><br>• Inactionable opinion<br><br>• Protected forward-looking statement (no actual knowledge of falsity) | • Reasons for falsity ¶¶95-110, 459, 460-61. *See* Opp. Section III.A.2.<br><br>• Not puffery. *See* Opp. Section III.A.2.<br><br>• Not opinion. *See* Opp. Sections III.A.2.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.2.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.2, III.B.1. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | *False and Misleading Statements Concerning Calleri's Ability to Detect 50 Cancers, the Clinical Evidence of Galleri's Effectiveness, and Its Prospects for FDA Approval* | | | |
| 37. | <u>Press Release and Conference Call (9/21/2020)</u><br><br>**deSouza:** "***The exceptional progress in developing the technology and clinical data required to launch [Galleri]***," telling investors that "***the results [GRAIL is] demonstrating from their large-scale clinical studies have put to bed a lot of the questions that we had***" and that, therefore, GRAIL's "***value has been demonstrated***." | 352 | • <u>Reason for falsity disconnected from statement</u> (no statement that clinical studies would secure FDA approval)<br><br>• <u>Inactionable opinion</u> (interpretation of clinical trial results)<br><br>• <u>Puffery</u> ("exceptional progress"; "value has been demonstrated") | • <u>Reasons for falsity connected to statement</u> (failed to disclose FDA rejected studies as insufficient). ¶¶111-33, 352-54. *See* Opp. Section III.A.3.<br><br>• <u>Facts to support reason for falsity</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.3.<br><br>• *Omnicare* <u>omissions</u>. *See* Opp. Section III.A.3. |
| 38. | <u>Cowen's Liquid Biopsy Summit (9/24/2020)</u><br><br>**deSouza**: So let's talk about the why now question. And we really do believe that we're in an inflection point in the early detection of cancer market and we're in a place where the binary risk about will the product work or not is largely behind us...[I]t was really in the last year, through the data that GRAIL started to publish from its large-scale clinical studies at ASCO, at ESMO, the peer-reviewed journal that they published earlier this year that gave us comfort to realize, well, ***I think they've cracked the code. Their technology works, it's been tested in very large numbers, and the data has been peer-reviewed. And so there will be a product that works, and the GRAIL team is ahead***. So that made us start to shift our thinking to say we've identified, A, that the binary risk seems to be behind us now, that there is a product that meets the | 355 | • <u>Reason for falsity disconnected from statement</u> (no statement that clinical studies would secure FDA approval)<br><br>• <u>Inactionable opinion</u> (interpretation of clinical trial results)<br><br>• <u>Puffery</u> ("cracked the code"; [t]heir technology works")<br><br>• <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity) | • <u>Reasons for falsity connected to statement</u> (failed to disclose FDA rejected studies as insufficient). ¶¶111-33, 355-57. *See* Opp. Section III.A.3.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not opinion</u>. *See* Opp. Section III.A.3.<br><br>• *Omnicare* <u>omissions</u>. *See* Opp. Section III.A.3.<br><br>• <u>Not protected forward-looking statement</u> (present/historical, no |

18

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | characteristics that would be successful. And then, two, that GRAIL has the right approach and it's differentiated. | | | cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |
| 39. | Cowen & Co. Health Care Conference (3/2/2021)<br><br>**deSouza**: [W]e don't believe additional studies are necessary for Galleri to be successful.  . . .  And so, we don't think that any studies are essential from a performance perspective but also from a launch perspective.<br><br>. . .<br><br>[GRAIL's] intent is to do ***an FDA submission in 2023 and then pursue broader reimbursement from CMS and private payers. And to do that, what they'll look to do is continue to amass the body of evidence that shows both the clinical utility as well as the economic value of rolling out Galleri.*** | 377 | • Reason for falsity disconnected from statement (no statement that clinical studies would secure FDA approval)<br><br>• Inactionable opinion (interpretation of clinical trial results)<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient). ¶¶111-33, 377-78. *See* Opp. Section III.A.3.<br><br>• Not opinion. *See* Opp. Section III.A.3.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.3.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |
| 40. | SVB Report (4/6/2021)<br><br>**Aravanis & Febbo**: SVB reporting that the two members of senior management "emphasized the importance of bringing early cancer detection technology to the market as soon as possible to save lives," that launching Galleri as an LDT would generate "robust 'real world' clinical data which can be used in future FDA submissions," and that the "current plan is for GRAIL to submit a single-site PMA for approval in 2023 with a dossier of clinical evidence including STRIVE, PATHFINDER, CCGA, SUMMIT, and real-world data from early commercialization efforts." | 389 | • Reason for falsity disconnected from statement (no statement that clinical studies would secure FDA approval)<br><br>• Puffery ("robust 'real world' clinical data")<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient). ¶¶111-33, 389-91. *See* Opp. Section III.A.3.<br><br>• Not puffery. *See* Opp. Section III.A.3.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 41. | Press Release (8/18/2021)<br><br>GRAIL's Galleri blood test detects 50 different cancers before they are symptomatic. | 407 | • See GRAIL Defendants' Motion to Dismiss | • *See* ¶¶111-33, 407, 411; Opp. Section III.A.3. |
| 42. | Earnings Call (5/5/2022)<br><br>**deSouza:** The team has continued to make progress in terms of engaging with the FDA, there's sort of no new timelines to be announced. ***I don't think the size of the study is going to be the problem.*** I think it will just take time. ***I think they've powered the studies they need sufficiently and the dialogues have been constructive with the FDA.*** | 436 | • Reason for falsity disconnected from statement (no statement that clinical studies would secure FDA approval)<br><br>• Inactionable opinion (interpretation of clinical trial results)<br><br>• Puffery ("continued to make progress"; "dialogues have been constructive")<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient). ¶¶111-33, 436-37. *See* Opp. Section III.A.3.<br><br>• Not puffery. *See* Opp. Section III.A.3.<br><br>• Not opinion. *See* Opp. Section III.A.3.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.3.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |
| 43. | Evercore ISI HealthCONx Conference (11/29/2022)<br><br>**Aravanis**: So, *it'll be an exciting piece of clinical evidence for GRAIL*, not just in the U.K., but also in the U.S., right? So, *you can imagine how useful that will be if successful in adoption, in just – in discussions with regulators about approval and so on*. | 440 | • No facts to support reason for falsity<br><br>• Puffery ("exciting piece")<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Facts to support reason for falsity. ¶¶111-33, 440-41. *See* Opp. Section III.A.3.<br><br>• Not puffery. *See* Opp. Section III.A.3.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 44. | JPMorgan Healthcare Conference (1/9/2023)<br><br>**deSouza**: *GRAIL is making progress towards reimbursement*, with 300,000 participants across multiple studies *and a final FDA submission expected in 2024/2025*.<br><br>The "exciting momentum" from these studies had "translate[d] into an expected GRAIL revenue CAGR of 60% to 90% over the next five years." | 442 | • Reason for falsity disconnected from statement (no statement that clinical studies would secure FDA approval)<br><br>• Puffery ("making progress"; "exciting momentum")<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient). ¶¶111-33, 442-43. *See* Opp. Section III.A.3.<br><br>• Not puffery. *See* Opp. Section III.A.3.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |
| 45. | Earnings Call (2/7/2023)<br><br>**deSouza**: GRAIL had "*been working . . . with the FDA for a number of years on designing the studies that will be part of the ultimate submission*," and was "*making good progress*."<br><br>GRAIL had "*been talking to the FDA about submitting data from the NHS trial as part of the FDA submission*. Now that's really powerful because that's a very large trial. *And so that continues to add to the bolus of evidence that GRAIL was able to get and submit into the FDA*."<br><br>Illumina was "*starting to see the benefits of that good working relationship between GRAIL and the FDA*." | 446 | • No facts to support reason for falsity<br><br>• Reason for falsity disconnected from statement (no statement that clinical studies would secure FDA approval)<br><br>• Puffery ("making good progress"; "powerful"; "good working relationship")<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Facts to support reasons for falsity. *See* ¶¶111-33, 446-47. *See* Opp. Section III.A.3.<br><br>• Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient). ¶¶111-33, 446-47. *See* Opp. Section III.A.3.<br><br>• Not puffery. *See* Opp. Section III.A.3.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.3, III.B.1. |
| 46. | Video Presentation (3/28/2023)<br><br>**Josh Ofman**: Our Galleri multi-detection test can *identify 50 different cancers with a single blood draw*. And we can do that | 448 | • *See* GRAIL Defendants' Motion to Dismiss. | • *See* ¶¶111-33, 448-49; Opp. Section III.A.3. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | with a very low false positive rate, and a very high accuracy to predict in the body any cancer signal is found, and that ***allows physicians to make an efficient and rapid diagnosis***. | | | |
| 47. | Bloomberg TV Interview (4/26/2023)<br><br>**deSouza:** [The Galleri test] is a ***proven technology***. *There are **large studies that show the efficacy of GRAIL as well as the performance metrics around GRAIL***. | 458 | • Reason for falsity disconnected from statement (no statement that clinical studies would secure FDA approval)<br><br>• No facts to support reason for falsity<br><br>• Inactionable opinion (interpretation of clinical trial results) | • Reasons for falsity connected to statement (failed to disclose FDA rejected studies as insufficient). ¶¶111-33, 458, 460-61. *See* Opp. Section III.A.3.<br><br>• Facts to support reasons for falsity. *See* Opp. Section III.A.3.<br><br>• Not opinion. *See* Opp. Section III.A.3.<br><br>• *Omnicare* omissions. *See* Opp. Section III.A.3. |
| | ***False and Misleading Statements about GRAIL's Revenue Guidance*** | | | |
| 48. | JPMorgan Healthcare Conference (1/10/2022)<br><br>**deSouza:** *GRAIL expects strong revenue in the range of $70 to $90 million as their Galleri test gains traction.* | 422 | • Puffery ("gains traction")<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity)<br><br>• No facts to support reason for falsity | • Facts to support reasons for falsity ¶¶143-53, 422, 424. *See* Opp. Section III.A.5.<br><br>• Not puffery. *See* Opp. Section III.A.5.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.5, III.B.1. |
| 49. | JPMorgan Healthcare Conference (1/10/2022)<br><br>Ofman: We've been very encouraged by the positive reception to the value proposition of Galleri, particularly by payers. . .We've also been pleasantly encouraged by the reception by commercial | 423 | • *See* GRAIL Defendants' Motion to Dismiss. | • *See* ¶¶143-53, 423-44; Opp. Section III.A.5. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | payers and large self-insured employers who, as you know, are also payers. | | | |
| 50. | Earnings Call (2/10/2022)<br><br>**deSouza**: GRAIL was "seeing traction, as we've said, with employers."<br><br>It's great to see the initial market reception, with multiple large employers and payers adopting Galleri. | 427 | • Puffery ("seeing traction"; "great to see the initial market reception")<br><br>• No facts to support reason for falsity | • Facts to support reasons for falsity. ¶¶143-53, 427, 429. *See* Opp. Section III.A.5.<br><br>• Not puffery. *See* Opp. Section III.A.5. |
| 51. | SVB Leerink Annual Global Healthcare Conference (2/17/2022)<br><br>Samad: That $70 [million] to $90 [million] is concentrated on the Galleri side with health systems; with, to some extent, self insured employers; concierge medicine; but it's really health systems . . . So, that's the expectation of where these revenues are going to come from.<br><br>[W]here the revenues are coming from are the eight health systems that they've signed up, the partnerships that they've signed up, including with some banner health systems in cancer like the Mayo Clinic, the Cleveland Clinic, and more to come. | 428 | • Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity)<br><br>• No facts to support reason for falsity | • Facts to support reasons for falsity. ¶¶143-53, 428-29. *See* Opp. Section III.A.5.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.5, III.B.1. |
| 52. | Citi Research Healthcare Conference (2/24/2022)<br><br>Samad: We have a high degree of confidence in the guide. … So, we have good confidence around the guide that they are giving. | 430 | • Puffery ("high degree of confidence in the guide"; "good confidence around the guide")<br><br>• Protected forward-looking statement (meaningful cautionary language; no actual knowledge of falsity) | • Reasons for falsity. ¶¶143-53, 430-31. *See* Opp. Section III.A.5.<br><br>• Not puffery. *See* Opp. Section III.A.5.<br><br>• Not protected forward-looking statement (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.5, III.B.1. |
| 53. | Cowen & Co. Healthcare Conference (3/7/2022) | 432 | • Puffery ("seeing good traction") | • Reasons for falsity. ¶¶143-53, 432-33. *See* Opp. Section III.A.5. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | deSouza: They are seeing good traction in each of the segments that they talked about. | | | • <u>Not puffery</u>. *See* Opp. Section III.A.5. |
| 54. | <u>Earnings Call (5/5/2022)</u><br><br>deSouza: So if we look at the traction that they got in Q1, not just the $10 million in revenue but if you look at the traction they have made also with increasing the number of prescribing physicians to 2,400, ***increasing the number of partners across health systems, employers and insurers and up to 34, they continue to be on track to meet the revenue outlook that we laid out at the beginning of the year, the $70 million to $90 million***. | 434 | • <u>Puffery</u> ("look at the traction"; "on track to meet the revenue outlook")<br><br>• <u>Protected forward-looking statement</u> (meaningful cautionary language; no actual knowledge of falsity)<br><br>• <u>No facts to support reason for falsity</u> | • <u>Facts to support reasons for falsity</u>. ¶¶143-53, 434-35. *See* Opp. Section III.A.5.<br><br>• <u>Not puffery</u>. *See* Opp. Section III.A.5.<br><br>• <u>Not protected forward-looking statement</u> (present/historical, no cautionary language, actual knowledge). *See* Opp. Sections III.A.5, III.B.1. |
| | *False and Misleading Statements That the GRAIL Acquisition Was Conflict-Free and Subject to Arm's Length Negotiations* | | | |
| 55. | <u>Form S-4 (11/25/2020)</u><br><br>[T]he consideration for the GRAIL acquisition "was determined through arm's-length negotiations between GRAIL and Illumina." | 363 | • <u>No facts to support reason for falsity</u> | • <u>Facts to support reasons for falsity</u>. ¶¶154-68, 363-64. *See* Opp. Section III.A.6. |
| 56. | <u>Form S-4 (11/25/2020)</u><br><br>Beginning in late June 2020, GRAIL commenced initial preparations for a potential IPO.<br><br>On July 31, 2020, GRAIL confidentially submitted its draft registration statement on Form S-1 with the U.S. Securities and Exchange Commission (the "SEC"). On the same day, Illumina's Chief Executive Officer met with GRAIL's Chief Executive Officer and noted that Illumina wanted to explore a potential acquisition of GRAIL. GRAIL's Chief Executive Officer asked that Illumina's Chief Executive Officer provide him with a proposal with respect to such an acquisition. | 365 | • <u>No facts to support reason for falsity</u> | • <u>Facts to support reasons for falsity</u>. ¶¶154-68, 365-66. *See* Opp. Section III.A.6. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| 57. | Press Release (7/22/2021)<br><br>This acquisition is procompetitive, and we have offered far-reaching structural and behavioral remedies to address any potential concerns. Illumina will continue to work with the European Commission (EC) to ensure that it has the information and assurances necessary to approve this transaction. | 401 | • No facts to support reason for falsity<br><br>• Reason for falsity disconnected from statement (no statement that Illumina would not complete the merger) | • Facts to support reasons for falsity. ¶¶169-79, 401-02. *See* Opp. Section III.A.6.<br><br>• Reasons for falsity connected to statement (failed to disclose that Defendants decided to close the acquisition in defiance of the standstill). ¶¶169-79, 401-02. *See* Opp. Section III.A.6. |
| 58. | Earnings Call (8/5/2021)<br><br>**deSouza: *We continue to believe that this deal will result in the savings of tens of thousands of lives that would not be saved if we didn't buy GRAIL, simply because we can accelerate the business*. So to answer the question, *we are committed to working through this deal*.** | 403 | • No facts to support reason for falsity<br><br>• Reason for falsity disconnected from statement (no statement that Illumina would not complete the merger) | • Facts to support reasons for falsity. ¶¶169-79, 403-04. *See* Opp. Section III.A.6.<br><br>• Reasons for falsity connected to statement (failed to disclose that Defendants decided to close the acquisition in defiance of the standstill). ¶¶169-79, 403-04. *See* Opp. Section III.A.6. |
| 59. | Press Release/ Form DEFA14A (3/24/2023)<br><br>"***D&O insurance and corporate indemnification are standard for Delaware companies***," "***[a]ll major U.S. public companies, including Illumina, regularly review their D&O insurance to reflect appropriate coverage***," "***it is not uncommon for a company buying another business to increase insurance limits during the acquisition process***." | 451 | • Demonstrably true<br><br>• No duty to disclose additional details | • Reasons for falsity. ¶¶169-83. *See* Opp. Section III.A.6.<br><br>• Not true and misleading regardless of claimed "literal truth." *See* Opp. Section III.A.6.<br><br>• Duty to disclose. *See* Opp. Section III.A.6. |
| 60. | Press Release/ Form DEFA14A (3/24/2023)<br><br>***The Board takes its fiduciary duties seriously and exercises considered and deliberate judgement [sic] with independent advice. Illumina steadfastly follows appropriate risk management and disclosure practices. Illumina's disclosures*** | 453 | • Demonstrably true<br><br>• No duty to disclose additional details | • Reasons for falsity. ¶¶169-83, 453-54. *See* Opp. Section III.A.6. |

25

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | *are full, transparent and timely, consistent with SEC and other disclosure requirements*. | | | • <u>Not true and misleading regardless of claimed "literal truth."</u> *See* Opp. Section III.A.6.<br><br>• <u>Duty to disclose</u>. *See* Opp. Section III.A.6. |
| 61. | <u>Financial Times Article (3/23/2023)</u><br><br>***Illumina operates transparently with strong corporate governance.*** Nothing was hidden, and unsurprisingly, Carl Icahn is deliberately mischaracterizing appropriate risk management and normal SEC disclosure practices. ***In line with strong corporate governance, Illumina reviews its [directors and officers] insurance annually, and obtained appropriate coverage to reflect the Grail acquisition. All disclosures, including insurance and tax liabilities, were made in an appropriate, full, transparent, and timely manner consistent with SEC disclosure regulations***. | 455 | • <u>Demonstrably true</u><br><br>• <u>No duty to disclose additional details</u> | • <u>Reasons for falsity</u>. ¶¶169-83, 455-56. *See* Opp. Section III.A.6.<br><br>• <u>Not true and misleading regardless of claimed "literal truth."</u> *See* Opp. Section III.A.6.<br><br>• <u>Duty to disclose</u>. *See* Opp. Section III.A.6. |
| 62. | <u>Investor Presentation/Schedule 14A (4/27/2023)</u><br><br>It was a "***Myth***" that "***Illumina's Board acted inappropriately and expanded its D&O insurance prior to completing the GRAIL acquisition***," and that, instead, it was a "***Fact***" that "***[a]s a general matter, companies regularly resize and rescope their D&O coverage in connection with M&A events. There's nothing inappropriate or unusual about a growing business enhancing its D&O coverage***." | 462 | • <u>Demonstrably true</u><br><br>• <u>No duty to disclose additional details</u> | • <u>Reasons for falsity</u>. ¶¶169-83, 462-64. *See* Opp. Section III.A.6.<br><br>• <u>Not true and misleading regardless of claimed "literal truth."</u> *See* Opp. Section III.A.6.<br><br>• <u>Duty to disclose</u>. *See* Opp. Section III.A.6. |
| 63. | <u>Press Release/Form DEFA14A (5/1/2023)</u><br><br>None of Illumina's directors involved in either the decision to sign or the decision to close the GRAIL acquisition – including our former CEO and Executive Chairman Jay Flatley, our current CEO Francis deSouza and each of Illumina's current directors – has ever held any equity interest in GRAIL. At the time of | 465 | • <u>Reason for falsity disconnected from statement</u> (no allegation that Aravanis participated in the decision to sign or close the acquisition) | • <u>Reasons for falsity connected to statement</u> (failed to disclose Aravanis's role in GRAIL acquisition). ¶¶154-68, 465, 467. *See* Opp. Section III.A.6. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | Illumina's various investment rounds in GRAIL, no individuals at Illumina were investors in GRAIL. Illumina's employees, executive officers and Board members were not permitted to participate in GRAIL investment rounds and did not otherwise receive any GRAIL equity. Illumina, Inc. was the founder of GRAIL and individuals employed by Illumina moved to GRAIL as part of the spin-out in 2016. Those who moved to GRAIL terminated their relationship with Illumina at the time of transition and directors and employees who remained at Illumina could not [invest in GRAIL nor did they] receive any GRAIL equity.<br><br>No executive officers of Illumina held GRAIL shares at the signing or closing of the GRAIL acquisition, other than Alex Aravanis, who Illumina had hired from GRAIL, and Mostafa Ronaghi, Illumina's former CTO, who received GRAIL shares upon joining GRAIL's board in May 2020. ***The economic interests and relationships of these individuals with GRAIL were fully disclosed to, and known by, Illumina and its Board, and, consistent with good corporate governance practices, both were recused from any decisions to sign and close the GRAIL acquisition.*** | | • No facts to support reason for falsity | • Facts to support reason for falsity. ¶¶154-68, 465, 467. *See* Opp. Section III.A.6. |
| 64. | Shareholder Letter (5/18/2023)<br>John Thompson: On conflicts of interest, there is an important question I would like to put to bed: "Did any Illumina directors have a financial interest in GRAIL at the time of the acquisition?" This question is not a matter of interpretation or explanation. The answer is simply no. As we have said before, ***no director who oversaw any part of the GRAIL transaction has ever owned any equity interest in GRAIL*** – that includes Jay Flatley, Francis deSouza, myself, and any member of the Board now or at the time of acquisition. In addition, ***no executive officers of Illumina held GRAIL shares at the signing or closing of the GRAIL acquisition*** (including indirect ownership interests such as | 466 | • Reason for falsity disconnected from statement (no allegation that Aravanis participated in the decision to sign or close the acquisition)<br><br>• No facts to support reason for falsity | • Reasons for falsity connected to statement (failed to disclose Aravanis's role in GRAIL acquisition). ¶¶154-68, 466-67. *See* Opp. Section III.A.6.<br><br>• Facts to support reason for falsity. ¶¶154-68, 465, 467. *See* Opp. Section III.A.6. |

| # | Statements in Defendants' Appendix A | ¶[2] | Defendants' Basis for Dismissal | Plaintiffs' Response |
|---|---|---|---|---|
| | through trusts, LP or GP stakes in investment vehicles, or through derivative securities), *other than Alex Aravanis, who Illumina had hired from GRAIL, and Mostafa Ronaghi, Illumina's former CTO*, who received GRAIL shares upon joining GRAIL's Board in May 2020. *The economic interests and relationships of these individuals with GRAIL were fully disclosed to, and known by, Illumina and its Board, and, consistent with good corporate governance practices, both were recused from any decisions to sign and close the GRAIL acquisition*. <br><br> No executive officers of Illumina held GRAIL shares at the signing or closing of the GRAIL acquisition [(including indirect ownership interests such as through trusts, LP or GP stakes in investment vehicles, or through derivative securities)] other than Alex Aravanis, who Illumina had hired from GRAIL, and Mostafa Ronaghi, Illumina's former CTO, who received GRAIL shares upon joining GRAIL's board in May 2020. *The economic interests and relationships of these individuals with GRAIL were fully disclosed to, and known by, Illumina and its Board, and, consistent with good corporate governance practices, both were recused from any decisions to sign and close the GRAIL acquisition*. | | | |