**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3481

*Counsel for Lead Plaintiffs*
*Universal and ACATIS, and*
*Lead Counsel for the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Illumina, Inc. Securities Litigation* | Case No. 3:23-cv-02082-LL-BJW <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE** <br><br> Courtroom:  6D <br> Judge:        Hon. Linda Lopez |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..........................................................................................1

II.     ARGUMENT.................................................................................................2

    A.      The Court Cannot Incorporate By Reference Or Judicially Notice Trial Documents To Dispute Plaintiffs' Well-Pled Allegations.........................................................................................4

    B.      The Court Cannot Judicially Notice Extrinsic Documents To Counter Well-Pleaded Facts ...........................................................9

    C.      The Court Can Only Judicially Notice SEC Filings And Press Releases For The Fact Of Their Filing—Not For Their "Truth" ...........................................................................................12

    D.      The Court Cannot Consider Analyst Reports To Rebut Plaintiffs' Loss Causation Allegations....................................................19

    E.      The Court Cannot Use The Remaining Exhibits For Defendants' Improper Purposes .........................................................20

III.    CONCLUSION.............................................................................................22

**TABLE OF AUTHORITIES**

CASES                                                                                    PAGE(S)

*Abadilla v. Precigen, Inc.*,
    2022 WL 1750033 (N.D. Cal. May 31, 2022)......................................................11

*Archuleta v. Avcorp Composite Fabrication Inc.*,
    2019 WL 1751830 (C.D. Cal. Feb. 5, 2019) .......................................................8

*Baron v. Hyrecar Inc.*,
    2022 WL 17413562 (C.D. Cal. Dec. 5, 2022).............................................14, 15

*Body Jewelz, Inc. v. Valley Forge Ins. Co.*,
    241 F. Supp. 3d 1084 (C.D. Cal. 2017) ...............................................................3

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
    880 F. Supp. 2d 1045 (N.D. Cal. 2012)..............................................................17

*Ciuffitelli for Tr. of Ciuffitelli Rev. Tr. v. Deloitte & Touche LLP*,
    2017 WL 2927481 (D. Or. Apr. 10, 2017) .........................................................15

*Coto Settlement v. Eisenberg*,
    593 F.3d 1031 (9th Cir. 2010) ............................................................................5

*Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.*,
    2014 WL 842951 (S.D. Cal. Mar. 4, 2014).........................................................12

*Crowder v. LinkedIn Corp.*,
    2024 WL 1221956 (N.D. Cal. Mar. 21, 2024) ....................................................19

*DalPoggetto v. Wirecard*,
    2020 WL 2374948 (C.D. Cal. Apr. 15, 2020) ......................................................4

*DiGiacinto v. RB Health (US) LLC*,
    2023 WL 7141263 (N.D. Cal. Oct. 30, 2023) .......................................................3

*Gammel v. Hewlett-Packard Co.*,
    2013 WL 1947525 (C.D. Cal. May 8, 2013).........................................................9

*In re Immune Response Sec. Litig.*,
    375 F. Supp. 2d 983 (S.D. Cal. 2005)...................................................................3

*Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*,
    45 F.4th 1236 (10th Cir. 2022) ..........................................................................18

*Jaber v. Endurance Am. Specialty Ins. Co.*,
  2020 WL 10357150 (N.D. Cal. Nov. 3, 2020) ......................................................5

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ................................................................*passim*

*Lake v. Zogenix, Inc.*,
  2020 WL 3820424 (N.D. Cal. Jan. 27, 2020)................................................19, 20

*Levitt v. Merck & Co., Inc.*,
  914 F.3d 1169 (8th Cir. 2019) .........................................................................12

*Lloyd v. CVB Fin. Corp.*,
  2012 WL 12883522 (C.D. Cal. Jan. 12, 2012)...................................................15

*Longo v. OSI Sys., Inc.*,
  2020 WL 3124221 (C.D. Cal. Mar. 11, 2020)....................................................17

*Love v. Int'l Hotel Assocs. No. 2 LLC*,
  2021 WL 4482106 (N.D. Cal. Sept. 30, 2021)......................................................7

*Lynch v. Rawls*,
  429 F. App'x 641 (9th Cir. 2011) .......................................................................2

*Maiman v. Talbott*,
  2010 WL 11421950 (C.D. Cal. Aug. 9, 2010) .............................................16, 17

*Masimo Corp. v. Apple Inc.*,
  2021 WL 925885 (C.D. Cal. Jan. 6, 2021).........................................................11

*In re Mattel, Inc. Sec. Litig.*,
  2021 WL 1259405 (C.D. Cal. Jan. 26, 2021).....................................................20

*Morris v. Smith Micro Software, Inc.*,
  2012 WL 12948541 (C.D. Cal. May 21, 2012)...................................................16

*In re Nektar Therapeutics*,
  2020 WL 3962004 (N.D. Cal. July 13, 2020) ....................................................15

*In re NVIDIA Corporation Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) ...........................................................................3

*In re Pivotal Sec. Litig.*,
  2020 WL 4193384 (N.D. Cal. July 21, 2020) ....................................................12

CASE NO. 3:23-CV-02082-LL-BJW
                     PLAINTIFFS' OMNIBUS RESPONSE TO DEFS.' RJN

*Reckstin Fam. Tr. v. C3.ai*,
   718 F. Supp. 3d 949 (N.D. Cal. 2024)...................................................................20

*Robles v. Gojo Indus., Inc.*,
   2022 WL 2163846 (C.D. Cal. Mar. 16, 2022)......................................................11

*Robles v. Gojo Indus., Inc.*,
   2023 WL 4946601 (9th Cir. Aug. 3, 2023) ...........................................................11

*Rubalcava v. City of San Jose*,
   2021 WL 2987164 (N.D. Cal. July 15, 2021) .....................................................7, 8

*S.E.C. v. Goldstone*,
   952 F. Supp. 2d 1060 (D.N.M. 2013)......................................................................5

*In re Silver Wheaton Corp. Sec. Litig.*,
   2019 WL 1512269 (C.D. Cal. Mar. 25, 2019).........................................10, 11, 13

*Stocke v. Shuffle Master, Inc.*,
   615 F. Supp. 2d 1180 (D. Nev. 2009)....................................................................18

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007)..................................................................................................4

*United States v. Bychak*,
   2021 WL 734371 (S.D. Cal. Feb. 25, 2021)............................................................3

*United States v. Corinthian Colls.*,
   655 F.3d 984 (9th Cir. 2011) ...................................................................................4

*Wasjutin v. Bank of Am., N.A.*,
   732 F. App'x 513 (9th Cir. 2018) ..........................................................................11

**Statutes**

Fed. R. Evid. 201(b)............................................................................................................3

CASE NO. 3:23-CV-02082-LL-BJW
PLAINTIFFS' OMNIBUS RESPONSE TO DEFS.' RJN

## **GLOSSARY**

| Term | Definition |
|---|---|
| Aravanis | Defendant Alexander M. Aravanis, M.D., Ph.D. ¶37. |
| Bishop | Defendant Hans Bishop. ¶42. |
| Class Period | September 21, 2020 to November 9, 2023, inclusive. |
| Complaint or ¶ | Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 81. |
| deSouza | Defendant Francis A. deSouza, Illumina's former Chief Executive (2016-June 11, 2023), ¶36. |
| Ex. | Exhibits to the Ill.RJN and Gr.RJN. |
| Febbo | Defendant Phillip G. Febbo, M.D. Illumina's former CMO (2018-2023). ¶38. |
| FTC | Federal Trade Commission. |
| Gr.Br. | Memorandum of Points and Authorities in Support of GRAIL Defendants' Motion to Dismiss Third Amended Complaint, ECF No. 87-1. |
| Gr.RJN | Request for Incorporation by Reference and/or Judicial Notice in Support of GRAIL Defendants' Motion to Dismiss Third Amended Complaint, ECF No. 88. |
| GRAIL | GRAIL, LLC (n/k/a GRAIL, Inc.). ¶35. |
| GRAIL Defendants | GRAIL, Bishop, Ofman, and Richard D. Klausner. |
| Ill.Br. | Memorandum of Points and Authorities in Support of Illumina Defendants' Motion to Dismiss the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 84-1. |
| Ill.RJN | Request for Judicial Notice and Incorporation by Reference in Support of Illumina Defendants' Motion to Dismiss the Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 85. |
| Illumina | Illumina, Inc. ¶34. |
| Illumina Defendants | Illumina, deSouza, Aravanis, Febbo, Sam A. Samad, and John W. Thompson. |
| *Illumina* Order | Order on Illumina's Defendants' Demurrer to Plaintiffs' Consolidated Complaint, *In re Illumina, Inc. Shareholder Litigation*, No. 24-CIV-00585 (Cal. Sup. Ct. Cnty of San Mateo Sept. 16, 2025), filed herewith as |

| Term | Definition |
|---|---|
|  | Exhibit A to the Rizio-Hamilton Declaration. |
| Ofman | Defendant Joshua J. Ofman. Ofman serves as President at GRAIL. He previously served as its CMO and Head of External Affairs from January 2020 to June 2022 and as its Chief of Corporate Strategy and Head of External Affairs from June 2019 to January 2020. ¶43. |
| Opp. | Lead Plaintiffs' Omnibus Opposition to the Illumina Defendants and the GRAIL Defendants' Motions to Dismiss, filed herewith. |
| Plaintiffs | Universal-Investment-Gesellschaft mbH, UI BVK Kapitalverwaltungsgesellschaft mbH, and ACATIS Investment Kapitalverwaltungsgesellschaft mbH. ¶¶31-32. |
| SEC | Securities and Exchange Commission. |

Lead Plaintiffs submit this memorandum in opposition to the Illumina and GRAIL Defendants' Requests for Judicial Notice and Incorporation by Reference.[1]

## I.   INTRODUCTION

In *Khoja v. Orexigen Therapeutics, Inc.*, the Ninth Circuit forcefully rejected the "concerning pattern" of securities class action defendants misusing "judicial notice" and "incorporation-by-reference" to improperly present a skewed version of the "facts" at the pleading stage to counter a complaint's well-pled allegations. 899 F.3d 988, 998 (9th Cir. 2018). It made plain that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" because doing so contravenes the "prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003. And it was unequivocal that "[s]uch undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 999.

Defendants ignore the Ninth Circuit's warning. Both RJNs exemplify the very abuses *Khoja* criticized. Defendants ask the Court to judicially notice or deem incorporated-by-reference 46 exhibits—at least 17 of which are nowhere mentioned in the Complaint—and then improperly draw factual inferences or make factual findings in their favor on fact-intensive issues. For example, in an especially brazen attempt to abuse these doctrines, Defendants ask the Court to consider Defendants' Proposed Findings of Fact and Conclusions of Law from the FTC proceeding concerning the GRAIL acquisition, *In the Matter of Illumina, Inc. and GRAIL, Inc.*, Docket No. 9401 (Exs. 32-33), and cherry-picked snippets of Defendants' own trial testimony (Exs. 44-45), both of which are well outside the confines of the Complaint.

Defendants' attempt to craft their own counter-narrative through such documents, and their solicitation that the Court resolve factual disputes on a pleading

---

[1] Unless otherwise noted, all internal citations and internal quotations are omitted and all emphasis is added.

motion, are precisely the types of misuses of judicial notice and incorporation-by-reference that the Ninth Circuit strongly condemned in *Khoja*:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results . . . . [T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery . . . . [T]he doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

899 F.3d at 998, 1003.

For these reasons and those discussed further below, Plaintiffs respectfully submit that the Court should reject Defendants' request for "judicial notice" of hotly disputed facts and to resolve hotly contested factual disputes in their favor under the "incorporation-by-reference" doctrine at the pleading stage.

## II.   ARGUMENT

As a general rule, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

**Incorporation-by-Reference**. "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself" if the complaint "refers extensively" to them or they effectively "form[] the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. But "the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. Additionally, while the rule of completeness may require consideration of a complete document integral to the Complaint, "it does not require that the entire content of the document be taken as true in ruling on a defendant's motion to dismiss." *Lynch v. Rawls*, 429 F. App'x 641, 643 n.1 (9th Cir. 2011).

Defendants misleadingly suggest that the Ninth Circuit held to the contrary in

2

*In re NVIDIA Corporation Securities Litigation*, 768 F.3d 1046, 1057 n.10 (9th Cir. 2014), and contend that courts may consider the entirety of incorporated documents wholesale. This is wrong. The Ninth Circuit specifically cabined this line of reasoning, holding that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *See Khoja*, 899 F.3d at 1003 (citing *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006), which held that courts "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss")).

**Judicial Notice**. Federal Rule of Evidence 201 provides the Court discretion to "judicially notice a fact that is not subject to reasonable dispute" if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is a "narrow exception" that "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005).

The "kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1090 (C.D. Cal. 2017). A requesting party must "identify what facts within the document it seeks to have judicially noticed." *United States v. Bychak*, 2021 WL 734371, at *4 (S.D. Cal. Feb. 25, 2021). Failure to do so is sufficient to deny the request. *DiGiacinto v. RB Health (US) LLC*, 2023 WL 7141263, at *3 (N.D. Cal. Oct. 30, 2023) (failure to "identify precisely what fact or facts in each exhibit [they] ask[] the court to judicially notice" renders request for judicial notice "deficient").

Critically, neither judicial notice nor incorporation-by-reference permits

courts to assume the truth of extrinsic evidence or incorporated documents "if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 998, 1003. "[A] court cannot take judicial notice of disputed facts," and even when a document is "susceptible to judicial notice," that still "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999; *United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) ("[W]e may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed.").

As set forth below, Defendants' request that the Court consider by incorporation-by-reference or judicial notice 46 exhibits—17 of which are nowhere cited in the Complaint—is improper. The Court cannot use these documents to draw Defendants' urged inferences on contested issues like falsity, scienter and loss causation or take judicial notice of disputed facts stated in public records. *See Khoja*, 899 F.3d at 1001. Where, as here, a motion to dismiss reflects "[t]he overuse and improper application of judicial notice," *Khoja*, 899 F.3d at 998, the Court may and should simply reject the motion. *See, e.g.*, *DalPoggetto v. Wirecard*, 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) (denying motion for referencing materials outside the pleading). At minimum, the Court should decline to notice or deem incorporated several and must restrict the use of the others to proper purposes.

### A.     The Court Cannot Incorporate By Reference Or Judicially Notice Trial Documents To Dispute Plaintiffs' Well-Pled Allegations

Like in all cases, the Complaint's allegations must be accepted as true on a motion to dismiss, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, (2007), and neither incorporation-by-reference or judicial notice are intended to permit defendants to "present their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 1003. Defendants' request that the Court do so is improper.

To start, the Court cannot judicially notice any purported "fact" from **Exhibits 29** and **30**, nor incorporate those documents by reference. Exhibit 29 is a copy of

Defendants' 559-page Proposed Findings of Fact and Conclusions of Law in the FTC proceeding and Exhibit 30 is Defendants' 3302-page Reply To Complaint Counsel's Post-Trial Proposed Findings of Fact and Conclusions of Law. Defendants' request that the Court consider the "proposed facts" cherrypicked from these Exhibits at the pleading stage is plainly improper. Nothing in Exhibits 29 or 30 can be "judicially noticed" because Defendants' Proposed Findings of Fact constitute Defendants' own self-serving interpretation of purported "facts" that are, by their nature, disputed. Indeed, the FTC submitted responses to Defendants' Proposed Findings of Fact—contesting nearly every single one, including, as noted below, the very "facts" that Defendants ask the Court to consider. *See In the Matter of Illumina, Inc. and GRAIL, Inc.*, Docket No. 9401 (Document No. 604767).

Illustrating Defendants' improper reliance on these exhibits for their truth, Defendants reference generally ***all*** 3,861 pages of disputed facts across Exhibits 29 and 30 to argue that there exists "voluminous evidence and testimony supporting [Illumina's] belief that it could accelerate Galleri's progress." Ill.Br. 32.[2] This is patently improper. *See, e.g.*, *S.E.C. v. Goldstone*, 952 F. Supp. 2d 1060, 1220–21 (D.N.M. 2013) (declining to take judicial notice of a deposition transcript "because it does not contain or address facts which the Court can verify by reference to sources whose accuracy is not in dispute").

Nor are Defendants' Proposed Findings of Fact "incorporated by reference" in Plaintiffs' Complaint: as Defendants concede, the Complaint does not reference

---

[2] Notably, even if Defendants' supposed "beliefs" about "acceleration" were credited, which they cannot be, Defendants' statements are still actionable because, as the Complaint alleges, they omitted material facts. *See* Opp. Section III.A.2. Defendants' cases are inapposite. *See Jaber v. Endurance Am. Specialty Ins. Co.*, 2020 WL 10357150, at *5 (N.D. Cal. Nov. 3, 2020) (plaintiffs did not oppose defendant's request for judicial notice of complaint filed in a separate matter that was subject of instant litigation); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (billing agreement was "integral" to complaint where allegations concerned conduct governed by the billing agreement).

this document even once, and the Complaint does not "rely" on it in any relevant sense. Ill.RJN 9-10 n.5; *cf. Khoja*, 899 F.3d at 1002 (defendants cannot use incorporation-by-reference "to insert their own version of events").

Under either doctrine, Defendants' request that the Court consider the testimony from Exhibits 29 and 30 for its truth is plainly improper. Here, the Complaint alleges that Defendants' statements that Illumina could "accelerate" Galleri and "save lives" were knowingly or recklessly false and misleading because, in truth, Defendants had no plan, resources, or ability to accelerate "GRAIL" and had been privately told by the FDA that Galleri's clinical trials were insufficient to show the test actually worked. ¶¶95-110, 111-133, 134-142. In an effort to counter these allegations, Illumina cites Exhibits 29 and 30 for snippets of testimony from Illumina's Global Head of Market Access, Ammar Qadan, to argue that Illumina did not, in fact, lack "relevant infrastructure and expertise." Ill.Br. 18. This is patently improper under Ninth Circuit law because Defendants cannot use Exhibit 29 and 30 to "create[] a defense to the well-pled allegations." *Khoja*, 899 F.3d at 1002.

But that is ***precisely*** what Defendants seek to do when attempting to ***contradict*** the information candidly disclosed by Qadan and other Defendants to FE5, a high-ranking Illumina executive. ¶¶90, 99-101. The prejudice of considering this testimony (let alone accepting it as "true") on a motion to dismiss is further highlighted by the fact that much of the evidence in the FTC proceeding, including the FTC's own examination of this witness, ***remains under seal***.

For the same reasons, the Court cannot judicially notice or incorporate by reference **Exhibit 44** and **Exhibit 45**—which are transcripts of Defendant Bishop's and Defendant Offman's testimony in the FTC proceeding.

None of the supposed "facts" in these documents can be judicially noticed, they certainly cannot be accepted as "true," and they cannot be considered for the purposes the GRAIL Defendants urge—to dispute the allegations in the Complaint. Specifically, the GRAIL Defendants rely on Exhibit 44 to argue that the acquisition

*would* accelerate patient access to Galleri, Gr.Br. 3, and that Bishop honestly held this "*belief*" when making his false acceleration statements. Gr.Br. 12, 17. Similarly, the GRAIL Defendants quote Ofman's testimony to try to establish Defendant Ofman's false statement that Galleri "can identify 50 different cancers with a single blood draw" was true—improperly and directly contradicting the Complaint's factual allegation that (as the FTC concluded) this very claim was "simply false." ¶111; Gr.Br. 8. Defendants' self-serving testimony cannot establish any of these highly disputed facts. *Khoja*, 899 F.3d at 1001 (where there is a "reasonable dispute" as to whether document "establishes" a fact, that fact cannot be judicially noticed even if the document itself is "generally susceptible to judicial notice"); *see also Rubalcava v. City of San Jose*, 2021 WL 2987164, at \*6 (N.D. Cal. July 15, 2021) (improper for defendants to seek to judicially notice documents "to substitute their version of events for the one alleged in the complaint").

Indeed, *Khoja* specifically held that "[i]t is improper to judicially notice a transcript when the substance of the transcript is 'subject to varying interpretations, and there is a reasonable dispute as to what [it] establishes'." *Khoja*, 899 F.3d at 1000; *see also Love v. Int'l Hotel Assocs. No. 2 LLC*, 2021 WL 4482106, at \*2 (N.D. Cal. Sept. 30, 2021) (a court "may not take judicial notice of a fact mentioned in the transcript, because the substance is 'subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes'"). Here, the trial transcripts amount to an improper attempt to dispute the Complaint's well-pled allegations—particularly where the FTC's own examination of *these two witnesses*, (as well as Defendants deSouza, Aravanis, and Febbo) *remains under seal*. The FTC and the Fifth Circuit, with access to the full record, concluded that this testimony amounted to mere "unsupported and vague assertions of management personnel" and rejected it. ¶105. It would be wholly improper for the Court to consider and

credit this incomplete version of Defendants' testimony now.[3]

These two Exhibits also cannot be deemed incorporated by reference. As an initial matter, the GRAIL Defendants argue that these documents should be deemed incorporated by reference because the Complaint refers to the FTC proceeding generally and Bishop and Ofman's testimony in a handful of paragraphs. *See* Gr.RJN. 5. But courts explicitly reject this reasoning. *See Rubalcava*, 2021 WL 2987164, at \*6 (incorporation-by-reference inapplicable because plaintiff's "reference to events at trial, which are documented in the transcripts, does not constitute an incorporation by reference of the entire trial transcript").

Moreover, as set forth above, Defendants rely on the transcripts in an attempt to argue that the deal would accelerate Galleri, that Defendant Bishop believed that fact, that Galleri could detect 50 cancers in asymptomatic patients, and that Defendant Ofman believed that to be true—*i.e.*, not to establish that Defendants Bishop and Ofman so testified, but that the testimony was itself ***true*** in order to contradict the Complaint. This is wholly improper. *See Khoja*, 899 F.3d at 1003; *see also id.* at 1002 (a defendant may not "use the [incorporation-by-reference] doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims").

This admonition is particularly salient here, where, for example, record evidence in the same FTC proceeding demonstrates that there was "***simply no clinical evidence that Galleri can provide early detection of 50+ cancers in an asymptomatic population***" and Defendants' expert conceded that Galleri "has been clinically shown to detect only seven types of Stage I through Stage III cancer in an

---

[3] The GRAIL Defendant's cited authority is distinguishable. *Cf. Archuleta v. Avcorp Composite Fabrication Inc.*, 2019 WL 1751830, at \*2 (C.D. Cal. Feb. 5, 2019) (defendant sought judicial notice of "orders from other courts, legislative history materials, or transcripts of administrative hearings" concerning the state labor laws at issue, and plaintiff did not oppose).

asymptomatic population"—facts that directly contradict Defendant Ofman's testimony (most of which remains under seal). *See, e.g.*, ¶117.

Finally, Defendants cannot dispute the Complaint's allegations concerning their misstatements about expected "synergies" through judicial notice or incorporation by reference of **Exhibit 26**, a document produced in the FTC proceeding**.** As an initial matter, Defendants wrongly assert that Exhibit 26 is the Illumina FAQ document "plaintiffs rely on" to support their allegations (Ill.RJN 9). It is not. Plaintiffs refer in the Complaint to a completely different version of an Illumina FAQ document that is specifically "addressed to Defendants deSouza and Samad." ¶¶99, 110, 272. Because consideration of Exhibit 26 is "only appropriate where the authenticity of the documents is not in question," the Court cannot consider Exhibit 26 for any purpose. *Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at *21 (C.D. Cal. May 8, 2013) ("Because there is a question about the authenticity of this document . . . the Court refuses to judicially notice it.").[4]

### B. The Court Cannot Judicially Notice Extrinsic Documents To Counter Well-Pleaded Facts

Several exhibits—including **Exhibits 7-11, 16,** and **46**—are nowhere quoted, cited, or referenced in the Complaint.[5] The Illumina Defendants request judicial notice of Exhibits 7-11 and 16 based on the purported justification that they are offered solely to show "what was in the public realm at the time," claiming that "they are neither offered for the truth of the matters asserted therein, nor to dispute any well-pled fact in the TAC," Ill.RJN 1, 12, while the GRAIL Defendants seek judicial

---

[4] Even if Exhibit 26 were the version Plaintiffs rely upon in the Complaint (it is not), Defendants cannot use Exhibit 26 "to dispute [the] facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. In any event, Exhibit 26 only confirms that the Illumina FAQ says what Plaintiffs allege it says—that there would be no synergies from the transaction. ¶¶99, 110, 272.

[5] As set forth below, contrary to Defendants' assertion, Exhibit 26 is ***not*** the document relied upon by Plaintiffs in the Complaint.

notice of **Exhibit 46**, a medical journal article. In reality, Defendants go far beyond any proper purpose and misuse these exhibits in an attempt to counter the Complaint's well-pleaded facts.

To start, the Court cannot judicially notice **Exhibits 7**, **8**, **9, 10, and 11**, each of which is a press release or presentation published by GRAIL announcing the results of clinical trials concerning the Galleri test that is not quoted or cited in the Complaint, for the purposes for which the Illumina Defendants seek to use them. The Illumina Defendants do not seek to judicially notice these Exhibits merely to show "what was in the public realm at the time," as they claim, Ill.RJN 12, but to factually support their argument that GRAIL "Publishe[d] Promising Trial Results" and to advance their counter-factual narrative that the Galleri test "really worked" and Defendants rightfully believed in the test and did not act with fraudulent intent. Ill.Br. 4, 32. This is improper, as Illumina cannot use the judicial notice doctrine "to have this Court rely on these documents to adopt defendants' version of facts"— their own self-serving interpretations of the clinical trial results concerning the CCGA study—"at the pleading stage." *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019).

The Court cannot judicially notice **Exhibit 16** for similar reasons. Exhibit 16 is a European Commission press release, which is not quoted or referenced in the Complaint at all, that Defendants argue may be judicially noticed to "indicate what was in the public realm at the time." Ill.RJN 12. In reality, the Illumina Defendants cite this exhibit for the improper purpose of arguing that Defendants "agreed" to "hold GRAIL separate" and that, therefore, GRAIL could not "access" any of Illumina's resources. Ill.Br.17. Defendants then thematically leverage these purported "facts," which appear *nowhere* in Exhibit 16, to bolster their argument that Defendants' statements touting Illumina's ability to "accelerate" Galleri were genuinely believed and not false. Specifically, Defendants cite this purported "fact" to imply that they genuinely believed Illumina would accelerate Galleri but was

unable to so do because, "Due to the hold separate order, Illumina and GRAIL never had the opportunity to combine resources and realize the expected benefits." *See* Ill.Br. 17. This counterfactual Defendant-friendly inference contradicts the Complaint and the use of the Exhibit is improper. *See Khoja*, 899 F.3d at 1003. It also ignores the mountain of facts alleged showing that Defendants' "acceleration" statements were deliberately or recklessly misleading at the time they were made. *See, e.g.,* ¶¶264-72.

Indeed, not only is consideration of this document improper under the incorporation-by-reference doctrine, but also under black letter law establishing that the Court must look to the facts as they existed at the time Defendants made their statements—not after, when the standstill's impact was felt. *See Silver Wheaton*, 2019 WL 1512269, at \*8.

For similar reasons, the Court cannot judicially notice any of the purported "facts" in **Exhibit 46**, which is an *Annals of Oncology* article referenced, but not cited, in the Complaint. ¶198. The GRAIL Defendants improperly cherry-pick quotes from Exhibit 46 to support their fact argument that Defendant Ofman's statement—that Galleri could detect over fifty different types of cancer—was "true." Gr.Br. 8, 10. But the Court cannot take judicial notice of Exhibit 46 for the truth of its contents to dispute the Complaint's allegation that Ofman's statement was "simply false" (as the FTC concluded based on evidence in discovery and at trial). ¶117; *Wasjutin v. Bank of Am., N.A.*, 732 F. App'x 513, 516 n.2 (9th Cir. 2018) ("district court could only have taken judicial notice of the existence and authenticity of the recorded document—not the truth of its contents"); *Robles v. Gojo Indus., Inc.*, 2022 WL 2163846, at \*3 (C.D. Cal. Mar. 16, 2022) (declining to take judicial notice of "scientific journal articles that were not cited"), *aff'd*, 2023 WL 4946601 (9th Cir. Aug. 3, 2023); *Masimo Corp. v. Apple Inc.*, 2021 WL 925885, at \*2 (C.D. Cal. Jan. 6, 2021) (taking judicial notice of "the abstract of an article" but declining to "take judicial notice of any disputed facts within"); *Abadilla v. Precigen, Inc.*,

2022 WL 1750033, at *4 (N.D. Cal. May 31, 2022) (denying request for judicial notice where "Court does not see how the facts contained" in three scientific articles were "not subject to reasonable dispute").[6]

Defendants' attempted use of Exhibit 46 is particularly egregious. Rather than represent an independent, "peer-reviewed" article (G.Br. 8), the article is actually a *GRAIL-funded* study where GRAIL was involved in the "study's designs, conduct, data collection, analysis and interpretation, and reporting." Ex. 46 at 11. In seeking dismissal, GRAIL cites the study it authored specifically to rebut the Complaint's allegations about the GRAIL Defendants' false statements about Galleri's ability to detect 50 cancers. *See* G.Br. 8. But it is this very study that is identified in the Complaint (¶198) as the one leading clinicians analyzed and later concluded "*cast doubt*" on Galleri and led them to "*seriously question*" whether Galleri was viable. *See* ¶¶196-98 (Exhibit 46 is the "recently published conclusions by GRAIL about its own data" criticized by leading clinicians). The Court should not consider it.

## C. The Court Can Only Judicially Notice SEC Filings And Press Releases For The Fact Of Their Filing—Not For Their "Truth"

Defendants seek to judicially notice and/or have deemed incorporated by reference numerous SEC filings and press releases. *See* Exs. 1-10, 12, 14-16, 21-25, and 36-39. While courts may take judicial notice of the existence of such documents to determine what representations Defendants made to investors, they may not take judicial notice of the documents for the truth of the disputed facts asserted therein. *See In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020). As the Ninth Circuit has held, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is

---

[6] The GRAIL Defendants' cases are not to the contrary. *Cf. Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.*, 2014 WL 842951, at *2 (S.D. Cal. Mar. 4, 2014) ("The truth of the content and the inferences properly drawn from them are not a proper subject of judicial notice under Rule 201."); *Levitt v. Merck & Co., Inc.*, 914 F.3d 1169, 1175 (8th Cir. 2019) (quoting dissent).

judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. To the extent Defendants rely on these documents cited in the Complaint to rebut Plaintiffs' position on contested issues, including Plaintiffs' falsity and scienter allegations related to the accounting misstatements and Defendants' insider trading, the "facts" in those documents cannot be judicially noticed or incorporated by reference.

***SEC Filings Cited to Dispute Sustained Accounting Allegations***. The Court cannot judicially notice **Exhibits 1, 3, 4, 5,** and **6**—which consists of pre-Class Period Illumina and GRAIL SEC filings—in the manner Defendants request. The Illumina Defendants rely on Exhibits 1 and 3-6 to support their argument that Illumina's application of the "cost method" of accounting to its investment in GRAIL, rather than the "equity" method, is an inactionable opinion. Ill.RJN 6-7; Ill.Br. 6, 9-11. Specifically, the Illumina Defendants improperly cite these exhibits to argue that Illumina purportedly disclosed the factors Plaintiffs cite to allege Illumina's "significant influence" over GRAIL. Ill.Br. 9-11.

Setting aside the fact that a state court already sustained these precise statements as actionable under the federal securities law, *see Illumina* Order, Defendants' effort to cite these documents to contradict the Complaint's accounting allegations is improper. Specifically, in citing these exhibits, the Illumina Defendants ask the Court to (1) notice documents outside the four corners of the Complaint (Exs. 3 and 4); (2) accept the substance of those documents as true; and (3) draw inferences in their favor concerning a contested fact issue—namely, whether the disclosure of a subset of facts that collectively establish "significant influence" across *five* different SEC filings spread across *six* years was sufficient to cure Defendants' false and misleading statements and accounting treatment. This is improper—the Court cannot accept the "facts" in Defendants' SEC filings as true nor use those "facts" to rebut the Complaint's allegations. *Silver Wheaton*, 2019 WL 1512269, at *8 ("improper" to take judicial notice of exhibits when "defendants are relying on [them] to present their own version of the facts").

That is particularly true in the context of accounting allegations like those here, as courts have repeatedly recognized that determining whether a particular accounting practice complied with the accounting rules is an inherently fact-intensive exercise that is inappropriate to resolve on a motion to dismiss. *See, e.g.*, *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at \*5 (C.D. Cal. Dec. 5, 2022) ("Whether accounting practices are consistent with GAAP is a question of fact and the court may not make such a factual determination at the pleadings stage.").

And while the Court may take judicial notice of SEC filings for the limited purpose of ascertaining what Defendants disclosed, the Complaint actually alleges that numerous material facts concerning Defendants' accounting were ***not*** disclosed—including Jay Flatley's role as a GRAIL board observer, internal Board documents demonstrating GRAIL's dependence on Illumina, and accounts from former employees attesting to GRAIL's technological dependence. *See* ¶¶338-344. While the Court can consider what was disclosed in the Exhibits, it cannot credit them "to dispute [the] facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. As the Ninth Circuit has warned, Defendants cannot cite to judicially noticeable SEC filings to "create[] a defense" to the Complaint's allegations and resolve hotly contested facts in their favor to "short-circuit the resolution of a well-pleaded claim." *Id.* at 998, 1003.

Of these five exhibits, Defendants contend that Exhibits 1 and 5, Illumina's Form S-4 and Form 10-Q, should be deemed incorporated by reference. *See* Ill.RJN 6-7. But as the Ninth Circuit has explained, "the mere mention of the existence of a document is insufficient" to support incorporation by reference. *Khoja*, 899 F.3d at 1002. Here, this particular Form 10-Q is only mentioned in passing in a single paragraph of the Complaint. *See* Ill.RJN 7 (citing ¶¶341, 500(i)); ¶341 (alleging that "Illumina's 10-Q and 10-K filings for 2017, 2018, and 2019 make no meaningful disclosures about Illumina's investment in GRAIL whatsoever"); ¶500(i) (alleging that Defendants concealed evidence of conflicts by using the cost method instead of

the equity method, and not mentioning any specific filings). This is insufficient to have Exhibit 5 incorporated by reference. *See, e.g., Khoja*, 899 F.3d at 100 (for "'extensively' [referenced] to mean anything . . . it should, ordinarily at least, mean more than once").

Moreover, the Court cannot consider the document "to resolve factual disputes against the plaintiff's well-pled allegations." *In re Nektar Therapeutics*, 2020 WL 3962004, at \*7 (N.D. Cal. July 13, 2020). Here, as noted above, the Illumina Defendants rely on Exhibit 5 to contend that their disclosures around their use of the cost method to account for GRAIL were sufficient to prevent investors from being misled, *see* Ill.Br. 9-11, which is a hotly disputed factual question that cannot be resolved as a matter of law at the motion to dismiss stage. That is true here because Defendants"dispute whether GAAP was violated as a factual matter," and Illumina does "not argue that the court should consider [the exhibit] for a more limited purpose." *Baron*, 2022 WL 17413562, at \*5 ("Whether accounting practices are consistent with GAAP is a question of fact and the court may not make such a factual determination at the pleadings stage."); *see Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at \*14 (C.D. Cal. Jan. 12, 2012) (same); *see also Ciuffitelli for Tr. of Ciuffitelli Rev. Tr. v. Deloitte & Touche LLP*, 2017 WL 2927481, at \*15-16 (D. Or. Apr. 10, 2017) (taking judicial notice of the "existence" "but only as to the existence" of SEC filings and refusing to determine whether accounting standards were followed because that is "an issue of fact inappropriate for resolution on a motion to dismiss").

***SEC Filings Cited to Dispute False Statements About the Deal***. The Court also cannot judicially notice **Exhibit 1** for anything other than its existence, and cannot deem Exhibit 1 incorporated by reference to dispute well-pled allegations. Exhibit 1 is Illumina's Form S-4, which contains false and misleading statements, including that the consideration for the GRAIL acquisition "was determined through arm's-length negotiations between GRAIL and Illumina," as well as two sets of

GRAIL financial forecasts for fiscal years 2021 through 2030 that were presented by Illumina to investors while withholding the more pessimistic valuations and projections. ¶¶75-94, 363-364. The Illumina Defendants contend that they submit this exhibit "to provide additional context" surrounding the false statements (Ill.RJN 8), but this grossly mischaracterizes its improper use. To be clear, the Court can consider whether the S-4 contains "meaningful cautionary language" that is sufficient for purposes of the PSLRA safe harbor. As explained in Plaintiffs' Opposition, it does not. Opp. Section III.A.

But Illumina also cites Exhibit 1 to support its argument that its statements about GRAIL's valuation and financial projections were not false—specifically, for the purported "facts" that the disclosed projections "were prepared by GRAIL, not Illumina" and that Illumina "did not participate in th[eir] preparation." Ill.Br. 14. The Court cannot accept the "truth" of any these purported facts—including because the accuracy of the Form S-4 is itself disputed in this case. *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) (SEC filings should not be accepted as "true," particularly "in a securities fraud action—since the truth of the contents of the SEC reports is typically central to the dispute").

***Form 4s Cited to Dispute Defendant Aravanis's Scienter***. Defendants cannot judicially notice **Exhibit 39**—a compilation of Defendant Aravanis's purported stock sales data—for anything other than the underlying Form 4s' existence. Plaintiffs do not cite the Form 4s in the Complaint; they merely allege that Aravanis sold out of every single Illumina share he received in the GRAIL acquisition in October and November, soon after the acquisition closed. *See* ¶¶20, 163, 311.

First, as to judicial notice, numerous courts in this Circuit have refused to judicially notice Form 4s for the truth of their contents. *See Morris v. Smith Micro Software, Inc.*, 2012 WL 12948541, at *3 (C.D. Cal. May 21, 2012) (declining "to judicially notice the truth of the contents of SEC filings, including the dates and volume of stock purchases listed in SEC Form 4s . . . . [as] judicial notice should not

be taken of the truth of their contents") (emphasis omitted); *Maiman*, 2010 WL 11421950, at \*7 (declining to "take judicial notice of defendants' stock purchases reflected in Forms 4" because judicial notice of SEC filings "should not be taken [for] the truth of their contents") (emphasis omitted).[7]

Second, the compilation of Form 4s cannot "be incorporated by reference," as Defendants seek, in order "to support a defense to the well-pled allegations in the complaint." *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at \*1 (C.D. Cal. Mar. 11, 2020) (declining to deem Form 4s incorporated by reference, even though defendants argued that "[p]laintiffs clearly gleaned information regarding Defendants' stock transactions from OSI's publicly filed Forms 4").

These restrictions are particularly important here, where the Illumina Defendants improperly rely on this exhibit to argue that Defendant Aravanis's stock sales were not suspicious and do not support scienter—by seeking to introduce a fact not alleged in the Complaint—that they were made pursuant to purported 10b5-1 plan(s). *See* Ill.RJN 27. Defendants' use of the exhibit for this purpose is improper. *Khoja*, 899 F.3d at 999 (warning against defendants being "permitted to present their own version of the facts at the pleading stage" and "district courts accept[ing] those facts as uncontroverted and true").

This makes good sense. As detailed in the Opposition, the mere fact that Aravanis's trades were made pursuant to a 10b5-1 plan does nothing to support the innocent inference Defendants would have the Court draw from this exhibit. That is particularly true here because, as the Complaint alleges, Aravanis knew the undisclosed adverse information when he entered any such plan and made false statements to investors. *E.g.* ¶¶109. And Defendants do not provide any details or

---

[7] Defendants' cited authority merely stands for the same proposition that Forms 4 are judicially noticeable "to prove that stock sales were made pursuant to a Rule 10b5–1 trading plan." *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045 (N.D. Cal. 2012).

terms concerning the plan(s) that are necessary to assess their arguments. *See Indiana Pub. Ret. Sys. v. Pluralsight, Inc*., 45 F.4th 1236, 1266 (10th Cir. 2022) ("the mere fact that a trade was made under a 10b5-1 plan does not per se rebut the inference of scienter"); *Stocke v. Shuffle Master, Inc*., 615 F. Supp. 2d 1180, 1193 & n.5 (D. Nev. 2009) (defense pursuant to 10b5-1 plan requires factual finding of "good faith" inappropriate on a motion to dismiss).

***Incomplete Form Insurance Agreement Cited to Dispute Falsity***. Defendants also cannot dispute the Complaint's allegations concerning their extraordinary insurance through judicial notice or incorporation by reference of **Exhibit 37**. That document is Illumina's Form 10-Q filed on November 5, 2021, which attached the "Form of Insurance Matters Agreement" that publicly disclosed for the first time Illumina's purchase of D&O insurance. ¶298. According to the Illumina Defendants, Exhibit 37 is used "to show the full content of the disclosures made therein." Ill.RJN 9; *see also* Ill.Br. 24. Not so.

As the Complaint sets forth, after the Class Period in this case, documents produced in other litigation revealed that—immediately before closing the GRAIL acquisition—Illumina took out an extraordinary insurance policy that eliminated Illumina's entity coverage, doubled the coverage for Illumina's officers and directors, and entailed a $72 million annual premium—which was nearly 20 times the cost of the previous year. *See* ¶¶452. In addition, a highly secret letter agreement entered into by Illumina and GRAIL in August 2021—which was ***never*** publicly disclosed by Defendants and only came to light after it was produced in other litigation—provided that Illumina would indemnify both companies' executives for their actions in proceeding with the deal in the face of regulatory disapproval. *See* ¶178. Tellingly, Defendants nowhere dispute the existence of this secret letter agreement, nor Plaintiffs' characterization of it.

***None*** of these facts were disclosed by the Form of Insurance Matters Agreement. Yet the Illumina Defendants seek to judicially notice Exhibit 37 to argue

that the facts hidden from investors were disclosed two years before Defendants' false and misleading statements. *See* Ill.Br. 24-25. As Plaintiffs' Opposition sets forth, however, the disclosure of the Form of Insurance Matters Agreement does nothing of the sort, particularly in light of Defendants' false and misleading statements that its D&O insurance was "standard," "appropriate," and "not uncommon"—as the Form of Insurance Matters Agreement fails to disclose the highly material facts described above. *See* Opp. at Section III.A.6; ¶¶180-183.

The Court should reject the Illumina Defendants' improper attempt to resolve a factual dispute by "present[ing] their own version of the facts at the pleading stage" using Exhibit 37. *Khoja*, 899 F.3d at 999; *Crowder v. LinkedIn Corp.,* 2024 WL 1221956, at *7 (N.D. Cal. Mar. 21, 2024) ("[E]ven assuming the Court finds these documents to be incorporated by reference or judicially noticeable, it agrees . . . that it cannot rely on them to contradict the allegations in the [complaint].") (citing *Khoja*, 899 F.3d at 1002).

### D. The Court Cannot Consider Analyst Reports To Rebut Plaintiffs' Loss Causation Allegations

The Court cannot judicially notice or incorporate by reference **Exhibit 35**, a *Barron's* article, other than to show "what may or may not have been disclosed to the public." *Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020). Exhibit 35 purports to address Illumina's announcements of GRAIL's revenue miss and is cited in just one paragraph of the Complaint. *See* ¶221. The Illumina Defendants rely on the exhibit to argue that the ***actual*** cause of Illumina's earnings miss was "the reluctance of insurers to cover" Galleri. Defendants in turn leverage this cause of Grail's revenue miss to argue that they fully and fairly warned investors about that specific risk. Ill.Br. 23.

To start, Exhibit 35 is not incorporated by reference. In the Illumina Defendants' own case, the court refused to incorporate by reference certain analyst reports because they were not "quoted 'extensively' in the complaint" nor "form[ed]

19                    CASE NO. 3:23-cv-02082-LL-BJW
                      PLAINTIFFS' OMNIBUS RESPONSE TO DEFS.' RJN

the basis of plaintiff's claims," and were "referenced in passing only twice . . . ." *Zogenix*, 2020 WL 3820424, at \*5. Here, Exhibit 35 is cited in just one paragraph of the Complaint and is therefore not incorporated by reference. *See* ¶221.

Further, the Court cannot take judicial notice of the exhibit or deem it incorporated by reference because Defendants use the document to contradict the Complaint. Defendants cite the article to wrongly contend that analysts attributed GRAIL's guidance miss to the lack of insurers paying for the test, and that this risk was protected by the PSLRA's safe harbor. *See* Ill.Br. 23. But, as the Complaint alleges, GRAIL's guidance miss was related to Defendants' fraud—i.e., that Defendants knew that GRAIL's guidance lacked a reasonable basis, Galleri was not "gaining traction" with payers, and GRAIL was not "on track" to meet this guidance. *See* Opp. Section III.C.3.

As such, Defendants go beyond the proper purpose of the two doctrines by seeking "to present their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 999; *In re Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at \*6 (C.D. Cal. Jan. 26, 2021) (refusing to take judicial notice of analyst reports for "the truth of the matters asserted"). Defendants' own authority undermines their position, and shows the Court should reject the Illumina Defendants' attempts to misuse Exhibits 35.[8]

### E. The Court Cannot Use The Remaining Exhibits For Defendants' Improper Purposes

The Court cannot judicially notice or deem incorporated by reference the remaining exhibits for the purposes Defendants try to use them for—to "present their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 999.

**Exhibit 6** is GRAIL's Form S-1, which is mentioned in just one paragraph of the Complaint (¶165) and is therefore not incorporated by reference. *Khoja*, 899 F.3d

---

[8] *See Reckstin Fam. Tr. v. C3.ai*, 718 F. Supp. 3d 949, 967 & n.8 (N.D. Cal. 2024) (taking judicial notice of analyst reports because plaintiffs failed to explain the "differing interpretations" of them defendants purportedly improperly advanced and, in any event, refused to consider them "for their truth").

at 1002 ("the mere mention of the existence of a document is insufficient" to support incorporation by reference). Moreover, it cannot be judicially noticed to establish the truth of various propositions—that GRAIL's trial results were "Promising" and that various facts reported in the S-1 actually occurred. Ill.Br. 4 (citing Ex. 8 to establish that, in 2018, Galleri received Breakthrough Device Designation, "a designation awarded to devices with the potential to provide more effective diagnosis of life-threatening diseases." *See supra* at Section II.B. This is improper. *See Khoja*, 899 F.3d at 1003.

Next, the Court cannot judicially notice or deem incorporated by reference **Exhibits 1-2, 12-15, 27-28, 31-34,** and **40-43** for anything other than their existence and the fact that they say whatever they say. These exhibits are SEC filings, investor conference call transcripts, and press releases that contain false and misleading statements. Defendants cite these exhibits for the proposition that certain of their statements were identified as forward-looking and accompanied by meaningful cautionary language, or to assert that Defendants stated certain things at certain times. While Plaintiffs do not dispute that they may be considered to evaluate these issues, as set forth in Plaintiffs' Opposition, the exhibits demonstrate that Defendants' cautionary language was insufficient, the statements contained non-forward-looking portions, and Defendants had actual knowledge their statements were false and misleading.

As to **Exhibits 13, 15, 27, 28, and 31**, the Illumina Defendants also improperly cite these exhibits to establish the truth of what they assert or for other improper purposes. They cite Exhibit 13 to substantiate what their "rationale for the merger" was (Ill.Br. 5); to Exhibit 31 to add irrelevant language to an alleged false statement (*see id*. at 20); to Exhibit 15 to both assert and imply that Illumina and GRAIL complied with the prohibition against "sharing confidential business information" following Illumina's decision to close the merger; and to Exhibits 27 and 28 to assert that Illumina possessed "scalable" global clinical testing operations.

*Id.* at 5-6; 17-18. These uses are all improper under *Khoja*.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Requests for Judicial Notice. If the Court is inclined to grant them, Plaintiffs respectfully request that the Court not take judicial notice of or treat as incorporated-by-reference any of the disputed facts or impermissible inferences Defendants request.

Dated: February 4, 2026                                 Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton (*pro hac vice*)
(johnr@blbglaw.com)
Michael D. Blatchley (*pro hac vice*)
(michaelb@blbglaw.com)
Alec T. Coquin (*pro hac vice*)
(alec.coquin@blbglaw.com)
Michael M. Mathai (*pro hac vice*)
(michael.mathai@blbglaw.com
Emily A. Tu (*pro hac vice*)
(emily.tu@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Counsel for Lead Plaintiffs Universal and ACATIS, and Lead Counsel for the Class*