COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
RYAN E. BLAIR (246724)
(rblair@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
CRISTINA M. FERRUOLO (339442)
(cferruolo@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420

BRIAN M. FRENCH (*pro hac vice*)
(bfrench@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone: +1 212 479 6000
Facsimile:  +1 212 479 6275

Attorneys for Defendants Illumina, Inc.,
Francis A. deSouza, Alexander M. Aravanis,
Phillip G. Febbo, Sam A. Samad, and John W.
Thompson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ILLUMINA, INC. SECURITIES LITIGATION | Case No. 3:23-cv-02082-LL-BJW |
| | CLASS ACTION |
| | **REPLY IN SUPPORT OF ILLUMINA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | Courtroom: 14B |
| | Judge: Hon. Linda Lopez |
| | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...........................................................................................1

II.  ARGUMENT .................................................................................................2

 A.   Exhibit 1 (Form S-4) is subject to judicial notice and incorporation by reference. ............................................................3

 B.   Exhibits 2, 12–15, 27–28, 31–34, 40–42 (SEC filings, press releases, and investor call transcripts) are subject to judicial notice and incorporated by reference. ...................................3

 C.   Exhibits 3–4, 6–11 (Illumina SEC filings, GRAIL press releases and analyst day presentation) are subject to judicial notice. ...............5

 D.   Exhibit 5 (Illumina SEC filing) is subject to judicial notice and incorporation by reference. ............................................................5

 E.   Exhibit 16 (EC press release) is subject to judicial notice....................6

 F.   Exhibit 26 (internal FAQ document from the FTC proceedings) is subject to judicial notice and incorporation by reference. ...............6

 G.   Exhibits 29–30 (Proposed Findings of Fact in FTC proceeding) are subject to judicial notice and incorporation by reference. ..............7

 H.   Exhibit 35 (analyst report) is subject to judicial notice and incorporation by reference. ............................................................8

 I.   Exhibit 37 (Illumina SEC filing) is subject to judicial notice and incorporation by reference. ............................................................9

 J.   Exhibit 39 (Illumina SEC filings) is subject to judicial notice and incorporation by reference. ......................................................10

III.  CONCLUSION .............................................................................................10

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**ILLUMINA DEFS' RJN REPLY
CASE NO. 3:23-CV-02082-LL-BJW**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ajaxo, Inc. v. Bank of America Technology & Operations, Inc.*,
2007 WL 4180361 (E.D. Cal. Nov. 21, 2007) ..................................................................9

*Al-Bustani v. Alger*,
2023 WL 1778814 (W.D. Wash. Feb. 6, 2023) ................................................................7

*Baron v. Hyrecar Inc.*,
2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) ..................................................................5

*Chicago & Vicinity Laborers' District Council Pension Fund v. Amplitude, Inc.*,
2025 WL 82206 (N.D. Cal. Jan. 13, 2025) ......................................................................5

*City of Royal Oak Retirement System v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012).........................................................................10

*Dimercurio v. Equilon Enterprises LLC*,
2020 WL 227262 (N.D. Cal. Jan. 15, 2020) ....................................................................5

*In re Eventbrite, Inc. Securities Litigation*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ..........................................................1, 6, 9

*Lu v. Align Technology, Inc.*,
417 F. Supp. 3d 1266 (N.D. Cal. 2019)...........................................................................5

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988, 998 (9th Cir. 2018).........................................................................*passim*

*McGovney v. Aerohive Networks, Inc.*,
367 F. Supp. 3d 1038 (N.D. Cal. 2019)...........................................................................2

*Metzler Investment GMBH v. Corinthian Colleges, Inc.*,
540 F.3d 1049 (9th Cir. 2008)........................................................................................8

*MGIC Indemnity Corporation v. Weisman*,
803 F.2d 500 (9th Cir. 1986)..........................................................................................7

*Ng v. Berkeley Lights, Inc.*,
2024 WL 695699 (N.D. Cal. Feb. 20, 2024)....................................................................2

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Plevy v. Haggerty*,
 38 F. Supp. 2d 816 (C.D. Cal. 1998) ................................................................. 5, 6

*Resnick v. Hyundai Motor America, Inc.*,
 2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ..................................................... 5

*Silva v. U.S. Bancorp*,
 2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) ....................................................... 9

*In re Silver Wheaton Corporation Securities Litigation*,
 2019 WL 1512269 (C.D. Cal. Mar. 25, 2019) .................................................... 5, 6

*Tellabs, Inc. v. Makor Issues & Rights, Limited*,
 551 U.S. 308 (2007) ........................................................................................... 2, 8

*U.S. v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) .............................................................................. 6

*In re Violin Memory Securities Litigation*,
 2014 WL 5525946 (N.D. Cal. Oct. 31, 2014) .................................................... 3, 4, 8

*von Saher v. Norton Simon Museum of Art at Pasadena*,
 592 F.3d 954 (9th Cir. 2010) .............................................................................. 9

**Other Authorities**

Fed. R. Evid. 201(b) ................................................................................................. 2

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iii

**ILLUMINA DEFS' RJN REPLY
CASE NO. 3:23-CV-02082-LL-BJW**

## I.    INTRODUCTION[1]

Plaintiffs' Opposition to Defendants' Request for Judicial Notice, ECF 90 ("RJN Opposition" or "RJN Opp."), seeks to obscure, rather than illuminate, the Ninth Circuit's straightforward application of the incorporation by reference and judicial notice doctrines. Further complicating matters, Plaintiffs improperly weave merits arguments throughout their RJN Opposition, attempting to transform a procedural dispute into additional briefing on the substance of their claims. Plaintiffs' gambit should be rejected, as should their baseless arguments, and Defendants' RJN should be granted in its entirety.

The 179-page TAC relies on over 150 documents, from SEC filings, to press releases and conference call transcripts, to pleadings, evidence, transcripts from other proceedings, and more. TAC at 1. Plaintiffs neither attached these materials nor specified which allegations rely on which source—leaving Defendants (and the Court) to sort it out. Now that Defendants have conducted that work and cited a small subset of those materials, Plaintiffs complain it is somehow improper for the Court to consider the very documents on which the TAC relies. Plaintiffs' position rests on a distorted reading of *Khoja v. Orexigen Therapeutics* that no court has adopted. 899 F.3d 988, 998 (9th Cir. 2018).

The RJN Opposition decries Defendants' use of nearly every exhibit as improper, but "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's **conclusory** allegations." *In re Eventbrite Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original). Tellingly, the RJN Opposition cannot identify a single instance in which Defendants use any exhibit to dispute a *well-pled* factual allegation.

---

[1] Unless otherwise noted, all defined terms have the same meaning as Illumina Defendants' RJN, ECF 85, all emphasis is added, and internal quotation marks and alterations are omitted.

The RJN Opposition also flouts what *Khoja* warns against: Plaintiffs wield selective excerpts from the very documents at issue as a sword to prop up the TAC's conclusory allegations, yet insist those same documents must be sheathed the moment Defendants cite them for the full context they provide. But *Khoja* expressly permits—and *Tellabs* requires—courts to consider that context to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *Tellabs v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007) ("courts **must** consider . . . sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Illumina Defendants seek consideration of 42 exhibits: 24 are incorporated by reference, and all 42 are subject to judicial notice. All should be considered.

## II.   ARGUMENT

Incorporation by reference and judicial notice are two distinct doctrines. Incorporation by reference "treats certain documents as though they are part of the complaint itself…if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Ng v. Berkeley Lights*, 2024 WL 695699, at *3 (N.D. Cal. Feb. 20, 2024). Judicial notice, on the other hand, extends to documents not cited in the complaint, such as "matters of public record," *id.*, so long as they are "not subject to reasonable dispute," Fed. R. Evid. 201(b).

Defendants properly use each exhibit under the incorporation by reference or judicial notice doctrines, or both.[2]

---

[2] Plaintiffs do not dispute the Court's consideration of **Exhibits 17-25, 36, 38**. *See McGovney v. Aerohive Networks*, 367 F. Supp. 3d 1038, 1050–51 (N.D. Cal. 2019) (taking judicial notice of unopposed exhibits).

**A. Exhibit 1 (Form S-4) is subject to judicial notice and incorporation by reference.**

Plaintiffs do not dispute that the Court can consider **Exhibit 1** under both the judicial notice and incorporation by reference doctrines. RJN Opp. 15. Nor do they dispute that the Court may consider this exhibit to determine whether it contained adequate cautionary language. *Id.*

Instead, the RJN Opposition claims Defendants improperly use **Exhibit 1** to "support [their] argument" that the challenged statements "about GRAIL's valuation and financial projections were not false." *Id.* 16. But there is no prohibition against using a document incorporated by reference to "support [an] argument," *id.*; that is *always* the purpose. Defendants cite **Exhibit 1** to show, among other things, (i) GRAIL prepared the financial projections, MTD 14; *see also* ¶75 (projections "prepared by GRAIL management"); ¶367 (same); (ii) the stated purpose of the S-4 was to "provide GRAIL stockholders with information to vote on the merger," MTD 5, and (iii) the S-4 contained certain other disclosures, *id.* 11 (stating GRAIL was reliant on Illumina for next-generation sequencers); *id.* (describing "material contracts and arrangements between Illumina and GRAIL").

Plaintiffs also improperly use their RJN Opposition to incorporate merits argument that **Exhibit 1** "does not" contain meaningful cautionary language. RJN Opp. at 16. All such argument should be disregarded, as "[t]he inclusion of such argument in a brief purporting to address only whether the Court should take judicial notice of certain documents is improper." *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *17 n.8 (N.D. Cal. Oct. 31, 2014).

**B. Exhibits 2, 12–15, 27–28, 31–34, 40–42 (SEC filings, press releases, and investor call transcripts) are subject to judicial notice and incorporated by reference.**

Plaintiffs do not dispute that **Exhibits 2, 12–15, 31–34, 40–42**—which contain challenged statements—are incorporated by reference and subject to judicial notice. RJN Opp. 21. Nor do Plaintiffs dispute that the Court may consider these exhibits to

evaluate whether Defendants' statements were forward-looking and accompanied by meaningful cautionary language. *Id.*[3] They do, however, offer baseless objections to five of these exhibits:

**Exhibit 13:** Plaintiffs claim Defendants improperly cite **Exhibit 13** to *substantiate* their merger rationale. RJN Opp. 21. That is wrong. Defendants cite this exhibit only to show what they *publicly said* about the merger rationale. MTD 5.

**Exhibit 15:** Plaintiffs argue Defendants cite **Exhibit 15** to "both assert and imply that Illumina and GRAIL complied with the prohibition against sharing confidential business information" following Illumina's decision to close the merger." RJN Opp. 21. But Defendants cite this exhibit only to show that GRAIL explained it would "hold GRAIL as a separate company during the [EC's] ongoing regulatory review," which "prohibited Illumina and GRAIL from sharing confidential business information during this period." MTD 5–6, 25. And nowhere does the TAC allege Illumina did *not* hold GRAIL separate during the EC's review.

**Exhibits 27–28:** Plaintiffs contend Defendants rely on **Exhibits 27 and 28** to argue Illumina possessed "scalable" global clinical testing operations. Opp. 21. But Defendants cite **Exhibit 27** only to show Illumina operated testing sites in more than 70 countries and **Exhibit 28** to show Illumina maintained production labs worldwide. MTD 18. There is no factual dispute: Plaintiffs' dispute is that Illumina's global testing operations were not "***scalable***," not that it lacked those operations. ¶100.

**Exhibit 31:** Plaintiffs claim Defendants cite **Exhibit 31** to "add irrelevant language to an alleged false statement." RJN Opp. 21. But Defendants use the exhibit to show the words Plaintiffs misleadingly omitted. MTD 20; MTD Reply 7. That is why incorporation by reference exists: to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *see also*

---

[3] Plaintiffs again improperly use their RJN Opposition as a vehicle for legal argument claiming the cautionary language was inadequate. RJN Opp. 21. That argument should be disregarded. *Violin Memory*, 2014 WL 5525946, at *17 n.8.

*Lu v. Align Tech.*, 417 F. Supp. 3d 1266, 1276 (N.D. Cal. 2019) (taking judicial notice of public documents because plaintiffs should not be permitted to "cherry-pick[] portions of Defendants' statements and ignor[e] other[s]"). If Plaintiffs wanted to dispute the relevance of the additional language, that argument should have been raised in their MTD Opposition. Their failure to do so waives it. *See Resnick v. Hyundai Motor Am.*, 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) ("[f]ailure to oppose an argument raised in a motion to dismiss constitutes waiver").

**C. Exhibits 3–4, 6–11 (Illumina SEC filings, GRAIL press releases and analyst day presentation) are subject to judicial notice.**

Plaintiffs concede **Exhibits 3–4** and **6–11** are proper subjects of judicial notice. RJN Opp. 9, 13. They contend, however, these exhibits cannot be considered because they are not cited in the TAC. *Id.* That is an incorporation by reference argument, not a judicial notice argument. *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (judicial notice extends to "matters of public record ***outside*** the pleadings"); *see Dimercurio v. Equilon Enters.*, 2020 WL 227262, at *2 n.4 (N.D. Cal. Jan. 15, 2020) (noting plaintiffs' arguments "conflate[] judicial notice with the incorporation by reference doctrine"). And Defendants do not ask the Court to accept the truth of any disclosure in these exhibits; they merely ask it to accept that the information *was* disclosed. Plaintiffs do not dispute *that* use is proper.[4] RJN Opp. 14; *see Chi. & Vicinity Laborers' Dist. v. Amplitude*, 2025 WL 82206, at *1 (N.D. Cal. Jan. 13, 2025) (taking judicial notice of SEC filings "for the purpose of determining what information was available to the market").[5]

**D. Exhibit 5 (Illumina SEC filing) is subject to judicial notice and incorporation by reference.**

---

[4] Plaintiffs' authorities also recognize that this use is proper. *E.g., In re Silver Wheaton Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (granting judicial notice of SEC filings "for the fact that those filings contained certain disclosures regarding the CRA audit and a risk of a material adverse impact on [the company's] financial performance"); *Baron v. Hyrecar*, 2022 WL 17413562, at *7 (C.D. Cal. Dec. 5, 2022) (same).
[5] Plaintiffs also object to Defendants' use of **Exhibits 7–11** to "factually support their argument." RJN Opp. 10. But there is no prohibition against using exhibits to "support [an] argument." *See id.*

Plaintiffs concede **Exhibit 5** is subject to judicial notice but argue because it is cited only once in the TAC, it cannot be incorporated by reference. RJN Opp. 14. Wrong: "a defendant may seek to incorporate a document into the complaint if…the document *forms the basis of* the plaintiff's claim." *Khoja*, 899 F.3d at 1002. Here, **Exhibit 5** forms the basis of Plaintiffs' scheme allegation. ¶¶ 341, 500(i).

Plaintiffs also claim Defendants cite **Exhibit 5** to dispute the allegation that Illumina's Forms 10-Q made "no meaningful disclosures" about its GRAIL investment. RJN Opp. 14–15. But that allegation is entirely conclusory—and there is no prohibition against using a document incorporated by reference to create factual disputes with "*conclusory* allegations." *Eventbrite*, 2020 WL 2042078, at *7.

### E. Exhibit 16 (EC press release) is subject to judicial notice.

Plaintiffs argue **Exhibit 16** is not subject to judicial notice because it is not referenced in the TAC. RJN Opp. 10. Again, that is an incorporation by reference argument; it is irrelevant to judicial notice. *Plevy*, 38 F. Supp. 2d at 820–21.

Plaintiffs also claim Defendants improperly use **Exhibit 16**. RJN Opp. 10. But Defendants use **Exhibit 16** only to show the EC announced it prohibited Illumina and GRAIL from sharing confidential business information during the hold-separate period. MTD 6. The Court need not accept this fact as true, but it is proper to consider it. *U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (taking judicial notice of "reports of administrative bodies"). That Plaintiffs may disagree with the implication of this fact is similarly irrelevant.[6]

### F. Exhibit 26 (internal FAQ document from the FTC proceedings) is subject to judicial notice and incorporation by reference.

The TAC (and Opposition) rely on an "Illumina FAQ document" stating: "We do not expect material synergies to the transaction." ¶¶41, 99(iii), 110, 272, 374, 376,

---

[6] Plaintiffs again cite *Silver Wheaton*, but the requesting party there did not specify "exactly which facts it requests the Court to judicially notice from their exhibits." 2019 WL 1512269, at *8. Here, Defendants have referenced the specific pages within each exhibit they cite and highlighted the referenced material.

421; MTD Opp. 5, 9–10, 22, 37. Plaintiffs, however, did not attach that document to the TAC. Now that Defendants have found that document, which was produced in the FTC proceeding and used at trial, *see* ECF 84-2 at 5, Plaintiffs insist it is a "completely different version" than the one they cite. RJN Opp. 9. Yet Plaintiffs do not attach their version to their Request for Judicial Notice, ECF 91, nor explain how **Exhibit 26** differs other than claiming the version they rely on was "addressed to Defendants deSouza and Samad." RJN Opp. 9. But whether the version they have was attached to an email to deSouza or Samad (or someone else entirely) does not change the ***contents*** of the document, and Plaintiffs do not dispute **Exhibit 26** is an "Illumina FAQ document" containing the same statement they cite in the TAC. Nor do they otherwise articulate any reason why it substantively differs. RJN Opp. 9; *see Al-Bustani v. Alger*, 2023 WL 1778814, at *3 (W.D. Wash. Feb. 6, 2023) ("the court need not accept a party's concerns regarding the authenticity of the document where doing so would frustrate the purpose of the incorporation by reference doctrine"). And, regardless, whether this is the exact same version as the document cited in the TAC is irrelevant for judicial notice, which extends to "matters of public record outside the pleadings."[7] *MGIC Indem. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

### G. Exhibits 29–30 (Proposed Findings of Fact in FTC proceeding) are subject to judicial notice and incorporation by reference.

Plaintiffs dispute that **Exhibits 29–30** are incorporated by reference and argue the Court cannot judicially notice any "facts" from them. RJN Opp. 4.

Plaintiffs' argument ignores that the TAC repeatedly refers to FTC "testimony" and alleges "omissions." *E.g.*, ¶¶12–14, 82, 99, 101–102, 108–109, 116–117, 133, 141, 159, 259, 261, 267–271, 277, 280, 335.[8] That testimony remains under seal and is only available through other documents, such as **Exhibits 29–30**.[9] Thus,

---

[7] Plaintiffs do not—and cannot—reasonably question the accuracy of **Exhibit 26**, which was produced in the FTC proceeding and at trial. ECF 84-2 at 5.

[8] Plaintiffs explicitly incorporate documents and testimony from the FTC proceeding into the TAC. TAC at 1.

[9] The *testimony* in **Exhibits 29–30** is not disputed, only the proposed findings of fact

the testimony is incorporated by reference and these exhibits are the proper vehicle for bringing it before this Court. And because these exhibits are incorporated by reference, Defendants properly cite them to show the Court *additional* statements to provide critical context *Tellabs* mandates courts consider. 551 U.S. at 322; MTD 18. Even Plaintiffs' authority recognizes this is the purpose for which incorporation by reference exists. *See Metzler v. Corinthian*, 540 F.3d 1049, 1069 (9th Cir. 2008) ("[A] plaintiff cannot avoid dismissal by reliance on an isolated statement that stands in contrast to a host of other insufficient allegations."); *Khoja*, 899 F.3d at 1002.

Plaintiffs also object that Defendants "reference generally all 3,861 pages of disputed facts across Exhibits 29 and 30." RJN Opp. 5. That is grossly misleading: Defendants excerpted only *63 pages*. *See* Exs. 29–30. So even if Defendants did refer the Court to all of **Exhibits 29–30**, that is a far cry from the "3,861 pages" Plaintiffs denounce. RJN Opp. 5. Ironically, Plaintiffs then claim Defendants "improperly" rely on **Exhibits 29–30** to argue Illumina submitted "voluminous evidence and testimony" in the FTC proceedings. RJN Opp. 5 (citing MTD 32). But Plaintiffs cannot seriously contend that the record in that proceeding was not voluminous— and there is no contrary allegation in the TAC.

Finally, Plaintiffs contend Defendants statements were "knowingly or recklessly false and misleading" even when considered with the additional context in **Exhibits 29–30**. RJN Opp. 6. But that is irrelevant to the question of whether these exhibits are subject to judicial notice and incorporation by reference. *See Violin Memory*, 2014 WL 5525946, at *17 n.8.

### H. Exhibit 35 (analyst report) is subject to judicial notice and incorporation by reference.

Plaintiffs dispute that **Exhibit 35**—which the TAC relies on to support loss causation, ¶221; *see* RJN 5—is incorporated by reference. RJN Opp. 19. They are wrong. *E.g., Khoja*, 498 F.Supp.3d at 1307 (documents "form[ing] the basis of

included therein. Exs. 29–30; *Cf.* RJN Opp. 5.

[Plaintiffs'] loss causation theory" are "appropriate to incorporate by reference"). Next, Plaintiffs argue Defendants use this exhibit to "contradict the Complaint." RJN Opp. 19–20. That is also wrong. Defendants cite **Exhibit 35** for the fact that analysts cited "the reluctance of insurers to cover the test" as the cause for GRAIL's revenue miss. MTD 23. Nowhere does the TAC allege that is not what caused the miss—or even allege what *did* cause the miss other than "Defendants' fraud," *id*. 20, which is the epitome of conclusory. *See Eventbrite*, 2020 WL 2042078, at *11 (incorporation by reference may be used "to create factual disputes with a plaintiff's *conclusory* allegations") (emphasis in original).

Plaintiffs concede **Exhibit 35** is subject to judicial notice, but again claim Defendants use it to "contradict the Complaint." RJN Opp. 20. As noted above, that is an incorporation by reference argument. And Defendants properly use the exhibit to show what analysts reported. MTD 23; *see von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). The Court may take judicial notice of *that* fact even if the TAC makes a contrary allegation. *Ajaxo v. Bank of Am. Tech. & Ops.*, 2007 WL 4180361, at *1 (E.D. Cal. Nov. 21, 2007).

## I.   Exhibit 37 (Illumina SEC filing) is subject to judicial notice and incorporation by reference.

Plaintiffs argue **Exhibit 37**—which they rely on to support falsity and scienter, ¶¶176, 298—should not be considered because *other* documents support their claims, regardless of what the exhibit says, RJN Opp. 18. That is merits argument—which they fail to include in their MTD Opposition. *See* Opp. 31. It is thus waived. *See Silva v. U.S. Bancorp*, 2011 WL 7096576, at *4 (C.D. Cal. Oct. 6, 2011) (dismissing claims where plaintiff "failed to address Defendants' arguments in his Opposition"). Plaintiffs also contend Defendants use this exhibit to present their own version of the facts at the pleading stage to "dispute the Complaint's allegations concerning their extraordinary insurance," RJN Opp. 18–19. But Defendants do not dispute the existence of the insurance policy, the coverage amount, the premium, or the alleged

letter agreement between GRAIL and Illumina. MTD 24. Defendants properly cite **Exhibit 37** to show what they *did* tell the public and when. *Id.*

### J. Exhibit 39 (Illumina SEC filings) is subject to judicial notice and incorporation by reference.

Plaintiffs do not dispute that **Exhibit 39**—Aravanis' Forms 4—is subject to judicial notice. Instead, they argue this exhibit is not incorporated by reference because Plaintiffs "do not cite" the Forms 4 and, instead, "merely allege that Aravanis sold out of every single Illumina share he received in the GRAIL acquisition." RJN Opp. 16. But Plaintiffs' allegations regarding Aravanis' stock sales could only come from his Forms 4, so they are incorporated by reference. *City of Royal Oak Ret. Sys. v. Juniper Networks*, 880 F. Supp. 2d 1045, 1059, 1069 (N.D. Cal. 2012) (Forms 4 incorporated by reference "even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan" because scienter allegations "rel[ied] expressly on [defendants'] stock sales, which is information disclosed to the public through [defendants'] Forms 4"). And Defendants properly use this exhibit to show Aravanis' stock sales were pursuant to 10b5-1 plans or were sales to cover tax obligations due RSU vesting; this does not raise a factual dispute because there is no contrary allegation in the TAC.

## III.   CONCLUSION

Illumina Defendants respectfully request that the Court consider **Exhibits 1– 42** under the incorporation by reference and/or judicial notice doctrines.

Dated:          March 6, 2026               COOLEY LLP


                                            By: */s/ Koji F. Fukumura*
                                               Koji F. Fukumura

                                            *Attorneys for Defendants Illumina, Inc., Francis A. deSouza, Alexander M. Aravanis, Phillip G. Febbo, Sam A. Samad, and John W. Thompson*