LATHAM & WATKINS LLP
Colleen C. Smith (Bar No. 231216)
 colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Tel: +1 858 523 3985/Fax: +1. 858.523.5450

Alexander C.K. Wyman (Bar No. 295339)
 alex.wyman@lw.com
355 S. Grand Avenue, Suite 400
Los Angeles, CA 90071
Tel: +1.213.485.1234/Fax: +1.213.891.8763

Meryn Grant (Bar No. 291315)
 meryn.grant@lw.com
10250 Constellation Boulevard, Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500/Fax: +1.424.653.5501

*Attorneys for Defendants GRAIL, LLC (n/k/a GRAIL, Inc.), Hans Bishop, Joshua J. Ofman, and Richard D. Klausner*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Illumina, Inc. Securities Litigation*. | CASE NO. 3:23-cv-02082-LL-BJW |
| | **GRAIL DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR INCORPORATION BY REFERENCE AND/OR JUDICIAL NOTICE IN SUPPORT OF GRAIL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT** |
| | Date: January 15, 2026<br>Courtroom: 14B<br>Judge: Hon. Linda Lopez |
| | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |
| | SPECIAL BRIEFING SCHEDULE ORDERED |

The GRAIL Defendants submit this reply in support of their Request for Incorporation by Reference and/or Judicial Notice in Support of GRAIL Defendants' Motion to Dismiss Third Amended Complaint (ECF No. 88, the "Gr. RJN"), and in response to Plaintiffs' Omnibus Response to Defendants' Requests for Judicial Notice (ECF No. 90, the "RJN Opposition" or "RJN Opp.").

## I.   INTRODUCTION

The Supreme Court requires district courts to "consider the complaint," "documents incorporated into the complaint by reference," and "matters of which a court may take judicial notice" when evaluating securities fraud allegations. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  Relying on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), Plaintiffs contend these requirements do not apply to their Complaint because Defendants asked the Court to "make factual findings."  RJN Opp. at 1.  Not so.  The Court should consider Exhibits 43-46 for several reasons.

First, *Khoja* did not abrogate the rule that courts "must" consider documents incorporated by reference into the complaint or subject to judicial notice when deciding motions to dismiss securities complaints.  *Tellabs*, 551 U.S. at 322; *see Khoja*, 899 F.3d at 1004, 1006 (no abuse of discretion for district court considering documents incorporated by reference where documents "form the basis" of claims).  In fact, *Khoja* affirmed the district court's decision to consider documents under both incorporation by reference and judicial notice when deciding the motion to dismiss. *Khoja*, 899 F.3d at 1004, 1006.  Post-*Khoja*, courts assessing securities fraud allegations have continued to examine documents that plaintiffs base their claims upon or which are subject to judicial notice.  *E.g., Dimou v. Thermo Fisher Sci. Inc.*, 2024 WL 4508450, at *5-*6 (S.D. Cal. Sept. 19, 2024); *Zamora v. Bridgecrest Credit Co.*, LLC, 2024 WL 4094281, at *4-*5 (S.D. Cal. Sept. 5, 2024); *In re Sequenom, Inc. S'holder Litig.*, 2023 WL 4833465, at *5 (S.D. Cal. July 27, 2023).

Second, Plaintiffs oppose the GRAIL Defendants' request for judicial notice and accuse the GRAIL Defendants of asking the Court to "improperly draw factual inferences" about incorporated documents. RJN Opp. at 1. But the GRAIL Defendants do not request or rely on improper factual inferences. They simply ask to the Court to consider the documents that Plaintiffs selectively quoted from in an effort to bolster their previously dismissed claims. Even a cursory review of the actual documents reveals that Plaintiffs' Complaint stripped quotes of necessary context and mischaracterized FTC testimony. Determining that Plaintiffs' allegations are inconsistent with the documents they rely on does not require the Court to draw *any* factual inferences, let alone "improper" inferences. As the Ninth Circuit explained in *Khoja*, incorporation by reference prevents plaintiffs "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d at 1002. Rather than address the substance of the GRAIL Defendants' four exhibits, Plaintiffs ask the Court to ignore these documents full stop. No authority supports this request, and evaluating Plaintiffs' allegations requires the Court to consider the documents Plaintiffs rely on.

## II.   ARGUMENT

### A.   FTC Trial Testimony is Incorporated by Reference and Subject to Judicial Notice (Exhibits 44 & 45).

The RJN Opposition misrepresents the Complaint and argues that the Court should not look at the testimony Plaintiffs cited, quoted, and characterized. According to Plaintiffs, the testimony Ofman and Bishop gave to the Federal Trade Commission ("FTC") is "well outside the confines of the Complaint." RJN Opp. at 1. This could not be further from the truth. The GRAIL Defendants' RJN identified more than two dozen paragraphs where the Complaint described or quoted Ofman's and Bishop's FTC testimony. Gr. RJN at 4. Sidestepping this dispositive issue, Plaintiffs claim without citation that they only "reference" Ofman's and

Bishop's testimony "in a handful of paragraphs."  RJN Opp. at 8.  But Plaintiffs' Opposition to the Motions to Dismiss belies this assertion; Plaintiffs repeatedly point to Ofman's and Bishop's testimony as the basis for their claims.  MTD Opp. at 1 (arguing that "Defendants' testimony and admissions at trial" support their falsity allegations), 10 (quoting Bishop's FTC testimony), 24 (quoting Ofman's and Bishop's FTC testimony), 36-37 (characterizing Ofman's and Bishop's FTC testimony), 38 (characterizing and quoting Ofman's and Bishop's FTC testimony). Under *Khoja*, a document is incorporated if the Complaint references it "extensively"—at least "more than once."  *Khoja*, 899 F.3d at 1003.  Plaintiffs cannot avoid Ofman's and Bishop's FTC transcripts by ignoring their allegations and the bases for their claims.  That is dispositive, and the Court can consider Exhibits 44 and 45 on that basis alone.[1]

Rather than address the standard for whether documents are incorporated by reference, Plaintiffs' Opposition raises arguments on the merits and challenges the purported "facts" contained in Exhibits 44 and 45.  *See* Opp. at 6-8.  But "nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context." *In re Eventbrite Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).  And here, Plaintiffs' allegations rely on cherry-picked quotes from Ofman's and Bishop's testimony which, when read in context, tell a very different story than the Complaint. That is the precise type of gamesmanship that *Khoja* seeks to prevent.  *Khoja*, 899 F.3d at 1002; *Stewart v. Kodiak Cakes*, LLC, 537 F. Supp. 3d 1103, 1121 (S.D. Cal. 2021) (incorporation by reference "Prevent[s] plaintiffs from surviving a Rule

---

[1] Plaintiffs cite *Rubalcava* for the proposition that a complaint's "reference to events at trial" does not allow the Court to incorporate "the entire trial transcript."  Opp. at 8; *Rubalcava v. City of San Jose*, 2021 WL 2987164, at *6 (N.D. Cal. July 15, 2021).  But the Complaint does not just "reference events at trial," it directly quotes and characterizes Bishop's and Ofman's testimony.  *See, e.g.*, ¶¶ 12-13, 82, 99, 108, 117, 129-30, 261, 267, 270, 280, 335.  The same is true of Plaintiffs' Opposition brief.  Opp. at 1, 10, 24, 38, 55.  And the GRAIL Defendants have not requested to incorporate the "entire trial transcript." Opp. at 8.  They requested only to incorporate testimony from Bishop and Ofman—the same testimony that Plaintiffs cite in the Complaint.  *See* Gr. Br. at 4-5; Exs. 44-45.

12(b)(6) motion by deliberately omitting references to documents upon which their claims are based") (citation omitted).

***Ofman's Testimony***.  Plaintiffs argue that Ofman "effectively admitted . . . there was 'simply no clinical evidence that Galleri can provide early detection of 50+ cancers in an asymptomatic population.'"  MTD Opp. at 23.  In reality, Ofman testified at length about Galleri's clinical capabilities, and he said the opposite of what Plaintiffs allege in the Complaint.  Ofman explained that the CCGA study demonstrated Galleri's ability to detect more than 50 cancer types using a control group with prior cancer diagnoses:

> Q: So which of the trials or studies that GRAIL has conducted was designed to determine how many types of cancer Galleri could detect?
>
> A: Well, the CCGA study was, was designed that way…
>
> Q: And how many types of cancer did Galleri detect in the CCGA study?
>
> A.  Over 50 different cancer types.

Ex. 45 at 3298:20-99:9.  He also explained how the PATHFINDER study was then used to show that the results of the CGCA study could be replicated in clinical practice on asymptomatic patients.  *See id.* at 3296:10-97:9 ("The purpose of PATHFINDER was very clear . . . it was really a feasibility study about implementing Galleri into actual clinical practice," and the results were "really remarkable"); *see also id.* at 3296-99 (more details about GRAIL's clinical trials).  Plaintiffs ask the Court to ignore this transcript because they know Ofman's testimony "dooms" their claims.  *See Khoja*, 899 F.3d at 1002.

***Bishop's Testimony***.  Plaintiffs contend that Bishop "knew [his] statements that Illumina would 'accelerate' Galleri's adoption were untrue," MTD Opp. at 36, because he "swore there was no discussion between Illumina and GRAIL of any plans to accelerate FDA approval," *id.* at 38.  In reality, Bishop testified that the GRAIL board had discussions with Illumina during which Illumina stated it was committed to GRAIL's success.  *See, e.g.*, Ex. 44 at 1424:19-25:3 ("What Illumina

have communicated to us and directly to our board is their true strategic commitment to investing in GRAIL and making it a successful company"). And the Court can consider the testimony Plaintiffs rely on to reject Plaintiffs' conclusory descriptions of that testimony. *In re Eventbrite Sec. Litig.*, 2020 WL 2042078, at *7 (an incorporated document may be used "to create factual disputes with a plaintiff's **conclusory** allegations").

Along with incorporation by reference, the RJN Opposition raises no valid reasons against taking judicial notice of these transcripts. Gr. RJN at 6. These are "public records," and their "contents are not subject to reasonable dispute." *Id.* Rather than address this argument, Plaintiffs again accuse the GRAIL Defendants of requesting the Court judicially notice the *facts* to which Ofman and Bishop testified. RJN Opp. at 7. That is not what the GRAIL Defendants requested. *See* Gr. RJN at 6; Gr. Br. at 3, 8, 12, 17 (describing consistencies between challenged statements and sworn FTC testimony, contrary to Plaintiffs' allegations). Consistent with the Ninth Circuit's mandate in *Khoja*, there is no "reasonable dispute" that this sworn testimony corroborates the GRAIL Defendants' public statements. *Khoja*, 899 F.3d at 999-1000. Plaintiffs do not argue otherwise.

Plaintiffs' argument against the transcripts is a thinly veiled attempt to have the Court rely on selective snippets of testimony that support their allegations, while hiding the portions that provide crucial context for that testimony from the Court's review.[2] That method of pleading does not state a claim, let alone a claim for securities fraud under the PSLRA's heightened pleading standard. *See Khoja*, 899 F.3d at 1002; *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019) (Incorporation by reference exists to "prevent plaintiffs

---

[2] That Illumina and GRAIL's confidential information remains sealed in the transcripts, RJN Opp. at 7, does not give Plaintiffs impunity to mischaracterize the public portions. Courts routinely take judicial notice of redacted court filings. *Cha v. City & Cnty. of San Francisco*, 2025 WL 2782587, at *19 (N.D. Cal. Sept. 30, 2025) (judicially noticing "Redacted Transcript").

from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims.").

### B.   Peer-Reviewed Study Published in Annals of Oncology is Subject to Judicial Notice.

It is also proper for the Court to take judicial notice of Exhibit 46, a peer-reviewed and publicly available article published in the Annals of Oncology. Plaintiffs do not dispute the accuracy of the Annals of Oncology as a source, Fed. R. Evid. 201(b), or the authenticity of Exhibit 46. *See* RJN Opp. at 11-12. Nor do they dispute that the article was public during the class period, making it the type of document that courts "hearing securities fraud cases routinely take judicial notice of." *In re Nuvelo, Inc. Sec. Litig.*, 668 F. Supp. 2d 1217, 1220 (N.D. Cal. 2009); *see Homyk v. ChemoCentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb. 23, 2023) (judicially noticing medical journal article to determine "what information was available"). That alone compels granting the GRAIL Defendants' request.

Faced with overwhelming authority that the Court should take judicial notice of this document, Plaintiffs claim that the GRAIL Defendants use this exhibit to argue "that Defendant Ofman's statement—that Galleri could detect over fifty different types of cancer—was 'true.'" RJN Opp at 11. Wrong again. The Court could disagree with all fifteen doctors who concluded that "Cancer signals were detected [by Galleri] across >50 cancer types," Ex. 46, and still judicially notice this document. (To be clear, Galleri can detect 50+ cancers, and additional studies have found far more than 50 cancer types and subtypes.) The only thing the Court must determine when assessing Defendants' substantive argument is whether a medical oncology journal made findings about Galleri's capabilities (it did) and whether conflicting opinions rendered Ofman's opinion subjectively false (they did not). *See* Gr. Br. at 8-10. Even Plaintiffs' authorities support judicial notice here. *See United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) (judicially noticing reports, but not "facts that might *reasonably* be disputed" (emphasis added));

*Masimo Corp. v. Apple Inc.*, 2021 WL 925885, at *2 (C.D. Cal. Jan. 6, 2021) (judicially noticing "the abstract of an article published in a scientific journal").

Plaintiffs also resort to an ad hominem attack on the authors of Exhibit 46. RJN Opp. at 12. According to Plaintiffs, because the article discussed the "GRAIL-funded" CCGA study, the Court should not take notice of it. *Id.* Plaintiffs cite no authority to support this argument. *Id.* Nor is there any, as Courts routinely take judicial notice of medical literature describing defendant-sponsored clinical trials. *See In re Acadia Pharms. Inc. Sec. Litig.*, 2021 WL 12103007, at *5-6 n.3 (S.D. Cal. Mar. 29, 2021) (judicially noticing medical literature published by defendant about defendant's clinical trial results); *ChemoCentryx*, 2023 WL 3579440, at *4 (same); *ChemoCentryx*, No. 4:21-cv-03343-JST, Dkt. 52-2) (judicially noticed literature disclosed defendant was "funding" clinical trial). And this argument betrays a fundamental ignorance of how clinical trials work—a medical device's sponsor is often the only entity incentivized to conduct expensive large scale clinical trials and will inevitably contribute to the trial's "designs, conduct, data collection, analysis and interpretation, and reporting." Opp. at 11.

### C. Illumina Press Release is Incorporated by Reference and Subject to Judicial Notice.

Plaintiffs concede that Exhibit 43, a March 30, 2021 Illumina press release, is incorporated by reference and subject to judicial notice. RJN Opp. at 21 (agreeing the Court may review Exhibit 43 and various SEC filings for their "existence" and that they "say whatever they say"). After this concession, Plaintiffs shift their focus to substantive arguments, contending that the "cautionary language was insufficient," and "Defendants had actual knowledge their statements were false." RJN Opp. at 21. "Such arguments are not relevant to whether the documents are judicially noticeable." *In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1147, 1153 (N.D. Cal. 2023) (citation omitted). The GRAIL Defendants dispute these characterizations and raise their arguments in the concurrently filed reply brief.

## III.   CONCLUSION

For these reasons, the GRAIL Defendants respectfully request that the Court consider Exhibits 43-46 as incorporated by reference or judicially noticeable.

Dated:  March 6, 2026                    LATHAM & WATKINS LLP

By:    */s/ Meryn Grant*
       Meryn Grant
      *meryn.grant@lw.com*

*Defendants GRAIL, LLC (n/k/a GRAIL, Inc.), Hans Bishop, Joshua J. Ofman, and Richard D. Klausner*